Steven Zamsky
ZAMSKY LAW FIRM
Suite 805, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 477-3637
Facsimile : (671) 472-1584

Attorney for Plaintiffs Henry S. Dacanay
and Laura Lynn V. Dacanay
and All Others Similarly Situated

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| HENRY S. DACANAY<br>and LAURA LYNN DACANAY,<br><br>          Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>          Defendant. | CIVIL CASE NO. CIV05-00017<br><br>COMPLAINT FOR INDIVIDUAL<br>AND CLASS-ACTION DAMAGES<br>AND INJUNCTIVE RELIEF<br><br>CLASS ACTION |

Plaintiffs allege on behalf of themselves and others similarly situated that:

### NATURE OF THE CASE

1.  Plaintiffs Henry S. Dacanay and Laura Lynn Dacanay are individuals who paid income taxes to the Government of Guam pursuant to a Final Notice/Notice of Intent to Levy sent to them by the Government of Guam after July 22, 1998, and a tax lien which was filed by the Government of Guam without a Notice of Lien.

2. Plaintiffs allege that they did not receive a Notice of Deficiency complying with the requirements of 26 U.S.C. §§ 6212(a) and 6213(a), or a Notice of Lien complying with the requirements of 26 U.S.C. § 6320, and that the Final Notice/Notice of Intent to Levy failed to comply with the requirements of 26 U.S.C. § 6330, and that the taxes collected from Plaintiffs pursuant to these notices and lien were thus improper.

3. Plaintiffs are further informed and belief that other Guam taxpayers paid taxes that were improperly collected, as they also received no Notices of Deficiency complying with the requirements of 26 U.S.C. §§ 6212(a) and 6213(a), and/or a Notice of Lien complying with the requirements of 26 U.S.C. § 6320 and/or a Final Notice/Notice of Intent to Levy complying with the requirements of 26 U.S.C. § 6330, and that their taxes were likewise improperly collected.

4. Plaintiffs seek the certification of a class consisting of all persons who paid taxes without having received Notices of Deficiency complying with the requirements of 26 U.S.C. §§ 6212(a) and 6213(a), and/or a Notice of Lien complying with the requirements of 26 U.S.C. § 6320 and/or a Final Notice/Notice of Intent to Levy complying with the requirements of 26 U.S.C. § 6330, and a Judgment that all of those taxes were improperly paid and must be refunded by the Government of Guam to Plaintiffs and the members of the proposed class.

5. In the alternative, Plaintiffs seek a declaratory judgment that the Government of Guam failed to comply with the requirements of §§ 6212(a), 6213(a), 6320 and/or 6330 as to Plaintiffs and the other members of the class and that their taxes were therefore improperly collected, and an injunction requiring the Government of Guam to 1) notify all taxpayers who paid taxes pursuant to the void Notices of Deficiency, Notices of Lien or Final Notices/Notices of Intent to Levy that the Notices of Deficiency, Notices of Lien and Final Notices/Notices of Intent to Levy

were void and that the taxes paid pursuant to them were improperly collected, 2) provide each of these taxpayers with the appropriate form for claiming a refund of these taxes, and 3) refund the improperly collected taxes once the claims forms are properly submitted.

## JURISDICTION AND VENUE

6. This Court has exclusive original jurisdiction over this class action pursuant to 48 U.S.C. §§ 1421i(h) and 1424 and 28 U.S.C. § 1361.

## PARTIES

7. Plaintiffs Henry S. Dacanay and Laura Lynn Dacanay are individual residents of Guam.

8. Defendant Government of Guam is an organized unincorporated territory of the United States of America, formed August 1, 1950, by enactment of the Organic Act, 48 U.S.C. §§ 1421 *et seq*. Defendant is a sovereign government entity.

## FACTUAL ALLEGATIONS

A. **Notices of Deficiency**

9. In 1998, Congress amended the Internal Revenue Code to include § 6212(a) (26 U.S.C. § 6212(a)), which provides:

> If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

26 U.S.C. § 6212(a). Section 6212 (a) took effect on July 22, 1998.

10. Congress also added § Section 6212 (a) (26 U.S.C. 6213(a)), which provides, in relevant part:

> Except as otherwise provided in section 6851, 6852 or 6861, no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be...

Section 6213(a) also took effect on July 22, 1998.

11. The Organic Act of Guam expressly provides that, "where not manifestly inapplicable or incompatible," the income tax laws in force in Guam include "all provisions of subtitle F" of the Internal Revenue Code. 48 U.S.C. § 1421i(d)(1). Sections 6212(a) and 6213(a) are included within subtitle F of the Internal Revenue Code, and thus are in force in Guam.

12. Plaintiffs never received a Notice of Deficiency from the Government of Guam, and all further attempts to collect the taxes paid by Plaintiffs were thus improper under § 6213(a).

13. Plaintiffs are informed and believe, and thereon allege, that subsequent to the effective dates of §§ 6212(a) and 6213(a), other taxpayers have either not received the statutorily required Notices of Deficiency or have received Notices of Deficiency from the Government of Guam which did not contain a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

///

///

///

14. In fact, despite the requirement of § 6212(a), the Government of Guam did not establish an office of the taxpayer advocate until on or about January 2005.

15. Plaintiff is informed and believes, and thereon alleges, that every Notice of Deficiency for income taxes issued by the Government of Guam since the effective date of § 6212(a) has failed to include the statutorily required notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

16. In *Marangi v. Government of Guam*, 319 F.Supp.2d 1179 (D. Guam 2004), this court held that a Notice of Deficiency that did not contain the statutorily required notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office was void.

17. The Government of Guam did not appeal the judgment in *Marangi*, and that judgment is now final. The Government of Guam is thus estopped from contending that the Notices of Deficiency it issued subsequent to July 22, 1998, without the notice required by § 6212(a) were valid, and that taxes paid pursuant to those Notices of Deficiency were properly collected.

**B.    Notices of Lien**

18. In 1998, Congress amended the Internal Revenue Code to include § 6320.

19. Section 6320 (a)(1) provides, in relevant part:

> The Secretary shall notify in writing the person described in section 6321 of the filing of a notice of lien under section 6323.

///

///

20. Section 6320 (a)(3), provides that for a Notice of Lien:

> (3) Information included with notice.--The notice required under paragraph (1) shall include in simple and nontechnical terms–
>
> (A) the amount of unpaid tax;
>
> (B) the right of the person to request a hearing during the 30-day period beginning on the day after the 5-day period described in paragraph (2);
>
> (C) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals; and
>
> (D) the provisions of this title and procedures relating to the release of liens on property.

26 U.S.C. § 6320(a)(3). Section 6320(a)(3) took effect on July 22, 1998.

21. The Organic Act of Guam expressly provides that, "where not manifestly inapplicable or incompatible," the income tax laws in force in Guam include "all provisions of subtitle F" of the Internal Revenue Code. 48 U.S.C. § 1421i(d)(1). Section 6320(a)(3) is included within subtitle F of the Internal Revenue Code, and thus is in force in Guam.

22. On or about June 28, 2000, the Government of Guam filed a tax lien against Plaintiffs, but never sent Plaintiffs the statutorily required Notice of Lien. Plaintiffs are further informed and believe, and thereon allege, that other Guam taxpayers have either had liens filed without the statutorily required Notice of Lien, or were sent a Notice of Lien that did not contain a notice that complied with the requirements of § 6320(a)(3).

23. Because the lien was filed without the requisite Notice, it was void and improper, and the Government of Guam attempts to collect on the lien were improper.

C. **Final Notices/Notices of Intent to Levy**

24. In 1998, Congress amended the Internal Revenue Code to include § 6330.

25. Section 6330(a) provides, in relevant part:

No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

26. Section 6330(a)(3), provides that for a Notice of Levy:

(3) Information included with notice.--The notice required under paragraph (1) shall include in simple and nontechnical terms--

(A) the amount of unpaid tax;

(B) the right of the person to request a hearing during the 30-day period under paragraph (2); and

(C) the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth--

> (i) the provisions of this title relating to levy and sale of property;
>
> (ii) the procedures applicable to the levy and sale of property under this title;
>
> (iii) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals;
>
> (iv) the alternatives available to taxpayers which could prevent levy on property (including installment agreements under section 6159); and
>
> (v) the provisions of this title and procedures relating to redemption of property and release of liens on property.

26 U.S.C. § 6330(a)(3). Section 6330(a)(3) took effect on July 22, 1998.

---

Complaint for Individual and Class-Action
Damages and Injunctive Relief Class Action

27. The Organic Act of Guam expressly provides that, "where not manifestly inapplicable or incompatible," the income tax laws in force in Guam include "all provisions of subtitle F" of the Internal Revenue Code. 48 U.S.C. § 1421i(d)(1). Section 6330(a)(3) is included within subtitle F of the Internal Revenue Code, and thus is in force in Guam.

28. On or about October 2, 2000, and again on or about March 6, 2003, the Government of Guam sent Plaintiffs a Final Notice/Notice of Intent to Levy. The Final Notices/Notices of Intent to Levy did not contain a notice that complied with the requirements of § 6330(a)(3). Plaintiffs are further informed and believe, and thereon allege, that other Guam taxpayers have either did not receive the statutorily required Final Notice/Notice of Intent to Levy, or were sent a Final Notice/Notice of Intent to Levy that did not contain a notice that complied with the requirements of § 6330(a)(3).

D. **Tolling of and/or Estoppel to Assert the Statute of Limitation**

29. Sections 6213 and 6330 provide that the applicable statutes of limitation are tolled during the pendency of all appeals made pursuant to the appeal provisions which are required to be set forth in the Notice of Deficiency and in the Final Notice/Notice of Intent to Levy. Because the Government of Guam failed to give the statutorily required notices of the right to appeal, Plaintiffs and the members of the class were never advised of their right to appeal. Accordingly, the Government of Guam should be held to be estopped from asserting the statute of limitation on any of Plaintiff's claims, as those statutes would have been tolled had the required notices been given. In the alternative, all Plaintiffs should be deemed to have filed timely appeals, and the statute deemed tolled until resolution of those appeals.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of himself and all others similarly situated, as members of the proposed plaintiff class (the "Class") defined as follows:

> All persons who paid income taxes to the Government of Guam pursuant to Notices of Deficiency, Notices of Lien or Final Notices/Notices of Intent to Levy issued after July 22, 1998, which did not contain the applicable notice provisions required by 28 U.S.C. §§ 3212(a), 6320(a)(3) or 6330, respectively.

31. This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

32. [Fed. R. Civ. P. 23(a)(1)] The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes several thousand of members.

33. [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    a. Whether the Notices of Deficiency sent to Plaintiffs by the Government of Guam after July 22, 1998 are void;

---

Complaint for Individual and Class-Action
Damages and Injunctive Relief Class Action

Page 9 of 16

b. Whether the Notices of Lien sent to Plaintiffs by the Government of Guam after July 22, 1998 are void;

c. Whether the Final Notices/Notices of Intent to Levy sent to Plaintiffs by the Government of Guam after July 22, 1998 are void;

d. Whether the members of the class who paid taxes pursuant to Notices of Deficiency are entitled to refunds of amounts paid pursuant to Notices of Deficiency that did not contain the notice provisions required by § 3212(a);

e. Whether the members of the class who paid taxes pursuant to Notices of Lien are entitled to refunds of amounts paid pursuant to Notices of Lien that did not contain the notice provisions required by § 6320(a)(3);

f. Whether the liens which were filed without the required Notice of Lien were void;

g. Whether the members of the class who paid taxes pursuant to liens which were filed without the required Notice of Lien are entitled to refunds of those taxes;

h. Whether the members of the class who paid taxes pursuant to Final Notices/Notices of Intent to Levy are entitled to refunds of amounts paid pursuant to Final Notices/Notices of Intent to Levy that did not contain the notice provisions required by § 6330(a)(3);

i. Whether the members of the class are entitled to a declaratory judgment that the Notices of Deficiency that did not contain the notice provisions required by § 3212(a) are void;

j. Whether the members of the class are entitled to a declaratory judgment that the Notices of Lien that did not contain the notice provisions required by § 6320(a)(3) are void;

k. Whether the members of the class are entitled to a declaratory judgment that the Final Notices/Notices of Intent to Levy that did not contain the notice provisions required by § 6330(a)(3) are void;

l. Whether the members of the class are entitled to an injunction requiring the Government of Guam to 1) notify all taxpayers who paid taxes pursuant to the void Notices of Deficiency, Notices of Lien or Final Notices/Notices of Intent to Levy that the Notices of Deficiency, Notices of Lien and Final Notices/Notices of Intent to Levy were void and that the taxes paid pursuant to them were improperly collected, 2) provide each of these taxpayers with the appropriate form for claiming a refund of these taxes, and 3) refunding the improperly collected taxes once the claims forms are properly submitted;

m. Whether the Government of Guam is estopped from asserting the statute of limitation as to the members of the class;

n. Whether the statute of limitation has been tolled as to the members of the class.

///

///

///

Complaint for Individual and Class-Action
Damages and Injunctive Relief Class Action

34. [Fed. R. Civ. P. 23(a)(3)] Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendant's common course of conduct as complained of herein. The losses of each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

35. [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

36. [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

///

///

///

///

37. [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice which Defendant must provide to all Class members.

38. [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

39. [Fed. R. Civ. P. 23(b)(2)] Defendants have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
### (Refund of Taxes Paid)

40. Plaintiff incorporates herein the allegations of paragraphs 1 through 39 above.

41. Plaintiffs and the members of the class have paid taxes to the Government of Guam pursuant to void Notices of Deficiency, liens, Notices of Lien and/or Final Notices/Notices of Intent to Levy.

42. Plaintiffs are therefore entitled to a refund of those improperly paid taxes.

///

///

///

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief)

43. Plaintiff incorporates herein the allegations of paragraphs 1 through 39 above.

44. A dispute exists between Plaintiffs and the Government of Guam as to whether the Notices of Deficiency, liens, Notices of Lien and Final Notices/Notices of Intent to Levy sent to Plaintiffs subsequent to July 22, 1998, are valid.

45. Plaintiffs therefore request that the court resolve the dispute and issue a judgment declaring that the Notices of Deficiency, Notices of Lien and Final Notices/Notices of Intent to Levy sent to Plaintiffs subsequent to July 22, 1998, and liens filed without Notice of Lien are void.

## THIRD CLAIM FOR RELIEF
### (Injunctive Relief)

46. Plaintiff incorporates herein the allegations of paragraphs 1 through 39 above.

47. Plaintiffs and the members of the class have paid taxes to the Government of Guam pursuant to void Notices of Deficiency, liens, Notices of Lien and/or Final Notices/Notices of Intent to Levy.

48. Plaintiffs are therefore entitled to a refund of those improperly paid taxes.

49. Plaintiffs therefore request that this court issue an injunction requiring the Government of Guam to 1) notify all taxpayers who paid taxes pursuant to the void Notices of Deficiency, liens, Notices of Lien or Final Notices/Notices of Intent to Levy that the Notices of Deficiency, Notices of Lien and Final Notices/Notices of Intent to Levy were void and that the taxes paid pursuant to them were improperly collected, 2) provide each of these taxpayers with the appropriate form for claiming a refund of these taxes, and 3) refund the improperly collected taxes once the claims forms are properly submitted.

## PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

1. An order certifying this action as a class action and appointing Plaintiffs' counsel as counsel for the class.

2. On the First Claim for Relief, a judgment refunding to Plaintiffs and the members of the class all taxes paid to the Government of Guam pursuant to void Notices of Deficiency, liens, Notices of Lien and/or Final Notices/Notices of Intent to Levy issued to subsequent to July 22, 1998.

3. On the Second Claim for Relief, a judgment declaring that the Notices of Deficiency, Notices of Lien and Final Notices/Notices of Intent to Levy sent to Plaintiffs subsequent to July 22, 1998, and liens filed without Notice of Lien are void.

4. On the Third Claim for Relief, an injunction requiring the Government of Guam to 1) notify all taxpayers who paid taxes pursuant to the void Notices of Deficiency, liens, Notices of Lien or Final Notices/Notices of Intent to Levy that the Notices of Deficiency, Notices of Lien and Final Notices/Notices of Intent to Levy were void and that the taxes paid pursuant to them were improperly collected, 2) provide each of these taxpayers with the appropriate form for claiming a refund of these taxes, and 3) refund the improperly collected taxes once the claims forms are properly submitted.

///

///

5. On All Claims for Relief:

   a. Costs of suit;

   b. Attorney's fees;

   c. Any other relief the court deems proper.

Dated this **7**[th] day of **June 2005**.

        ZAMSKY LAW FIRM
        Attorneys for Plaintiffs Henry S. Dacanay
        and Laura Lynn V. Dacanay
        and All Others Similarly Situated

By: _____
      STEVEN A. ZAMSKY