

Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Solicitors Division
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 477-3390 (Fax)
www.guamattorneygeneral.com
guamattorneygeneral@hotmail.com

**Attorneys for Defendant**

# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN V. DACANAY,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant. | Civil Case No. CV05-00017<br><br>**DEFENDANT'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FRCP 12(b)(1) & (6)** |

## INTRODUCTION

Plaintiffs filed a Complaint in this matter on June 8, 2005, and served it on Defendant on June 10, 2005. Defendant Government of Guam now moves to dismiss the Complaint under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted.

## FACTS

Plaintiff's Complaint, asserting subject matter jurisdiction under 48 U.S.C. §§ 1421i(h) and 1424, and 28 U.S.C. § 1361, sets forth three claims relating to lack of information about the taxpayer advocate or the ability to appeal in the Notice of Deficiency, Notice of Lien, and

Page 1 of 13
*Defendant's Memorandum of Points & Authorities in Support of Motion to Dismiss Complaint under FRCP 12(b)(1) & (6)*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 4   Filed 06/30/2005   Page 1 of 13

ORIGINAL

Final Notice/Notice of Intent to Levy, 26 U.S.C. §§ 6212(a), 6213(a), 6320 & 6330:

**Claim 1** – Plaintiffs are entitled to a refund of taxes paid, plus attorneys fees and costs. Compl. ¶ 42.

**Claim 2** – Plaintiffs are entitled to a declaratory judgment that the Notices of Deficiency, Notices of Lien and Final Notices/Notices of Intent to Levy sent to taxpayer subsequent to July 22, 1998, and liens filed without Notice of Lien are void. Compl. ¶ 45.

**Claim 3** – Plaintiffs are entitled to injunctive relief requiring the Government to notify all taxpayers who paid taxes pursuant to the void Notices of Deficiency, liens, Notices of Lien or Final Notices/Notices of Intent to Levy were void and that the taxes paid pursuant to them were improperly collected; provide each of these taxpayers with the appropriate form for claiming a refund of these taxes; and refund the improperly collected taxes once the claim forms are properly submitted. Compl. ¶49.

Plaintiffs propose to establish and represent a class of taxpayers with respect to these claims and define the class as follows:

> All persons who paid income taxes to the Government of Guam pursuant to Notices of Deficiency, Notices of Lien or Final Notices/Notices of Intent to Levy issued after July 22, 1998, which did not contain the applicable notice provisions required by 28 [*sic*] U.S.C. §§ 3212(a), 6320(a)(3) or 6330, respectively.

Compl. ¶ 30.

Defendant Government of Guam moves to dismiss the Complaint under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted.

## ARGUMENT

The declaratory and injunctive relief sought in Claims 2 and 3 are an attempt to circumvent the jurisdictional requirements of the United States Internal Revenue Code, Title 26 U.S.C., mirrored in the Guam Territorial Income Tax (GTIT), which preclude Plaintiffs and the putative class members from obtaining the requested refunds in this case. See 48 U.S.C.

Page 2 of 13
*Defendant's Memorandum of Points & Authorities in Support of Motion to Dismiss Complaint under FRCP 12(b)(1) & (6)*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 4   Filed 06/30/2005   Page 2 of 13

§ 1421i. These jurisdictional requirements include exhaustion of administrative remedies and statute of limitations. Plaintiffs and the putative class members seek to use this declaratory and injunctive relief as predicates for obtaining refunds of taxes paid (Claim 1).

I. **LEGAL STANDARD: SUBJECT MATTER JURISDICTION.**

The federal district court has limited jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S. Ct. 2396, 2403 (1978); see 28 U.S.C. §§ 1331 & 1332(a) (granting jurisdiction over actions arising under federal law and in diversity cases). Under the Federal Rules of Civil Procedure, a party may challenge the court's subject matter jurisdiction at any time. Fed. R. Civ. P. 12(b)(1); see Albrecht v. Lund, 845 F.2d 193, 194 (9th Cir. 1988). The burden of establishing subject matter jurisdiction falls on the plaintiff, and the court may presume jurisdiction lacking unless the plaintiff proves its existence. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

II. **LEGAL STANDARD: FAILURE TO STATE A CLAIM.**

A court deciding a Rule 12(b)(6) motion "must accept all material allegations in the complaint as true and construe them in the light most favorable to [the non-movant]." Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)). "A complaint should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Balistreri, 901 F.2d at 699 (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80

Page 3 of 13
*Defendant's Memorandum of Points & Authorities in Support of Motion to Dismiss Complaint under FRCP 12(b)(1) & (6)*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 4   Filed 06/30/2005   Page 3 of 13

(1957)).

## III. THE ONLY APPLICABLE BASIS OF SUBJECT MATTER JURISDICTION FOR CLAIMS 1, 2 AND 3 IS 48 U.S.C. § 1421i(h).

Plaintiffs assert that subject matter jurisdiction over Claims 1, 2 and 3 is vested in this Court by 48 U.S.C. §§ 1421i(h) and 1424, and 28 U.S.C. § 1361. However, only 48 U.S.C. § 1421i(h) furnishes this Court with any subject matter jurisdiction over Claims 1, 2 and 3.

Section 1361 of Title 28 of the U.S Code, cited by Plaintiffs, grants original jurisdiction to the district courts in certain circumstances in an action against an officer or employee of the United States or of any agency thereof. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). This case, however, has a sole defendant, the Government of Guam. Plaintiffs have not named any officer or employee of the United States or of any agency thereof as a party to this matter. Thus, jurisdiction does not exist under section 1361.

The Organic Act in Section 1424(b) provides that the "District Court of Guam shall have the jurisdiction of a district court of the United States . . . ." 48 U.S.C. § 1424(b). While Section 1424(b) establishes a general grant of subject matter jurisdiction in the District Court of Guam, the Organic Act in Section 1421i(h) creates a special, comprehensive jurisdictional scheme that is applied exclusively by the District Court of Guam in tax cases arising under the GTIT. It provides for civil and criminal jurisdiction, actions for the recovery and payment of income tax refunds, and tax collection actions commenced by GovGuam. See 48 U.S.C. § 1421i(h)(1)-(5).

Section 1421i(h)(1) states:

Page 4 of 13
*Defendant's Memorandum of Points & Authorities in Support of Motion to Dismiss Complaint under FRCP 12(b)(1) & (6)*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 4   Filed 06/30/2005   Page 4 of 13

> Notwithstanding any provision of section 1424 of this title or any other provision of law to the contrary, the District Court of Guam shall have exclusive original jurisdiction over all judicial proceedings in Guam, both criminal and civil, regardless of the degree of the offense or of the amount involved, *with respect to the Guam Territorial income tax.*

48 U.S.C. § 1421i(h)(1) (emphasis added).

In <u>Government of Guam v. Super. Ct. of Guam</u>, 998 F.2d 754 (9th Cir. 1993), the Ninth Circuit Court of Appeals held that the phrase "with respect to the Guam Territorial Income Tax" means all matters properly relating to the GTIT. <u>Id.</u> at 755. In addition, paragraph 5 of section 1421i(h) makes clear that the jurisdiction of the District Court of Guam in tax cases is "conferred upon the District Court of Guam *by this subsection*", 48 U.S.C. § 1421i(h)(5) (emphasis added), referring explicitly to subsection (h) of section 1421i. The consequences of the special tax jurisdiction granted to the District Court of Guam in section 1421i(h) are discussed below, in sections V, VI and VII of this Memorandum.

### IV. **THE COURT LACKS SUBJECT MATTER JURISDICTION OVER CLAIMS 2 AND 3 BECAUSE DEFENDANT IS IMMUNE FROM SUIT.**

The Government of Guam has sovereign immunity and thus is immune from suit. In <u>Crain v. Gov't of Guam</u>, 195 F.2d 414 (9th Cir. 1952), two Guam residents commenced a class action in the District Court of Guam, seeking a declaratory judgment that the GTIT was not a local territorial income tax payable to GovGuam and requesting an injunction restraining GovGuam from attempting to collect the GTIT. The Guam residents took the position that the GTIT was payable to the United States government and not to GovGuam. The District Court granted GovGuam's motion to dismiss the case on grounds of sovereign immunity. <u>See id.</u> at 415. The Ninth Circuit affirmed the District Court's dismissal of the case, holding that GovGuam has inherent sovereign immunity, that it could not be sued in the District Court of

Page 5 of 13
*Defendant's Memorandum of Points & Authorities in Support of Motion to Dismiss Complaint under FRCP 12(b)(1) & (6)*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 4   Filed 06/30/2005   Page 5 of 13

Guam without its consent, and that it had not waived consent. Id.

In Marx v. Gov't of Guam, 866 F.2d 294 (9th Cir. 1989), the Ninth Circuit sustained the principle enunciated in Crain. In Marx, an undersea explorer commenced an *in rem* action in the District Court of Guam challenging the Government of Guam's claim to two Spanish shipwrecks within the territorial waters of Guam. The Ninth Circuit reversed the District Court's denial of GovGuam's motion to dismiss, holding that GovGuam has inherent sovereign immunity, that it could not be sued in the District Court of Guam without its consent, and that it had not waived consent. Marx, 866 F.2d at 301.

Similarly, in the instant case, the Government has inherent sovereign immunity and cannot be sued in the District Court of Guam without its consent. Moreover, Defendant here has not waived consent, except in a limited manner insofar as taxpayers must proceed "against the government of Guam subject to the same statutory requirements as are applicable to suits for the recovery of such amounts maintained against the United States in the United States district courts with respect to the United States income tax." 48 U.S.C. § 1421i(h)(2); see Forbes v. Maddox, 339 F.2d 387, 388 (9th Cir. 1964). As discussed below, in section VII, Plaintiffs have not proceeded in accordance with the dictates of section 1421i(h)(2). Therefore, based on the decisions of the Ninth Circuit in the Crain, Marx and Forbes cases, Claims 2 and 3 of the Complaint should be dismissed for lack of subject matter jurisdiction.

V. **THE COURT LACKS SUBJECT MATTER JURISDICTION OVER CLAIM 2 BECAUSE THE DECLARATORY JUDGMENT ACT DOES NOT APPLY TO GUAM TAX CASES UNDER THE GTIT.**

The Declaratory Judgment Act is found in sections 2201 and 2202 of Title 28 of the U.S. Code. Because the Declaratory Judgment Act is not part of the Internal Revenue Code under 48 U.S.C. § 1421i(d)(1) or otherwise found in Section 1421i of the Organic Act relating to the

Page 6 of 13
*Defendant's Memorandum of Points & Authorities in Support of Motion to Dismiss Complaint under FRCP 12(b)(1) & (6)*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 4   Filed 06/30/2005   Page 6 of 13

GTIT, it is not a matter with respect to the GTIT and does not fall within the scope of the District Court of Guam's special jurisdiction in tax cases, as discussed above in section III of this memorandum. The language of the Declaratory Judgment Act reinforces this proposition by stating in section 2201(a) that the Act applies to a court only "in a case of actual controversy *within its jurisdiction*". 28 U.S.C. § 2201(a) (emphasis added). Thus, Claim 2 should be dismissed for lack of subject matter jurisdiction.

## VI. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER CLAIM 2 BECAUSE THE DECLARATORY JUDGMENT ACT DOES NOT APPLY TO CASES WITH RESPECT TO FEDERAL TAXES.

The Declaratory Judgment Act by its own terms provides that it does not apply "with respect to Federal taxes." See 28 U.S.C. § 2201(a). Section 2201(a) of the Declaratory Judgment Act states in pertinent part as follows:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under section 7428 of the Internal Revenue Code of 1986 [relating to the status of tax-exempt organizations], . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. . . .

28 U.S.C. § 2201(a) (emphasis added).

Although GovGuam is the body that collects the GTIT, Congress is the body that imposes it, and the local legislature of Guam cannot alter or amend it. See Bank of America v. Blaz [Chaco], 539 F.2d 1226, 1227-28 (9th Cir. 1976) ("[T]here is no dispute that the Guam territorial income tax was enacted by Congress . . . . [A]lthough Congress has delegated the collection and enforcement functions to the Government of Guam, the latter is powerless to vary the terms of the federal income tax laws as applied to Guam, except as permitted by Congress".). This makes the GTIT a Federal tax. See Gumataotao v. Director of Dep't of

Page 7 of 13
*Defendant's Memorandum of Points & Authorities in Support of Motion to Dismiss Complaint under FRCP 12(b)(1) & (6)*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 4   Filed 06/30/2005   Page 7 of 13

Revenue & Taxation, 236 F.3d 1077, 1081 (9th Cir. 2001) (finding that "it was Congress, not the Guam government, that imposed a tax on U.S. bonds" that is mirrored in Guam). Consequently, the GTIT would fall within the purview of the federal tax exception to the Declaratory Judgment Act even if the Act applied. The Act would therefore require dismissal of the declaratory relief sought in Claim 2 with respect to Federal taxes for lack of subject matter jurisdiction.

### VII. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER CLAIMS 1, 2 AND 3 BECAUSE PLAINTIFFS AND THE PUTATIVE CLASS MEMBERS HAVE NOT EXHAUSTED THEIR ADMINISTRATIVE REMEDIES BY SEEKING REFUND OF TAXES PAID.

With respect to actions in the District Court of Guam for the refund of GTIT, the Organic Act provides in relevant part as follows:

> Suits for the recovery of any Guam Territorial income tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, under the income tax laws in force in Guam, pursuant to subsection (a) of this section, may, regardless of the amount of the claim, be maintained against the government of Guam *subject to the same statutory requirements as are applicable to suits for the recovery of such amounts maintained against the United States in the United States district courts with respect to the United States income tax.*

48 U.S.C. § 1421i(h)(2) (emphasis added). Section 7422(a) of the Internal Revenue Code states that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary". 26 U.S.C. § 7422(a).

Section 7422 is mirrored under the GTIT because it is found in Subtitle F of the Internal Revenue Code, and the Director of Revenue and Taxation is substituted for the Secretary of the Treasury pursuant to 48 U.S.C. § 1421i(e), because the Director is the Governor's delegate

Page 8 of 13
*Defendant's Memorandum of Points & Authorities in Support of Motion to Dismiss Complaint under FRCP 12(b)(1) & (6)*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017    Document 4    Filed 06/30/2005    Page 8 of 13

under the GTIT. 11 G.C.A. §§ 1102 §1104(a). Thus, in Guam, the provision reads:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with [the Director of Revenue and Taxation] ....

Exhaustion of administrative remedies under section 7422(a) applies to the refund of any internal revenue tax and constitutes a jurisdictional requirement. A taxpayer's failure to exhaust administrative remedies requires dismissal of a refund suit for lack of subject matter jurisdiction. Quarty v. United States, 170 F.3d 961, 972 (9th Cir. 1999); Boyd v. United States, 762 F.2d 1369, 1372 (9th Cir. 1985); accord Martinez v. United States, 595 F.2d 1147, 1148 (9th Cir. 1979) (per curiam); Bear Valley Mutual Water Co. v. Riddell, 493 F.2d 948, 951 (9th Cir. 1974). The right to sue for a tax refund is a limited waiver of sovereign immunity, and that waiver must be "strictly construed, in terms of its scope, in favor of the sovereign." Quarty, 170 F.3d at 972 (quoting Lane v. Pena, 518 U.S. 187, 192 (1996)). This same strict construction of exhaustion of administrative remedies must be applied in Guam because Guam enjoys inherent sovereign immunity from suit. See Crain v. Gov't of Guam, 195 F.2d 414, 415 (9th Cir. 1952).

Because exhaustion is a requirement of subject matter jurisdiction, it cannot be excused based upon futility. As the Ninth Circuit has recently affirmed, the U.S. Supreme Court has long recognized that the exhaustion requirement in tax refund cases must apply even if it is undisputed that the exhaustion would have been futile. Quarty, 170 F.3d at 973 (quoting United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 273 (1931)).

Incident to the exhaustion requirement of section 7422(a), section 6532(a)(1) of the Internal Revenue Code provides for a further exhaustion requirement:

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum shall be begun before the expiration of 6

Page 9 of 13
*Defendant's Memorandum of Points & Authorities in Support of Motion to Dismiss Complaint under FRCP 12(b)(1) & (6)*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017    Document 4    Filed 06/30/2005    Page 9 of 13

months from the time of filing the claim required under such section unless the [Director of Revenue and Taxation] renders a decision within that time . . . ."

26 U.S.C. § 6532(a) (substituting terms pursuant to 48 U.S.C. § 1421i(e)). Thus, before commencing a suit for a refund, a taxpayer must first file an administrative claim and then wait six months before filing suit, unless the claim is denied before the expiration of the six months. Until then, subject matter jurisdiction is lacking and the complaint must be dismissed. Boyd, 762 F.2d at 1371.

Plaintiffs do not allege that they filed claims for refund with the Director of Revenue and Taxation. Since Plaintiffs have not complied with the exhaustion of remedies requirements under sections 7422(a) and 6532(a)(1), Claim 1 should be dismissed for lack of subject matter jurisdiction. Moreover, because Plaintiffs' individual claims must be dismissed, their class action claims must similarly be dismissed. Lierboe v. State Farm Mutual Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003); Pence v. Andrus, 586 F.2d 733, 736-37 (9th Cir. 1978).

VIII. **THE COURT LACKS SUBJECT MATTER JURISDICTION OVER CLAIMS 1, 2 AND 3 BECAUSE THEY ARE BARRED BY THE STATUTE OF LIMITATIONS FOR FILING A REFUND CLAIM WITH THE DIRECTOR OF REVENUE AND TAXATION.**

IRC §6511(a) provides that a taxpayer must file a claim for refund of tax paid within the following time period:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

Section 6511(a) is mirrored by the GTIT because it is found in Subtitle F of the Internal Revenue Code. See 48 U.S.C. § 1421i(d)(1); see also Holmes v. Director of Dep't of Revenue & Taxation, 937 F.2d 481, 484 (9th Cir. 1991) ("[R]equiring the Guam Department of Revenue

Page 10 of 13
*Defendant's Memorandum of Points & Authorities in Support of Motion to Dismiss Complaint under FRCP 12(b)(1) & (6)*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017    Document 4    Filed 06/30/2005    Page 10 of 13

to abide by the same statute of limitations as the Internal Revenue Service . . . is not manifestly incompatible with the Code, but merely places the Department on the same footing as the mainland I.R.S.").

Plaintiffs allege that they received Final Notices/Notices of Intent to Levy on or about October 2, 2000, and March 6, 2003. Compl. ¶ 28. The tax would have been paid on or about those dates or shortly thereafter. Because the taxes were paid in this case through levy, their payment did not involve the filing of a return by the taxpayers, and thus the applicable limitations period is within two years from the time the tax was paid. As a consequence, Plaintiffs had until about October 2002 and March 2005 to seek refunds. However, Plaintiffs in their Complaint failed to allege that they sought a refund of the taxes paid within the limitations period. Thus, the statute of limitations bars Plaintiffs' refund claims.

Failure to file a timely claim for refund with the Director of Revenue and Taxation is jurisdictional and deprives the Court of power to entertain a suit covering such a claim. United States v. Dalm, 494 U.S. 596, 602, 110 S. Ct. 1361, 1365, 108 L. Ed. 2d 548 (1990) (holding that, because taxpayer "did not file her claim for refund . . . until . . . long after the limitations period expired[, u]nder the plain language of §§ 6511(a) and 7422(a), the District Court was barred from entertaining her suit for a refund of the tax."); United States v. Brockamp, 519 U.S. 347, 349, 117 S. Ct. 849, 851, 136 L. Ed. 2d 818 (1997) (prohibiting equitable tolling of the statute of limitations in taxpayer refund suit). Thus, Claim 1 should be dismissed on statute of limitations and exhaustion grounds. Because Plaintiffs' individual claims must be dismissed, their class action claims must be similarly dismissed for these years. Lierboe, 350 F.3d at 1022; Pence, 586 F.2d at 736-37.

////

Page 11 of 13
*Defendant's Memorandum of Points & Authorities in Support of Motion to Dismiss Complaint under FRCP 12(b)(1) & (6)*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 4   Filed 06/30/2005   Page 11 of 13

IX. **THE COURT LACKS SUBJECT MATTER JURISDICTION OVER CLAIMS 1, 2 AND 3 BECAUSE EQUITABLE REMEDIES CAN NOT BE USED TO CIRCUMVENT JURISDICTIONAL REQUIREMENTS OF THE IRC.**

The Supreme Court has unequivocally held that the equitable remedies of equitable tolling and equitable recoupment cannot be applied to circumvent the Internal Revenue Code's jurisdictional requirements of exhaustion of administrative remedies and statute of limitations. Brockamp, 519 U.S. at 349, 117 S. Ct. at 851; Dalm, 494 U.S. at 602, 110 S. Ct. at 1365. This same rule has been consistently applied in the courts of the United States to bar the use of equitable estoppel, including district courts in the Ninth Circuit. See Danoff v. United States, 324 F. Supp. 2d 1086, 1099 (C.D. Cal. 2004) ("In cases decided subsequent to Brockamp, the courts uniformly have held that equitable principles, including the doctrine of equitable estoppel, *cannot* toll statute of limitations in tax refund suits.") (emphasis in the original) (citing, *inter alia*, RHI Holdings Inc. v. United States, 142 F. 3d 1459 (Fed. Cir. 1998); Thomasson v. United States, 1997 WL 220321 (N.D. Cal., Apr. 21, 1997); Brummett v. United States, 218 F. Supp. 2d, 1253, 1259 (D. Or. 2002); see also Chaney v. United States, 45 Cl. Ct. 309 (1999); Beydoun v. United States, 969 F. Supp. 283 (D.N.J. 1997); Video Training Source, Inc. v. United States, 991 F. Supp. 1256 (D. Colo. 1998)), aff'd, 2005 WL 1473846 (9th Cir. June 22, 2005).

It follows, then, that Plaintiffs' attempt to apply equitable tolling and equitable estoppel in Claims 1, 2 and 3 to circumvent the Internal Revenue Code's jurisdictional requirements of exhaustion of administrative remedies and statute of limitations lacks merit. Therefore, Claims 1, 2, and 3 should be dismissed for lack of subject matter jurisdiction.

X. **THE COURT LACKS SUBJECT MATTER JURISDICTION IN CLAIM 1 TO GRANT A MONEY JUDGMENT AGAINST DEFENDANT UNDER I.R.C. § 7422(a) FOR ALLEGED UNPAID REFUNDS.**

Plaintiffs have not alleged sufficient facts to support a finding of exhaustion of

Page 12 of 13
*Defendant's Memorandum of Points & Authorities in Support of Motion to Dismiss Complaint under FRCP 12(b)(1) & (6)*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 4   Filed 06/30/2005   Page 12 of 13

administrative remedies. Based on the reasons previously discussed in this Memorandum, the Court lacks subject matter jurisdiction in Claim 1 to grant a money judgment against Defendant under section 7422(a) of the Internal Revenue Code for alleged refunds due the Plaintiffs. Thus, Claim 1 should be dismissed.

## CONCLUSION

Based on the foregoing, this Court should dismiss the Complaint for lack of jurisdiction over the subject matter, and for failure to state a claim upon which relief can be granted.

**DATED:** June 30, 2005.

          **DOUGLAS B. MOYLAN**
          Attorney General of Guam

          _____
          DOUGLAS B. MOYLAN
          Attorney General

Page 13 of 13
*Defendant's Memorandum of Points & Authorities in Support of Motion to Dismiss Complaint under FRCP 12(b)(1) & (6)*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017 Document 4 Filed 06/30/2005 Page 13 of 13