FILED

DISTRICT COURT OF GUAM

AUG 19 2005

MARY L.M. MORAN
CLERK OF COURT

1 Steven Zamsky, Esq.
Zamsky Law Firm
2 Suite 805, GCIC Building
414 West Soledad Avenue
3 Hagåtña, Guam 96910
Telephone: (671) 477-3637
4 Facsimile: (671) 472-1584

5 Michael L. Kelly, Esq.
Robert M. Churella, Esq,
6 KIRTLAND & PACKARD LLP
2361 Rosecrans Ave.
7 4th Floor
El Segundo, CA 90245

8
Attorney for Plaintiffs Henry S. Dacanay
9 and Laura Lynn Dacanay
and all others similarly situated

10

11 UNITED STATES DISTRICT COURT

12 TERRITORY OF GUAM

13

14 HENRY S. DACANAY and LAURA LYNN ) Case No. CV 05-00017
DACANAY, )
15 ) **PLAINTIFF'S MEMORANDUM OF**
Plaintiffs, ) **POINTS AND AUTHORITIES IN**
16 ) **OPPOSITION TO DEFENDANT'S**
v. ) **MOTION TO DISMISS COMPLAINT**
17 )
GOVERNMENT OF GUAM, ) Date: September 2, 2005
18 ) Time: 10:30 a.m.
Defendant. )
19 _____ ) CLASS ACTION

20

21

22

23

24

25

26

27

28

02078-00001  0098698.01

LAW OFFICES
KIRTLAND & PACKARD LLP

ORIGINAL

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . 2

III. STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . 3

IV. THIS COURT HAS JURISDICTION OVER PLAINTIFFS' CLAIMS . . . . . . . . . . 4

    A.    The Court Is Vested with Subject Matter Jurisdiction Over Claims 1, 2 and 3 Pursuant to 48 U.S.C. §§ 1421i(h) and 1424 . . . . . . . . 4

    B.    The Government of Guam Has No Sovereign Immunity from Suits Regarding the GTIT . . . . . . . . . . . . . . 4

V. PLAINTIFFS' CLAIMS FOR DECLARATORY RELIEF ARE PROPERLY BROUGHT BEFORE THIS COURT . . . . . . . . . . . . . . . . . 5

    A.    This Court Has Jurisdiction over Plaintiffs' Claims for Declaratory Judgments . . . . . . . . . . . . . . . . . 5

    B.    The Declaratory Judgments Act's Exception Regarding Federal Tax Cases is Not a Bar to Plaintiffs' Claims . . . . . . . . . . . . . . . 6

    C.    Even if the GTIT Were to be Considered to be a Federal Tax, the Declaratory Judgment Act's Exception Barring Relief for Federal Taxes Does Not Apply To The Claims In This Case . . . . . . . . . . . . . . . . . 7

VI. THE GOVERNMENT OF GUAM IS EQUITABLY ESTOPPED FROM BRINGING A 28 U.S.C. SECTION 7422 EXHAUSTION OF ADMINISTRATIVE REMEDIES DEFENSE . . . . . . . . . . . . . . . . . 7

VII. PLAINTIFFS SATISFY THE STATUTE OF LIMITATION PROVISIONS OF 26 U.S.C. 6511 . . . . . . . . . . . . . . . . . 13

VIII. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 15

LAW OFFICES
KIRTLAND & PACKARD LLP

### CASES

*Bank of America, Nat. Trust and Sav. Ass'n v. Chaco*,
  539 F.2d 1226, 1227 (9th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . 6

*Bell v. Hood*, 327 U.S. 678, 682-683 (1946) . . . . . . . . . . . . . . . . . . . . . 3

*Black v. Payne*, 591 F.2d 83, 86 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . 3

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) . . . . . . . . . . . . . . . . . . . . . 3

*Cosby v. United States, 8 Cl.Ct. 428, 440 (1985),*
  *aff'd. 795 F.2d 999 (Fed. Cir. 1986)* . . . . . . . . . . . . . . . . . . . . . 11

*Crain v. Gov't of Guam*, 195 F.2d 414 (9th Cir. 1952) . . . . . . . . . . . . . . . . . . . . . 4, 5

*Estate of Emerson v. Commissioner*, 67 T.C. 612, 617-618 (1977) . . . . . . . . . . . . . . . 9

*Exchange and Savings Bank of Berlin v. United States*,
  226 F.Supp 56,57 (1964) . . . . . . . . . . . . . . . . . . . . . 13

*Forbes v. Maddox*, 339 F.2d 387, 388 (9th Cir. 1964) . . . . . . . . . . . . . . . . . . . . . 5, 6

*Gilligan v. Jamco Development Corp.*, 1108 F.3d 246 (9th Cir. 1997) . . . . . . . . . . . . . . 4

*Government of Guam v. Koster*, 362 F.2d 248 (9th Cir. 1966) . . . . . . . . 8, 11, 12, 13, 14

*Griffin Industries, Inc. v. U.S.*, 27 Fed. Cl. 183, 196 (1992) . . . . . . . . . . . . . . . . 11

*Gumataotao v. JSU, Dir. of Dep't of Revenue and*
  *Taxation*, 236 F.3d 1077, 1080 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . 11, 12

*Heckler v. Community Health Services of Crawford County*,
  467 U.S. 51, 59 (184) . . . . . . . . . . . . . . . . . . . . . 9, 10

*Laguana v. Ansell*, 102 F.Supp. 919 (D.Guam 1952),
  *aff'd 212 F.2d 207 (9th Cir. 1954)* . . . . . . . . . . . . . . . . . . . . . 6

*McNamara-Blad v. Association of Professional Flight Attendants*,
  275 F.3d 1165 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . 4

*Marangi v. Government of Guam*, 319 F.Supp.2d 1179 . . . . . . . . . . . . . . . . . . . . . 1, 2

*Marx v. Gov't of Guam*, 866 F.2d 294 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . 5

*National Audubon Society, Inc. v. Davis*, 307 F.3d 835 (9th Cir. 2002) . . . . . . . . . . . . . 4

*Nelson v. Regan*, 731 F.2d 105, 109 (2nd Cir. 1984) . . . . . . . . . . . . . . . . . . . . . 7

*Phelan v. Taitano*, 233 F.2d 117 (9th Cir. 1956) . . . . . . . . . . . . . . . . . . . . . 6

LAW OFFICES
KIRTLAND & PACKARD LLP

*Re I Mina' Bente Sing'ko Na Liheslaturan Guahan*,
    2001 Guam 3, 2001 WL 113985 . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12, 14

*Sayre & Co.. v. Riddell*, 395 F.2d 407, 410 (9th Cir. 1968) . . . . . . . . . . . . . . . . . . . . . 11

*Simpao v. Government of Guam,* Case No. 04-0049 (D. Guam) . . . . . . 1, 4 , 5, 6, 12, 14

*Sorenson v. Sec. of Treasury*, 752 F.2d 1433, 1438 (9th Cir.1985) . . . . . . . . . . . . . . . 7

*State of California v. Regan*, 641 F.2d 721, 722 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . 7

*Timberlane Lumber Co. v. Bank of America*, 549 F.2d 597, 602 (9th Cir. 1976) . . . . . . . 3

*United States v. Georgia Pacific Corp.*, 421 F.2d 92, 96 (9th Cir. 1970) . . . . . . . . . . . . 8

*United States v. Wharton*, 514 F.2d 406, 413 (9th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . 8

*Walker Distributing Co. v. Lucky Lager Brewing Co.*, 323 F.2d 1 (9th Cir. 1963) . . . . . . . 4

*Watkins v. U.S. Army*, 875 F.2d 699, 709 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . 8, 10

*Wilson v. Kennedy*, 232 F.2d 153 (9th Cir. 1956) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## STATUTES

26 U.S.C. § 6212(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9, 10

26 U.S.C. § 6213 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9, 10, 12, 14

26 U.S.C. § 6320 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10, 12

26 U.S.C. § 6330 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10, 12, 14, 15

26 U.S.C. § 6511 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

26 U.S.C. § 7433 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

28 U.S.C. § 7422 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 13

48 U.S.C. § 1421i . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5, 8

48 U.S.C. § 1424 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 6

## OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Dept. of the Treasury, Final Regulations, 4830-1 (March 2003) . . . . . . . . . . . . . . . . 14

LAW OFFICES
KIRTLAND & PACKARD LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Henry S. Dacanay and Laura Lynn V. Dacanay, ("Plaintiffs") hereby submit their opposition to the motion to dismiss filed on June 30, 2005, by Defendant, Government of Guam.

## I. INTRODUCTION

As a territory of the United States, Congress has granted Guam, under the Organic Act, 48 U.S.C. §§ 1421 *et seq.,* the important authority to collect taxes from its citizens as if they lived in one of the 50 states of the United States, pursuant to the provisions of the Internal Revenue Code. As a nation born from abusive taxation by the King of England, the collection of taxes has always been a power that must be subject to intense scrutiny by our three branches of government, each checking the others.

Guam, sadly, has lost its way. It has fully exercised its power to tax, but has decided to ignore, at its convenience, important rights afforded by the Internal Revenue Code to those hard working citizens it taxes.

In *Simpao v. Government of Guam,* Case No. 04-0049 (D. Guam), Guam was sued in a class action for overprinting the box on tax forms which allowed tax payers to apply for the Earned Income Tax Credit to state that the provision was not applicable in Guam, even though it is. In that case, the Attorney General raised most of the technical defenses the Attorney General attempts to assert here, and this Court recently summarily overruled them, as it also had done in *Marangi v. Government of Guam*, 319 F.Supp.2d 1179 (D. Guam 2004). The Court found on summary judgment that the EITC applied, restoring tax credits by way of refund to those who as a matter of right were entitled to them, and ordered class certification proceedings to be commenced. Order, Case No. 04-0049, Docket No. 99, June 15, 2005.

Guam has also arbitrarily decided not to provide numerous protections to its citizens that Congress enacted in the 1990's to protect taxpayers from abuses by the Internal Revenue Service. Those protections apply equally to Guam taxpayers pursuant to the provisions of the Organic Act, and are the subject of this action. These protections

1 include the statutory requirements that, before the Government of Guam can collect

2 additional taxes from a taxpayer, it must provide to the taxpayer a Notice of Deficiency

3 complying with the requirements of 26 U.S.C. §§ 6212(a) and 6213(a), a Notice of Lien

4 complying with the requirements of 26 U.S.C. § 6320, and a Final Notice/Notice of Intent

5 to Levy complying with the requirements of 26 U.S.C. § 6330, including giving notice of

6 the right to an appeal.

7 In *Marangi, supra*, this Court held that a Notice of Deficiency that did not contain

8 the statutorily required notice to the taxpayer of the taxpayer's right to contact a local

9 office of the taxpayer advocate and the location and phone number of the appropriate

10 office was void, and that taxes collected pursuant to the inadequate Notice of Deficiency

11 were improperly collected and had to be refunded.  In this action, Plaintiffs seek to extend

12 that holding to the other statutory violations set forth above, and to compel the

13 Government of Guam to refund all taxes paid pursuant to the inadequate notices.

14 Rather than address the statutory violations and give its citizens the relief to which

15 they are entitled by statute, the Attorney General again asserts most of the same

16 technical defenses previously rejected by this Court, and continues to attempt to deprive

17 the citizens of Guam of their statutory rights and the money the Government of Guam

18 illegally took from them.

19 **II.    SUMMARY OF ARGUMENT**

20 In its motion, Defendant Government of Guam moves to dismiss the Plaintiffs'

21 Complaint for lack for jurisdiction over the subject matter and sovereign immunity,

22 pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief can

23 be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  Defendant's Motion must be denied for

24 the following reasons, as set forth more fully below.

25 Defendant's argument that this Court lacks jurisdiction over it ignores the express

26 grant of jurisdiction to this Court made by Congress in 48 U.S.C. §§ 1421i(h) and 1424.

27 The Ninth Circuit has expressly held § 1421i(h) to be a Congressional waiver of

28 Defendant's sovereign immunity as to cases involving the Guam Income Tax.

KIRTLAND & PACKARD LLP
LAW OFFICES

LAW OFFICES
KIRTLAND & PACKARD LLP

1   Defendant's argument that the Court has no jurisdiction over Plaintiffs' request for

2   declaratory relief fails for two reasons. First, the Guam Income Tax is a territorial tax, not

3   a federal tax, and the federal tax exception under the Declaratory Judgment Act thus

4   does not apply. Second, even if the federal tax exception could be applied to the Guam

5   Tax Act, case law holds that the exception does not apply with respect to taxes that have

6   already been paid, as is the case under the facts of this case.

7   Finally, the Government of Guam's affirmative misconduct in refusing to provide its

8   citizens with the notices mandated to be given by the applicable provisions of the Internal

9   Revenue Code (("I.R.C.") as to their rights to seek challenge assessments of additional

10  taxes estops the Government of Guam from asserting its defenses based on alleged

11  failures to exhaust administrative remedies and the statute of limitations.

12  **III.    STANDARD OF REVIEW**

13  A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P.

14  12(b)(1), is proper only when the allegations of the complaint are frivolous, when a

15  statute provides basis for subject matter federal jurisdiction and the plaintiffs' substantive

16  claim for relief. *Timberlane Lumber Co. v. Bank of America*, 549 F.2d 597, 602 (9th Cir.

17  1976). An action brought under a federal statute would have to appear clearly

18  immaterial, frivolous and solely for the purpose of obtaining jurisdiction, in order to

19  dismiss for lack of jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682-683 (1946). Jurisdiction,

20  therefore, is not defeated merely by the possibility that the averments might fail to state a

21  cause of action upon which petitioners could actually recover. *Id.* If the district court

22  claims it is dismissing under 12(b)(1) for lack of jurisdiction, but is judging the case on the

23  merits or addressing the merits of the case, then it is actually making a Rule 12(b)(6)

24  judgment for failure to state a claim. *Id., see also, Black v. Payne*, 591 F.2d 83, 86 (9th

25  Cir. 1979).

26  The Supreme Court has held that "a complaint should not be dismissed for failure

27  to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts

28  in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41,

02078-00001  0098698.01                          -3-                          CV 05-00017

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

1 45-46 (1957), *see also, National Audubon Society, Inc. v. Davis*, 307 F.3d 835 (9th Cir.

2 2002). Furthermore, the court is to construe all allegations of material fact as true and

3 view them in a light most favorable to the non-moving party. *McNamara-Blad v.*

4 *Association of Professional Flight Attendants*, 275 F.3d 1165 (9th Cir. 2002). The Court's

5 doubt as to Plaintiffs' ability to prove their case is not sufficient reason to dismiss

6 Plaintiffs' pleading for failure to state a claim. *Walker Distributing Co. v. Lucky Lager*

7 *Brewing Co.*, 323 F.2d 1 (9th Cir. 1963). The issue for reviewing the sufficiency of the

8 pleadings is whether plaintiff is entitled to offer evidence to support its claims, not

9 whether plaintiff will ultimately prevail. *Gilligan v. Jamco Development Corp.*, 1108 F.3d

10 246 (9th Cir. 1997).

11 <u>ARGUMENT</u>

12 **IV.    THIS COURT HAS JURISDICTION OVER PLAINTIFFS' CLAIMS**

13      **A.    The Court Is Vested with Subject Matter Jurisdiction over Claims, 1, 2,**

14           **and 3 Pursuant to 48 U.S.C. §§ 1421i(h) and 1424**

15      Defendant wrongly asserts that the Court's only applicable basis for subject matter

16 jurisdiction is 48 U.S.C. Section 1421i(h). Section 1421i(h) grants this court jurisdiction,

17 as it states that the US District Court of Guam, "shall have exclusive original jurisdiction

18 over all judicial proceedings in Guam... with respect to Guam Income tax." However, this

19 court also has subject matter jurisdiction under Section 1424. 48 U.S.C. 1424(b) states,

20 "the District Court of Guam shall have the jurisdiction of a district court of the United

21 States." Furthermore, this Court has previously recognized §1424 as granting the court

22 subject matter jurisdiction in *Simpao, supra*, another tax refund case.

23      **B.    The Government of Guam Has No Sovereign Immunity from Suits**

24           **Regarding the GTIT**

25      The Government of Guam states that it is immune from this suit because it has

26 sovereign immunity, citing *Crain v. Gov't of Guam*, 195 F.2d 414 (9th Cir. 1952), where

27 the District Court dismissed a suit against the Government of Guam on the grounds of

28 sovereign immunity, and the Ninth Circuit affirmed.

LAW OFFICES
KIRTLAND & PACKARD LLP

LAW OFFICES
KIRTLAND & PACKARD LLP

1    This citation would appear to be illustrative of the extreme lengths to which the

2 Government of Guam will go to avoid its obligations to its taxpayers. As the Government

3 of Guam well knows, as a result of the *Crain* decision, Congress amended the Organic

4 Act in 1958 by enacting § 1421i(h)(2) to expressly waive the Government of Guam's

5 immunity for suits arising under the Guam Income Tax:

6         So far as the language of section 1421i(h) is concerned, subsection (2) ,,, is simply
          a waiver of the government of Guam's immunity from suit which the Congress
7         thought was made necessary by this court's decision in *Crain v. Government of
          Guam*, 195 F.2d 414 (9th Cir. 1952). *See* S. Rep. No. 2176, U.S.Code &
8         Admin.News (85th Cong.2d Sess. (1958)) 3647, 3653.

9 *Forbes v. Maddox*, 339 F.2d 387, 388 (9th Cir. 1964).

10    The second case cited by defendant, *Marx v. Gov't of Guam*, 866 F.2d 294 (9th Cir.

11 1989), does not involve the Guam income tax, and is thus factually distinguishable, as

12 there is no statutory waiver of immunity under the facts of that case, unlike this one.

13    The Government of Guam's assertion of sovereign immunity under the facts of this

14 case must thus be rejected, as it is totally frivolous.

15 **V.    PLAINTIFFS' CLAIMS FOR DECLARATORY RELIEF ARE PROPERLY**

16 **BROUGHT BEFORE THIS COURT**

17    **A.    This Court Has Jurisdiction over Plaintiffs' Claims for Declaratory**

18         **Judgments**

19    Defendant contends that the Court lacks subject matter jurisdiction over Plaintiffs'

20 claim for Declaratory relief because the Declaratory Judgment Act is not specifically

21 mentioned in the GTIT, as it is not found under 48 U.S.C. § 1421i(d)(1) or § 1421 of the

22 Organic Act. The Government asserted the same argument in *Simpao, supra.* This

23 Court rejected the argument, stating that the "GTIT, however, does not specifically

24 mention available remedies of any kind." [Order, Case No. 04-0049, Docket No. 99, June

25 15, 2005, at p. 14, referring to 28 U.S.C. § 2201]. The mere failure to mention remedies,

26 does not mean that no remedies can be available to those seeking redress for violations

27 under the GTIT.

28    Defendant's second contention, is that the Declaratory Judgment Act only applies

02078-00001  0098698.01                    -5-                        CV 05-00017

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

to a court "in a case of actual controversy within its jurisdiction," 28 U.S.C. § 2201(a), and

that this is not a matter which falls under Guam's special jurisdiction in regard to tax

cases. However, this argument ignores the fact that the Court's jurisdiction is not derived

solely from Congress' grant of exclusive jurisdiction to this Court in tax matters. The

Court also has jurisdiction over all matters not vested elsewhere. "[T]he District Court of

Guam shall have original jurisdiction in all other causes in Guam, jurisdiction over which

has not been vested by the legislature in another court or other courts established by it..."

48 U.S.C. § 1424.

Therefore, the fact that the GTIT does not contain any language specifically

referring to the availability of declaratory judgements is not dispositive.

**B.     The Declaratory Judgments Act's Exception Regarding Federal Tax**

**Cases Is Not A Bar to Plaintiffs' Claims**

Defendant contends that because the Government of Guam cannot vary the terms

of the income tax laws without Congress's permission, GTIT is a Federal tax. Defendant

goes on to state that the Declaratory Judgement Act does not apply "with respect to

Federal taxes," 28 U.S.C. § 2201(a), and that declaratory relief is therefore not available

to Plaintiffs.

This argument is once again directly contrary to well settled law concerning the

GTIT. As the Ninth Circuit stated in *Bank of America, Nat. Trust and Sav. Ass'n v.*

*Chaco*, 539 F.2d 1226, 1227 (9th Cir. 1976):

> The tax has been held not to be a federal tax collected by the United States but
>
> rather a territorial tax collected by the Government of Guam. *Laguana v. Ansell*,
>
> 102 F.Supp. 919 (D.Guam 1952), *aff'd* 212 F.2d 207 (9th Cir. 1954) and *Wilson v.*
>
> *Kennedy*, 232 F.2d 153 (9th Cir. 1956).

*See also, Forbes v. Maddox*, 339 F.2d 387, 389 (9th Cir. 1964); *Phelan v. Taitano*, 233

F.2d 117 (9th Cir. 1956); *Simpao, supra.*

Therefore, because the GTIT is not a federal tax, the exception to the availability

of the Declaratory Judgment Act does not apply to Plaintiffs' claims for relief, and this

02078-00001  0098698.01

-6-

CV 05-00017

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

KIRTLAND & PACKARD LLP

LAW OFFICES

1  Court accordingly has jurisdiction over Plaintiffs' claim for declaratory relief.

2  **C.    Even if the GTIT Were to be Considered to be a Federal Tax, the**

3  **Declaratory Judgment Act's Exception Barring Relief for Federal**

4  **Taxes, Does Not Apply To The Claims In This Case**

5  In addition to the foregoing, the Federal tax exception is not applicable where the

6  relief being sought will not interfere with the Government's ability to assess and collect

7  taxes. *Sorenson v. Sec. of Treasury*, 752 F.2d 1433, 1438 (9th Cir. 1985) (Federal tax

8  exception to relief available under Declaratory Judgment Act was inapplicable because

9  the assessment and collection of the tax was already completed). The Ninth Circuit

10  recognized in *State of California v. Regan*, 641 F.2d 721, 722 (9th Cir. 1981), that:

11  "The purpose of the federal tax exception to the Declaratory
   Judgment Act is to protect the government's ability to assess and
12  collect taxes free from pre-enforcement judicial interference, and to
   require that disputes be resolved in a suit for refund."

13

14  In cases where the tax has already been collected (as here), and the relief being

15  sought is through a refund (as here), the exception barring declaratory relief does not

16  apply, because the exception serves no purpose to bar otherwise proper declaratory

17  relief. *Nelson v. Regan*, 731 F.2d 105, 109 (2nd Cir. 1984). Here, the relief being sought

18  by the Plaintiffs, refund of taxes improperly collected in the past, will not interfere with the

19  purpose behind the Declaratory Judgment Act's exception - the protection of the

20  government's ability to collect and assess taxes in the future, free from judicial

21  interference. Therefore, the Declaratory Judgment Act's exception barring relief in cases

22  involving federal taxes does not apply to this action.

23  **VI.    THE GOVERNMENT OF GUAM IS EQUITABLY ESTOPPED FROM BRINGING**

24  **A 28 U.S.C. SECTION 7422 EXHAUSTION OF ADMINISTRATIVE REMEDIES**

25  **DEFENSE**

26  Defendant alleges the Court lacks subject matter jurisdiction over the Plaintiffs'

27  claims because they failed to exhaust administrative remedies by seeking refund of taxes

28  paid before filing their suit in the district court, as they contend is required under 28

LAW OFFICES
KIRTLAND & PACKARD LLP

02078-00001  0098698.01                    -7-                    CV 05-00017

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

Case 1:05-cv-00017    Document 14    Filed 08/19/2005    Page 11 of 19

U.S.C. § 7422. The Government also alleges that Plaintiffs' suit is barred because Plaintiffs did not comply with the additional requirement in 48 U.S.C. Section 1421i(e), which bars commencement of a suit brought under section 7422(a) before 6 months from the time the administrative claim was filed, unless a decision was rendered before the 6-month period.

The Government of Guam, however, is equitably estopped from asserting these administrative remedies defenses under the facts of this case.

The four traditional elements to be satisfied in asserting an equitable estoppel claim are: (1) The government party to be estopped had to have knowledge of the true facts, (2) must have intended that this conduct was acted upon, or acted in a way that the party asserting estoppel had a right to believe this conduct should be relied upon, (3) the party asserting estoppel did not know of the true facts, and (4) the government's conduct was relied on to the party's detriment or injury. *Watkins v. U.S. Army*, 875 F.2d 699, 709 ( 9th Cir.1989); *United States v. Wharton*, 514 F.2d 406, 412 (9th Cir.1975) (quoting *United States v. Georgia-Pacific Corp.*, 421 F.2d 92, 96 (9th Cir.1970)).

The first element, that the government had knowledge of the true facts, is clearly met. The Organic Act of Guam provides that, "where not manifestly inapplicable or incompatible," the income tax laws in force in Guam include all provisions of Title F of the Internal Revenue Code.  48 U.S.C. Section 1421i(d)(1).

In *Re I Mina' Bente Sing'ko Na Liheslaturan Guahan*, 2001 Guam 3, 2001 WL 113985, *citing Government of Guam v. Koster*, 362 F.2d 248 (9th Cir. 1966), the Supreme Court of Guam stated, "We read *Koster* and the subsequent Ninth Circuit decisions to mean that the enlisted substantive provisions of the I.R.C. in section 1421i are to be applied to Guam *without deviation* "except where manifestly inapplicable or incompatible" with the intent of section 1421i." (Emphasis added).  The Court went on to state that the Government of Guam may not adjust the GTIT to suit Guam's fiscal constraints. *Id*.

Therefore, according to both case law and provisions of the Organic Act, the Government of Guam had knowledge that it must enforce the GTIT to mirror the

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

LAW OFFICES
KIRTLAND & PACKARD LLP

LAW OFFICES
KIRTLAND & PACKARD LLP

1  provisions of the Internal Revenue Code *without deviation*. As the required Notice of

2  Deficiency, Notice of Lien and Final Notice/Notice of Intent to Levy are part of the Internal

3  Revenue Code under subtitle F of the Internal Revenue Code, the Government of Guam

4  had knowledge that these notices were statutorily required to be given to the taxpayers of

5  Guam.

6       The second and third equitable estoppel elements, that the Government of Guam

7  must have intended that this conduct was acted upon, or acted in a way that the party

8  asserting estoppel had a right to believe this conduct should be relied upon, and that the

9  plaintiffs did not know of the true facts, is also met. The Government of Guam, in failing

10  to inform its taxpayers of their rights given under the Notices of Deficiency, Notices of

11  Lien and Final Notice/Notice of Intent to Levy, intended that the taxpayers rely on their

12  silence to mean that these rights under Title 26 of the Internal Revenue Code, were not

13  applicable to them.

14       The Government had to know that if the residents of Guam were not given such

15  Notices, Guam residents would not have reason to believe that such rights existed. It

16  was reasonable for the taxpayers to rely on the silence of Government of Guam officials,

17  because Guam officials were put in charge of regulating the GTIT. The tax court, in

18  applying the elements of equitable estoppel to the Internal Revenue Service (IRS), has

19  equated a government agent's "wrongful misleading silence" with the element of

20  "misrepresentation." *Estate of Emerson v. Commissioner*, 67 T.C. 612, 617-618 (1977).

21  The Government of Guam affirmatively chose to deprive Guam taxpayers of their rights

22  under the Code, by giving them a 'wrongful misleading silence' regarding the existence of

23  such rights.

24       The fourth element, that the Plaintiffs relied on the Government's misconduct to

25  their detriment, is also met. To state a successful equitable estoppel claim, the party

26  claiming estoppel had to rely on the other's conduct, "in such a manner as to change his

27  position for the worse," and the plaintiff's reliance had to be reasonable. *Heckler v.*

28  *Community Health Services of Crawford County*, 467 U.S. 51, 59 (1984). Plaintiffs had

02078-00001  0098698.01      -9-      CV 05-00017
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
Case 1:05-cv-00017  Document 14  Filed 08/19/2005  Page 13 of 19

LAW OFFICES
KIRTLAND & PACKARD LLP

1  the statutory right, pursuant to the requirements of 26 U.S.C. §§ 6212(a), 6213(b), 6320

2  and 6330, to be given a Notice of Deficiency, a Notice of Lien, and a Final Notice/Notice

3  of Intent to Levy before they were compelled to pay additional taxes.  Each of these

4  Notices was required by the statutes to contain information advising Plaintiffs of their

5  rights and remedies if they wanted to challenge the alleged additional taxes, including

6  their rights to an administrative appeal *before* being forced to pay the tax, and then seek

7  a refund.  "When a private party is deprived of something *to which it was entitled of right*,

8  it surely suffered a detrimental change in its position."  *Id.* at 53, (emphasis added).

9        In this case, Plaintiffs relied on the Defendant's misconduct or misrepresentation.

10  The Government's misconduct was to affirmatively choose to conceal information from

11  Guam taxpayers regarding Notices of Lien, Notices of Intent to Levy and Notices of

12  Deficiency.  Had the Plaintiffs been given such notices, they would have been informed of

13  their rights to contact a local office of the taxpayer advocate if they had questions

14  regarding their tax liabilities, as required under 48 U.S.C. §§ 6212(a) and 6213(a). They

15  would have been informed that they had the right to request hearings and to

16  administratively appeal their liens, as required under the Notice of Lien provisions, 48

17  U.S.C. Section 6320(a)(3).  Furthermore, they would have been notified of their right to

18  be informed of any alternatives available which could have prevented levy on their

19  property and been informed of how to release any liens on their property under 48 U.S.C.

20  Section 6330(a)(3).  Clearly, the deprivation of these rights, based on the Government of

21  Guam's failure to inform them or its misleading silence, constitutes detrimental reliance.

22        There are two additional elements to be satisfied, beyond the traditional elements

23  of equitable estoppel when estoppel is being applied to the Government.  *Watkins v. U.S.*

24  *Army*, 875 F.2d 699, 707 (9th Cir. 1989):

25        "First, "[a] party seeking to raise estoppel against the government
           must establish 'affirmative misconduct going beyond mere
26        negligence'; even then, 'estoppel will only apply where the
           government's wrongful act will cause a serious injustice, and the
27        public's interest will not suffer undue damage by imposition of the
           liability.' *Id.*, *Wagner v. Director, Federal Emergency Management*
28        *Agency*, 847 F.2d 515, 519 (9th Cir.1988) (quoting *Morgan v.*

02078-00001  0098698.01                       -10-                        CV 05-00017

1  *Heckler*, 779 F.2d 544, 545 (9th Cir.1985))."

2  Here, there was clear affirmative misconduct on behalf of the Government of Guam.

3  Although Guam officials are given the duty to regulate the GTIT, the Guam

4  Commissioner does not have the right to legislatively regulate the GTIT provisions,

5  especially in a way that is inconsistent with the language and legislative history of the

6  statutory provision it is designed to implement. *Griffin Industries, Inc. v. U.S.*, 27 Fed. Cl.

7  183, 196 (1992). "The Commissioner's authority to promulgate a regulation is not a grant

8  of legislative power, and a regulation must comport with the applicable statutory provision

9  and may not deprive a taxpayer of any benefits the statute bestows upon him." *Id.*, *Cosby*

10 *v. United States*, 8 Cl.Ct. 428, 440 (1985), *aff'd,* 795 F.2d 999 (Fed.Cir. 1986);

11 *Government of Guam v. Koster*, 362 F.2d 248, 252 (9th Cir. 1966). The Government of

12 Guam, therefore, clearly engaged in affirmative misconduct beyond mere negligence,

13 because they deprived Guam taxpayers of their rights under the GTIT, which they *knew*

14 should have mirrored the Internal Revenue Code. *See, Gumataotao v. JSU, Dir. of Dep't*

15 *of Revenue and Taxation*, 236 F.3d 1077, 1080 (9th Cir. 2001) ("Only those provisions of

16 the I.R.C. that are 'manifestly inapplicable or incompatible with the intent of [the Income

17 Tax Section]' do not apply to Guam taxpayers.") *See also, Sayre & Co. v. Riddell*, 395

18 F.2d 407, 410 (9th Cir. 1968)(en banc)(GTIT "mirror[s]" the I.R.C., except where

19 "manifestly inapplicable or incompatible").

20     Furthermore, the wrongful act by the Government of Guam caused a serious

21 injustice, and applying estoppel to the Government will not cause the public interest to

22 suffer undue damage, thereby satisfying the second additional element. As stated earlier,

23 the Plaintiffs and other taxpayers suffered a serious injustice by not being informed of

24 their statutorily required notices of their rights and protections under the GTIT. Guam

25 taxpayers suffered a serious injustice, as they were unable to use the protections of the

26 tax code. As discussed earlier, they were not told of their rights to approach the

27 Taxpayer Advocate's Office about potential questions, their right to appeal with respect to

28 liens or levy and sale of property, and to be given alternatives to prevent levy on their

LAW OFFICES
KIRTLAND & PACKARD LLP

KIRTLAND & PACKARD LLP

LAW OFFICES

1  property, including installment agreements. *See*, 26 U.S.C. §§ 6212(a), 6213(b), 6320

2  and 6330.

3         Estopping the Government on Guam, rather than causing the public interest undue

4  damage, will favor the public interest.  It is the clear intent of Congress that the provisions

5  in the I.R.C., are applied in mirror form to Guam taxpayers, and that those taxpayers are

6  offered the same rights and protections as provided under the IRC. *Gumataotao, supra.*

7  The residents of Guam have suffered a serious injustice because they are subject to the

8  same tax code and tax liabilities as the residents of mainland United States, but have

9  been denied the same tax protections and rights.

10        Unfortunately for Guam residents, the denial of tax benefits under the GTIT has

11  become a recurring theme. See *Simpao, supra*, where the "[Government of Guam]

12  affirmatively prevented plaintiffs from filing [Earned Income Tax Credit] claims by blocking

13  out the relevant sections on tax returns with the words, "inapplicable in Guam."" (Order,

14  Case No. 04-0049, Docket No. 99, June 15, 2005, at p. 8). In *Simpao*, plaintiffs disputed

15  the Department of Revenue and Taxation of Guam order stating that the Earned Income

16  Tax Credits did not apply to Guam under the GTIT. *Id.* In *Government of Guam v.*

17  *Koster*, the Government of Guam was again found to have deprived Guam residents of

18  their tax benefits. 362 F.2d 248 (9th Cir. 1966).  In *Koster*, the Ninth Circuit ruled that by

19  not allowing deductions for business losses incurred in the United States, the

20  Government violated the Organic Act's 'mirroring' of the I.R.C.  *Id*. The Government of

21  Guam tried to modify the statutory definition of gross income, which was in 'obvious

22  conflict with the statute' under the IRC. *Id.* Yet again, in *Re Request of I Mina' Bente*

23  *Sing'ko Na Liheslaturan Guahan*, 2001 Guam 3, the Guam Supreme Court held that it

24  was invalid as a matter of law for the Government to refuse to pay refundable EIC claims

25  to eligible taxpayers. This was considered a substantial modification of the IRC, and the

26  Court stated that the Government of Guam could not eliminate the EIC from the tax code.

27  *Id.*

28        From the foregoing cases, it has become clear that the Government of Guam has

02078-00001  0098698.01                              -12-                                CV 05-00017

been acting to intentionally deprive Guam residents of their rights under the law. The Government of Guam has refused to adhere to the Ninth Circuit ruling in *Koster*, and is wielding a powerful legislative hand in modifying the tax code provisions and rights as applied to Guam under the GTIT. Plaintiffs therefore respectfully request the Court to equitably estop the Government of Guam from raising a 28 U.S.C. Section 7422 (affirmative) defense in this case.

## VII. PLAINTIFFS SATISFY THE STATUTE OF LIMITATION PROVISIONS OF 26 U.S.C. 6511

The requirements of 26 U.S.C. § 6511 are that the claim for refund of overpayment of tax shall be made within 3 years from the time a tax return was filed, or within 2 years from the time the tax was paid (whichever occurs later). If no refund was filed, the claim shall be made within 2 years from the time the tax was paid. Defendants incorrectly state that the Plaintiffs' claims must be dismissed because they failed to make a timely claim for refund.

Courts have recognized that the 2 year statute of limitations period for tax refunds is not inflexible. *See, Exchange and Savings Bank of Berlin v. United States*, 226 F.Supp. 56, 57 (D. Md. 1964) (recognizing that the 2 year period can be extended by a writing between the taxpayer and the Secretary). In addition to § 6511, 26 U.S.C. 7433 entitles taxpayers to bring civil damage proceedings for certain unauthorized tax collection actions:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

According to this statute, the action must be brought within 2 years of the date when the cause of action accrues. However, it is important to note that the Internal Revenue Service, in discussing such causes of action for unlawful tax collection, has stated that the cause of action will accrue only when "the taxpayer has had a *reasonable opportunity* to discover all essential elements of a possible cause of action." Dept. of the

LAW OFFICES
KIRTLAND & PACKARD LLP

Treasury, Final Regulations, 4830-01 (March 2003). In this case, it is obvious that the misrepresentation or wrongful silence regarding the Notices of Deficiency, Lien and Notice of Intent to Levy by the Guam Tax officials contributed to Plaintiffs' lack of knowledge about these protections under the GTIT, as discussed in previous sections. Plaintiffs did not have a reasonable opportunity to learn that they were entitled to such protections. It was reasonable for plaintiffs to believe that they were not entitled to the same rights listed in the I.R.C., given the Government of Guam's history of denying taxpayer rights, and substantially modifying tax code provisions. *See, Koster, supra, Re Request of I Mina' Bente Sing'ko Na Liheslaturan Guahan, supra,* and *Simpao, supra.* Therefore, because Plaintiffs were never given a reasonable opportunity to learn of the protections guaranteed to them by Congress under the GTIT at the time they paid their taxes, the statute of limitations did not begin to run at that time. Indeed, it did not begin to run until shortly before this action was filed, and is now tolled by the filing of this action.

Furthermore, had Plaintiffs been given these statutorily required Notices, they would have been informed of their appeal rights, which were required to be set forth in the Notice of Deficiency and Final Notice/Notice of Intent to Levy. An appeal, which would have been taken, would have automatically tolled the 2 year statute of limitations. 26 U.S.C. §§ 6213 and 6330. Because the Government of Guam failed to give the required notices of the right to appeal, Plaintiffs and members of the class never knew of such a right. The Government of Guam therefore should be estopped from asserting the statute of limitations defense, pursuant to Section 6511. In the alternative, Plaintiffs should be deemed to have filed timely appeals and the statute should be deemed tolled until such appeals are resolved.

The Government's position is that Plaintiffs' cause of action accrued more than 2 years before the time Plaintiffs filed this action. There is, however, no evidence to support this argument. What the Government is essentially saying, without any

LAW OFFICES
KIRTLAND & PACKARD LLP

Case 1:05-cv-00017    Document 14    Filed 08/19/2005    Page 18 of 19

1  evidentiary proof,[1] is that before this time Plaintiffs had reasonable opportunity to

2  discover all possible causes of action, even though they were never given the statutory

3  notification by Defendant mandated by the I.R.C., and in particular by 26 U.S.C. § 6330.

4  Accepting the Government's position would allow the Government of Guam to benefit

5  from its own affirmative misconduct and misrepresentation, upon which the Plaintiffs

6  reasonably relied. Congress enacted these mandatory notice provisions for a reason,

7  and they should be enforced. For the foregoing reasons, the Government should be

8  estopped from asserting a statute of limitations defense in this case.

9  **VIII. CONCLUSION**

10  For the above stated reasons, Plaintiffs respectfully request this Court to deny the

11  Defendant's Motion.

12  DATED: August 17, 2005                    KIRTLAND & PACKARD LLP

13

14                                           By: _____

15                                           MICHAEL L. KELLY
                                             Attorneys for Plaintiffs Henry S. Dacanay
16                                           and Laura Lynn Dacanay and all others
                                             similarly situated

17

18  DATED: August 18, 2005                   ZAMSKY LAW FIRM

19

20                                           By: _____

21                                           STEVEN ZAMSKY
                                             Attorney for Plaintiffs Henry S. Dacanay
                                             and Laura Lynn Dacanay and all others
22                                           similarly situated

23

24

25

26

27
    _____
    [1]Any such evidence, if it actually existed, could not be properly asserted in a Rule
28  12 motion in any event, as it neither appears on the face of the Complaint nor in anything
    of which the Court can take judicial notice.

02078-00001  0098698.01                      -15-                           CV 05-00017
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

KIRTLAND & PACKARD LLP
LAW OFFICES