

Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Solicitors Division
The Justice Building
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 477-3390 (Fax)
www.guamattorneygeneral.com
guamattorneygeneral@hotmail.com

Attorneys for Defendant Government of Guam



## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN V. DACANAY, | Civil Case No. CV05-00017 |
| Plaintiffs, | **DEFENDANT'S REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS** |
| vs. | |
| GOVERNMENT OF GUAM, | |
| Defendant. | |

Defendant Government of Guam hereby submits its Reply to Plaintiffs' Opposition to Motion to Dismiss.

### I. PLAINTIFFS HAVE MISAPPREHENDED DEFENDANT'S POSITION REGARDING SOVEREIGN IMMUNITY.

Defendant has never stated that it has not consented to be sued in an action to recover a refund of taxes paid under the Guam Territorial Income Tax (GTIT). See Plaintiffs' Opposition (Opp.) at 4. An action to recover a refund of tax under the GTIT is authorized by the Organic Act of Guam, 48 U.S.C. § 1421i(h)(2), and section 7422(a) of the Internal Revenue Code of 1986, 26 U.S.C. § 7422(a), as mirrored for the GTIT by 48 U.S.C. § 1421i(d)(1) & (e). Rather,

Page 1 of 9
*Defendant's Reply to Plaintiffs' Memorandum in Opposition to Motion to Dismiss*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 16   Filed 08/26/2005   Page 1 of 9

Defendant has stated that is has not consented to be sued for injunctive and declaratory relief in a tax case under the GTIT. A money judgment—and not injunctive or declaratory relief—is the remedy provided by I.R.C. § 7422(a) and 48 U.S.C. § 1421i(h)(2).

In Crain v. Gov't of Guam, 195 F.2d 414 (9th Cir. 1952), the Ninth Circuit Court of Appeals held that the district court correctly dismissed the complaint for lack of subject matter jurisdiction because Defendant has inherent sovereign immunity, had not consented to be sued for declaratory and injunctive relief with respect to the GTIT, and had not waived its immunity. The legislative history of the 1958 amendments to the GTIT, enacted six years after the Crain decision, affirms that the 1958 provision authorizing refund actions, 48 U.S.C. § 1421i(h)(2), was aimed at removing sovereign immunity to such actions, but not sovereign immunity regarding other actions:

> Paragraph (2) of subsection (h) provides that the Government of Guam may be sued for refund of taxes and for payment of any final judgment in such litigation. At the present time it is probable that the Government of Guam would be held immune. Crain v. Government of Guam (195 F.2d 414). As a result the only remedy of the taxpayer is to sue the collecting official personally for a refund, as was done in Laguana v. Ansell and Wilson v. Kennedy.

Vol. 2, U.S. Code Cong. & Admin. News, 85th Congress, 2d Session, 1958, p. 3653.

The holding in Crain that Guam is immune from declaratory and injunctive relief with respect to the GTIT has never been reversed and remains applicable law. Moreover, the Ninth Circuit reaffirmed the sovereign immunity holding in Crain 37 years later in Marx v. Gov't of Guam, 866 F.2d 294 (9th Cir. 1989). Since Plaintiffs assert causes of action for declaratory and injunctive relief, they are barred by sovereign immunity and the Court is without subject matter jurisdiction to entertain them. Although the refund claim is not subject to sovereign immunity under Crain, it is subject to the sovereign immunity requirements of exhaustion of

Page 2 of 9
*Defendant's Reply to Plaintiffs' Memorandum in Opposition to Motion to Dismiss*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 16   Filed 08/26/2005   Page 2 of 9

administrative remedies and statute of limitations, which have been violated in this case. See 26 U.S.C. §§ 6511(a) & (b)(1), 6514, & 7422(a).

## II. PLAINTIFFS' CLAIMS FOR DECLARATORY RELIEF ARE BARRED.

### A. The GTIT is a Federal Tax.

The District Court of Guam in Crain v. Gov't of Guam, 97 F. Supp. 433, 434-35 (D. Guam 1951), addressed the applicability of the federal taxes exception in the Declaratory Judgment Act to the GTIT. The District Court held that declaratory relief was not available under the Act because the federal tax exception applied to the GTIT. Crain, 97 F. Supp. at 434-35.

That the GTIT is a federal tax was confirmed in Bank of America v. Chaco, 539 F.2d 1226 (9th Cir. 1976) (per curiam). The issue there was whether Guam could assess both the GTIT and a local 4 percent tax on the net income of a bank, where federal law allows a local government to tax the net income of a bank only once. Id. at 1226-27. The Ninth Circuit recognized that some courts had described the GTIT as not being a federal tax, but rejected those cases in holding that the separate local tax was lawful. Although the GTIT is administered by Guam, the Ninth Circuit held that the GTIT is ultimately a federal tax because its terms are imposed on Guam by Congress and not the Guam legislature. Id. at 1227-28.

The Ninth Circuit reached the same conclusion in Gumataotao v. Director of Dep't of Revenue & Taxation, 236 F.3d 1077 (9th Cir. 2001). There, a taxpayer argued that the GTIT could not apply to interest from a federal bond because states and territories cannot tax federal instrumentalities. Id. at 1081. Citing Bank of America, the court rejected this argument and held that the GTIT is a federally created tax. Id.

///

Page 3 of 9
*Defendant's Reply to Plaintiffs' Memorandum in Opposition to Motion to Dismiss*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 16   Filed 08/26/2005   Page 3 of 9

### B. Plaintiffs' Declaratory Relief Claim Falls within the Declaratory Judgment Act Bar.

Plaintiffs rely on the Ninth Circuit's opinion in Sorenson v. Sec'y of Treasury, 752 F.2d 1433, 1438 (9th Cir. 1985), aff'd, 475 U.S. 851 (1986), to establish that their claims fall outside the bar on declaratory relief claims. Opp. at 7. Sorenson involved a tax refund intercept program where, *after* a determination to make a tax refund had been reached *and* the refund was issued, it would then be intercepted to pay back child support. Id. at 1437 ("There was no question in this case with respect to Sorenson's federal tax liability."). Here, the question is precisely whether Plaintiffs are entitled to a tax refund. According to the Ninth Circuit, "[t]he purpose of the federal tax exception to the Declaratory Judgment Act is to protect the government's ability to assess and collect taxes free from pre-enforcement judicial interference, and to require that disputes be resolved in a suit for refund." Sorenson, 752 F.2d at 1438 (quoting State of Cal. v. Regan, 641 F.2d 721, 722 (9th Cir. 1981)). In a subsequent case involving declaratory judgment and injunctive relief concerning the tax intercept program, the Ninth Circuit explicitly distinguished claims involving the retention of refunds for intercept purposes from claims involving tax refunds. Oatman v. Dep't of Treasury, 34 F.3d 787, 789 n.6 (9th Cir. 1994). The Declaratory Judgment Act exception applies to Plaintiffs' claim in this case and bars them from going forward with this lawsuit.

### III. PLAINTIFFS' FAILURE TO FILE REFUND CLAIMS REQUIRES DISMISSAL FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.

#### A. Plaintiffs Failed to File a Claim Prior to Bringing Suit.

Plaintiffs do not allege in their Complaint that they told Defendant that they wished to claim a refund before filing suit. Therefore, there is no way that Defendant could have known about their particular claims. See United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 272

Page 4 of 9
*Defendant's Reply to Plaintiffs' Memorandum in Opposition to Motion to Dismiss*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 16   Filed 08/26/2005   Page 4 of 9

(1931) (holding that "the statute is not satisfied by the filing of a paper which gives no notice of the amount or nature of the claim for which the suit is brought, and refers to no facts upon which it may be founded"); Herrington v. United States, 416 F.2d 1029, 1032 (10th Cir. 1969) ("Implicit in the statute is the requirement that the grounds relied on in a suit for refund must be reasonably encompassed by those set out in the claim for refund.").

### B. Defendant has not Waived—and Cannot Waive—the Requirement of Filing an Administrative Claim.

Plaintiffs argue that Defendant waived the requirement of filing a claim by omitting information about the taxpayer advocate in its notices. However, the issue here is that Plaintiffs have not alleged in their Complaint that they claimed refunds at all. The United States Supreme Court in Angelus Milling Co. v. Comm'r, 325 U.S. 293, 296 (1945), reaffirmed that the statutory requirement of filing a claim cannot be waived. Id. at 296 ("Insofar as Congress has made explicit statutory requirements, they must be observed and are beyond the dispensing power of Treasury officials."). Instead, only the non-statutory requirements in the Treasury Regulations can be waived. Id. at 296-98. And, even then, the Supreme Court stated that

> It is not enough that in some roundabout way the facts supporting the claim may have reached [the Commissioner]. The Commissioner's attention should have been focused on the merits of the particular dispute. The evidence should be clear that the Commissioner understood the specific claim that was made even though there was a departure from form in its submission.

Id. at 298.

Plaintiffs imply that, because Defendant knew it was omitting taxpayer advocate information, it in some roundabout way should have known of Plaintiffs' particular claims. This is contrary to the ruling in Angelus Milling. Plaintiffs are seeking a waiver of the statutory requirement of making a claim in the first place and not the requirements of a Treasury

Page 5 of 9
*Defendant's Reply to Plaintiffs' Memorandum in Opposition to Motion to Dismiss*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 16   Filed 08/26/2005   Page 5 of 9

Regulation. The fact remains that Plaintiffs never made claims that were subject to investigation as required by Angelus Milling.

Whether there was notice of the taxpayer advocate did not affect Plaintiffs' ability to file a claim. Plaintiffs, at any time, could have submitted an amended return, Form 1040X, or an informal claim seeking refunds. Martin v. United States, 833 F.2d 655, 660 (7th Cir. 1987) (informal refund claims are always possible if writing is sufficient). If the claim had then been rejected, Plaintiffs would have satisfied the jurisdictional prerequisite of filing a claim and bringing it to the attention of Defendant prior to bringing suit. See 26 U.S.C. § 7422(a). Having failed to meet this standard, Plaintiffs have failed to establish jurisdiction. Defendant did not, and under Angelus Milling cannot, waive the statutory requirement of filing a claim in the first place.

**C. Equitable Doctrines Cannot Apply.**

Plaintiffs argue that some equitable exception should apply because Defendant did not inform taxpayers about the taxpayer advocate. Opp. at 8. However, "[s]ection 7422(a) has been uniformly interpreted as establishing a jurisdictional requirement that cannot be waived." United States v. Rochelle, 363 F.2d 225, 231 (5th Cir. 1966) (noting that the only exceptions are statutory); see also United States v. Brockamp, 519 U.S. 347, 352-53 (1997). In Goulding v. United States, 929 F.2d 329, 332-33 (7th Cir. 1991), the Seventh Circuit reiterated the holding in Angelus Milling, stating that, "while the Treasury may not waive the congressionally mandated requirement that a formal claim be filed, the Treasury can waive its own formal requirements. . . . Therefore, the filing of a general or vague claim may be sufficient to confer district court jurisdiction if the IRS had knowledge of the claim." Goulding, 929 F.2d at 333 (citing Angelus Milling and other authorities). Here, in contrast, Plaintiffs are trying to have the

Page 6 of 9
*Defendant's Reply to Plaintiffs' Memorandum in Opposition to Motion to Dismiss*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017     Document 16     Filed 08/26/2005     Page 6 of 9

statutory requirement of a formal claim waived in its entirety, a requirement which is not legally waivable.

In Smale & Robinson, Inc. v. United States, 123 F. Supp. 457 (S.D. Cal. 1954), the district court affirmed the rule that "[t]he Commissioner is powerless to waive the substantive requirements of the statute, . . . but he may waive the formal requirements of the regulations." Id. at 461 (citations omitted). Thus, in that distinguishable case, because the IRS Commissioner had been made aware of a claim and investigated it, and it was within the Commissioner's power to waive the Treasury Regulations, the IRS could be estopped from asserting a claim that was not timely asserted based on a failure to satisfy Regulations. Id. at 469-70 (citing, *inter alia*, Angelus Milling). Here, Plaintiffs are not asking for an exception because they presented a claim that was investigated. Rather, they are asking the Court to dispense with the entire statutory requirement of presenting a claim in the first place. This cannot be done. Id. at 461.

## IV. **PLAINTIFFS' CLAIMS ARE UNTIMELY.**

Plaintiffs suggest that they were unable to file claims due to lack of information about the taxpayer advocate. However, permitting Plaintiffs to proceed on this basis would eliminate the refund claim requirements of the Internal Revenue Code. See 26 U.S.C. §§ 6511(a) & (b)(1), 6514, & 7422(a). As stated above, the obligation to file a claim, which is a statutory obligation, cannot be waived. Further, the Treasury Regulations make clear that a taxpayer must make a refund claim in order to obtain a refund. 26 C.F.R. §§ 301.6402-2, 301.6402-3.

Plaintiffs alternatively argue that equitable estoppel or tolling can save the untimely claims. Opp. at 14. Yet they do not refer to controlling authority cited in Defendant's opening memorandum, in which: (1) the United States Supreme Court rejected equitable tolling of the statute of limitations under the Internal Revenue Code, see United States v. Brockamp, 519

Page 7 of 9
*Defendant's Reply to Plaintiffs' Memorandum in Opposition to Motion to Dismiss*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 16   Filed 08/26/2005   Page 7 of 9

U.S. 347, 352-53 (1997); and (2) since then, "courts have uniformly held that equitable principles, including the doctrine of equitable estoppel, cannot toll statutes of limitation in tax refund suits." <u>Danoff v. United States</u>, 324 F. Supp. 2d 1086, 1099 (C.D. Cal. 2004) (emphasis and citations omitted).

## CONCLUSION

Given Plaintiffs' failure to state a claim upon which relief can be granted and their failure to allege facts in their Complaint establishing this Court's jurisdiction over the subject matter of this action, this Court grant Defendant's motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

**DATED:** August 26, 2005.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

JOSEPH A. GUTHRIE
Deputy Attorney General
Attorney for Defendant Government of Guam

Page 8 of 9
*Defendant's Reply to Plaintiffs' Memorandum in Opposition to Motion to Dismiss*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 16   Filed 08/26/2005   Page 8 of 9

# CERTIFICATE OF SERVICE

I, Joseph A. Guthrie, certify that I caused a copy of the foregoing to be served on the following on August 26, 2005, via first class mail, postage prepaid, or hand delivery to:

Counsel for Plaintiffs
Michael L. Kelly
Kirtland & Packard
2361 Rosecrans Avenue
Fourth Floor
El Segundo, CA 90245

Counsel for Plaintiffs
Steven Zamsky
Zamsky Law Firm
Suite 805, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910

*[signature]*
JOSEPH A. GUTHRIE
Deputy Attorney General

Page 9 of 9
*Defendant's Reply to Plaintiffs' Memorandum in Opposition to Motion to Dismiss*
District of Guam Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 16   Filed 08/26/2005   Page 9 of 9