DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| HENRY S. DACANAY and<br>LAURA LYNN DACANAY,<br><br>    Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>    Defendant. | Civil Case No. 05-00017<br><br><br>ORDER RE MOTION TO DISMISS |

The matter is before the Court on Defendant Government of Guam's ("Guam") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Defendant contends the Court lacks subject matter jurisdiction over the instant matter because Plaintiffs Henry and Laura Dacanay ("Plaintiffs") failed to name any officer or employee of the United States or any agency as a party to this matter under 28 U.S.C § 1361.[1]

---

[1] Title 28 of the United States Code § 1361 provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."
    Defendant notes that the sole defendant in this action is the Government of Guam, which is neither an officer or employee or agency of the United States.
    Plaintiffs concede the issue as shown by their silence with respect to this argument. Opp'n at 4.
    Accordingly, the Court finds that § 1361 cannot serve as a jurisdictional basis for the instant action.



Defendant also argues that it has sovereign immunity with respect to the injunctive and declaratory judgment claims in this action.² Defendant also alleges that the Declaratory Judgment Act, 28 U.S.C. § 2201,³ does not apply to the Guam Territorial Income Tax ("GTIT") nor does it apply to federal tax. Therefore, the Court does not have jurisdiction over Plaintiffs' second cause of action which seeks declaratory relief. Def.'s Mot. at 7-8;

---

² Defendant concedes that *an action to recover a refund of tax* under the Guam Territorial Income Tax ("GTIT") is authorized by the Organic Act of Guam, 48 U.S.C. § 1421i(h)(2) and 26 U.S.C. § 7422(a) as mirrored for the Guam Territorial Income Tax ("GTIT") by 48 U.S.C. § 1421i(d)(1) and (e). However, Defendant posits that *sovereign immunity* applies with respect to the equitable claims. Defendant argues that "[a] money judgment, not injunctive or declaratory relief, is the remedy provided by the Internal Revenue Code." Reply at 2 (*citing Crain v. Government of Guam,* 195 F.2d 414, 417 (9th Cir. 1952)).

In *Crain,* the Ninth Circuit affirmed the lower court's dismissal of an action for declaratory relief brought against defendant based on sovereign immunity, holding that the government had not waived its immunity from suits seeking declaratory relief. However, thereafter, the Ninth Circuit has observed that:

> So far as the language of section 1421i(h) is concerned, subsection (2) . . . is simply a waiver of the government of Guam's immunity from suit which the Congress thought was made necessary by this court's decision in *Crain v. Government of Guam.*

See *Forbes v. Maddox,* 339 F.2d 387, 388 (9th Cir. 1964) (*citing* S.Rep. No. 2176, U.S.Code & Admin. News (85th Cong.2d Sess. (1958)) 3647, 3653). Accordingly, sovereign immunity *generally* does not bar Plaintiffs' claim for declaratory relief. *Accord, Simpao et al. v. Government of Guam,* CV 04-00049, Order dated March 17, 2005 at 6-7 (finding subject matter jurisdiction over plaintiffs' claims for declaratory relief).

³ The Declaratory Judgment Act provides in relevant part:

> [i]n a case of actual controversy within its jurisdiction, *except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 [26 USCS § 7428]* . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201.

2

Reply at 3-4.[4] Further, Defendant contends that the Court lacks subject matter jurisdiction because Plaintiffs have not exhausted their administrative remedies required under 26 U.S.C. § 7422(a)[5] and that Plaintiffs' claims are barred by the applicable statute of limitations.[6] In addition, Defendant moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A hearing was held on September 2, 2005. Having thoroughly considered all the relevant pleadings and documents filed by counsel for both parties, the Complaint is dismissed without prejudice to filing the same after the appropriate administrative remedies have been exhausted. In the alternative, the Complaint is dismissed with leave to amend to allege compliance with the claims requirements, exception thereto, or that the filing of a claim would be futile. The Court also grants Plaintiffs leave to amend Complaint to allege sufficient facts showing that the action is not barred by the statutes of limitations. Should Plaintiffs choose to amend the complaint, the Amended Complaint must be filed within thirty (30) days from the date of this Order. Defendant has twenty

---

[4] Almost the same issue was discussed and ruled upon in this Court, The Honorable Ronald S.W. Lew, presiding, in a case involving Defendant captioned, *Simpao et al. v. Government of Guam,* CV 04-00049, Order dated March 17, 2005 at 13-15. In *Simpao*, Defendant Guam claimed that GTIT is a federal tax to which the Declaratory Judgment Act does not apply. Judge Lew agreed with plaintiffs' position that the GTIT is not a federal tax, and therefore, the Declaratory Judgment Act per se does not bar declaratory relief. *Id.* at 14-15. The Court finds Judge Lew's reasoning to be persuasive and does not re-visit this issue.

[5] Title 48 of the United States Code § 7422(a) states that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . *until a claim for refund or credit has been duly filed with the Secretary.*" (Emphasis added).

[6] Title 26 of the United States Code § 6511 provides that a "claim or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or *2 years from the time the tax was paid*, whichever of such periods expires later or *if no return was filed by the taxpayer, within 2 years from the time the tax was paid.*" (Emphasis added).

3

(20) days thereafter to respond.

I. BACKGROUND

On June 8, 2005, Plaintiffs filed this proposed class action against the Government of Guam for: (1) failure to send a *valid* Notice of Deficiency as required under 26 U.S.C. §§ 6212 and 6213(a); (2) failure to send a *valid* Notice of Lien as required under 26 U.S.C. § 6320; and (3) failure to comply with the requirements for Final Notice / Notice of Intent to Levy under 26 U.S.C. § 6330. Compl. ¶ 2. These aforementioned statutes went into effect on July 22, 1998.

Plaintiffs allege that they "have paid income taxes" to the Government of Guam pursuant to a Final Notice/Notice of Intent to Levy sent to them by the Government, and a tax lien which was filed by the Government of Guam without a Notice of Lien. *Id.* ¶ 1.

### A. Notice of Deficiency

In 1998, Congress amended the Internal Revenue Code to include 26 U.S.C. § 6212(a) which provides:

> If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A or B [26 USCS §§ 1 et seq. or 2001 et seq.] or chapter 41, 42, 43 or 44 [26 USCS §§ 4911 et seq., 4940 et seq., 4971 et seq., 4981 et seq.], he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. *Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.*

26 U.S.C. § 6212. (Emphasis added).

In addition, 26 U.S.C. § 6213(a) provides:

> Except as otherwise provided in section 6851, 6852, or 6861 [26 USCS § 6851, 6852, or 6861] *no assessment of a deficiency in respect of any tax imposed* by subtitle A or B [26 USCS §§ 1 et seq. or 2001 et seq.], chapter 41, 42, 43, or 44 [26 USCS §§ 4911 et seq., 4940 et seq., 4971 et seq., or 4981 et seq.] *and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period,* as the case may be . . .

26 U.S.C. § 6213. (Emphasis added).

The Organic Act of Guam expressly provides that, "where not manifestly inapplicable," the income tax laws in force in Guam include "all provisions of subtitle F"

4

of the Internal Revenue Code. 48 U.S.C. § 1421i(d)(1). Sections 6212(a) and 6213(a) are included within subtitle F of the Internal Revenue Code, and thus, in force in Guam.

Plaintiffs allege that they "never received a Notice of Deficiency from the Government of Guam," and all further attempts to collect the taxes paid by Plaintiffs were thus improper under the notice of deficiency provisions. Compl. ¶ 12.[7]

B. Notice of Lien

Section 6320(a)(1) to the Internal Revenue Code provides, in relevant part:

> The Secretary shall *notify in writing* the person described in section 6321 [26 USCS § 6321] *of the filing of a notice of lien* under section 6323 [26 USCS § 6323].

26 U.S.C. § 6320. (Emphasis added). Section 6320(a)(3) further provides:

> The notice required under paragraph (1) shall include in simple and nontechnical terms--
> (A) the amount of unpaid tax;
> (B) the right of the person to request a hearing during the 30-day period beginning on the day after the 5-day period described in paragraph (2);
> (C) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals; and
> (D) the provisions of this title and procedures relating to the release of liens on property.

26 U.S.C. § 6320(a)(3). Section 6320(a)(3) is also included within subtitle F of the Internal Revenue Code, and thus, in force in Guam.

Plaintiffs allege that on or about June 28, 2000, the Government of Guam filed a

---

[7] Plaintiffs indicate that here, Plaintiffs seek to extend *Marangi v. Gov't of Guam,* 319 F. Supp. 2d 1179, 1185 (D. Guam 2004); Opp'n at 1. *Marangi* held that a Notice of Deficiency that did not contain the statutorily required notice to the taxpayer of the tax payer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office was void, and that taxes collected pursuant to the inadequate Notice of Deficiency were improperly collected and had to be refunded.
Guam did not appeal the judgment in *Marangi*. Therefore, Plaintiffs argue that Defendant is estopped from contending that the Notice of Deficiency it issued subsequent to July 22, 1998 without the notice required by § 6212(a) were valid and that the taxes paid pursuant to the notice was properly collected. *See* Compl. ¶ 17.
The issues of exhaustion of remedies and statute of limitations, however, were not before the court in *Marangi*.

5

tax lien against Plaintiffs, but "never sent Plaintiffs the statutorily required Notice of Lien." Compl. ¶ 22. Because the lien was allegedly filed without the requisite notice, Plaintiffs claim that the lien was void, and the Government of Guam's attempts to collect on the lien, consequently, were improper. *Id.* ¶ 23.

C.  Final Notice / Notice of Intent to Levy

Section 6330(a) of the Internal Revenue Code provides, in relevant part:

> No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

26 U.S.C. § 6330(a). Section 6330(a)(3) delineates the information required to be in the Notice of Levy:

> The notice required under paragraph (1) shall include in simple and nontechnical terms--
> (A) the amount of unpaid tax;
> (B) the right of the person to request a hearing during the 30-day period under paragraph (2); and
> (C) the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth--
> (I) the provisions of this title relating to levy and sale of property;
> (ii) the procedures applicable to the levy and sale of property under this title;
> (iii) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals;
> (iv) the alternatives available to taxpayers which could prevent levy on property (including installment agreements under section 6159) [26 USCS § 6159]; and
> (v) the provisions of this title and procedures relating to redemption of property and release of liens on property.

26 U.S.C. § 6330(a)(3). Section 6330(a)(3) is included within subtitle F of the Internal Revenue Code, and therefore, is also applicable to Guam. Compl. ¶ 27.

Plaintiffs aver that on or about October 2, 2000, and again on or about March 6, 2003, the Government of Guam sent Plaintiffs a Final Notice / Notice of Intent to Levy. The Final Notice / Notice of Intent to Levy allegedly did not contain a notice that complied with the requirements of § 6330(a)(3). *Id.*

D.  Plaintiffs' Prayer for Relief

Based on the allegations in the Complaint, Plaintiffs seek a refund of those improperly paid taxes pursuant to the void Notices of Deficiency, liens, Notices of Lien

6

and/or Final Notices/Notices of Intent to Levy (Claim 1). Compl. ¶¶ 41-42.

In the alternative, Plaintiffs seek a declaratory judgment that the Defendant failed to comply with the notice requirements of §§ 6212(a), 6213(a), 6320 and/or 6330 and that the taxes were therefore improperly collected (Claim 2).

Plaintiffs also seek an injunction requiring the Government of Guam to: (1) notify all taxpayers who paid taxes pursuant to the void notices that the aforementioned notices were void and that the taxes paid pursuant to them were improperly collected; (2) provide each of these taxpayers with the appropriate form for claiming a refund of these taxes; and (3) refund the improperly collected taxes once the claims forms are properly submitted (Claim 3).[8]

## II. LEGAL STANDARD

It is a fundamental legal principle that federal courts are courts of limited jurisdiction. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Lack of subject matter jurisdiction may be raised by any party at any time, and it is never waived: "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3); *Hernandez v. McClanahan*, 996 F. Supp. 975, 977 (N. D. Cal. 1998).

Rule 12(b)(6) must be read in conjunction with Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles

---

[8] The Court notes what the Complaint failed to aver. The Complaint was devoid of any allegation as to *when* the subject taxes *were actually paid*. Plaintiffs allege that they received Final Notices / Notices of Intent to Levy on or about October 2, 2000, and again on or about March 6, 2003. Plaintiffs may have had until about October 2002 and March 2005 to seek a refund pursuant to 26 U.S.C. § 6511, *supra*, note 6. However, the Complaint failed to allege that they sought a refund of the taxes paid *within the limitations period*. In their amended complaint, Plaintiffs must allege that they sought a refund, or the reasons why they are excused from compliance with § 6511.

7

A. Wright & Arthur Miller, Federal Practice and Procedure §1356 (1990). A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). The court must accept all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *see also*, *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).

III. DISCUSSION

    A.    Plaintiffs' Failure to File a Refund Claim Warrants Dismissal of the Refund Cause of Action ("Claim 1") for Failure to Exhaust Administrative Remedies.

The Organic Act provides in relevant part as follows:

> Suits for the recovery of any Guam Territorial income tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, under the income-tax laws in force in Guam, pursuant to subsection (a) of this section, may, regardless of the amount of claim, be maintained against the government of Guam *subject to the same statutory requirements as are applicable to suits for the recovery of such amounts maintained against the United States in the United States district court with respect to the United States income tax.*

48 U.S.C. § 1421i(h)(2). (Emphasis added).

Section 7422(a) of the Internal Revenue Code states that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed* with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422. (Emphasis added). Section 7422, *found in Subtitle F of the Internal Revenue Code*, applies to Guam pursuant to 48 U.S.C. § 1421i(d)(1), *supra*, which expressly provides that, "where not manifestly inapplicable," the income tax laws in force in Guam include "all provisions of subtitle F" of the Internal Revenue Code.

It is well-established that where the sovereign has waived its immunity, "no suit can

8

be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued." *Bruno v. United States,* 547 F.2d 71, 73 (8th Cir. 1976). Section 7422(a) expressly prohibits suits against the United States for tax refunds unless "a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a). Accordingly, the filing of a timely administrative claim for refund is a jurisdictional prerequisite to a tax refund suit and cannot be waived. *See Quarty v. United States,* 170 F.3d 961, 972 (9th Cir. 1999) ("Compliance with these specificity requirements is a prerequisite to subject matter jurisdiction over a claim for a refund"); *see also, Boyd v. United States,* 762 F.2d 1369, 1371 (9th Cir. 1985) ("If the refund claim does not meet the requirements of the Code and the regulations, the suit must be dismissed because filing pursuant to the rules is a jurisdictional prerequisite"); *see also, Essex v. Vinal,* 499 F.2d 226, 231 (8th Cir. 1974), *cert. denied,* 419 U.S. 1107 (1975); *Rosenbluth Trading, Inc. v. United States,* 736 F.2d 43, 47 (2d Cir. 1984) ("The filing of a timely refund claim is a jurisdictional requirement, which cannot be waived."); *United States v. Rochelle,* 363 F.2d 225, 231 (5th Cir. 1966).

Exhaustion of administrative remedies under § 7422 applies to the refund of any internal revenue tax and constitutes a jurisdictional requirement. Further, § 6532(a)(1) of the Internal Revenue Code provides a further exhaustion requirement:

> No suit or proceeding under § 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time . . . .

26 U.S.C. § 6532. Therefore, before commencing a suit for a refund, a taxpayer must file an administrative claim and then wait six months before filing suit, unless the claim is denied before the expiration of the six months. Until then, subject matter jurisdiction is lacking and the complaint must be dismissed. *Boyd,* 762 F.2d at 1371.

In the instant case, the Complaint does not allege that they filed claims for refund with the Director of Revenue and Taxation, the counterpart of the United States Secretary

9

of Treasury referenced in 26 U.S.C. § 7422(a), *supra; see also,* 11 G.C.A. §§ 1102, 1104(a). Because Plaintiffs have not complied with the exhaustion of remedies requirements under §§ 7422(a) and 6532(a)(1), Claim 1 is dismissed for lack of subject matter jurisdiction.

In response, Plaintiffs contend that the Government of Guam is equitably estopped from bringing a 28 U.S.C. § 7422 exhaustion of administrative remedies defense. Pls.' Opp'n at 7-13. According to Plaintiffs, all the elements of equitable estoppel are met. *Id.* at 8-10.

The elements for equitable estoppel are:

> (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

*Watkins v. United States Army,* 875 F.2d 699, 709 (9th Cir. 1989).

Before the government will be estopped, however, *two* additional elements must be satisfied beyond those required for traditional estoppel. First, "[a] party seeking to raise estoppel against the government must establish 'affirmative misconduct going beyond mere negligence'; even then, 'estoppel will only apply where the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability.'" *Id.* at 707.

1. Defendant's Knowledge of the Facts

Plaintiffs claim that this factor was met because Defendant had knowledge that the subject notices were statutorily required to be given to the taxpayers of Guam. Opp'n at 9.

2. Intent

Plaintiffs claim that, in failing to inform its taxpayers of their rights given under the subject notices, Defendant intended the taxpayers to rely on its silence to mean that the subject rights under the Internal Revenue Code were not applicable to them. *Id.*

///

10

### 3. Plaintiffs' Ignorance of the True Facts

Plaintiffs claim that this factor was met because they had no reason to believe that such rights existed in light of the Government's silence. *Id.*

### 4. Detrimental Reliance

Further, Plaintiffs contend that had they been given proper notices, they would have been informed of their rights to contact a local office of the taxpayer advocate if they had questions regarding their tax liabilities, as required by §§ 6212(a) and 6213(a).

Additionally, they would have been informed that they had the right to request hearings and to administratively appeal their liens, as required under the notice of lien provisions, 48 U.S.C. § 6320(a)(3).

Moreover, they would have been notified of their right to be informed of any alternatives available which could have prevented levy on their property and been informed of how to release any liens on their property under 48 U.S.C. § 6330(a)(3).

The Defendant's failure to provide adequate notices, Plaintiffs contend, resulted in their reliance on the Government's silence to their detriment. Opp'n at 10.

### 5. Defendant's Affirmative Misconduct Going Beyond Mere Negligence

Plaintiffs posit that the Government had been more than negligent in its omissions, because they deprived Guam taxpayers of their rights under the GTIT, which they knew should have mirrored the Internal Revenue Code. *Id.* at 11.

### 6. Serious Injustice and the Public's Interest

Finally, Plaintiffs claim that Defendant's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability. As discussed previously, Plaintiffs allege that they were not told of their rights to approach the Taxpayer Advocate's Office about potential questions, their right to appeal with respect to liens or levy and sale of property, and their right to be given alternatives to prevent levy on their property, including installment agreements. *Id.* at 11-12.

As discussed above, § 7422(a) has been uniformly interpreted as establishing a

11

jurisdictional requirement that cannot be waived. *See Quarty,* 170 F.3d at 972 ("Compliance with these specificity requirements is a prerequisite to subject matter jurisdiction over a claim for a refund"); *see also, Boyd,* 762 F.2d at 1371 ("If the refund claim does not meet the requirements of the Code and the regulations, the suit must be dismissed because filing pursuant to the rules is a jurisdictional prerequisite"); *see also, Essex,* 499 F.2d at 231, *cert. denied,* 419 U.S. 1107 (1975); *Rosenbluth Trading,* 736 F.2d at 47 ("The filing of a timely refund claim is a jurisdictional requirement, which cannot be waived.")

Here, Plaintiffs do not claim that a statutory exemption applies to the facts of this case. Further, Plaintiffs do not claim that exhausting administrative remedies would have been futile. More importantly, Plaintiffs do not explain *why* they failed exhaust their remedies. Rather, Plaintiffs ask the Court to dispense with the established statutory requirement. The Court cannot do so based on the allegations pled in the Complaint. Therefore, the Court lacks subject matter jurisdiction over Claim 1, because Plaintiffs have not alleged that they have exhausted their remedies by first seeking a seeking refund of taxes paid nor have they alleged an excuse for not filing a refund claim.[9]

Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." *Polich v. Burlington Northern, Inc.,* 942 F.2d

---

[9] In the moving brief, Defendant posits that exhaustion is a requirement of subject matter jurisdiction, and it cannot be excused based upon futility. Mot. at 9.

Plaintiffs Opposition is silent as to this issue. *See* Opp'n at 7-13 (discussion re exhaustion of remedies).

Because this issue was not presented before the Court, the Court need not speculate as to whether seeking administrative remedies would have been futile. *Cf. Simpao et al. v. Government of Guam,* CV 04-00049, Order dated March 17, 2005 at 7-8 (rejecting Guam's argument that plaintiffs' claims are subject to dismissal for failure to exhaust administrative remedies where Guam affirmatively prevented Plaintiffs from filing EIC claims by blocking out the relevant sections of tax returns with the words "inapplicable to Guam," thereby making [a]ny attempt to claim an EIC credit futile).

12

1457, 1472 (9th Cir. 1991). Under the Federal Rules of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires."

The Court grants Plaintiffs leave to amend the Complaint by alleging facts demonstrating that they have exhausted their administrative remedies in compliance with the IRS code, they are statutorily exempted from complying with the applicable provisions of the IRS code, or they are excused from compliance due to the futility of pursuing administrative remedies.

B. <u>Plaintiffs' Failure to File a Refund Claim Also Requires Dismissal of the Prayer for Declaratory and Injunction Relief (*Claims 2 and 3, Respectively*) for Failure to Exhaust Administrative Remedies.</u>

Claim 2 seeks a declaratory judgment that the Defendant failed to comply with the requirements of §§ 6212(a), 6213(a), 6320 and/or 6330 and that the taxes were therefore improperly collected. Compl. ¶ 45.

Claim 3 avers that the putative class, including Plaintiffs, are entitled to a refund of those improperly paid taxes. *Id.* ¶ 48. In light of the allegedly void notices, Plaintiffs seek an injunction requiring the Government of Guam to (1) notify all taxpayers who paid taxes pursuant to the void notices that the aforementioned notices were void and that the taxes paid pursuant to them were improperly collected; (2) provide each of these taxpayers with the appropriate form for claiming a refund of these taxes; and (3) refund the improperly collected taxes once the claims forms are properly submitted. *Id.* ¶ 49.

Read together, Claims 2 and 3 attempt to circumvent the exhaustion of remedies requirement discussed above. As Defendant has correctly observed, Plaintiffs seek to use Claims 2 and 3 as predicates for obtaining refunds. However, it is well-established that the Internal Revenue Code "provides the exclusive remedy in tax refund suits." *Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998). Further, even if equitable considerations were a factor in the determination of whether a taxpayer is entitled to a refund, Plaintiffs here have not shown irreparable harm inasmuch as there

13

is an adequate remedy at law in the form of a refund suit.

For all the foregoing reasons, the Court dismisses Claims 2 and 3 for want of subject matter jurisdiction and for Plaintiffs' failure to state a claim.

C.  <u>Plaintiffs' Failed to Satisfy the Statute of Limitation Provisions of 26 U.S.C § 6511.</u>

The Internal Revenue Code provides time limitations within which actions for refunds must be brought. 26 U.S.C. § 6511. "The limitations period is jurisdictional in nature and cannot be waived." *Gabelman v. Commissioner*, 86 F.3d 609, 611 (6th Cir. 1996) (*United States v. Dalm,* 494 U.S. 596, 602 (1990)). Title 26 of the United States Code § 6511 provides that a "claim or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or *2 years from the time the tax was paid*, whichever of such periods expires later or *if no return was filed by the taxpayer, within 2 years from the time the tax was paid.*" (Emphasis added).

Plaintiffs allege that they received Final Notices / Notices of Intent to Levy on or about October 2, 2000, and March 6, 2003. Compl. ¶ 28. The tax would have been paid on or about those dates or shortly thereafter. Although the Complaint alleges that Plaintiffs paid taxes pursuant to the defective notices, the complaint is devoid of any allegation as to *when* the taxes were paid. Further, Plaintiffs' Complaint failed to allege that they sought a refund of the taxes paid within the limitations period. *See* Opp'n at 13.

In the Opposition, Plaintiffs cite 26 U.S.C. § 7433 which essentially states that the action must be brought within two years of the date when the cause of action accrues.[10]

---

[10] Title 26 of the United States Code 7433 provides:

If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title . . . such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432 [26 USCS § 7432], such civil action shall be the exclusive remedy for recovering

14

A cause of action "accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1(g)(2). Plaintiffs failed to explain the circumstances surrounding the discovery of all essential elements of their claims to allow the Court to make an informed decision as to whether the claims are timely filed. Accordingly, the Court dismisses the Complaint for the additional ground that Plaintiffs failed to allege sufficient facts showing that the action is not barred by the statutes of limitations.

IV. RULING

Based on the foregoing, the Complaint is dismissed without prejudice to filing the same after the appropriate administrative remedies have been exhausted.

In the alternative, the Complaint is dismissed with leave to amend to allege compliance with the claims requirements, exception thereto, or that the filing of a claim would be futile. The Court also grants Plaintiffs leave to amend Complaint to allege sufficient facts showing that the action is not barred by the statutes of limitations. Should Plaintiffs choose to amend the complaint, the Amended Complaint must be filed within thirty (30) days from the date of this Order. Defendant has twenty (20) days thereafter to respond.

IT IS SO ORDERED.

Dated this 7th day of September, 2005.

District Judge S. James Otero*
United States District Judge

---

damages resulting from such actions.

26 U.S.C. § 7433.

* The Honorable S. James Otero, United States District Judge for the Central District of California, by designation.