Steven Zamsky, Esq.
Zamsky Law Firm
Suite 805, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 477-3637
Facsimile: (671) 472-1584

Michael L. Kelly, Esq.
Robert M. Churella, Esq.
KIRTLAND & PACKARD
2361 Rosecrans Ave., 4th Floor
El Segundo, CA 90245

Attorney for Plaintiffs Henry S. Dacaney
and Laura Lynn Dacanay
and all others similarly situated

FILED
DISTRICT COURT OF GUAM

OCT - 7 2005 ᵍᵖ

MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| Henry S. Dacanay and Laura Lynn Dacanay,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant. | ) Case No. CIV05-00017<br>)<br>) AMENDED<br>) COMPLAINT FOR INDIVIDUAL AND<br>) CLASS-ACTION DAMAGES AND<br>) INJUNCTIVE RELIEF<br>)<br>) CLASS ACTION<br>)<br>) |

Plaintiffs allege on behalf of themselves and others similarly situated that:

**NATURE OF THE CASE**

1.     Plaintiffs Henry S. Dacanay and Laura Lynn Dacanay are individuals who paid income taxes to the Government of Guam for the 1998 and 1999 tax year pursuant to a tax lien which was filed by the Government of Guam without a Notice of Lien for both tax years and a Final Notice/Notice of Intent to Levy sent to them by the Government of Guam after July 22, 1998, for the 1999 tax year.

2.     Plaintiffs allege that they did not receive a Notice of Deficiency complying with the requirements of 26 U.S.C. §§ 6212(a) and 6213(a), or a Notice of Lien complying with the requirements of 26 U.S.C. § 6320, and that the Final Notice/Notice of Intent to Levy

02078-00001  100525.1

ORIGINAL

LAW OFFICES
KIRTLAND & PACKARD LLP

1  failed to comply with the requirements of 26 U.S.C. § 6330, and that the taxes collected

2  from Plaintiffs pursuant to these notices and lien were thus improper.

3  3.     Plaintiffs are informed and believe that other Guam taxpayers paid taxes that

4  were improperly collected, as they also received no Notices of Deficiency complying with

5  the requirements of 26 U.S.C. §§ 6212(a) and 6213(a), and/or a Notice of Lien complying

6  with the requirements of 26 U.S.C. § 6320 and/or a Final Notice/Notice of Intent to Levy

7  complying with the requirements of 26 U.S.C. § 6330, and that their taxes were likewise

8  improperly collected.

9  4.     Plaintiffs seek the certification of a class consisting of all persons who paid taxes

10  without having received Notices of Deficiency complying with the requirements of 26

11  U.S.C. §§ 6212(a) and 6213(a), and/or a Notice of Lien complying with the requirements

12  of 26 U.S.C. § 6320 and/or a Final Notice/Notice of Intent to Levy complying with the

13  requirements of 26 U.S.C. § 6330, and a Judgment that all of those taxes were

14  improperly paid and must be refunded  by the Government of Guam to Plaintiffs and the

15  members of the proposed class.

16  5.     In the alternative, Plaintiffs seek a declaratory judgment that the Government

17  of Guam failed to comply with the requirements of §§ 6212(a), 6213(a), 6320 and/or

18  6330 as to Plaintiffs and the other members of the class and that their taxes were

19  therefore improperly collected, and an injunction requiring the Government of Guam to 1)

20  notify all taxpayers who paid taxes pursuant to the void Notices of Deficiency, Notices of

21  Lien or Final Notices/Notices of Intent to Levy that the Notices of Deficiency, Notices of

22  Lien and Final Notices/Notices of Intent to Levy were void and that the taxes paid

23  pursuant to them were improperly collected, 2) provide each of these taxpayers with the

24  appropriate form for claiming a refund of these taxes, and 3) refund the improperly

25  collected taxes once the claims forms are properly submitted.

26                          **JURISDICTION AND VENUE**

27  6.     This Court has exclusive original jurisdiction over this class action pursuant to 48

28  U.S.C. §§ 1421i(h) and 1424 and 28 U.S.C. § 1361.

LAW OFFICES
KIRTLAND & PACKARD LLP

02078-00001  100525.1                           -2-

Case 1:05-cv-00017     Document 24     Filed 10/07/2005     Page 2 of 23

KIRTLAND & PACKARD LLP
LAW OFFICES

**PARTIES**

7.     Plaintiffs Henry S. Dacanay and Laura Lynn Dacanay are individual residents of Guam.

8.     Defendant Government of Guam is an organized unincorporated territory of the United States of America, formed August 1, 1950, by enactment of the Organic Act, 48 U.S.C. §§ 1421 *et seq.*  Defendant is a sovereign government entity.

**FACTUAL ALLEGATIONS**

**A.     Notices of Deficiency**

9.     In 1998, Congress amended the Internal Revenue Code with the Internal Revenue Restructuring and Reform Act of 1998, to include § 6212(a) (26 U.S.C. § 6212(a)), which provides:

> If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

26 U.S.C. § 6212(a).  Section 6212 (a) took effect on July 22, 1998.

10.     Congress also added § Section 6213 (a) (26 U.S.C. 6213(a)), which provides, in relevant part:

> Except as otherwise provided in section 6851, 6852 or 6861, no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be...

Section 6213(a) also took effect on July 22, 1998.

11.     The Organic Act of Guam expressly provides that, "where not manifestly inapplicable or incompatible," the income tax laws in force in Guam include "all provisions of subtitle F" of the Internal Revenue Code.  48 U.S.C. § 1421i(d)(1).  Sections 6212(a) and 6213(a) are included within subtitle F of the Internal Revenue Code, and thus are in force in Guam.

12.     The purpose of the Internal Revenue Service Restructuring and Reform Act

of 1998, under which these amendments were made, was to insure that taxpayers were provided due process and the opportunity to be heard, and to curb abuses of taxpayers rights during tax collection procedures.

13.     Specifically, the establishment of the local Office of the Taxpayer Advocate, was to provide taxpayers information and to assist the taxpayer with such important rights as:

(a)     Filing taxpayers' applications for Taxpayer Assistance Order to Relieve Hardship;

(b)     Using its power to halt adverse collection actions;

(c)     Allowing taxpayers to apply for a Taxpayer Assistance Order to relieve significant hardship such as irreparable injury to or long term adverse impact on the taxpayer;

(d)     Issuing a Taxpayer Assistance Order to release levies, stop or postpone IRS actions which deal with bankruptcies, or statue of limitations for collection or assessments, or suspend any other provision of law administered by the IRS;

(e)     Providing taxpayers publications advising them of their appeal rights and procedures under the Collection Due Process and Collection Appeals Program, and for the Office to specifically to be able to explain the appeal provisions and answer questions regarding appeals.

14.     The Government of Guam clearly knew that provisions of the Internal Revenue Code are to be applied in Guam, without deviation.  The Organic Act of Guam provides that, "where not manifestly inapplicable or incompatible," the income tax laws in force in Guam include all provisions of Title F of the Internal Revenue Code.  48 U.S.C. Section 1421i(d)(1).  In *Re I Mina' Bente Sing'ko Na Liheslaturan Guahan*, 2001 Guam 3, 2001 WL 113985, *citing Government of Guam v. Koster*, 362 F.2d 248 (9th Cir. 1966), the Supreme Court of Guam stated, "We read *Koster* and the subsequent Ninth Circuit decisions to mean that the enlisted substantive provisions of the I.R.C. in section 1421i are to be applied to Guam without deviation  "except where manifestly inapplicable or incompatible" with the intent of section 1421i."  The Court went on to state that the Government of Guam may not adjust the GTIT to suit Guam's fiscal constraints.

LAW OFFICES
KIRTLAND & PACKARD LLP

15. Plaintiffs are informed and believe that the Government of Guam, in addition to and separate from their legal duty, and the notice set forth in paragraph 9 and 10 above, was required to implement and conform to these important amendments, received actual copies, summaries and explanations of these amendments and these requirements from a third party service.

16. Notwithstanding this clear duty to implement and follow these important amendments, the Government of Guam affirmatively chose to ignore and refused to implement these important statutory taxpayer protections, so that it could continue to collect taxes from taxpayers regardless of and notwithstanding the ongoing abuse of and injury to taxpayers that the United States Congress sought specifically to curb.

17. Plaintiffs are informed and believe that the Government of Guam not only intentionally chose not to send out Notices of Deficiency that complied with the Internal Revenue Service Restructuring and Reform act of 1998, but in fact, chose not to send out Notices of Deficiency at all.

18. This course and pattern of systematically depriving taxpayers of their rights under the Internal Revenue Code is not an isolated incident. Unfortunately for Guam residents, the denial of tax benefits under the GTIT has been a systematic and recurring theme. In *Simpao*, the Government of Guam was found to have affirmatively and wrongfully prevented plaintiffs from filing for Earned Income Tax Credit by blocking out the relevant sections on tax returns with the words, "inapplicable in Guam." (Order, Case No. 04-0049, Docket No. 99, June 15, 2005, at p. 8). In *Simpao*, plaintiffs had filed suit, claiming that the Government of Guam's position that the Earned Income Tax Credits *did not apply* to Guam under the GTIT, had made any attempt by them to exercise administrative remedies futile. They alleged that because the regulations had never been implemented, or had been affirmatively "de-implemented", that subsequent individual administrative review would not have allowed the agency to correct itself. In *Government of Guam v. Koster*, the Government of Guam was again found to have deprived Guam residents of their tax benefits. 362 F.2d 248 (9th Cir. 1966). In *Koster*,

the Ninth Circuit ruled that by not allowing deductions for business losses incurred in the United States, the Government violated the Organic Act's 'mirroring' of the I.R.C. *Id*. The Government of Guam tried to modify the statutory definition of gross income, which was in 'obvious conflict with the statute' under the IRC. Yet again, in *Re Request of I Mina' Bente Sing'ko Na Liheslaturan Guahan*, 2001 Guam 3, p. 9, the Guam Supreme Court held that it was invalid as a matter of law for the Government to refuse to pay refundable EIC claims to eligible taxpayers. This was considered a substantial modification of the IRC, and the Court stated that the Government of Guam could not eliminate the EIC from the tax code.

19. Plaintiffs Henry S. and Laura Lynn Dacanay were never issued a conforming Notice of Deficiency from the Government of Guam, or in fact any Notice of Deficiency at all. They were, therefore, never advised of their important rights thereunder. All further attempts to collect the taxes paid by Plaintiffs were thus improper under § 6213(a).

20. Plaintiffs are informed and believe, and thereon allege, that subsequent to the effective dates of §§ 6212(a) and 6213(a), other taxpayers have either not received the statutorily required Notices of Deficiency at all, or have received Notices of Deficiency from the Government of Guam which did not contain a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

21. In fact, despite the requirement of § 6212(a), the Government of Guam did not establish an office of the taxpayer advocate until on or about January 2005.

22. Plaintiff is informed and believes, and thereon alleges, that every Notice of Deficiency for income taxes issued by the Government of Guam since the effective date of § 6212(a), *if any such notices were even issued*, has failed to include the statutorily required notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

23. In *Marangi v. Government of Guam*, 319 F.Supp.2d 1179 (D. Guam 2004), this court held that a Notice of Deficiency that did not contain the statutorily required notice to

LAW OFFICES
KIRTLAND & PACKARD LLP

the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office was void. *Marangi* held that because the Notice of Deficiency was insufficient, it did not operate to extend the time as to the tax assessment, making the assessment void.

24.     The Government of Guam did not appeal the judgment in *Marangi*, and that judgment is now final.  The Government of Guam is thus estopped from contending that the Notices of Deficiency it issued subsequent to July 22, 1998, without the notice required by § 6212(a) were valid, and that taxes paid pursuant to those Notices of Deficiency were properly collected.

25.     Because Plaintiffs, and other taxpayers similarity situated, never received the required and conforming Notice of Deficiency, they had no idea that they had additional rights which could have been exercised, and had no reason to know that they had been deprived of these important protections and that they had paid taxes under illegal collection procedures. Furthermore, Plaintiffs had no reason to know that there might be any limitations period in which they might have to contest these rights because they were affirmatively prevented from discovering the wrongful conduct.

26.     Because the Government of Guam intentionally, secretively and systematically deprived taxpayers of their rights under the Internal Revenue Code, it would have been futile for plaintiffs or taxpayers similarly situated to apply or file for a tax refund. As indicated in paragraph 18, failing to inform taxpayers of their rights was part of a systematic illegal pattern or policy, to routinely deny taxpayers benefits. This pattern of denying Guam taxpayers their benefits was clearly and materially inconsistent with policies established by Congress. Because of a history of illegal internal policies, Plaintiffs could not have reasonably relied on the agency to correct itself upon subsequent administrative review.

27.     Despite the fact that plaintiffs did not receive the required and conforming Notice of Deficiency, to inform them of their important rights, the Government of Guam assessed Plaintiff's taxes for the tax year of 1998 on August 8, 2002, and assessed

02078-00001 100525.1

taxes for the tax year of 1999, on June 28, 2000.

**B.** **Notices of Lien**

28.     For both the 1998 and 1999 tax years, the Government of Guam filed a Lien against Plaintiffs, but they did not issue Plaintiffs a Notice of Lien.

29.     In 1998, Congress amended the Internal Revenue Code to include § 6320.

30.     Section 6320(a)(1) provides, in relevant part:

The Secretary shall notify in writing the person described in section 6321 of the filing of a notice of lien under section 6323.

31.     Section 6320(a)(3), provides that for a Notice of Lien:

(3) Information included with notice.--The notice required under paragraph (1) shall include in simple and nontechnical terms–

(A) the amount of unpaid tax;

(B) the right of the person to request a hearing during the 30-day period beginning on the day after the 5-day period described in paragraph (2);

(C) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals;  and

(D) the provisions of this title and procedures relating to the release of liens on property.

26 U.S.C. § 6320(a)(3).  Section 6320(a)(3) took effect on July 22, 1998.

32.     The Organic Act of Guam expressly provides that, "where not manifestly inapplicable or incompatible," the income tax laws in force in Guam include "all provisions of subtitle F" of the Internal Revenue Code.  48 U.S.C. § 1421i(d)(1). Section 6320(a)(3) is included within subtitle F of the Internal Revenue Code, and thus, is in force in Guam.

33.     The purpose of the Internal Revenue Service Restructuring and Reform Act of 1998, under which these amendments were made, was to insure that taxpayers were provided due process and the opportunity to be heard, and to curb abuses of

LAW OFFICES
KIRTLAND & PACKARD LLP

taxpayers during tax collection procedures.

34. Specifically, the Notice of Lien gives taxpayers a right to request a hearing during a 30 day period at which hearing taxpayers may:

(a) Challenge the underlying liability as to the existence or amount;

(b) Present appropriate spousal defenses;

(c) Challenge the appropriateness of collection actions; and

(d) Apply for consideration for collection alternatives which would include the posting of a bond, substitution of other assets, installment agreements or an offer in compromise.

35. The Government of Guam clearly knew that provisions of the Internal Revenue Code are to be applied in Guam, without deviation. The Organic Act of Guam provides that, "where not manifestly inapplicable or incompatible," the income tax laws in force in Guam include all provisions of Title F of the Internal Revenue Code. 48 U.S.C. Section 1421i(d)(1). In *Re I Mina' Bente Sing'ko Na Liheslaturan Guahan*, 2001 Guam 3, 2001 WL 113985, *citing Government of Guam v. Koster*, 362 F.2d 248 (9th Cir. 1966), the Supreme Court of Guam stated, "We read *Koster* and the subsequent Ninth Circuit decisions to mean that the enlisted substantive provisions of the I.R.C. in section 1421i are to be applied to Guam without deviation "except where manifestly inapplicable or incompatible" with the intent of section 1421i." The Court went on to state that the Government of Guam may not adjust the GTIT to suit Guam's fiscal constraints.

36. Plaintiffs are informed and believe that the Government of Guam, in addition to and separate from their legal duty, and the notice set forth in paragraph 28, 29 and 30 above, to implement and conform to these amendments, received actual copies, summaries and explanations of these amendments and requirements from a third party service.

37. Notwithstanding this clear duty to implement and follow there important amendments, the Government of Guam affirmatively chose to ignore and refuse to

1  implement these important statutory taxpayer protections, so that it could continue to
2  collect taxes from taxpayers regardless of and notwithstanding the ongoing abuse of
3  and injury to taxpayers that the United States Congress sought specifically to curb.

4  38.    Plaintiffs are informed and believe that the Government of Guam not only
5  intentionally chose not to send out Notices of Lien complied with the Internal Revenue
6  Service Restructuring and Reform Act of 1998, but in fact chose not to send out
7  Notices of Lien at all.

8  39.    This course and pattern of systematically depriving taxpayers of their rights
9  under the Internal Revenue Code was not an isolated incident.  Unfortunately for
10  Guam residents, the denial of tax benefits under the GTIT has been a systematic and
11  recurring theme.   In *Simpao*, the Government of Guam was found to have
12  affirmatively and wrongfully prevented plaintiffs from filing for Earned Income Tax
13  Credit  by blocking out the relevant sections on tax returns with the words,
14  "inapplicable in Guam." (Order, Case No. 04-0049, Docket No. 99, June 15, 2005, at
15  p. 8). In *Simpao*, plaintiffs had filed suit, claiming that the Government of Guam's
16  position that the Earned Income Tax Credits *did not apply* to Guam under the GTIT,
17  had made any attempt by them to exercise administrative remedies futile.  They
18  alleged that because the regulations had never been implemented, or had been
19  affirmatively "de-implemented", that subsequent individual administrative review
20  would not have allowed the agency to correct itself.  In *Government of Guam v.*
21  *Koster*, the Government of Guam was again found to have deprived Guam residents
22  of their tax benefits. 362 F.2d 248 (9th Cir. 1966). In *Koster*, the Ninth Circuit ruled
23  that by not allowing deductions for business losses incurred in the United States, the
24  Government violated the Organic Act's 'mirroring' of the I.R.C. *Id*. The Government of
25  Guam tried to modify the statutory definition of gross income, which was in 'obvious
26  conflict with the statute' under the IRC.  Yet again, in *Re Request of I Mina' Bente*
27  *Sing'ko Na Liheslaturan Guahan*, 2001 Guam 3, p. 9, the Guam Supreme Court held
28  that it was invalid as a matter of law for the Government to refuse to pay refundable

LAW OFFICES
KIRTLAND & PACKARD LLP

EIC claims to eligible taxpayers. This was considered a substantial modification of the IRC, and the Court stated that the Government of Guam could not eliminate the EIC from the tax code.

40.     On or about June 28, 2000, the Government of Guam filed a tax lien against Plaintiffs Henry S. and Laura Lynn Dacanay, but never sent Plaintiffs the statutorily required Notice of Lien. Plaintiffs are further informed and believe, and thereon allege, that other Guam taxpayers have either had liens filed without the statutorily required Notice of Lien, or were sent a Notice of Lien that did not contain a notice that complied with the requirements of § 6320(a)(3).

41.     Plaintiffs never received a Notice of Lien from the Government of Guam, and were never advised of their important rights thereunder. All further attempts to collect the taxes paid by Plaintiffs were thus improper under § 6320.

42.     Plaintiffs are informed and believe, and thereon allege, that subsequent to the effective dates of §§ 6320, other taxpayers have either not received the statutorily required Notices of Lien, or have received Notices of Lien from the Government of Guam which did not contain the provisions required as set forth paragraph 29 and 30 above.

43.     Because the lien was filed without the requisite Notice, it was void and improper, and the Government of Guam attempts to collect on the lien were improper.

44.     Because plaintiffs, and other taxpayers similarity situated, never received the required and conforming Notice of Lien, they had no idea that they had additional rights which could have been exercised, and had no reason to know that they had been deprived of these important protections and had paid taxes under illegal collection procedures.

45.     Because the Government of Guam had intentionally, secretively and systematically deprived taxpayers of their rights under the Internal Revenue Code, it would have been futile for plaintiffs or taxpayers similarly situated to apply or file for a tax refund, as the Government of Guam had never implemented regulations or

02078-00001  100525.1

Case 1:05-cv-00017     Document 24     Filed 10/07/2005     Page 11 of 23

| | |
|---|---|
| 1 | procedures that would have allowed the agency to correct itself upon subsequent |
| 2 | administrative review. |
| 3 | |
| 4 | **C.    Final Notices/Notices of Intent to Levy** |
| 5 | 46.    For both the 1998 and 1999 tax years, the Government of Guam filed a Lien |
| 6 | against Plaintiffs, but they did not issue Plaintiffs a Final Notice/Notice of Intent to |
| 7 | Levy that complied with the statutory requirements. |
| 8 | 47.    In 1998, Congress amended the Internal Revenue Code to include § 6330. |
| 9 | 48.    Section 6330(a) provides, in relevant part: |
| 10 | No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made. |
| 11 | |
| 12 | Section 6330(a)(3), provides that for a Notice of Levy: |
| 13 | (3) Information included with notice.--The notice required under paragraph (1) shall include in simple and nontechnical terms-- |
| 14 | |
| 15 | (A) the amount of unpaid tax; |
| 16 | (B) the right of the person to request a hearing during the 30-day period under paragraph (2);  and |
| 17 | (C) the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth-- |
| 18 | |
| 19 | (i) the provisions of this title relating to levy and sale of property; |
| 20 | (ii) the procedures applicable to the levy and sale of property under this title; |
| 21 | |
| 22 | (iii) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; |
| 23 | |
| 24 | (iv) the alternatives available to taxpayers which could prevent levy on property (including installment agreements under section 6159);  and |
| 25 | |
| 26 | (v) the provisions of this title and procedures relating to redemption of property and release of liens on property. |
| 27 | 26 U.S.C. § 6330(a)(3).  Section 6330(a)(3) took effect on July 22, 1998. |
| 28 | |

Left margin: LAW OFFICES KIRTLAND & PACKARD LLP

49. The Organic Act of Guam expressly provides that, "where not manifestly

2 inapplicable or incompatible," the income tax laws in force in Guam include "all

3 provisions of subtitle F" of the Internal Revenue Code. 48 U.S.C. § 1421i(d)(1).

4 Section 6330(a)(3) is included within subtitle F of the Internal Revenue Code, and

5 thus is in force in Guam.

6 50. The purpose of the Internal Revenue Service Restructuring and Reform Act

7 of 1998, under which these amendments were made, was to insure that taxpayers

8 were provided due process and the opportunity to be heard, and to curb abuses of

9 taxpayers during tax collection procedures.

10 51. The purpose of the Notice of Levy is to notify the taxpayer in writing of their

11 right to a Collection Due Process hearing before the levy is made:

12     (a)    the Collection Due Process notice must include information about the

13            proposed collection action and the procedures for seeking a hearing.

14     (b)    the notice must contain a statement regarding the underlying law and

15            administrative alternatives by which the taxpayer can avoid the

16            issuance of the threatened levy, specifically as outlined in paragraph

17            47 above.

18 52. The Government of Guam clearly knew that provisions of the Internal

19 Revenue Code are to be applied in Guam, without deviation. The Organic Act of

20 Guam provides that, "where not manifestly inapplicable or incompatible," the income

21 tax laws in force in Guam include all provisions of Title F of the Internal Revenue

22 Code. 48 U.S.C. Section 1421i(d)(1). In *Re I Mina' Bente Sing'ko Na Liheslaturan*

23 *Guahan*, 2001 Guam 3, 2001 WL 113985, *citing Government of Guam v. Koster*,

24 362 F.2d 248 (9th Cir. 1966), the Supreme Court of Guam stated, "We read *Koster*

25 and the subsequent Ninth Circuit decisions to mean that the enlisted substantive

26 provisions of the I.R.C. in section 1421i are to be applied to Guam without deviation

27 "except where manifestly inapplicable or incompatible" with the intent of section

28 1421i." The Court went on to state that the Government of Guam may not adjust

LAW OFFICES
KIRTLAND & PACKARD LLP

1  the GTIT to suit Guam's fiscal constraints.

2  53.   Plaintiffs are informed and believe that the Government of Guam, in addition
3  to and separate from their legal duty, and the notice set forth in paragraphs 47 and
4  48 above, was required to implement and conform to these important amendments,
5  and received actual copies, summaries and explanations of these amendments and
6  these requirements from a third party service.

7  54.   The Government of Guam, affirmatively chose to ignore and refuse to
8  implement these important statutory taxpayer protections, so that it could continue to
9  collect taxes from taxpayers regardless of and notwithstanding the ongoing abuse of
10  and injury to taxpayers that the United States Congress sought specifically to curb.

11  55.   Plaintiffs are informed and believe that the Government of Guam not only
12  intentionally chose not to send out Final Notices/ Notices of Intent to Levy which
13  complied with the Internal Revenue Service Restructuring and Reform Act of 1998,
14  but in fact chose not to send out any Final Notices/ Notices of Intent to Levy.

15  56.   This course and pattern of systematically depriving taxpayers of their rights
16  under the Internal Revenue Code was not an isolated incident.  Unfortunately, for
17  Guam residents, the denial of tax benefits under the GTIT has been a systematic
18  and recurring theme.   In *Simpao*, the Government of Guam was found to have
19  affirmatively and wrongfully prevented plaintiffs from filing for Earned Income Tax
20  Credit  by blocking out the relevant sections on tax returns with the words,
21  "inapplicable in Guam." (Order, Case No. 04-0049, Docket No. 99, June 15, 2005,
22  at p. 8). In *Simpao*, plaintiffs had filed suit, claiming that the Government of Guam's
23  position that the Earned Income Tax Credits *did not apply* to Guam under the GTIT,
24  had made any attempt by them to exercise administrative remedies futile.  They
25  alleged that because the regulations had never been implemented, or had been
26  affirmatively "de-implemented", that subsequent individual administrative review
27  would not have allowed the agency to correct itself.   In *Government of Guam v.*
28  *Koster*, the Government of Guam was again found to have deprived Guam residents

LAW OFFICES
KIRTLAND & PACKARD LLP

of their tax benefits. 362 F.2d 248 (9th Cir. 1966). In *Koster*, the Ninth Circuit ruled that by not allowing deductions for business losses incurred in the United States, the Government violated the Organic Act's 'mirroring' of the I.R.C. *Id*. The Government of Guam tried to modify the statutory definition of gross income, which was in 'obvious conflict with the statute' under the IRC. Yet again, in *Re Request of I Mina' Bente Sing'ko Na Liheslaturan Guahan*, 2001 Guam 3, p. 9, the Guam Supreme Court held that it was invalid as a matter of law for the Government to refuse to pay refundable EIC claims to eligible taxpayers. This was considered a substantial modification of the IRC, and the Court stated that the Government of Guam could not eliminate the EIC from the tax code.

57.    On or about October 2, 2000, and again on or about March 6, 2003, the Government of Guam sent Plaintiffs a Final Notice/Notice of Intent to Levy for the 1999 tax year. The Final Notices/Notices of Intent to Levy did not contain a notice that complied with the requirements of § 6330(a)(3). Plaintiffs are further informed and believe, and thereon allege, that other Guam taxpayers either did not receive the statutorily required Final Notice/Notice of Intent to Levy, or were sent a Final Notice/Notice of Intent to Levy that did not contain a notice that complied with the requirements of § 6330(a)(3).

58.    Because plaintiffs Henry S. and Laura Lynn Dacanay, and other taxpayers similarly situated, never received the required and conforming Final Notice/Notice of Intent to Levy, they had no idea that they had additional rights which could have been exercised, and had no reason to know that they had been deprived of these important protections and had paid taxes under illegal collection procedures.

59.    Because the Government of Guam had intentionally, secretively and systematically deprived taxpayers of their rights under the Internal Revenue Code, it would have been futile for plaintiffs or taxpayers similarly situated to apply or file for a tax refund, as the Government of Guam had never implemented regulations or procedures that would have allowed the agency to correct itself upon subsequent

02078-00001 100525.1

1  administrative review.

2  60.  On or about February 24, 2003, Plaintiffs paid taxes, including interest and

3  penalties, in the amount of $1,719.09 for the 1998 tax year, and in the amount of

4  $1,795 for the 1999 tax year.

5  61.  At the time Plaintiffs paid these taxes and at all times thereafter, because of

6  the decision of the Government of Guam not to implement required notices to

7  taxpayers, the taxpayers had no reason to know and no way to discover that

8  important rights had been denied to them, and/or limitation periods may apply to the

9  exercise of their rights.

10  **D.  Tolling of and/or Estoppel to Assert the Statute of Limitation**

11  62.  Sections 6213 and 6330 provide that the applicable statutes of limitation are

12  tolled during the pendency of all appeals made pursuant to the appeal provisions

13  which are required to be set forth in the Notice of Deficiency and in the Final

14  Notice/Notice of Intent to Levy.  Because the Government of Guam failed to give the

15  statutorily required notices of the right to appeal, Plaintiffs and the members of the

16  class were never advised of their right to appeal.  Accordingly, the Government of

17  Guam should be held to be estopped from asserting the statute of limitation on any

18  of Plaintiff's claims, as those statutes would have been tolled had the required

19  notices been given.  In the alternative, all Plaintiffs should be deemed to have filed

20  timely appeals, and the statute deemed tolled until resolution of those appeals.

21  63.  Because the Government of Guam had intentionally, secretively and

22  systematically deprived taxpayers of their rights under the Internal Revenue Code, it

23  would have been futile for plaintiffs or taxpayers similarly situated to apply or file for a

24  tax refund. As indicated in paragraph 18, failing to inform taxpayers of their rights

25  was part of a systematic illegal pattern or policy, to routinely deny taxpayers benefits.

26  This pattern of denying Guam taxpayers their benefits was clearly and materially

27  inconsistent with policies established by Congress. Because of a history of illegal

28  internal policies, Plaintiffs could not have reasonably relied on the agency to correct

LAW OFFICES
KIRTLAND & PACKARD LLP

1  itself upon subsequent administrative review.

2  64.     Because of the Government's history of denying Guam taxpayers information

3  of their tax rights and legal protections under the law, Plaintiffs and other taxpayers

4  similarly situated, did not have the opportunity to discover all essential elements of a

5  possible cause of action. It was reasonable for Plaintiffs to believe that they were not

6  entitled to the same rights listed in the Internal Revenue Code, given the

7  Government of Guam's history of denying taxpayer rights, and substantially

8  modifying tax code provisions. *See, Koster, supra, Re Request of I Mina' Bente*

9  *Sing'ko Na Lisheslaturan Guahan, supra, and Simpao v. Guam, supra.* Plaintiffs,

10  therefore, did not have a reasonable opportunity to learn that they were entitled to

11  such protections.

12  65.     To hold that the statute of limitations has run on Plaintiff's claims, is to allow

13  the Government of Guam to benefit from its own affirmative conduct and

14  misrepresentation, on which Plaintiffs reasonably relied. The Government of Guam

15  has allowed a policy to develop whereby its citizens are routinely and systematically

16  denied information regarding their tax protections, including their due process rights

17  and an opportunity to be heard where they contest the amount of taxes being

18  collected or the collection process itself. They are given an ultimatum: either they

19  pay the taxes allegedly owed, or they face punishment for refusing to comply. Unlike

20  taxpayers in the mainland United States, they have been denied the opportunity to

21  seek review of an administrative order, except by refusal to comply. Without being

22  given information that they were entitled to a hearing or other protections, they had

23  no reason to believe that such opportunities were available to them.

24                          **CLASS ACTION ALLEGATIONS**

25  66.     Plaintiff brings this action on behalf of himself and all others similarly situated,

26  as members of the proposed plaintiff class (the "Class") defined as follows:

27              All persons who paid income taxes to the Government of Guam
                pursuant to Notices of Deficiency, Notices of Lien or Final Notices/Notices
28              of Intent to Levy issued after July 22, 1998, which did not contain the

LAW OFFICES
KIRTLAND & PACKARD LLP

applicable notice provisions required by 28 U.S.C. §§ 3212(a), 6320(a)(3) or 6330, respectively.

67. This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

68. [Fed. R. Civ. P. 23(a)(1)] The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes several thousand of members.

69. [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

1. Whether the Notices of Deficiency sent to Plaintiffs by the Government of Guam after July 22, 1998 are void;

2. Whether the Notices of Lien sent to Plaintiffs by the Government of Guam after July 22, 1998 are void;

3. Whether the Final Notices/Notices of Intent to Levy sent to Plaintiffs by the Government of Guam after July 22, 1998 are void;

4. Whether the members of the class who paid taxes pursuant to Notices of Deficiency are entitled to refunds of amounts paid pursuant to Notices of Deficiency that did not contain the notice provisions required by § 3212(a);

5. Whether the members of the class who paid taxes pursuant to Notices of Lien are entitled to refunds of amounts paid pursuant to Notices of Lien that did not

1   contain the notice provisions required by § 6320(a)(3);

2   6.   Whether the liens which were filed without the required Notice of Lien were
3        void;

4   7.   Whether the members of the class who paid taxes pursuant to liens which
5        were filed without the required Notice of Lien are entitled to refunds of those
6        taxes;

7   8.   Whether the members of the class who paid taxes pursuant to Final
8        Notices/Notices of Intent to Levy are entitled to refunds of amounts paid
9        pursuant to Final Notices/Notices of Intent to Levy that did not contain the
10       notice provisions required by § 6330(a)(3);

11  9.   Whether the members of the class are entitled to a declaratory judgment that
12       the Notices of Deficiency that did not contain the notice provisions required by
13       § 3212(a) are void;

14  10.  Whether the members of the class are entitled to a declaratory judgment that
15       the Notices of Lien that did not contain the notice provisions required by §
16       6320(a)(3) are void;

17  11.  Whether the members of the class are entitled to a declaratory judgment that
18       the Final Notices/Notices of Intent to Levy that did not contain the notice
19       provisions required by § 6330(a)(3) are void;

20  12.  Whether the members of the class are entitled to an injunction requiring the
21       Government of Guam to 1) notify all taxpayers who paid taxes pursuant to the
22       void Notices of Deficiency, Notices of Lien or Final Notices/Notices of Intent to
23       Levy that the Notices of Deficiency, Notices of Lien and Final Notices/Notices
24       of Intent to Levy were void and that the taxes paid pursuant to them were
25       improperly collected, 2) provide each of these taxpayers with the appropriate
26       form for claiming a refund of these taxes, and 3) refunding the improperly
27       collected taxes once the claims forms are properly submitted;

28  13.  Whether the Government of Guam is estopped from asserting the statute of

LAW OFFICES
KIRTLAND & PACKARD LLP

LAW OFFICES
KIRTLAND & PACKARD LLP

1    limitation as to the members of the class;

2    14.    Whether the statute of limitation has been tolled as to the members of the

3    class.

4    70.    [Fed. R. Civ. P. 23(a)(3)] Plaintiff's claims are typical of the claims of the

5    members of the Class. Plaintiff and all members of the Class have sustained injury

6    and are facing irreparable harm arising out of Defendant's common course of

7    conduct as complained of herein. The losses of each member of the Class were

8    caused directly by Defendant's wrongful conduct as alleged herein.

9    71.    [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the

10   interests of the members of the Class. Plaintiff has retained attorneys experienced

11   in the prosecution of class actions, including complex consumer and mass tort

12   litigation.

13   72.    [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods

14   of fair and efficient adjudication of this controversy, since individual litigation of the

15   claims of all Class members is impracticable. Even if every Class member could

16   afford individual litigation, the court system could not. It would be unduly

17   burdensome to the courts in which individual litigation of numerous issues would

18   proceed. Individualized litigation would also present the potential for varying,

19   inconsistent, or contradictory judgments and would magnify the delay and expense

20   to all parties and to the court system resulting from multiple trials of the same

21   complex factual issues. By contrast, the conduct of this action as a class action, with

22   respect to some or all of the issues presented herein, presents fewer management

23   difficulties, conserves the resources of the parties and of the court system, and

24   protects the rights of each Class member.

25   73.    [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by

26   thousands of individual Class members would create the risk of inconsistent or

27   varying adjudications with respect to, among other things, the need for and the

28   nature of proper notice which Defendant must provide to all Class members.

74. [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

75. [Fed. R. Civ. P. 23(b)(2)] Defendants have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Refund of Taxes Paid)

76. Plaintiff incorporates herein the allegations of paragraphs 1 through 39 above.

77. Plaintiffs and the members of the class have paid taxes to the Government of Guam pursuant to void Notices of Deficiency, liens, Notices of Lien and/or Final Notices/Notices of Intent to Levy.

78. Plaintiffs are therefore entitled to a refund of those improperly paid taxes.

### SECOND CLAIM FOR RELIEF

### (Declaratory Relief)

79. Plaintiff incorporates herein the allegations of paragraphs 1 through 39 above.

80. A dispute exists between Plaintiffs and the Government of Guam as to whether the Notices of Deficiency, liens, Notices of Lien and Final Notices/Notices of Intent to Levy sent to Plaintiffs subsequent to July 22, 1998, are valid.

81. Plaintiffs therefore request that the court resolve the dispute and issue a judgment declaring that the Notices of Deficiency, Notices of Lien and Final Notices/Notices of Intent to Levy sent to Plaintiffs subsequent to July 22, 1998, are void.

LAW OFFICES
KIRTLAND & PACKARD LLP

## THIRD CLAIM FOR RELIEF

## (Injunctive Relief)

82. Plaintiff incorporates herein the allegations of paragraphs 1 through 39 above.

83. Plaintiffs and the members of the class have paid taxes to the Government of Guam pursuant to void Notices of Deficiency, Notices of Lien and/or Final Notices/Notices of Intent to Levy.

84. Plaintiffs are therefore entitled to a refund of those improperly paid taxes.

85. Plaintiffs therefore request that this court issue an injunction requiring the Government of Guam to 1) notify all taxpayers who paid taxes pursuant to the void Notices of Deficiency, liens, Notices of Lien or Final Notices/Notices of Intent to Levy that the Notices of Deficiency, Notices of Lien and Final Notices/Notices of Intent to Levy were void and that the taxes paid pursuant to them were improperly collected, 2) provide each of these taxpayers with the appropriate form for claiming a refund of these taxes, and 3) refund the improperly collected taxes once the claims forms are properly submitted.

## PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

86. An order certifying this action as a class action and appointing Plaintiffs' counsel as counsel for the class

87. On the First Claim for Relief, a judgment refunding to Plaintiffs and the members of the class all taxes paid to the Government of Guam pursuant to void Notices of Deficiency, Notices of Lien and/or Final Notices/Notices of Intent to Levy issued to subsequent to July 22, 1998.

88. On the Second Claim for Relief, a judgment declaring that the Notices of Deficiency, Notices of Lien and Final Notices/Notices of Intent to Levy sent to Plaintiffs subsequent to July 22, 1998, are void.

89. On the Third Claim for Relief, an injunction requiring the Government of Guam to 1) notify all taxpayers who paid taxes pursuant to the void Notices of

Deficiency, Notices of Lien or Final Notices/Notices of Intent to Levy that the Notices of Deficiency, Notices of Lien and Final Notices/Notices of Intent to Levy were void and that the taxes paid pursuant to them were improperly collected, 2) provide each of these taxpayers with the appropriate form for claiming a refund of these taxes, and 3) refund the improperly collected taxes once the claims forms are properly submitted.

90.     On All Claims for Relief:

a.      Costs of suit;

b.      Attorney's fees;

c.      Any other relief the court deems proper.

DATED: October 7, 2005                          ZAMSKY LAW FIRM


                                                By:  _____
                                                     STEVEN A. ZAMSKY
                                                     Attorneys for Plaintiff and all
                                                     others similarly situated