Steven A Zamsky
ZAMSKY LAW FIRM
PMB 231
275-G Farenholt Ave.
Tamuning, Guam 96913
Telephone: (671) 482-0247
Facsimile: (671) 649-5829

Michael L. Kelly, Esq.
Robert M. Churella, Esq.
KIRTLAND & PACKARD LLP
2361 Rosecrans Ave., 4th Floor
El Segundo, CA 90245

Attorney for Plaintiffs Henry S. Dacanay
and Laura Lynn Dacanay
and all others similarly situated

FILED
DISTRICT COURT OF GUAM
MAR - 6 2006
MARY L.M. MORAN
CLERK OF COURT

ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN DACANAY,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant. | ) CIVIL CASE NO. CIV05-00017<br>)<br>) NOTICE OF MOTION AND MOTION TO<br>) COMPEL RESPONSES TO PLAINTIFFS'<br>) INTERROGATORIES SET NO. ONE AND<br>) FOR SANCTIONS; MEMORANDUM OF<br>) POINTS AND AUTHORITIES;<br>) DECLARATIONS OF MICHAEL L. KELLY<br>) AND STEVEN ZAMSKY<br>)<br>) (Fed. R. Civ. Proc. 37)<br><br>(No Hearing Requested) |

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD HEREIN:

PLEASE TAKE NOTICE that Plaintiffs hereby move for an Order compelling Defendant GOVERNMENT OF GUAM to provide full and complete responses to Plaintiffs' Interrogatories Numbers 1, 2, 4, 5, 9, 10, 12, 13, and 21.

Plaintiffs served Interrogatories Set Number One on Defendant GOVERNMENT OF GUAM on September 30, 2005. As of the discovery cutoff of March 3, 2006, Defendant GOVERNMENT OF GUAM has provided neither responses nor objections to

Interrogatories Numbers 1, 2, 4, 5, 9, 10, 12, 13, and 21. Plaintiffs are unable to proceed with Plaintiff's Motion for Certification without the responses to these Interrogatories.

Plaintiffs have attempted to meet and confer to obtain these responses without the necessity of filing this motion, but have been unable to obtain the responses.

Plaintiffs further request sanctions in the amount of $7752.50 to cover Plaintiffs' reasonable attorneys fees and expenses incurred in making the motion, as set forth in the attached Declarations of Michael L. Kelly and Steven Zamsky.

Dated: March 6, 2006

ZAMSKY LAW FIRM

By: /s/ Steven Zamsky

STEVEN ZAMSKY
Attorney for Plaintiffs Henry S. Dacanay and Laura Lynn Dacanay and all others similarly situated

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

As is set forth in the attached Declaration of Steven Zamsky, Plaintiffs served Interrogatories Set Number One on Defendant GOVERNMENT OF GUAM on September 30, 2005. As of the discovery cutoff of March 3, 2006, Defendant GOVERNMENT OF GUAM has provided neither responses nor objections to Interrogatories Numbers 1, 2, 4, 5, 9, 10, 12, 13, and 21. As is further set forth in Mr. Zamsky's Declaration, Plaintiffs unsuccessfully attempted to obtain these responses without the necessity of filing this motion

The Interrogatories relate to important factual issues required for Plaintiffs to adequately prepare and file the Motion for Class Certification which must be filed by March 31, 2006.

II. **THE COURT MAY ORDER DEFENDANT TO RESPOND TO THE INTERROGATORIES FULY AND WITHOUT OBJECTION, AND AWAERD PLAINTIFFS THEIR REASONABLE COSTS AND FEES INCURRED IN BRINGING THE MOTION**

Fed. R. Civ. Proc. 37 provides, in relevant part:
(a) Motion For Order Compelling Disclosure or Discovery. A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:

(2) Motion

    (B) If ... a party fails to answer an interrogatory submitted under Rule 33, ... the
discovering party may move for an order compelling an answer.... The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

(4) Expenses and Sanctions.

    (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving

party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

///

### III. THE COURT SHOULD AWARD PLAINTIFFS SANCTIONS AS THERE WAS NO GOOD CAUSE FOR REFUSING TO PROVIDE RESPONSES PRIOR TO THE EXPIRATION OF THE DISCOVERY CUTOFF

Plaintiffs served these Interrogatories on September 30, 2005. Defendant has thus had 6 months within which to respond. Plaintiffs in fact stipulated to, and this Court granted, a 30 day extension of the discovery cutoff to allow Defendant time to respond. Nonetheless, Defendant neither answered nor objected to these Interrogatories, but simply failed to respond before the new discovery cutoff expired. Plaintiffs are thus entitled to an award of sanctions.

As is set forth in the attached Declarations of Steven Zamsky and Michael L. Kelly, Plaintiffs have incurred reasonable attorneys fees of $7752.50.

### IV. CONCLUSION

Plaintiffs therefore request that this Court order Defendant GOVERNMENT OF GUAM to provide full and complete responses to these Interrogatories within 10 days, and to pay sanctions to Plaintiffs in the amount of $7752.50.

Dated: March 6, 2006

ZAMSKY LAW FIRM

By: /s/ Steven Zamsky
STEVEN ZAMSKY
Attorney for Plaintiffs Henry S. Dacanay and Laura Lynn Dacanay
and all others similarly situated

## DECLARATION OF MICHAEL L. KELLY

I, MICHAEL L. KELLY do hereby declare as follows:

1. I am a partner in the law firm of Kirtland & Packard, LLP, co-counsel for Plaintiffs in this action.

2. My normal billing rate for class action matters is $625.00 per hour.

3. I have spent approximately four and one half hours in the preparation of this motion, including discussions concerning attempts to resolve the issues presented in the motion without the necessity of filing the motion. My fees incurred in the preparation of this motion thus total $2812.50.

I declare under penalty of perjury under the law of the United States that the foregoing is true, and that this declaration was executed this 3rd day of March 2006 at El Segundo, CA.

_____
Michael L. Kelly

## DECLARATION OF STEVEN ZAMSKY

I, STEVEN ZAMSKY do hereby declare as follows:

1. I am co-counsel for Plaintiffs in this action.

2. My normal billing rate for these matters is $200.00 per hour.

3. I have spent approximately 24.7 hours in contacting and attempting to contact Defendant's attorneys to obtain the full discovery and in the preparation of this motion, including discussions concerning attempts to resolve the issues presented in the motion without the necessity of filing the motion. I have made more than 40 phone calls to Defendant's attorney, and only have spoken with him about 4 times. He has never returned my calls. I have sent him more than six emails, and he has replied to only 3 or 4. He has repeatedly made representations about when the remaining discovery would be due, but none have proven out. My fees incurred in the in so doing thus total $4940.00.

4. I have had numerous conversations and attempts to have conversations with Lewis Littlepage seeking to obtain responses to these interrogatories, but no responses were provided. Although not a member of the bar of this court, he has been delegated the task of handling this case.

I declare under penalty of perjury under the law of the United States that the foregoing is true, and that this declaration was executed this 6 day of March 2006 at Hagåtña, Guam.

Steven Zamsky