

Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
Solicitors Division
The Justice Building
287 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
www.guamattorneygeneral.com ● guamattorneygeneral@hotmail

# IN THE DISTRICT COURT OF GUAM
# HAGÅTÑA, GUAM

HENRY S. DACANAY and LAURA LYNN )
DACANAY,                          )
                                  )
                  Plaintiffs,     )
                                  )
        vs.                       )
                                  )
GOVERNMENT OF GUAM,               )
                                  )
                  Defendant.      )
_____)

CIVIL CASE NO. 05-00017

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL
RESPONSES TO PLAINTIFF'S
INTERROGATORIES SET NO. 1 AND
FOR SANCTIONS**

Comes now Deputy Attorney General Joe Guthrie and does submit this response to Plaintiff's Motion to Compel Responses to Plaintiff's Interrogatories Set No. One and for Sanctions. Plaintiff alleges that defendant failed to respond to Interrogatories 1, 2, 4, 5, 9, 10, 12, 13, and 21. This is incorrect. Defendant's First Set of Answers to Plaintiff's Interrogatories (attached as Exhibit 1) were received by Plaintiff on January 30, 2006. Answers to several of these Interrogatories were in Defendant's First Set of Answers to Plaintiff's Interrogatories. Plaintiff was also informed in the Answer that reports were being generated to answer the remaining interrogatories.

Per the Declaration of Assistant Attorney General Lewis W. Littlepage (attached as Exhibit 2), Steven Zamsky, attorney for Plaintiffs, orally informed Lewis Littlepage of

Page 1
*Defendant's Response to Plaintiff's Motion to Compel Responses*
*To Plaintiff's Interrogatories Set No. 1 and for Sanctions*
Civil Case No. CV05-00017

Plaintiff's willingness to extend the discovery to mid-March to allow for the reports to be generated. Answers to all Interrogatories have now been served on Petitioner and are attached as Exhibit 3.

Defendant respectfully requests that Plaintiff be held to the oral declaration of his attorney. Petitioner has received his requested discovery. The requested sanctions are inappropriate in light of the oral statements of the attorney for Plaintiffs that he would be sending over a stipulation to extend the response period for a short time. Plaintiffs have suffered no injury in waiting for the reports to be generated so that they may have full discovery. The time noted by attorney Steven Zamsky of over 24 hours seeking discovery seems excessive in light of their previous granting of extension and his initial indication of extending the time period to mid-March. Defendant respectfully requests that Plaintiffs' Motion for Sanctions be denied as all discovery has now been provided.

Defendant respectfully request that Plaintiff's Motion for Sanctions be denied.

Dated this 17th day of March, 2006.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

JOSEPH A. GUTHRIE
Deputy Attorney General
Solicitors Division

Page 2
*Defendant's Response to Plaintiff's Motion to Compel Responses*
*To Plaintiff's Interrogatories Set No. 1 and for Sanctions*
Civil Case No. CV05-00017

1

2  Office of the Attorney General
3  Douglas B. Moylan
   Attorney General of Guam
4  Solicitors Division
   The Justice Building
5  287 West O'Brien Drive
   Hagåtña, Guam 96910 ● USA
6  (671) 475-3324 ● (671) 472-2493 (Fax)
   www.guamattorneygeneral.com ● guamattorneygeneral@hotmail

7  **Attorneys for the Government of Guam**

8

# IN THE DISTRICT COURT OF GUAM
## HAGÅTÑA, GUAM

10

11  HENRY S. DACANAY and LAURA LYNN )     CIVIL CASE NO. CV05-00017
    DACANAY,                          )
12                                    )
                    Plaintiffs,       )
13                                    )
                                      )
14          vs.                       )        **FIRST SET OF ANSWERS TO**
                                      )   **PLAINTIFF'S INTERROGATORIES TO**
15  GOVERNMENT OF GUAM,               )       **DEFENDANT, SET NO. 1**
                                      )
16                  Defendant.        )
                                      )
17  _____  )

18

19          COMES NOW the Government of Guam, by and through Deputy Attorney General

20  Joseph Guthrie and does provide the Defendant's First Set of Answers to Plaintiff's

21  Interrogatories to Defendant, Set No. 1.  Attached are answers to Interrogatories 2a, 3a, 3b, 6,

22  7a, 8a, 11, 12, 13, 14, 14, 16a, 17a, 17b, 18, 19, and 20.

23

24

25  --------------------------------------------------------------------
    Page 1
    *First Set of Answers to Plaintiff's Interrogatories*
    *  To Defendant, Set No. 1*
    Superior Court of Guam Civil Case No. CV05-00017



RECEIVED BY
JAN 30

EXHIBIT I    ...MSKY LAW FIRM

Please note that total taxes paid on the lien and levy reports will be revised to include offset payments that were omitted. Reports are being generated to answer the remaining interrogatories that are not provided herewith.

Dated this 27th day of January, 2006.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

JOSEPH A. GUTHRIE
Deputy Attorney General
Solicitors Division

Page 2
*First Set of Answers to Plaintiff's Interrogatories*
*  To Defendant, Set No. 1*
Superior Court of Guam Civil Case No. CV05-00017

## INTERROGATORY NO. 1:

How many taxpayers, since July 22, 1998, have paid INCOME TAXES anytime after having been issued a Final Notice/Notice of Intent to Levy, which did not include in simple and nontechnical terms:

> (A) the amount of unpaid tax; and
>
> (B) the right of the person to request a hearing during the 30-day period under paragraph (2): and
>
> (C) the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which set forth-
>
>> (i) the provisions of [the Internal Revenue Code] relating to levy and sale of property; and
>>
>> (ii) the procedures applicable to the levy and sale of the property under [the Internal Revenue Code]; and
>>
>> (iii) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and
>>
>> (iv) the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue Code] Section 6159; and
>>
>> (v) the provisions of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.

## INTERROGATORY NO. 2:

How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after having a Tax Lien asserted against their assets, who were not issued:

a. a Notice of Lien that specified:

    (1) the amount of unpaid tax; and

    (2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

    (3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals; and

    (4) the provisions of this title and procedures relating to the release of liens on property.

or,

**ANSWER: 1,854 Taxpayers**

b. a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

**INTERROGATORY NO. 3:**

How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after having a Tax Lien asserted against their assets, who were not issued:

a. a Notice of Lien that did not specify:

    (1) the amount of unpaid tax; and

    (2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

    (3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals; and

(4) the provisions of this title and procedures relating to the release of liens on property.

or,

*ANSWER*: **1,854 Taxpayers**

    b.   a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER*: **12 Taxpayers**


**INTERROGATORY NO. 4:**

How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after having been issued a Notice of Deficiency which did not include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

**INTERROGATORY NO. 5:**

How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after any collection action was taken against them, which taxpayer(s) did were not issued a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

**INTERROGATORY NO. 6:**

What was the total amount of INCOME TAXES PAID by taxpayers, since July 22, 1998 which have PAID the taxes anytime after having been issued a Final Notice/Notice of Intent to Levy, which did not include in simple and nontechnical terms:

(A) the amount of unpaid tax; and

    2. the right of the person to request a hearing during the 30-day period under paragraph (2): and

    3. the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth-

        1. the provisions of [the Internal Revenue Code] relating to levy and sale of property; and

        2. the procedures applicable to the levy and sale of the property under [the Internal Revenue Code]; and

        3. the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and

        4. the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue Code] Section 6159; and

        5. the provisions of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.

*ANSWER*: **$4,377,851.94 (Needs offset amounts to be added)**

**INTERROGATORY NO. 7:**

What is the total amount of INCOME TAXES PAID by taxpayers, since July 22, 1998, which have PAID the taxes anytime after having a Tax Lien asserted against their assets, who were not issued:

    a.      a Notice of lien that specified:

(1) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

(4) the provisions of this title and procedures relating to the release of liens on property.

or,

*ANSWER*: **$23,543,953.15 (Needs offset amounts to be added)**

b.     a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

**INTERROGATORY NO. 8:**

What is the total amount of INCOME TAX PAID by taxpayers, since July 22, 1998, which have PAID the taxes anytime after having been issued:

a.   a Notice of lien that did not specify:

(1) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

(4) the provisions of [the Internal Revenue Code] and procedures relating to the release of liens on property.

or,

*ANSWER*: **$23,543,953.15 (Needs offset amounts to be added)**

b. a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

**INTERROGATORY NO. 9:**

What is the total amount of INCOME TAXES PAID by taxpayers, who, since July 22, 1998, PAID the taxes after having been issued a Notice of Deficiency which did not include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

**INTERROGATORY NO. 10:**

What is the total amount of INCOME TAXES PAID by taxpayers, who, since July 22, 1998, have PAID the taxes after collection action was taken against them, which taxpayer(s) did were not issued a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

**INTERROGATORY NO. 11:**

When, if ever, did Guam establish a local office of the taxpayer advocate?

*ANSWER*: **10/05/04**

**INTERROGATORY NO. 12:**

When, if ever, did Guam begin including a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate in its Notice of Deficiency?

*ANSWER*: **01/10/05**

**INTERROGATORY NO. 13:**

When, if ever, did Guam begin including in its Notice of Lien all of the below:

(1) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

(4) the provisions of [the Internal Revenue Code] and procedures relating to the release of liens on property.

*ANSWER*: **08/22/05**

**INTERROGATORY NO. 14:**

When, if ever, did Guam begin including in its Final Notice/Notice of Intent to Levy, in simple and nontechnical terms each of the below:

(A) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period under paragraph (2): and

(3) the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth-

    (1) the provision of [the Internal Revenue Code] relating to levy and sale of property; and

    (2) the procedures applicable to the levy and sale of the property under [the Internal Revenue Code]; and

    (3) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and

    (4) the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue Code] Section 6159); and

    (5) the provision of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.

*ANSWER*: **09/22/99**

**INTERROGATORY NO. 15:**

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES anytime after having been issued a Final Notice/Notice of Intent to Levy, which did not include in simple and nontechnical terms:

    (A) the amount of unpaid tax; and

    (2) the right of the person to request a hearing during the 30-day period under paragraph (2): and

(3) the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth-

    (1) the provision of [the Internal Revenue Code] relating to levy and sale of property; and

    (2) the procedures applicable to the levy and sale of the property under [the Internal Revenue Code]; and

    (3) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and

    (4) the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue Code] Section 6159); and

    (5) the provision of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

**INTERROGATORY NO. 16:**

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES anytime after having a Tax Lien asserted against their assets, which was not issued:

  a. a Notice of lien that specified:

    (1) the amount of unpaid tax; and

    (2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

(4) the provisions of this title and procedures relating to the release of liens on property.

or,

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

b.  a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

**INTERROGATORY NO. 17:**

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES anytime after been issued:

a.  a Notice of lien that did not specify:

(1) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

(4) the provisions of this title and procedures relating to the release of liens on property.

or,

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

b. a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

## INTERROGATORY NO. 18:

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES after having been issued Notice of Deficiency which did not include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

## INTERROGATORY NO. 19:

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES after any collection action was taken against them, which taxpayer was not issued a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

## INTERROGATORY NO. 20:

How many taxpayers, since July 22, 1998, were issued a Notice of Lien.

*ANSWER*: **2,467 as of 08/22/05**

## INTERROGATORY NO. 21:

How many taxpayers, since July 22, 1998, were issued a Notice of Lien that specified:

(1) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

(4) the provisions of this title and procedures relating to the release of liens on property.

## **DECLARATION**

COMES NOW Lewis W. Littlepage, a duly appointed Assistant Attorney General for the Government of Guam, and aver, upon information and belief, that the following is true.

I was contacted by Steven Zamsky, attorney for Plaintiffs, on the 2nd or 3rd of March, 2006, regarding interrogatories that remained unanswered. Mr. Zamsky talked about the possibility of seeking sanctions but stated he was sending over a stipulation to extend the deadline to mid-March, 2006. The stipulation was not received. Instead on March 6, 2006, attorney for Plaintiffs filed the Motion to Compel Responses to Plaintiff's Interrogatories Set No. One and for Sanctions.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 17th day of March, 2006.

Lewis W. Littlepage
Assistant Attorney General

EXHIBIT 2

**Office of the Attorney General**
**Douglas B. Moylan**
Attorney General of Guam
Solicitors Division
The Justice Building
287 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
www.guamattorneygeneral.com ● guamattorneygeneral@hotmail

# IN THE DISTRICT COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN DACANAY, | CIVIL CASE NO. 05-00017 |
| Plaintiffs, | **SECOND SET OF ANSWERS TO PLAINTIFF'S INTERROGATORIES TO DEFENDANT, SET NO. 1** |
| vs. | |
| GOVERNMENT OF GUAM, | |
| Defendant. | |

COMES NOW the Government of Guam, by and through Deputy Attorney General Joseph Guthrie and does provide the Defendant's Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1. Attached are answers to Interrogatories 1, 2, 3, 4,5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21.

Dated this 17th day of March, 2006.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

JOSEPH A. GUTHRIE
Deputy Attorney General
Solicitors Division

Page 1
*Second Set of Answers to Plaintiff's Interrogatories*
  *To Defendant, Set No. 1*
Civil Case No. CV05-00017

EXHIBIT 3

## INTERROGATORY NO. 1:

How many taxpayers, since July 22, 1998, have paid INCOME TAXES anytime after having been issued a Final Notice/Notice of Intent to Levy, which did not include in simple and nontechnical terms:

> (A) the amount of unpaid tax; and

> (B) the right of the person to request a hearing during the 30-day period under paragraph (2): and

> (C) the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which set forth-

>> (i)     the provisions of [the Internal Revenue Code] relating to levy and sale of property; and

>> (ii)    the procedures applicable to the levy and sale of the property under [the Internal Revenue Code]; and

>> (iii)   the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and

>> (iv)    the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue Code] Section 6159; and

>> (v)     the provisions of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.

*ANSWER:*  **555 Taxpayers**

**INTERROGATORY NO. 2:**

How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after having a

Tax Lien asserted against their assets, who were not issued:

    a.  a Notice of Lien that specified:

           (1) the amount of unpaid tax; and

           (2) the right of the person to request a hearing during the 30-day period beginning the

               on day after the 5-day period described in paragraph (2); and

           (3) the administrative appeals available to the taxpayer with respect to such lien and

               the procedures relating to such appeals; and

           (4) the provisions of this title and procedures relating to the release of liens on

               property.

        or,

*ANSWER*: **2,054 Taxpayers**

    b.  a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to

        contact a local office of the taxpayer advocate and the location and phone number of the

        appropriate office.

*ANSWER:* **0 Taxpayers**

**INTERROGATORY NO. 3:**

How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after having a

Tax Lien asserted against their assets, who were not issued:

    a.  a Notice of Lien that did not specify:

           (1) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals; and

(4) the provisions of this title and procedures relating to the release of liens on property.

or,

## *ANSWER*: **2,054 Taxpayers**

b.   a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

## *ANSWER*: **1 Taxpayer**


## **INTERROGATORY NO. 4:**

How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after having been issued a Notice of Deficiency which did not include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

## *ANSWER:* **115 Taxpayers**

## INTERROGATORY NO. 5:

How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after any collection action was taken against them, which taxpayer(s) did were not issued a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER:* **59 Taxpayers**


## INTERROGATORY NO. 6:

What was the total amount of INCOME TAXES PAID by taxpayers, since July 22, 1998 which have PAID the taxes anytime after having been issued a Final Notice/Notice of Intent to Levy, which did not include in simple and nontechnical terms:

(A) the amount of unpaid tax; and

   2. the right of the person to request a hearing during the 30-day period under paragraph (2): and

   3. the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth-

      1. the provisions of [the Internal Revenue Code] relating to levy and sale of property; and

      2. the procedures applicable to the levy and sale of the property under [the Internal Revenue Code]; and

      3. the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and

4.  the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue Code] Section 6159; and

5.  the provisions of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.

*ANSWER*: **$4,421,607.97**

**INTERROGATORY NO. 7:**

What is the total amount of INCOME TAXES PAID by taxpayers, since July 22, 1998, which have PAID the taxes anytime after having a Tax Lien asserted against their assets, who were not issued:

a.     a Notice of lien that specified:

(1)  the amount of unpaid tax; and

(2)  the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3)  the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

(4)  the provisions of this title and procedures relating to the release of liens on property.

or,

*ANSWER*: **$25,497,701.27**

b. a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER:* **$1,426.00**

### INTERROGATORY NO. 8:

What is the total amount of INCOME TAX PAID by taxpayers, since July 22, 1998, which have PAID the taxes anytime after having been issued:

a. a Notice of lien that did not specify:

(1) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

(4) the provisions of [the Internal Revenue Code] and procedures relating to the release of liens on property.

or,

*ANSWER:* **$25,497,701.27**

b. a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER:* **$1,426.00**

**INTERROGATORY NO. 9:**

What is the total amount of INCOME TAXES PAID by taxpayers, who, since July 22, 1998, PAID the taxes after having been issued a Notice of Deficiency which did not include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER:*  **$4,271,742.58**


**INTERROGATORY NO. 10:**

What is the total amount of INCOME TAXES PAID by taxpayers, who, since July 22, 1998, have PAID the taxes after collection action was taken against them, which taxpayer(s) did were not issued a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER:*  **$1,835,586.33**


**INTERROGATORY NO. 11:**

When, if ever, did Guam establish a local office of the taxpayer advocate?

*ANSWER*:  **10/05/04**


**INTERROGATORY NO. 12:**

When, if ever, did Guam begin including a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate in its Notice of Deficiency?

*ANSWER*:  **01/10/05**

**INTERROGATORY NO. 13**:

When, if ever, did Guam begin including in its Notice of Lien all of the below:

 (1) the amount of unpaid tax; and

 (2) the right of the person to request a hearing during the 30-day period beginning the on day

  after the 5-day period described in paragraph (2); and

 (3) the administrative appeals available to the taxpayer with respect to such lien and the

  procedures relating to such appeals: and

 (4) the provisions of [the Internal Revenue Code] and procedures relating to the release of

  liens on property.

*ANSWER*: **08/22/05**


**INTERROGATORY NO. 14:**

When, if ever, did Guam begin including in its Final Notice/Notice of Intent to Levy, in simple

and nontechnical terms each of the below:

 (A) the amount of unpaid tax; and

 (2) the right of the person to request a hearing during the 30-day period under paragraph (2):

  and

 (3) the proposed action by the Secretary and the rights of the person with respect to such

  action, including a brief statement which sets forth-

   (1) the provision of [the Internal Revenue Code] relating to levy and sale of property;

    and

   (2) the procedures applicable to the levy and sale of the property under [the Internal

    Revenue Code]; and

(3) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and

(4) the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue Code] Section 6159); and

(5) the provision of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.

*ANSWER:* **09/22/99**

**INTERROGATORY NO. 15:**

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES anytime after having been issued a Final Notice/Notice of Intent to Levy, which did not include in simple and nontechnical terms:

(A) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period under paragraph (2): and

(3) the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth-

(1) the provision of [the Internal Revenue Code] relating to levy and sale of property; and

(2) the procedures applicable to the levy and sale of the property under [the Internal Revenue Code]; and

(3) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and

(4) the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue Code] Section 6159); and

(5) the provision of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

## INTERROGATORY NO. 16:

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES anytime after having a Tax Lien asserted against their assets, which was not issued:

a.  a Notice of lien that specified:

(1) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

(4) the provisions of this title and procedures relating to the release of liens on property.

or,

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

b.  a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to
    contact a local office of the taxpayer advocate and the location and phone number of the
    appropriate office.

*ANSWER*:  **Taxpayer identity withheld as per GITC §6103**

**INTERROGATORY NO. 17:**

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES anytime after
been issued:

a.  a Notice of lien that did not specify:

    (1)  the amount of unpaid tax; and

    (2)  the right of the person to request a hearing during the 30-day period beginning the
        on day after the 5-day period described in paragraph (2); and

    (3)  the administrative appeals available to the taxpayer with respect to such lien and
        the procedures relating to such appeals: and

    (4)  the provisions of this title and procedures relating to the release of liens on
        property.

    or,

*ANSWER*:  **Taxpayer identity withheld as per GITC §6103**

b.  a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to
    contact a local office of the taxpayer advocate and the location and phone number of the
    appropriate office.

*ANSWER*:  **Taxpayer identity withheld as per GITC §6103**

**INTERROGATORY NO. 18:**

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES after having been issued Notice of Deficiency which did not include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

**INTERROGATORY NO. 19:**

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES after any collection action was taken against them, which taxpayer was not issued a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

**INTERROGATORY NO. 20:**

How many taxpayers, since July 22, 1998, were issued a Notice of Lien.

*ANSWER*: **2,518 as of 01/27/06**

**INTERROGATORY NO. 21:**

How many taxpayers, since July 22, 1998, were issued a Notice of Lien that specified:

  (1) the amount of unpaid tax; and

  (2) the right of the person to request a hearing during the 30-day period beginning the on

     day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

(4) the provisions of this title and procedures relating to the release of liens on property.

*ANSWER:* **65 Taxpayers**