Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
Solicitors Division
The Justice Building
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • guamattorneygeneral@hotmail

FILED
DISTRICT COURT OF GUAM
MAR 23 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM
## HAGÅTÑA, GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN DACANAY, | CIVIL CASE NO. 05-00017 |
| Plaintiffs, vs. | **REQUEST TO WITHDRAW AS COUNSEL** |
| GOVERNMENT OF GUAM, | |
| Defendant. | |

COMES NOW the Office of the Attorney General of Guam, by and through Deputy Attorney General Joseph Guthrie, and requests to be relieved as attorney of record for the Government of Guam, specifically the Department of Revenue and Taxation. In support of this motion the Office of the Attorney General states that Rule 1.11(d)(1) of the Guam Rules of Professional Conduct, entitled Special Conflicts of Interest for Former and Current Government Officers and Employees, provides as follows:

"[e]xcept as law may otherwise expressly permit, a lawyer currently serving as a public officer or employee: (1) is subject to Rules 1.7 and 1.9; . . . ."

/ / / /

/ / / /

Rule 1.7: Conflict of Interest: Current Clients, states:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

RULE 1.9: Duties to Former Clients, states:

> (a) A lawyer who, has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
>
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client.

Both Rule 1.7 and 1.9 protect the trust and loyalty of the client-attorney relationship. Both rules require mandatory withdrawal of the attorney when a conflict arises. A conflict of interest has arisen that requires withdrawal of the Attorney General's Office from this case. Pursuant to this Court's Order in *Santos v. Camacho*, District Court of Guam Civil case 04-00006, filed March 10, 2006, the Governor has authority over enforcement of tax matters and may appoint such counsel as necessary to direct this litigation for whom no conflict exists.

Wherefore the Office of the Attorney General requests to be relieved as counsel for the

/ / / /

/ / / /

Page 2
*Notice of Withdraw as Counsel*
Civil Case No. CV05-00017

Case 1:05-cv-00017   Document 47   Filed 03/23/2006   Page 2 of 3

Government of Guam, specifically the Department of Revenue and Taxation.

Dated this 23rd day of March, 2006.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

*/s/ Joseph A. Guthrie*
JOSEPH A. GUTHRIE
Deputy Attorney General
Solicitors Division