Steven Zamsky, Esq.
ZAMSKY LAW FIRM
PMB 231
275-G Farenholt Avenue
Tamuning, Guam 96913
Telephone: (671) 482-0247
Facsimile: (671) 649-5829

Michael L. Kelly, Esq.
Robert M. Churella, Esq.
KIRTLAND & PACKARD LLP
2361 Rosecrans Ave.
4th Floor
El Segundo, CA 90245

Attorney for Plaintiffs Henry S. Dacanay
and Laura Lynn Dacanay
and all others similarly situated

**FILED**

DISTRICT COURT OF GUAM

MAR 3 0 2006

MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

## TERRITORY OF GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN DACANAY, | Case No. CV 05-00017 |
| Plaintiffs, | **PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL** |
| v. | |
| GOVERNMENT OF GUAM, | (Fed. R. Civ. P. 23) |
| Defendant. | |

# ORIGINAL

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ................................................ 1

    A.   Plaintiffs' Claims ......................................... 1

    B.   Class Treatment is Desirable for Plaintiffs' Claims .................. 2

II.   STATEMENT OF FACTS ......................................... 3

    A.   Notices of Deficiency ....................................... 3

    B.   Notices of Lien ........................................... 5

    C.   Final Notices/Notices of Intent to Levy ......................... 6

    D.   Tolling of and/or Estoppel to Assert the Statute of Limitation .......... 7

III.   PROPOSED CLASS DEFINITION .................................. 8

IV.   THE LAW SUPPORTS CLASS CERTIFICATION OF THIS ACTION .......... 9

    A.   The Principles Governing a Class Certification Determination ......... 9

    B.   All Class Claims Meet Rule 23(a) Requirements for Class Treatment .. 10

       1.   Rule 23(a) Requirements ............................... 10

       2.   The Numerosity Requirement is Satisfied in This Action ....... 10

       3.   Numerous Questions of Law and Fact Are Common to
         the Proposed Classes .................................. 11

       4.   The Claims of the Representative Plaintiffs Are Typical of
         the Claims of the Classes ............................... 14

       5.   The Named Plaintiffs and Their Counsel Will Fairly and
         Adequately Protect the Interests of the Class ............... 15

       6.   Proposed Class Counsel Satisfy All of the Requirements
         of Rule 23(g) for Class Counsel .......................... 15

          a.   The Work Counsel Has done in Identifying or
            Investigating Potential Claims in the Action ........... 16

          b.   Counsel's Experience in Handling Class Actions, Other
            Complex Litigation, and Claims of the Type Asserted in the
            Action ......................................... 16

          c.   Knowledge of the Applicable Law ................... 18

          d.   The Resources Counsel Will Commit to Representing
            the Class. ...................................... 19

LAW OFFICES
KIRTLAND & PACKARD LLP

02078-00001 0105555.01            i            CV 05-00017

C.   Certification of All Claims Under Rule 23(b)(1) and (2) is Appropriate . . 19

    1.   Rule 23(b) Identifies Three Alternative Sets of Criteria for Class Certification . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    2.   This Action Meets the Definition of a Rule 23(b)(1) or (b)(2) Class  20

    3.   The Fact That Plaintiffs' Claim Also Seeks Money Damages in the Form of the Actual Refund of Improperly Collected Taxes Does Not Preclude Certification under 23(b)(2). . . . . . . . . . . . . . . . . . . . . . . 22

    4.   Alternatively, Plaintiff's First Claim for Relief Meets the Requirements for Certification Under Rule 23(b)(3) . . . . . . . . . . . . . . . . . . . . . . . 23

        a.   *Common Questions of Law and Fact Predominate Over Individual Issues* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

        b.   A Class Action is Superior to a Multiplicity of Litigations as a Means of Fairly and Efficiently Adjudicating Class Members' Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

V.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

LAW OFFICES
KIRTLAND & PACKARD LLP

**TABLE OF AUTHORITIES**

PAGE(S)

**CASES**

*Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231 (1997) . . . . . . . . . . 23

*Appoloni v. U.S.,* 218 F.R.D. 556 (W.D. Mich. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Bjustrom v. Trust One Mgmt. Corp.,* 199 F.R.D. 346 (W.D. Wash. 2001) . . . . . . . . 11, 14

*Blackie v. Barrack,* 524 F.2d 891 (9th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bower v. Bunker Hill Co.,* 114 F.R.D. 587(E.D. Wash. 1986) . . . . . . . . . . . . . . . . . . . . . 9

*Crawford v. Honig,* 37 F.3D 485 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140 (1974) . . . . . . . . . . . . . . . . 9

*Esplin v. Hirschi,* 402 F.2d 94 (10th Cir. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364 (1982) . . . . . 14

*Georgine v. Amchem Prods. Inc.,* 83 F.3d 610 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . 24

*Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . 11, 24

*Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909 (9th Cir. 1964). . . . . . . . . . . 10

*Jenkins v. Raymark Indus., Inc.,* 782 F.2d 468 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . 11

*Jordan v. County of Los Angeles,* 669 F.2d 1311(9th Cir. 1982) . . . . . . . . . . . . . . . . . 14

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.,* 244 F.3d 1152 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Marangi v. Gov't of Guam,* 319 F. Supp. 2d 1179 (D. Guam 2004) . . . . . . . . . . 5, 16, 18

*Molski v. Gleich,* 318 F.3d 937 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . 15, 20, 22, 23

*Mortimore v. Fed. Deposit Ins. Corp.,* 197 F.R.D. 432 (W.D. Wash. 2000) . . . . . . 11, 25

*Nelson v. Regan,* 560 F. Supp. 1101 (D. Conn. 1983), *aff'd by* 731 F.2d 105, 110 (2nd Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Oatman v. Dept. of Treasury-I.R.S.,* 34 F.3d 787 (9th Cir. 1994) . . . . . . . . . . . . . . . . 21

*Probe v. State Teachers' Ret. Sys.,* 780 F.2d 776 (9th Cir. 1986) . . . . . . . . . . . . . . . 22

*Rodriguez v. Carlson,* 166 F.R.D. 465 (E.D. Wash. 1996) . . . . . . . . . . . . . . . . . . . . . . 10

*Smith v. Univ. of Washington Sch. of Law,* 2 F. Supp. 2d 1324 (W.D. Wash. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Sorenson v. Sec. of Treas.,* 752 F.2d 1433, 1440 (9th Cir. 1985)
*aff'd by* 475 U.S. 851, 106 S.Ct. 1600 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Staton v. Boeing,* 327 F.3d 938, 953 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1235 (9th Cir. 1996) . . . . . . . . . . . . 24

**STATUTES**

26 U.S.C. § 6212(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-5, 8, 11, 14

26 U.S.C. § 6213(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-4, 7, 8, 11, 14

26 U.S.C. § 6320 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 5, 6, 8, 12-14

26 U.S.C. § 6330 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 6, 7, 14

48 U.S.C. § 1421i(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 7

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 23. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**TREATISES**

Newberg on Class Actions, Vol. 2 at 26-33 (Thompson West (2002)) . . . . . . . . . . . 21

# I.    INTRODUCTION

Plaintiffs in this case seek the recovery of taxes paid by Guam taxpayers pursuant to Notices of Deficiency that did not comply with the requirements of 26 U.S.C. §§ 6212(a) and 6213(a), Notices of Lien which did not comply with the requirements of 26 U.S.C. § 6320, Final Notices/Notices of Intent to Levy which did not comply with the requirements of 26 U.S.C. § 6320, and declaratory and injunctive relief aiding that recovery. Plaintiffs now ask the Court to certify this case as a class action pursuant to Fed. R. Civ. P. 23.

## A.    Plaintiffs' Claims

Plaintiffs Henry S. Dacanay and Laura Lynn Dacanay are individuals who paid income taxes to the Government of Guam pursuant to a Final Notice/Notice of Intent to Levy sent to them by the Government of Guam after July 22, 1998, and a tax lien which was filed by the Government of Guam without a Notice of Lien.

Plaintiffs allege that they did not receive a Notice of Deficiency complying with the requirements of 26 U.S.C. §§ 6212(a) and 6213(a), or a Notice of Lien complying with the requirements of 26 U.S.C. § 6320, that the Final Notice/Notice of Intent to Levy failed to comply with the requirements of 26 U.S.C. § 6330, and that the taxes collected from the Plaintiffs pursuant to these notices and lien were thus improper.

Plaintiffs are further informed and believe that other class member Guam taxpayers paid taxes that were improperly collected, as they also received no Notices of Deficiency complying with the requirements of 26 U.S.C. §§ 6212(a) and 6213(a), and/or a Notice of Lien complying with the requirements of 26 U.S.C. § 6320 and/or a Final Notice/Notice of Intent to Levy complying with the requirements of 26 U.S.C. § 6330, and that their taxes were likewise improperly collected.

Plaintiffs seek the certification of a class consisting of all persons who paid taxes without having received Notices of Deficiency complying with the requirements of 26 U.S.C. §§ 6212(a) and 6213(a), and/or a Notice of Lien complying with the requirements of 26 U.S.C. § 6320 and/or a Final Notice/Notice of Intent to Levy complying with the

LAW OFFICES
KIRTLAND & PACKARD LLP

1  requirements of 26 U.S.C. § 6330, and a Judgment that all of those taxes were
2  improperly paid and must be refunded by the Government of Guam to Plaintiffs and the
3  members of the proposed class.

4      In the alternative, Plaintiffs seek a declaratory judgment that the Government of
5  Guam failed to comply with the requirements of §§ 6212(a), 6213(a), 6320 and/or 6330
6  as to Plaintiffs and the other members of the class and that their taxes were therefore
7  improperly collected, and an injunction requiring the Government of Guam to 1) notify all
8  taxpayers who paid taxes pursuant to the void Notices of Deficiency, Notices of Lien or
9  Final Notices/Notices of Intent to Levy that the Notices of Deficiency, Notices of Lien and
10 Final Notices/Notices of Intent to Levy were void and that the taxes paid pursuant to them
11 were improperly collected, 2) provide each of these taxpayers with the appropriate form
12 for claiming a refund of these taxes, and 3) refund the improperly collected taxes once
13 the claims forms are properly submitted.

14      **B.    Class Treatment is Desirable for Plaintiffs' Claims**

15      Tax refund actions like this one have been found suitable for class treatment.
16 Here, the Class members are defined by whether they have filed a tax return in Guam for
17 the relevant tax years — a fact easily and objectively determinable.

18      The threshold Rule 23(a) requirements for class certification are also easily met.
19 The number of Class members is in the thousands, and to some degree, they are
20 geographically dispersed. It is most likely not all Class members remain on Guam.
21 Further, the issues presented are common to all claims, and the named Plaintiffs' claims
22 are by definition typical of those of proposed Class members. Finally, Plaintiffs have
23 retained counsel experienced in class actions.

24      Class treatment is also suitable under Rule 23(b)(2). All Class members' claims
25 are based on one common course of conduct by Defendant, that is, its uniform policy and
26 practice of failing to send out to Guam taxpayers a Notice of Deficiency complying with
27 the requirements of 26 U.S.C. §§ 6212(a) and 6213(a), and/or a Notice of Lien complying
28 with the requirements of 26 U.S.C. § 6320, and/or a Final Notice/Notice of Intent to Levy

LAW OFFICES
KIRTLAND & PACKARD LLP

1 complying with the requirements of 26 U.S.C. § 6330. The injury suffered by all class
2 members is categorically the same — failure by the Government of Guam to provide
3 Guam taxpayers with the rights afforded to taxpayers in provisions of the Internal
4 Revenue Code and the collection of taxes in derogation of those rights. And, the relief
5 sought by each Class member is also the same — (1) a declaratory judgment that the
6 Government of Guam failed to comply with the requirements of §§ 6212(a), 6213(a),
7 6320 and/or 6330 as to plaintiffs and the class and that their taxes were improperly
8 collected, (2) notification to each taxpayer that the taxes were improperly collected, (3)
9 provision of an appropriate refund form to each taxpayer, and (4) a refund of the
10 improperly collected taxes once the claims forms are properly submitted. Importantly,
11 eligibility for refund is objectively determinable through review of each Class member's
12 tax return and refund claim form. It is no hindrance to class certification that the specific
13 amount of refund due each Class member may vary.

14 Finally, class treatment is not only suitable, it is desirable. Resolution of these
15 claims in a single proceeding will conserve the resources of both the parties and the
16 Court. Perhaps most importantly, it may be the only way most Class members will
17 receive any relief at all.

18 This Court should certify this case for class treatment to provide any relief
19 obtained to all Class members.

20 **II. STATEMENT OF FACTS**

21 **A. Notices of Deficiency**

22 In 1998, Congress amended the Internal Revenue Code to include § 6212(a) (26
23 U.S.C. § 6212(a)), which provides:

24     If the Secretary determines that there is a deficiency in respect of any tax
        imposed by subtitles A or B or chapter 41, 42, 43, or 44, he is authorized to send
25     notice of such deficiency to the taxpayer by certified mail or registered mail. Such
        notice shall include a notice to the taxpayer of the taxpayer's right to contact a
26     local office of the taxpayer advocate and the location and phone number of the
        appropriate office.
27

28 26 U.S.C. § 6212(a). Section 6212(a) took effect on July 22, 1998.

KIRTLAND & PACKARD LLP
LAW OFFICES

Congress also added § 6213(a) (26 U.S.C. § 6213(a)), which provides, in relevant part:

> Except as otherwise provided in section 6851, 6852 or 6861, no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be...

Section 6213(a) also took effect on July 22, 1998.

The Organic Act of Guam expressly provides that, "where not manifestly inapplicable or incompatible," the income tax laws in force in Guam include "all provisions of subtitle F" of the Internal Revenue Code. 48 U.S.C. § 1421i(d)(1). Sections 6212(a) and 6213(a) are included within subtitle F of the Internal Revenue Code, and thus are in force in Guam.

Plaintiffs never received a Notice of Deficiency from the Government of Guam, and all further attempts to collect the taxes paid by Plaintiffs were thus improper under § 6213(a).

Plaintiffs are informed and believe, and thereon allege, that subsequent to the effective dates of §§ 6212(a) and 6213(a), other taxpayers have either not received the statutorily required Notices of Deficiency or have received Notices of Deficiency from the Government of Guam which did not contain a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

In fact, despite the requirement of § 6212(a),the Government of Guam did not establish an office of the taxpayer advocate until October 5, 2004, and did not amend its Notices of Deficiency to conform in this regard until January 10, 2005, as set forth in Guam's response to interrogatories 11 and 12. (Zamsky Declaration, ¶ 2, Exhibit "A") .

Defendant's interrogatory responses also confirm that every Notice of Deficiency for income taxes issued by the Government of Guam since the effective date of § 6212(a) up to January 10, 2005, has failed to include the statutorily required notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and

1  the location and phone number of the appropriate office. Defendant confirms, in
2  interrogatory responses that several thousand class member Guam taxpayers fall into
3  this category of wronged taxpayer.

4       In *Marangi v. Gov't of Guam*, 319 F. Supp. 2d 1179 (D. Guam 2004), this
5  court held that a Notice of Deficiency that did not contain the statutorily required notice to
6  the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and
7  the location and phone number of the appropriate office was void.

8       The Government of Guam did not appeal the judgment in *Marangi*, and that
9  judgment is now final. The Government of Guam is thus estopped from contending that
10 the Notices of Deficiency it issued subsequent to July 22, 1998, without the notice
11 required by § 6212(a), were valid, and that taxes paid pursuant to those Notices of
12 Deficiency were properly collected.

13 **B.   Notices of Lien**

14      In 1998, Congress amended the Internal Revenue Code to include § 6320.
15 Section 6320(a)(1) provides, in relevant part:

16      The Secretary shall notify in writing the person described in section 6321 of the
        filing of a notice of lien under section 6323.
17
   Section 6320(a)(3), provides that for a Notice of Lien:
18
19      (3) Information included with notice.--The notice required under paragraph (1)
        shall include in simple and nontechnical terms–

20           (A) the amount of unpaid tax;

21           (B) the right of the person to request a hearing during the 30-day period
             beginning on the day after the 5-day period described in paragraph (2);
22
23           ©) the administrative appeals available to the taxpayer with respect to
             such lien and the procedures relating to such appeals; and

24           (D) the provisions of this title and procedures relating to the release of
             liens on property.
25
26 26 U.S.C. § 6320(a)(3). Section 6320(a)(3) took effect on July 22, 1998.

27      The Organic Act of Guam expressly provides that, "where not manifestly
28 inapplicable or incompatible," the income tax laws in force in Guam include "all

LAW OFFICES
KIRTLAND & PACKARD LLP

1  provisions of subtitle F" of the Internal Revenue Code. 48 U.S.C. § 1421i(d)(1).

2  Section 6320(a)(3) is included within subtitle F of the Internal Revenue Code, and

3  thus is in force in Guam.

4  On or about June 28, 2000, the Government of Guam filed a tax lien against

5  Plaintiffs, but never sent Plaintiffs the statutorily required Notice of Lien. Guam has

6  confirmed by interrogatory response that at least 2,054 class member Guam

7  taxpayers paid taxes after having liens filed against them without the statutorily

8  required Notice of Lien, or who were sent a Notice of Lien that did not contain a notice

9  that complied with the requirements of § 6320(a)(3), as set forth in Guam's response

10  to interrogatories 2 and 3. (Zamsky Declaration, ¶ 3, Exhibit "B")

11  Because the Notice of Liens were non compliant, or the liens were filed without

12  the prior conforming notice, these actions were void and improper, and any attempts

13  by the Government of Guam to collect taxes pursuant thereto were improper.

14  **C.  Final Notices/Notices of Intent to Levy**

15  In 1998, Congress amended the Internal Revenue Code to include § 6330.

16  Section 6330(a) provides, in relevant part:

17  No levy may be made on any property or right to property of any person unless
   the Secretary has notified such person in writing of their right to a hearing
18  under this section before such levy is made.

19  Section 6330(a)(3), provides that for a Notice of Levy:

20  (3) Information included with notice.--The notice required under paragraph (1)
   shall include in simple and nontechnical terms--

21

22  (A) the amount of unpaid tax;

23  (B) the right of the person to request a hearing during the 30-day period
   under paragraph (2); and

24  (C) the proposed action by the Secretary and the rights of the person
   with respect to such action, including a brief statement which sets
25  forth--

26  (I) the provisions of this title relating to levy and sale of property;

27  (ii) the procedures applicable to the levy and sale of property
   under this title;

28

LAW OFFICES
KIRTLAND & PACKARD LLP

KIRTLAND & PACKARD LLP
LAW OFFICES

(iii) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals;

(iv) the alternatives available to taxpayers which could prevent levy on property (including installment agreements under section 6159); and

(v) the provisions of this title and procedures relating to redemption of property and release of liens on property.

26 U.S.C. § 6330(a)(3). Section 6330(a)(3) took effect on July 22, 1998.

The Organic Act of Guam expressly provides that, "where not manifestly inapplicable or incompatible," the income tax laws in force in Guam include "all provisions of subtitle F" of the Internal Revenue Code. 48 U.S.C. § 1421i(d)(1). Section 6330(a)(3) is included within subtitle F of the Internal Revenue Code, and thus is in force in Guam.

On or about October 2, 2000, and again on or about March 6, 2003, the Government of Guam sent Plaintiffs a Final Notice/Notice of Intent to Levy. The Final Notices/Notices of Intent to Levy did not contain a notice that complied with the requirements of § 6330(a)(3). Because the Final Notices/Notices of Intent to Levy were non compliant, those actions, and any levies executed thereon were void and improper and any taxes collected thereunder improper. Interrogatory responses by defendant Guam confirm that at least 555 class member Guam taxpayers fall into this category, as set forth in Guam's response to interrogatory 1. (Zamsky Declaration, ¶ 4, Exhibit "C").

Plaintiffs contend, however, that the number is substantially higher. Guam has arbitrarily limited its investigation and discovery responses up to and through only September 22, 1999. The inquiry should have gone at least up though August 22, 2005, the date on which Guam admits in interrogatory number 13 that it first began serving confirming notices of liens. It is anticipated that this category will include at least several thousand additional class member Guam taxpayers when the correct dates are used.

KIRTLAND & PACKARD LLP
LAW OFFICES

**D. Tolling of and/or Estoppel to Assert the Statute of Limitation**

Sections 6213 and 6330 provide that the applicable statutes of limitation are tolled during the pendency of all appeals made pursuant to the appeal provisions which are required to be set forth in the Notice of Deficiency and in the Final Notice/Notice of Intent to Levy. Because the Government of Guam failed to give the statutorily required notices of the right to appeal, Plaintiffs and the members of the class were never advised of their right to appeal. Accordingly, the Government of Guam should be held to be estopped from asserting the statute of limitation on any of Plaintiff's claims, as those statutes would have been tolled had the required notices been given. In the alternative, all Plaintiffs should be deemed to have filed timely appeals, and the statute deemed tolled until resolution of those appeals.

**III. PROPOSED CLASS DEFINITION**

To prosecute the claims brought in this action, Plaintiffs seek to certify a "Refund Class". The Refund Class is defined as:

> all persons who paid taxes without having received Notices of Deficiency complying with the requirements of 26 U.S.C. §§ 6212(a) and 6213(a), and/or a Notice of Lien complying with the requirements of 26 U.S.C. § 6320 and/or a Final Notice/ Notice of Intent to Levy complying with the requirements of 26 U.S.C. § 6330.

The relief sought for the Refund Class includes declaratory relief that the Notices of Deficiency, Notices of Lien and Final Notices/Notices of Intent to Levy sent to plaintiffs subsequent to July 22, 1998 are void. In addition, the relief sought for the Refund Class includes an injunction requiring the Government of Guam to 1) notify all taxpayers who paid taxes pursuant to the void Notices of Deficiency, Notices of Lien and Final Notices/Notices of Intent to Levy that the Notices of Deficiency, Notices of Lien and Final Notices/Notices of Intent to Levy were void and that the taxes paid pursuant to them were improperly collected, 2) provide each of these taxpayers with the appropriate form for claiming a refund of these taxes, and 3) refund the improperly collected taxes once the claim forms are properly submitted.

02078-00001 0105555.01       8       CV 05-00017

# IV. THE LAW SUPPORTS CLASS CERTIFICATION OF THIS ACTION

## A. The Principles Governing a Class Certification Determination

The decision whether to certify a class is left to the sound discretion of the Court. *Staton v. Boeing,* 327 F.3d 938, 953 (9th Cir. 2003). The Court's determination will be upheld if it appears from the record the Court considered all the criteria of Rule 23. *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.,* 244 F.3d 1152, 1161 (9th Cir. 2001) (reversing denial of class certification where trial court did not apply Rule 23 criteria). The Court favors a liberal interpretation of Rule 23, rather than a restrictive one. *Bower v. Bunker Hill Co.,* 114 F.R.D. 587, 592 (E.D. Wash. 1986) (a "liberal construction [is] intended for Rule 23"). "[I]f there is to be an error made, let it be in favor and not against the maintenance of the class action, for it is always subject to modification should later developments during the course of the trial so require." *Esplin v. Hirschi,* 402 F.2d 94, 99 (10th Cir. 1968); *see also* Fed. R. Civ. P. 23(c)(1) ("An order under this subsection may be conditional, and may be altered or amended before the decision on the merits.").

Application of the Rule 23 criteria is independent of any consideration of the merits of the complaint. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140 (1974). There is "nothing in either the language or the history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Id.* at 177. To the contrary, "a court is bound to take the substantive allegations of the complaint as true . . . ." *Blackie v. Barrack*, 524 F.2d 891, 901 n. 17 (9th Cir. 1975).

The issue on the instant motion, therefore, is not whether the Class will prevail on the merits of the claim. Rather, the Court must decide whether this case raises common issues of law or fact, and whether unitary adjudication of these common issues is manageable and superior to the alternatives of piecemeal litigation or non-redress of claims. *See* Fed. R. Civ. P. 23.

KIRTLAND & PACKARD LLP
LAW OFFICES

1   For the reasons set forth below, application of Rule 23's requirements

2   demonstrates certification of the Class proposed is both appropriate and necessary

3   in this case.

4   **B.   All Class Claims Meet Rule 23(a) Requirements for Class**

5   **Treatment**

6       **1.   Rule 23(a) Requirements**

7   There are four prerequisites to class certification under Fed. R. Civ. P. 23(a):

8           One or more members of a class may sue or be sued as
            representative parties on behalf of all only if (1) the class
9           is so numerous that joinder of all members is
            impracticable, (2) there are questions of law or fact
10          common to the class, (3) the claims or defenses of the
            representative parties are typical of the claims or
11          defenses of the class, and (4) the representative parties
            will fairly and adequately protect the interests of the class.

12

13      **2.   The Numerosity Requirement is Satisfied in This Action**

14  Rule 23(a)(1) requires a class be sufficiently numerous to make joinder of all

15  members impracticable. Notably, joinder is not required to be impossible — merely

16  impracticable. *Smith v. Univ. of Washington Sch. of Law*, 2 F. Supp. 2d 1324, 1340

17  (W.D. Wash. 1998) citing *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909,

18  913 (9th Cir. 1964). In addition to the expected number of Class members, other

19  factors to consider include: "geographical dispersion, degree of sophistication, and

20  class members' reluctance to sue individually." *Rodriguez v. Carlson*, 166 F.R.D.

21  465, 471 (E.D. Wash. 1996). *See also Jordan v. Los Angeles*, 669 F.2d 1311, 1319

22  (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48

23  (1982).

24  Here, the numerosity requirement is easily met. Based on the number of

25  qualifying Guam taxpayers as provided in Defendants' Interrogatory responses, the

26  Class numbers in the thousands. At least 115 Guam taxpayers have paid income

27  taxes since July 22, 1998 after having been issued a defective Notice of Deficiency.

28  Additionally, at least 2,054 Guam taxpayers have paid income taxes since July 22,

LAW OFFICES
KIRTLAND & PACKARD LLP

1998 after having a Tax Lien asserted against their assets without having received an effective Notice of Lien. Further, at least 555 Guam taxpayers have paid income taxes since July 22, 1998 after having been issued a defective Final Notice/Notice of Intent to Levy. As pointed out previously, Plaintiffs contend that this number is substantially higher. Guam has arbitrarily limited its investigation and discovery responses up to and through September 22, 1999. The inquiry should have gone at least up though August 22, 2005, the date on which Guam in interrogatory number 13 states that it began serving confirming notices of liens. It is anticipated that this category will include at least serval thousand additional class member Guam taxpayers.

At a bare minimum, at least 2,724 Guam taxpayers have paid income taxes since July 22, 1998, as a result of Defendant's illegal tax collection practices. The numerosity requirement is clearly satisfied in this case.

### 3. Numerous Questions of Law and Fact Are Common to the Proposed Classes

Rule 23(a)(2) requires there be "questions of law or fact common to the class." The commonality requirement is liberally construed. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "The threshold for commonality is not high." *Mortimore v. Fed. Deposit Ins. Corp.*, 197 F.R.D. 432, 436 (W.D. Wash. 2000) citing *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). It "is satisfied when a party has engaged in a standard course of conduct which adversely affects a group of individuals and gives rise to a claim for relief." *Bjustrom v. Trust One Mgmt. Corp.*, 199 F.R.D. 346, 348 (W.D. Wash. 2001); *see also Mortimore, supra,* at 436 ("Plaintiff's allegations must arise from a common nucleus of operative fact, and the defendants must have engaged in a common course of conduct").

Here, each Class member's cause of action derives from a single course of conduct by the Government of Guam: its failure to provide Guam taxpayers with the rights afforded to taxpayers in the provisions of the Internal Revenue Code, namely,

Case 1:05-cv-00017    Document 54    Filed 03/30/2006    Page 16 of 30

1  its failure to comply with the requirements of 26 U.S.C. §§ 6212(a) and 6213(a),

2  § 6320, and § 6330. Plaintiffs and Class members all seek the same relief:  an ability

3  to submit claims for refunds of the improperly collected taxes and to recover the

4  improperly collected taxes owed them by the Government of Guam.  Further, "[c]lass

5  treatment is not precluded by the fact determination of the refund amount might

6  require individualized assessment." *Appoloni v. U.S.*, 218 F.R.D. 556, 562 (W.D.

7  Mich. 2003) (certifying tax refund action for class treatment.)  The application of the

8  governing federal and Guam statutes to these claims is uniform.  All claims in this

9  case raise uniform issues of law.  The common issues include but are not limited to

10  the following:

11     a.   Whether the Notices of Deficiency sent to Plaintiffs by the Government

12         of Guam after July 22, 1998 are void;

13     b.   Whether the Notices of Lien sent to Plaintiffs by the Government of

14         Guam after July 22, 1998 are void;

15     c.   Whether the Final Notices/Notices of Intent to Levy sent to Plaintiffs by

16         the Government of Guam after July 22, 1998 are void;

17     d.   Whether the members of the class who paid taxes pursuant to Notices

18         of Deficiency are entitled to refunds of amounts paid pursuant to

19         Notices of Deficiency that did not contain the notice provisions required

20         by § 6212(a);

21     e.   Whether the members of the class who paid taxes pursuant to Notices

22         of Lien are entitled to refunds of amounts paid pursuant to Notices of

23         Lien that did not contain the notice provisions required by § 6320(a)(3);

24     f.   Whether the liens which were filed without the required Notice of Lien

25         were void;

26     g.   Whether the embers of the class who paid taxes pursuant to liens

27         which were filed without the required Notice of Lien are entitled to

28         refunds of those taxes;

KIRTLAND & PACKARD LLP
LAW OFFICES

02078-00001  0105555.01

12

CV 05-00017

KIRTLAND & PACKARD LLP
LAW OFFICES

h.  Whether the members of the class who paid taxes pursuant to Final Notices/Notices of Intent to Levy are entitled to refunds of amounts paid pursuant to Final Notices/Notices of Intent to Levy that did not contain the notice provisions required by § 6330(a)(3);

i.  Whether the members of the class are entitled to a declaratory judgment that the Notices of Deficiency that did not contain the notice provisions required by § 6212(a) are void;

j.  Whether the members of the class are entitled to a declaratory judgment that the Notices of Lien that did not contain the notice provisions required by § 6320(a)(3) are void;

k.  Whether the members of the class are entitled to a declaratory judgment that the Final Notices/Notices of Intent to Levy that did not contain the notice provisions required by § 6330(a)(3) are void;

l.  Whether the members of the class are entitled to an injunction requiring the Government of Guam to 1) notify all taxpayers who paid taxes pursuant to the void Notices of Deficiency, Notices of Lien or Final Notices/Notices of Intent to Levy that the Notices of Deficiency, Notices of Lien and Final Notices/Notices of Intent to Levy were void and that the taxes paid pursuant to them were improperly collected, 2) provide each of these taxpayers with the appropriate form for claiming a refund of these taxes, and 3) refunding the improperly collected taxes once the claims forms are properly submitted;

m.  Whether the Government of Guam is estopped from asserting the statute of limitation as to the members of the class;

n.  Whether the statute of limitation has been tolled as to the members of the class.

The proposed class meets the commonality requirement.

///

02078-00001 0105555.01

13

CV 05-00017

## 4. The Claims of the Representative Plaintiffs Are Typical of the Claims of the Classes

Rule 23(a)(3) further requires "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "The typicality requirement . . . is closely related to the commonality requirement . . . ." *Bjustrom*, *supra*, at 349. *See also General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364 (1982).

> The . . . requirement is designed to assure that the named representative's interests are aligned with those of the class. Where there is such an alignment of interests, a named plaintiff who vigorously pursues his or her own interests will necessarily advance the interests of the class. . . .
>
> The named plaintiff's claim will be typical of the class where there is a nexus between the injury suffered by the plaintiff and the injury suffered by the class. Thus, a named plaintiff's claim is typical if it stems from the same event, practice, or course of conduct that forms the basis of the class claims and is based upon the same legal or remedial theory.

*Jordan v. County of Los Angeles*, 669 F.2d 1311, 1321 (9th Cir. 1982), *judgment vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35 (1982).

> When it is alleged that the same unlawful conduct was directed at or affected both the named Plaintiff and the class sought to be represented, the typicality requirement is usually satisfied, irrespective of varying fact patterns which underlie individual claims. *Smith*, 2 F. Supp. 2d at 1342. [T]ypicality turns on the defendant's actions toward the Plaintiff class, not particularized defenses against individual class members.

*Id.* (internal citation omitted).

Plaintiffs have claims identical as well as typical of the class members they seek to represent. All have suffered from the Government's illegal conduct in improperly collecting taxes without complying with the requirements of 26 U.S.C. §§ 6212(a) and 6213(a), § 6320, and § 6330. The claims of Plaintiffs and Class members thus arise from the same course of conduct by Defendant, are based on

Case 1:05-cv-00017     Document 54     Filed 03/30/2006     Page 19 of 30

LAW OFFICES
KIRTLAND & PACKARD LLP

1 identical legal theories, and seek the same relief. The typicality requirement is
2 clearly met.

### 5. The Named Plaintiffs and Their Counsel Will Fairly and Adequately Protect the Interests of the Class

Adequate representation depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive.

8 *Molski v. Gleich*, 318 F.3d 937, 955 (9th Cir. 2003) citing *Crawford v. Honig*, 37 F.3D
9 485, 487 (9th Cir. 1995) (amended opinion)

10 The representative Plaintiffs in this case seek to force Defendant to notify all
11 Guam taxpayers of the Government's failure to comply with the requirements of the
12 Internal Revenue Code, and to accept, process, and pay all taxpayers' proper claims
13 for refunds of the improperly collected taxes as required by law. Thus, Plaintiffs'
14 claims are coextensive with the claims asserted on behalf of the Class. Plaintiffs are
15 committed to vigorously prosecuting these actions on behalf of their respective Class
16 members.

17 Plaintiffs have also retained class counsel highly experienced in certifying,
18 litigating, trying, and settling statewide and nationwide class actions, including
19 actions involving wrongful collection and refunds of taxes, consumer fraud, unfair
20 business practices, and defective products. Plaintiff's counsel have been found by
21 both state and federal courts to be able, fair, and experienced class advocates.

### 6. Proposed Class Counsel Satisfy All of the Requirements of Rule 23(g) for Class Counsel

24 Fed. R. Civ. P. 23(g)(1)(A) require that "Unless a statute provides otherwise, a
25 court that certifies a class must appoint class counsel." Rule 24(g)(C) then provides
26 the factors the Court must consider in appointing class counsel. Proposed class
27 counsel satisfy all of these requirements.

28 ///

LAW OFFICES
KIRTLAND & PACKARD LLP

### a. The Work Counsel Has done in Identifying or Investigating Potential Claims in the Action

The Zamsky Law Firm independently identified and conceived this class action against Guam. Mr. Zamsky, has already litigated key legal issues underlying this class action in the case of *Marangi v. Gov't of Guam*, 319 F. Supp. 2d 1179 (D. Guam 2004), in which he obtained a Judgment on behalf of an individual taxpayer that taxes collected pursuant to a defective Notice of Deficiency must be refunded. Kirtland & Packard LLP was brought in to this matter by Mr. Zamsky to assist with the class action litigation due to its expertise in class actions. The firms together researched and investigated the nature, scope and details of the claims herein, and conceived and drafted a Complaint and then a First Amended Complaint that has survived 12(b)(6) challenge and has now been answered. Counsel has conceived and drafted discovery that has successfully defined the confines of the deficiencies in Guam's collection efforts, and resulted in a workable and accurate proposed class definition.

### b. Counsel's Experience in Handling Class Actions, Other Complex Litigation, and Claims of the Type Asserted in the Action

Kirtland & Packard LLP was established in 1932, and has a considerable history of representing clients in complex federal cases, consumer class actions, mass disaster litigation and MDL matters. Michael L. Kelly is a Senior Partner and is also Chairman of Kirtland & Packard LLP. Mr. Kelly is an accomplished trial attorney, who has successfully tried cases in state and Federal courts throughout the United States, and has a proven track record of successfully prosecuting class action claims. Mr. Kelly has acted as lead, worldwide and national supervising litigation counsel for several Fortune 500 companies during his 25 years of practice. This aspect of this practice has required Mr. Kelly to direct, supervise and participate in litigation in most of the 50 states, and to coordinate and direct various types of

LAW OFFICES
KIRTLAND & PACKARD LLP

1 national claims involving a wide variety of lawyers and experts. Mr. Kelly has
2 interviewed, retained, prepared, presented trial testimony by and cross-examined
3 experts from numerous fields, including scientific, business, financial, actuarial, legal,
4 medical and various aspects of the standard of care in the field of insurance.

5 Mr. Kelly has acted as lead class counsel in numerous class actions, several
6 of which have settled with substantial benefits to the class members with the last six
7 months:

8 a) *Simons v. Hewlett Packard Co.*, Orange County Superior Court Case
9 No. 04CC09646, which involved prosecution of a class action claim against HP for
10 wrongful collection of California State Sales Tax. Mr. Kelly was able to reach a
11 successful settlement of the matter which resulted in final approval by the Court, and
12 an uneventful consummation of refunds to the class.

13 b) *Opperman, et al. v. Cellco Partnership, Verizon Wireless Messaging*
14 *Services, LLC, et al.*, Los Angeles County Superior Court Case No. BC326764,
15 which resulted in a court approved settlement in which subscribers to the Verizon cell
16 phone network who had purchased a certain model phone were able to obtain
17 refunds of the costs of the phones, accessories and other fees involved in the
18 purchase and use of the phones. The total value of the refunds claimed to date is
19 nearly $18 million.

20 c) *The Great Escape Promotion Cases*, Coordination Proceeding Special
21 Title (Rule 1550(b), Los Angeles Superior Court Case No. JCCP NO. 4343. Mr.
22 Kelly was selected, by co-counsel, as co-liaison/lead counsel in this matter, a
23 proceeding involving 17 class action lawsuits throughout the State of California which
24 were ordered consolidated and coordinated by the California Judicial Counsel. A
25 proposed settlement in this matter has received preliminary approval by the court,
26 and will provide up to $44 million in benefits to participants in a grocery store
27 promotion in which participation dwarfed the amount of rewards that had been made
28 available.

17

1    Kirtland & Packard LLP has represented parties in such notable complex
2    litigation matters as: *In re San Juan Dupont Plaza Hotel Fire Litigation*, MDL-721
3    (multiple  wrongful death, personal injury and property damage lawsuits arising from
4    hotel fire); *In re MGM Hotel Fire Litigation*, MDL-721 (multiple wrongful death,
5    personal injury and property damage lawsuit arising from hotel fire); and *Austin v.*
6    *Stringfellow* and *Newman v. Stringfellow*, California Superior Court for the County of
7    Riverside (over 5,000 individuals claiming bodily injury as a result of chemicals and
8    the Stringfellow acid pits).

9    Kirtland & Packard LLP has generated in excess of 172 published, and 12
10   unpublished, opinions over its 74 year history, including one before the U.S.
11   Supreme Court.

12   Kirtland & Packard LLP is a partnership which  prides itself on many years of
13   service to the legal community.  The firm is AV rated by Martindale-Hubbell and its
14   partners are accomplished trial attorneys who are members of such prestigious
15   groups as the American Board of Trial Advocates (ABOTA).  A complete copy of the
16   firm's resume is attached to the Declaration of Michael L. Kelly as Exhibit "A".

17                    **c.    Knowledge of the Applicable Law**

18   As indicated above, the Zamsky Law Firm identified, conceived and
19   successfully litigated the seminal case of *Marangi v. Gov't of Guam*, 319 F. Supp. 2d
20   1179 (D. Guam 2004), which serves as a cornerstone for the present class actions.
21   The Zamsky Law Firm and Kirtland & Packard LLP have performed an intense study
22   of the tax law and regulations involved in this class action claim, and accomplished to
23   date hundreds of hours of investigation and research resulting in the prosecution of
24   this claim to the point of this Motion for Class Certification.  Kirtland & Packard's
25   considerable prior class action experience has allowed the firm to move this case
26   forward with a conservation of judicial and attorney resources.
27   ///
28   ///

KIRTLAND & PACKARD LLP
LAW OFFICES

d. **The Resources Counsel Will Commit to Representing the Class.**

Kirtland & Packard LLP's diverse client base and successful and established law practice allows it the flexibility and financial freedom to devote the necessary amount of legal work and financial investment necessary to prosecute complex class actions. The firm's excellent legal talent pool and select staff of thirty-two (32) is an asset instrumental to handling complex litigation. The Zamsky Law Firm's proximate location will allow efficient administration of any remedies.

In sum, the named Plaintiffs and Class counsel readily satisfy the requirements of Rules 23 (a)(4) and 23(g).

C. **Certification of All Claims Under Rule 23(b)(1) and (2) is Appropriate**

1. **Rule 23(b) Identifies Three Alternative Sets of Criteria for Class Certification**

Once the requirements of Rule 23(a) are satisfied, an action may be maintained as a class action under Rule 23(b) if it meets any one of the following criteria:

> **(1)** the prosecution of separate actions by or against individual members of the class would create a risk of
>
> > **(A)** inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
> >
> > **(B)** adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>
> **(2)** the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> **(3)** the court finds that the questions of law or fact

LAW OFFICES
KIRTLAND & PACKARD LLP

KIRTLAND & PACKARD LLP
LAW OFFICES

1  common to the members of the class predominate over
   any questions affecting only individual members, and that
2  a class action is superior to other available methods for
   the fair and efficient adjudication of the controversy. The
3  matters pertinent to the findings include: (a) the interest of
   members of the class in individually controlling the
4  prosecution or defense of separate actions; (b) the extent
   and nature of any litigation concerning the controversy
5  already commenced by or against members of the class;
   (c) the desirability or undesirability of concentrating the
6  litigation of the claims in the particular forum; (d) the
   difficulties likely to be encountered in the management of
7  a class action.

8 Fed. R. Civ. P. 23(b).

9      When a class is certified under Rule 23(b)(1) or (2) its members are not

10 entitled to notice and an opportunity to opt out. *See* Rule 23(c)(2) (noting the

11 requirements for notice and an opportunity to opt out is only mandatory for cases

12 certified under Rule 23(b)(3)). Under the discretionary authority provided in Rule

13 23(d)(2), however, the Court has the discretion to require notice and the right to opt-

14 out even for a (b)(1) or (b)(2) class. See *Molski, supra,* at 947 (noting same).

15     **2.      This Action Meets the Definition of a Rule 23(b)(1) or (b)(2)**

16              **Class**

17     Here, the criteria for certification under 23(b)(1) and (b)(2) are easily met. The

18 primary and threshold relief Plaintiffs seek is declaratory and injunctive relief to

19 declare their right to a refund from the Government of Guam for the improperly

20 collected taxes, address issues of whether certain claims are time barred, establish a

21 procedural mechanism to claim the refunds, and to receive efficient refund of

22 improperly collected taxes found due. Thus, as required under Rule 23(b)(1)

23 prosecution of separate actions could create a risk of inconsistent adjudications, *see*

24 Rule 23(b)(1)(A). Specifically, separate actions could result in inconsistent

25 adjudications regarding whether a given plaintiff's claims are time barred. Further,

26 this action will "as a practical matter be dispositive of the interests of the other

27 members not parties." Fed. R. Civ. P. 23(b)(1)(B). It is dispositive of all class

28 members' interest in establishing a refund due to the improperly collected taxes.

02078-00001 0105555.01                    20                              CV 05-00017

KIRTLAND & PACKARD LLP
LAW OFFICES

1    In addition, this action has the characteristics of those generally recognized as
2    suitable for certification under Rule 23(b)(1), *i.e.*, it challenges the conduct or
3    practices of a defendant required by law to deal with all class members in the same
4    way, the relief sought is a combination of injunctive and monetary relief, and other
5    individual suits are reasonably expected to be filed. *See* NEWBERG ON CLASS
6    ACTIONS, Vol. 2 at 26-33 (Thompson West (2002)) (discussing characteristics of
7    practical candidates for certification under Rule 23(b)(1)(A)).

8    These claims also fit the certification category defined by Rule 23(b)(2).
9    Defendants have "acted or refused to act on grounds generally applicable to the
10   class, thereby making appropriate final injunctive relief or corresponding declaratory
11   relief with respect to the class as a whole . . . " Fed. R. Civ. P. 23(b)(2). As noted
12   above, the government conduct at issue here was uniformly applied to all class
13   members and the declaratory and injunctive relief sought will be as well. Thus, the
14   claims satisfy the 23(b)(2) criteria.

15   Courts have certified tax cases under 23(b)(2) in similar circumstances, where
16   the bulk of relief sought is declaratory and injunctive in nature. The holding in *Nelson*
17   *v. Regan,* 560 F.Supp. 1101, 1105 (D.C. Conn. 1983) *aff'd by* 731 F.2d 105, 110 (2nd
18   Cir. 1984) is instructive:

19   > An action, such as this, seeking declaratory and injunctive
20   > relief against government officials is the archetype of one
     > where class action designation is straightforward, but
21   > largely a formality. Rule 23(b)(2) authorizes maintenance
     > of a class action when "the party opposing the class has
22   > acted or refused to act on grounds generally applicable to
     > the class." That is clearly the case here. This case may
23   > be maintained as a class action, extending to those who
     > have had or will have their tax refunds intercepted and
24   > paid over to the State of Connecticut.

     Plaintiffs here are similar, because their taxes have been improperly collected and
25
     held hostage by the Government of Guam. *See also Sorenson v. Sec. of Treas.,* 752
26
     F.2d 1433, 1440 (9th Cir. 1985) *aff'd by* 475 U.S. 851, 106 S.Ct. 1600 (1986);
27
     *Oatman v. Dept. of Treasury-I.R.S.,* 34 F.3d 787, 789 (9th Cir. 1994).
28

02078-00001 0105555.01                        21                                CV 05-00017

### 3. The Fact That Plaintiffs' Claim Also Seeks Money Damages in the Form of the Actual Refund of Improperly Collected Taxes Does Not Preclude Certification under 23(b)(2).

In the Ninth Circuit:

> Class actions certified under Rule 23(b)(2) are not limited to actions requesting only injunctive or declaratory relief, but may include cases that also seek monetary damages.

*Molski, supra*, at 947 (9th Cir. 2003) quoting *Probe v. State Teachers' Ret. Sys.,* 780 F.2d 776, 780 (9th Cir. 1986). Where money damages are sought, the appropriateness of certification pursuant to Rule 23(b)(2) depends on two factors: (1) whether money damages are the predominant form of relief sought by the Plaintiffs; and (2) whether "substantial money damages are involved." *See id.* at 946-951 (discussing at length the criteria for (b)(2) certification where money damages are sought). There is no bright-line rule. Rather, the determination depends on examination of the specific facts and circumstances of each case. *Id.* at 950.

Here both tests are met. As delineated in their Amended Complaint, the relief sought by Plaintiffs in this action includes: a declaration that the Notices of Deficiency, Notices of Lien and Final Notices/Notice of Intent to Levy sent to Plaintiffs subsequent to July 22, 1998, are void; an injunction requiring the Government of Guam to 1) notify all taxpayers who paid taxes pursuant to the void Notices of Deficiency, Notices of Lien or Final Notices/Notices of Intent to Levy that the Notices of Deficiency, Notices of Lien and Final Notices/Notices of Intent to Levy were void and that the taxes paid pursuant to them were improperly collected, provision to each of these taxpayers an appropriate form for claiming a refund of these taxes, and (3) refund of the improperly collected taxes once the claim forms are properly submitted. The requests for declaratory and injunctive relief predominate both in number and substance as no monetary relief can be won absent the declaratory and injunctive relief sought.

Additionally, circumstances in this case ensure class members' due process rights will be adequately protected despite certification of a mandatory class.

LAW OFFICES
KIRTLAND & PACKARD LLP

1 Specifically, class members will have direct input as to the amount of their recovery
2 through their participation in the claims procedure secured by injunctive relief. In
3 addition, the amount of money damages due flows naturally and incidentally from the
4 declaratory and injunctive relief sought. Indeed, their calculation is formulaic and
5 governed by existing tax tables and the taxes paid by each taxpayer.

6 Further, if after all the facts are known, the Court has concerns that individual
7 damage amounts are significant enough to warrant an opt out opportunity for
8 individual class members, the Court can afford appropriate notice be given to the
9 class and provide that opportunity. *See Molski, supra,* at 951 (noting due process
10 concerns raised by (b)(2) certification of money claims can be addressed by giving
11 class members the right to opt out).

12 **4. Alternatively, Plaintiff's First Claim for Relief Meets the Requirements for Certification Under Rule 23(b)(3)**

13 If the Court perceives Plaintiff's first claim for relief for a refund of improperly
14 paid taxes as primarily a claim for money damages requiring certification pursuant to
15 Rule 23(b)(3), the court can bifurcate the claims and certify Plaintiff's first claim as a
16 (b)(3) class. Those criteria are easily met by the claims in this action.

17
18 **a. *Common Questions of Law and Fact Predominate Over Individual Issues***

19 A court should grant 23(b)(3) class certification when the question of law and
20 fact common to all Class members predominate over questions affecting only
21 individual members. Fed. R. Civ. P. 23(b)(3). The predominance inquiry tests
22 "whether proposed classes are sufficiently cohesive to warrant adjudication by
23 representation." *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 594, 117 S.Ct.
24 2231 (1997). It focuses on the relationship between common and individual issues.
25 "When common issues present a significant aspect of the case and they can be
26 resolved for all members of the Class in a single adjudication, there is clear
27 justification for handling the dispute on a representative rather then on a individual
28 basis." *Hanlon*, *supra,* at 1022 (citations and quotations omitted)

LAW OFFICES
KIRTLAND & PACKARD LLP

1  Here, the main issues presented in this case (whether the Notices of

2  Deficiency, Notices of Lien and/or Final Notices/Notices of Intent to Levy were void

3  and whether the taxes were thus improperly collected) are without question central to

4  this case. Their favorable resolution is potentially dispositive of any subsequent

5  individual trials. Thus, the predominance requirement is easily met.

<strong>b.  <em>A Class Action is Superior to a Multiplicity of<br/>Litigations as a Means of Fairly and Efficiently<br/>Adjudicating Class Members' Claims</em></strong>

8  To justify certification under 23(b)(3) this Court must find a "class action is

9  superior to other available methods for fair and efficient adjudication of the

10  controversy." "A class action may be superior if class litigation of common issues will

11  reduce litigation costs and promote greater efficiency, or if no realistic alternative

12  exists." *Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1235 (9th Cir. 1996). Thus,

13  a court must "balance, in terms of fairness and efficiency, the merits of a class action

14  against those of 'alternative available methods' of adjudication." *Georgine v.*

15  *Amchem Prods. Inc.,* 83 F.3d 610, 632 (3d Cir. 1996). Factors the Court should

16  consider in making this determination are prescribed by the Rule:

> The matters pertinent to the findings include: (A) the
> interest of members of the class in individually controlling
> the prosecution or defense of separate actions; (B) the
> extent and nature of any litigation concerning the
> controversy already commenced by or against members
> of the class; (C) the desirability or undesirability of
> concentrating the litigation of the claims in the particular
> forum; (D) the difficulties likely to be encountered in the
> management of a class action.

22  Fed. R. Civ. P. 23(b)(3).

23  Use of the class device here will conserve scarce judicial and government

24  resources. The alternative is to require thousands of Guam taxpayers to seek their

25  own counsel and individually litigate claims.

26  Further, Plaintiffs anticipate discovery will show not all Class members are on

27  Guam. Many may have migrated off island such that adjudication of their claims

28  would occur in a different forum with potentially different results. A class action is

02078-00001 0105555.01                    24                              CV 05-00017

LAW OFFICES<br/>KIRTLAND & PACKARD LLP

1 would occur in a different forum with potentially different results. A class action is
2 also appropriate if duplicative lawsuits with potentially inconsistent results can be
3 avoided. *Mortimore, supra*, at 438. Also, there is no difficulty anticipated in
4 managing a class action where determination of damages is formulaic.

5 **V.    CONCLUSION**

6      This case meets all requirements of Rule 23, and is especially well suited for
7 class treatment. For all the reasons stated herein, this Court should exercise its
8 discretion to manage what could be thousands of individual actions as a fair and
9 efficient class action. Accordingly, Plaintiffs respectfully request the Court grant
10 Plaintiff's Motion for Class Certification, designate the named Plaintiffs as Class
11 representatives for the Class, and appoint Plaintiffs' counsel as Class counsel, and, if
12 necessary, order notice be sent to Class members.

13 DATED: March ___, 2006                    ZAMSKY LAW FIRM

14

15                                    By:    _____
16                                           STEVEN ZAMSKY
                                             Attorney for Plaintiffs, Henry S.
17                                           Dacanay and Laura Lynn Dacanay
                                             and all others similarly situated

18 DATED: March 23, 2006                     KIRTLAND & PACKARD LLP

19

20                                    By:    _____
21                                           MICHAEL L. KELLY
                                             Attorney for Plaintiffs, Henry S.
22                                           Dacanay and Laura Lynn Dacanay
                                             and all others similarly situated

23

24

25

26

27

28

KIRTLAND & PACKARD LLP
LAW OFFICES

02078-00001 0105555.01                25
Case 1:05-cv-00017    Document 54    Filed 03/30/2006    Page 30 of 30          CV 05-00017