

Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
**Civil Division**
The Justice Building
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • guamattorneygeneral@hotmail.com

Attorneys for the People of Guam



FILED
DISTRICT COURT OF GUAM
APR - 7 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN DACANAY,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant. | CIVIL CASE NO. 05-00017<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO WITHDRAW AND MOTION TO CONTINUE ACTION PENDING SUBSTITUTION OF COUNSEL |

## INTRODUCTION

The Office of Attorney General has motioned the Court to reconsider its earlier denial of its Motion to Withdraw as Counsel and to continue the dates set forth in the Scheduling Order in the above-captioned case until the Department of Revenue of Taxation obtains substitute counsel because, subsequent to the Attorney General's entry of appearance in this case, a conflict of interest arose, which necessitates the Office's withdrawal from further representation.

Page 1
*Memorandum in Support of Motion for Reconsideration of Denial*
*Of Motion to Withdraw and Motion to Continue Action*
  *Pending Substitution of Counsel*
District Court of Guam Case No. 05-00017

Case 1:05-cv-00017    Document 62    Filed 04/07/2006    Page 1 of 7    ORIGINAL

## FACTUAL & PROCEDURAL BACKGROUND

On March 10, 2006, United States District Court Judge Martinez issued an Order in the matter of *Julie Babauta Santos, et al, v. Felix A. Camacho*, Civil Case No. 04-0006 (hereinafter "Judge Martinez's Order"). This order held that, when it came to issues involving the Guam Income Tax, the Governor and his delegate, the Director of Revenue and Taxation, are the Clients of the Attorney General, and the Attorney General must take direction from the Governor regarding the course of litigation in tax cases.

Prior to the issuance of this Order, on December 22, 2005, the Attorney General in his *parens patriae* capacity had filed a complaint against the Governor and the Director of Revenue and Taxation *Government of Guam v. Felix P. Camacho*, CIV05-00038 (hereinafter, "*Government v. Camacho*). This complaint did not relate to the Governor and Director of Revenue and Taxation's duties and responsibilities with respect to the Guam Income tax. Instead it related to the responsibilities and duties of the Governor and Director of Revenue with respect to conduct of appraisals for purposes of assessment of the local tax on real property. Before the Complaint in *Government v. Camacho* was filed, the Magistrate Judge in *Santos v. Camacho* had issued an Order on September 19, 2005 which held that the Attorney General's ability to represent the "public" or state interest was coextensive with his ability to represent the Governor's interest and position on issues of Guam taxes. The Attorney General undertook representation of the Government in *Government v. Camacho* based on the

Page 2
*Memorandum in Support of Motion for Reconsideration of Denial*
*Of Motion to Withdraw and Motion to Continue Action*
   *Pending Substitution of Counsel*
District Court of Guam Case No. 05-00017

Case 1:05-cv-00017   Document 62   Filed 04/07/2006   Page 2 of 7

Magistrate Judge's September 19, 2005 Order. This Magistrate Order was appealed by the Governor.

The March 10, 2006 Order overturned the September 19, 2005 Magistrate Order, by holding that the Governor and Director were Clients of the Attorney General in respect to cases involving the Guam income tax. Therefore, as a result of the March 10, 2006 Order, the Attorney General was, by judicial decision, representing the Director in sixty-five cases at the same time he was taking legal action against the Governor and Director in another case. The Attorney General's taking legal action in that one case against his own Client in sixty-five cases created a conflict for the Attorney General, insofar as he is defending the Director in sixty-five cases while simultaneously undertaking legal action against the same Client.

On March 23, 2006, the Government of Guam filed a motion to withdraw in the above-captioned case, in order to allow the Governor or his delegate, the Director of Revenue and Taxation, to appoint the counsel of their choice in this matter. The Court indicated that it was unwilling to relieve the Office of Attorney General of its obligation to represent the Government of Guam in the above-captioned matter until substitute counsel was appointed or until the Governor expressed his unwillingness to be represented by the Office of the Attorney General to the Court. Counsel for the Government indicated that a statement from the Governor on his delegate for its in-camera inspection would be provided. A statement from the Governor has not been forthcoming.

Page 3
*Memorandum in Support of Motion for Reconsideration of Denial*
*Of Motion to Withdraw and Motion to Continue Action*
  *Pending Substitution of Counsel*
District Court of Guam Case No. 05-00017

Case 1:05-cv-00017    Document 62    Filed 04/07/2006    Page 3 of 7

On April 5, 2006, the Court issued an Order noting that no further support for its motion to withdraw had been filed, and denied the Government of Guam's Motion to Withdraw, subject to later reconsideration.

## DISCUSSION

The Attorney General is the Attorney for the Government of Guam. As such, he represents the public interest as perceived by him; his clients are the people of Guam, and he has unfettered discretion to make decisions concerning the course of litigation in which he represents the Government of Guam. However, Judge Martinez's Order that the Governor and Director of the Department of Revenue and Taxation are the clients of the Attorney General has made the Attorney General's representation of the public interest versus the Governor and the Director in *Government v. Camacho*, and the Director in the other sixty-five cases a concurrent conflict of interest. The Attorney General has filed a Petition for Permission to file an Interlocutory Appeal with the Ninth Circuit Court of Appeals after receiving permission from Judge Martinez to file such an interlocutory appeal. Until such an appeal is favorably resolved in the Attorney General's favor, Judge Martinez Order renders the Attorney General's representation of the Government of Guam in this case a conflict of interest.

Rule 1.7 of the Guam Rules of Professional Conduct provides, in relevant part:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
>   (1) the representation of one client will be directly adverse to another client;
>
>   . . .

Page 4
*Memorandum in Support of Motion for Reconsideration of Denial*
*Of Motion to Withdraw and Motion to Continue Action*
  *Pending Substitution of Counsel*
District Court of Guam Case No. 05-00017

Case 1:05-cv-00017    Document 62    Filed 04/07/2006    Page 4 of 7

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client.

. . .

(4) each affected client gives informed consent, confirmed in writing.

Comment (6) to Rule 1.7 provides, in relevant part:

Thus absent consent, a lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter, even when the matters are wholly unrelated. The client as to whom the representation is directly adverse is likely to feel betrayed, and the resulting damage to the client-lawyer relationship is likely to impair the lawyer's ability to represent the client effectively. In addition, the client on whose behalf the adverse representation is undertaken reasonably may fear that the lawyer will pursue that client's case less effectively out of deference to the other client, i.e. that the representation may be materially limited by the lawyer's interest in retaining the current client.

Although a statement from the Governor expressing his unwillingness to be represented by the Attorney General in this action has not been forthcoming, the conditions set forth in Rule 1.7(a) and (b) for continued representation by the Office of Attorney General in this case have not been met. First, the suit by the Government of Guam against the Governor and Director in Civil Case No. CV05-00038, in which the Attorney General is representing the public interest while still representing the Director in sixty-five tax cases creates a conflict within the meaning of Rule 1.7. Second, although the Governor has not expressed his unwillingness to be represented by the Attorney General in this case, the Attorney General himself does not believe, within the meaning of Rule 1.7(b)(1), that he will be able to provide competent and diligent representation to each affected client, because he is mounting an

Page 5
*Memorandum in Support of Motion for Reconsideration of Denial*
*Of Motion to Withdraw and Motion to Continue Action*
  *Pending Substitution of Counsel*
District Court of Guam Case No. 05-00017

Case 1:05-cv-00017    Document 62    Filed 04/07/2006    Page 5 of 7

Interlocutory Appeal of the Order re: Objections to Magistrate Order of September 29, 2005, filed on March 10, 2006 in *Julie Babauta Santos, et al. v. Felix P. Camacho*, Civil Case No. 04-00006.

Finally, although this Court earlier denied a motion to withdraw brought by the Attorney General in the above-captioned case, the Attorney General believes the circumstances set forth in this Memorandum are grounds for reconsideration of the earlier denial under Local Rule 7.1(i)(3), in light of the court's authority to take judicial notice of the records of *Julie Babauta Santos, et al. v. Felix P. Camacho*, CV Case No. 04-0006 and *Government of Guam v. Felix P. Camacho*, CIV05-0038.

## CONCLUSION

The Guam Rules of Professional Conduct and the U.S. district court's recent holding in *Santos* mandate that the Attorney General not represent government of Guam agencies and the Governor in situations where to do so would represent a conflict of interest. Currently, the Attorney General is taking action against the Director of Tax and Revenue and the Governor in a case involving real property tax appraisals. To continue to represent the Directors and the

/ / / / /

/ / / / /

/ / / / /

Page 6
*Memorandum in Support of Motion for Reconsideration of Denial Of Motion to Withdraw and Motion to Continue Action Pending Substitution of Counsel*
District Court of Guam Case No. 05-00017

Case 1:05-cv-00017   Document 62   Filed 04/07/2006   Page 6 of 7

Governor in other matters would present an actual conflict of interest, and it is for this reason that the Attorney General must remove himself from further representation in this case and requests a Continuance of the dates set forth in the Scheduling Order of this action until the Governor can find substitute counsel.

Dated this 6th day of April, 2006.

OFFICE OF THE ATTORNEY GENERAL<br>
**Douglas B. Moylan, Attorney General**

*/s/ Joseph A. Guthrie*<br>
JOSEPH A. GUTHRIE<br>
Deputy Attorney General<br>
Solicitors Division

Page 7
*Memorandum in Support of Motion for Reconsideration of Denial*
*Of Motion to Withdraw and Motion to Continue Action*
  *Pending Substitution of Counsel*
District Court of Guam Case No. 05-00017

Case 1:05-cv-00017   Document 62   Filed 04/07/2006   Page 7 of 7