DISTRICT COURT OF GUAM

TERRITORY OF GUAM

ORIGINAL

| | |
|---|---|
| HENRY S. DACANAY and<br>LAURA LYNN DACANAY,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant. | Civil Case No. 05-00017<br><br><br><br>ORDER<br>Denying Motion for Reconsideration<br>and Motion to Continue |

On March 23, 2006, the Office of the Attorney General of Guam (the "Attorney General") filed a motion to withdraw as counsel for the defendant Government of Guam. (Docket No. 47.) On April 5, 2006, the Court denied the motion to withdraw, but indicated that it may reconsider said ruling if and when the Attorney General presented further justification for its request. (Order, Docket No. 60.)

On April 7, 2006, the Attorney General filed the instant Motion for Reconsideration and Motion to Continue Action Pending Substitution of Counsel (Docket No. 61). Subsequently thereafter, the Plaintiffs filed an Opposition to the Attorney General's motion. (Docket No. 64.) The Court finds that oral argument on this matter is not necessary, and accordingly issues the following Order denying the Attorney General's dual motions.

**DISCUSSION**

In his motion for reconsideration, the Attorney General asserted that the Court failed to consider material facts which necessitated the Attorney General's withdrawal from this action.

In particular, the Attorney General stated that a conflict of interest existed because his office is presently suing the Governor of Guam and the Director of the Department of Revenue and Taxation ("DRT") in a separate unrelated action – Civil Case No. 05-00038 (the "Real Property Tax Assessment case"). Additionally, the Attorney General reiterated his position that Judge Martinez's ruling in Civil Case No. 04-00006 (the "Santos EITC case"), although objected to by the Attorney General, required his immediate withdrawal from this action.

Pursuant to Local Civil Rule 7.1(i), a party may seek the reconsideration of a decision by the Court. Specifically, Rule 7.1(i) provides:

> **Motion for Reconsideration**. A motion for reconsideration of the decision on any motion may be made only on the grounds of
>
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
>
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
>
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
>
> <u>No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.</u>

Local Civ. R. 7.1(i) (emphasis added).

With regard to the Attorney General's assertion that his action against the Governor and the DRT Director – the Real Property Tax Assessment case – was a material fact which this Court failed to consider, the Court notes that the Attorney General neither raised this issue in his original moving papers nor at the March 24, 2006 hearing. The first time the Attorney General raised this issue was in his motion for reconsideration. The Real Property Tax Assessment case has been pending since December 2005. The pendency of said case was not a material fact that occurred after the Court denied the motion to withdraw, nor was it a material fact that in the exercise of reasonable diligence could not have been known to the Attorney General. The fact is that the Attorney General knew about this issue when he first filed his motion to withdraw, but

///

///

for some unknown reason, failed to raise it before now.[1]

With regard to the Santos EITC ruling, the Attorney General attempts merely to repeat his prior argument in support of his original motion. Essentially, the Attorney General is asking the Court to re-think what it has already thought through. This is clearly forbidden by Local Rule 7.1(i). Accordingly, the Court finds no basis to reconsider its prior decision.

Motions to reconsider are appropriate only in rare circumstances:

> The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court. Such problems rarely arise and the motion to reconsider should be equally rare.

Urtuzuastegui v. U.S., 2001 WL 175940, *1 (D. Ariz. 2001) (citations omitted). The facts as presented in the Attorney General's motion does not persuade the Court that this is one of those rare cases where reconsideration of the Court's decision is warranted.

## CONCLUSION

As noted above, the Attorney General's motion for reconsideration neither discloses any new material facts or law that occurred after the Court's decision or that in the exercise of reasonable diligence could not have been known to the Attorney General. Nor does the motion for reconsideration reveal any manifest error of law in the Court's ruling. Because the Court

///

///

///

---

[1] Even if the Court excused the Attorney General's failure to raise the Real Property Tax Assessment case as a ground for his withdrawal when he filed the original motion, the Court nonetheless finds that said case does not present appropriate grounds for withdrawal absent a statement from the Governor or the DRT Director that either desires counsel other than the Attorney General to represent them in this case. As the Court has recognized in its prior rulings in other cases, the Attorney General has the dual role and responsibility of not only representing the public interest but also of representing the instrumentalities of the government. The mere fact that the Attorney General is suing the Governor and the DRT Director in an action completely separate and unrelated to this present case does not create a conflict of interest that requires the Attorney General's withdrawal from this case.

does not find that the Attorney General has made any showing justifying the relief sought, the Court must DENY the Attorney General's motion for reconsideration and motion to continue.

SO ORDERED this 13th day of April 2006.

_____
JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge