SHANNON J. TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-6666

EDUARDO CALVO, ESQ.
ARTHUR B. CLARK, ESQ.
DANIEL M. BENJAMIN, ESQ.
MATTHEW BORDEN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for *Felix P. Camacho, Governor of Guam*

FILED
DISTRICT COURT OF GUAM
APR 24 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN DACANAY,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant. | Civil Case No. CIV05-00017<br><br>**RESPONSE OF THE GOVERNOR OF GUAM, AS AUTHORIZED REPRESENTATIVE OF THE GOVERNMENT OF GUAM, TO PLAINTIFFS' OBJECTION TO THE GOVERNOR'S APRIL 17 FILING** |

*CIVIL CASE NO. 05-00017*

ORIGINAL

The Governor of Guam respectfully submits this response to plaintiffs' objection to the Governor's April 17, 2006 filing.

The primary point of that filing was that the Governor has lost faith in the Attorney General as counsel in this matter and wished to replace him with conflicts counsel. The plaintiffs' primary objection is that the Court issued an Order on April 13 denying the Attorney General's motion for reconsideration of his motion to withdraw from this case. Plaintiffs have forgotten that the Governor's conflicts counsel is not yet on the service list for this case. Thus, counsel had not received the Court's Order denying the Attorney General's reconsideration motion.

That said, the April 13, 2006 Order denying the Attorney General's Motion for Reconsideration stated that the Court would not replace Attorney General as counsel *unless the Governor or Director of DRT so asked*. (Order at 3 n.1).[1] The Governor's April 17 filing was just such a request, and thus consist with the standard established in the Order for permitting substitution. At this point, there is no reason to deny substitution.

Plaintiffs also object to the Governor's request for a thirty day stay of this case upon substitution. When that request was made in the Governor's April 17 filing, it also was made without knowledge of the Court's April 13, 2006 Order that moved the schedule on class certification.

Although now aware of that Order, the Governor continues to ask for such a thirty day stay. So far, Governor's counsel only has had an opportunity to review the Court's public file. But based on this, there are concerns with how this case has been defended. These concerns may or may not be addressed once Governor's counsel has the complete client file on this matter and a better understanding of why certain determinations were made.

In particular, the Governor notes that some of the statute of limitations, class certification, and exhaustion issues in this case have potential overlap with the *Santos* case from which the

---

[1] In determining to request the Attorney General's removal from this case, the Governor in no way disagrees with the Court's decision in its April 13, 2006 Order denying reconsideration that the Attorney General should not have been withdrawing from this case absent consent of the Governor or Director of DRT.

*CIVIL CASE NO. 05-00017*

1

Attorney General was disqualified. Given that past history, it is cause for some alarm that the Attorney General, after filing an initial motion to dismiss, did not contest the amended complaint in this action (instead filing an answer) or raise certain defenses and other issues in a summary judgment motion. The Governor's counsel also is unaware of whether discovery was taken by the Government (such as, for example, a deposition of the plaintiffs to determine their adequacy as putative class representatives).

The Governor is not asking the Court to determine yet whether these issues can now be raised. But he is asking that his counsel at least have the opportunity to present such issues to the Court, once they receive the complete file in this action from the Attorney General and have an opportunity to examine the defense thus far offered.

Thus, the Governor asks that the case be stayed for thirty days while his counsel receives adequate time to examine the issues and case file. Following the stay, the motion for certification can be placed back on calendar with a new briefing and hearing schedule together with any other motions the Governor may believe should be filed to protect the interests of the Government.

Plaintiff also object that the Governor is acting improperly in not filing a motion requesting a thirty day extension and stay. However, until a substitution of counsel is entered, formal motion practice beyond simply requesting a substitution (and stay based on the substitution) might be seen as improper. That said, if the Court prefers, upon substitution, a formal ex parte stay and motion to shorten time can be filed. But, since the issue has already been briefed, the Court may also quite reasonably decide it is unnecessary and grant the stay now, especially given that plaintiffs have identified no specific prejudice this stay will cause.

Dated this 24th day of April, 2006.

OFFICE OF THE GOVERNOR OF GUAM
CALVO & CLARK, LLP
Attorneys at Law
Attorneys for *Felix P. Camacho, Governor of Guam*

By: _____
**EDUARDO A. CALVO**

*CIVIL CASE NO. 05-00017*

2