1    **SHANNON J. TAITANO, ESQ.**
    **OFFICE OF THE GOVERNOR OF GUAM**

2    Ricardo J. Bordallo Governor's Complex

3    Adelup, Guam 96910
    Telephone:    (671) 472-8931

4    Facsimile:    (671) 477-6666

5    **EDUARDO A. CALVO, ESQ.**
    **DANIEL M. BENJAMIN, ESQ.**

6    **CALVO & CLARK, LLP**

7    Attorneys at Law
    655 South Marine Corps Drive, Suite 202

8    Tamuning, Guam 96913
    Telephone:    (671) 646-9355

9    Facsimile:    (671) 646-9403

10    Attorneys for *the Government of Guam*

11

FILED

DISTRICT COURT OF GUAM

JUN 16 2006

MARY L.M. MORAN
CLERK OF COURT

12    IN THE UNITED STATES DISTRICT COURT
    DISTRICT OF GUAM

13

14    HENRY S. DACANAY and LAURA LYNN
    DACANAY,

15

16                Plaintiffs,

17      vs.

18    GOVERNMENT OF GUAM,

19                Defendant.

Civil Case No. CIV05-00017

**DECLARATION OF DANIEL M. BENJAMIN IN SUPPORT OF THE GOVERNMENT OF GUAM'S OPPOSITION TO MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

20

21

22

23

24

25

26

27

28

*CIVIL CASE NO. 05-00017*
{G0012947.DOC:1}

ORIGINAL

I, Daniel M. Benjamin, declare:

1.     I am an attorney at Calvo & Clark, LLP, counsel of record for defendant the Government of Guam in this matter. I make this declaration on personal knowledge, and if called as a witness, I could and would testify thereto.

2.     Attached as Exhibit 1 is a true and correct copy of the June 12, 2006 Removal Order by the Supreme Court of Guam removing Mr. Zamsky, opposing counsel in this matter, from the Guam Bar for non-payment of dues.

3.     Attached as Exhibit 2 is a true and correct copy of First Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1 filed on March 17, 2006.

4.     Attached as Exhibit 3 is a true and correct copy of Second Set of Answers to Plaintiff's Interrogatories to Defendant filed March 17, 2006.

5.     Attached as Exhibit 4 is a true and correct copy of Government of Guam's Responses and Objections to Plaintiff's Interrogatories to Defendant, Set No. 2, dated June 5, 2006.

I declare under penalty of perjury pursuant to the laws of the United States and of the Territory of Guam that the foregoing declaration is true and correct.

Executed this 16th day of June, 2006 in Tamuning, Guam.

DANIEL M. BENJAMIN

*CIVIL CASE NO. 05-00017*

1

# EXHIBIT 1



FILED

SUPREME COURT
OF GUAM

# IN THE SUPREME COURT OF GUAM

| | |
|---|---|
| In the Matter of:<br><br>    **STEVEN A. ZAMSKY,**<br><br>**for Removal from the Roll of Attorneys**<br>**of the Guam Bar.** | ) )<br>)<br>)    **REMOVAL ORDER**<br>)<br>)<br>) |

This matter comes before the court pursuant to the Attorney **STEVEN A. ZAMSKY**'s failure to timely pay Guam Bar Association dues for the calendar year 2006. The Guam Bar Association Board of Governors, having provided notice to said attorney pursuant to Guam Bar Association Rule 9, has referred the aforementioned attorney to the court for removal from the roll of attorneys.

Therefore, **STEVEN A. ZAMSKY** is hereby removed from the roll of attorneys. Reinstatement may be accomplished upon petition for reinstatement to this court, payment of back dues and late fees to the Guam Bar Association and submission of a current Guam Bar Registration Form.

**SO ORDERED**, this 13th day of June, 2006.

                             F. PHILIP CARBULLIDO
                                 Chief Justice

I do hereby certify that the foregoing is a
full true and correct copy of the original on
file in the office of the clerk of the
Supreme Court of Guam

JUN 1 4 2006

By: _IMELDA B. DUENAS_
        Assistant Clerk of Court
        Supreme Court of Guam

# EXHIBIT 2

Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Solicitors Division
The Justice Building
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324  •  (671) 472-2493 (Fax)
www.guamattorneygeneral.com  •  guamattorneygeneral@hotmail.com

**Attorneys for the Government of Guam**

# IN THE DISTRICT COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN DACANAY,<br><br>        Plaintiffs,<br><br>            vs.<br><br>GOVERNMENT OF GUAM,<br><br>        Defendant. | CIVIL CASE NO. CV05-00017<br><br><br>**FIRST SET OF ANSWERS TO PLAINTIFF'S INTERROGATORIES TO DEFENDANT, SET NO. 1** |

COMES NOW the Government of Guam, by and through Deputy Attorney General Joseph Guthrie and does provide the Defendant's First Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1. Attached are answers to Interrogatories 2a, 3a, 3b, 6, 7a, 8a, 11, 12, 13, 14, 14, 16a, 17a, 17b, 18, 19, and 20.

Page 1
*First Set of Answers to Plaintiff's Interrogatories*
 *To Defendant, Set No. 1*
Superior Court of Guam Civil Case No. CV05-00017

ECEIVED BY

JAN 80

...MSKY LAW FIRM

Please note that total taxes paid on the lien and levy reports will be revised to include offset payments that were omitted. Reports are being generated to answer the remaining interrogatories that are not provided herewith.

Dated this 27th day of January, 2006.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

JOSEPH A. GUTHRIE
Deputy Attorney General
Solicitors Division

Page 2
*First Set of Answers to Plaintiff's Interrogatories*
  *To Defendant, Set No. 1*
Superior Court of Guam Civil Case No. CV05-00017

## INTERROGATORY NO. 1:

How many taxpayers, since July 22, 1998, have paid INCOME TAXES anytime after having been issued a Final Notice/Notice of Intent to Levy, which did not include in simple and nontechnical terms:

    (A) the amount of unpaid tax; and

    (B) the right of the person to request a hearing during the 30-day period under paragraph

        (2): and

    (C) the proposed action by the Secretary and the rights of the person with respect to such

        action, including a brief statement which set forth-

        (i)    the provisions of [the Internal Revenue Code] relating to levy and sale of

             property; and

        (ii)   the procedures applicable to the levy and sale of the property under [the

             Internal Revenue Code]; and

        (iii)  the administrative appeals available to the taxpayer with respect to such levy

             and sale and the procedures relating to such appeals; and

        (iv)  the alternatives available to taxpayers which could prevent levy on property

             (including installment agreements under [Internal Revenue Code] Section

             6159; and

        (v)   the provisions of [the Internal Revenue Code] and procedures relating to

             redemption of property and release of liens on property.

## INTERROGATORY NO. 2:

How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after having a Tax Lien asserted against their assets, who were not issued:

a.  a Notice of Lien that specified:

   (1) the amount of unpaid tax; and

   (2) the right of the person to request a hearing during the 30-day period beginning the

   on day after the 5-day period described in paragraph (2); and

   (3) the administrative appeals available to the taxpayer with respect to such lien and

   the procedures relating to such appeals; and

   (4) the provisions of this title and procedures relating to the release of liens on

   property.

   or,

**ANSWER: 1,854 Taxpayers**

b.  a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to

   contact a local office of the taxpayer advocate and the location and phone number of the

   appropriate office.

**INTERROGATORY NO. 3:**

How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after having a

Tax Lien asserted against their assets, who were not issued:

a.  a Notice of Lien that did not specify:

   (1) the amount of unpaid tax; and

   (2) the right of the person to request a hearing during the 30-day period beginning the

   on day after the 5-day period described in paragraph (2); and

   (3) the administrative appeals available to the taxpayer with respect to such lien and

   the procedures relating to such appeals; and

(4) the provisions of this title and procedures relating to the release of liens on

property.

or,

*ANSWER*: **1,854 Taxpayers**

b.  a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to

contact a local office of the taxpayer advocate and the location and phone number of the

appropriate office.

*ANSWER*: **12 Taxpayers**

**INTERROGATORY NO. 4:**

How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after having

been issued a Notice of Deficiency which did not include a notice to the taxpayer of the

taxpayer's right to contact a local office of the taxpayer advocate and the location and phone

number of the appropriate office.

**INTERROGATORY NO. 5:**

How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after any

collection action was taken against them, which taxpayer(s) did were not issued a Notice of

Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local

office of the taxpayer advocate and the location and phone number of the appropriate office.

**INTERROGATORY NO. 6:**

What was the total amount of INCOME TAXES PAID by taxpayers, since July 22, 1998 which

have PAID the taxes anytime after having been issued a Final Notice/Notice of Intent to Levy,

which did not include in simple and nontechnical terms:

(A) the amount of unpaid tax; and

2. the right of the person to request a hearing during the 30-day period under paragraph (2); and

3. the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth-

1. the provisions of [the Internal Revenue Code] relating to levy and sale of property; and

2. the procedures applicable to the levy and sale of the property under [the Internal Revenue Code]; and

3. the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and

4. the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue Code] Section 6159; and

5. the provisions of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.

*ANSWER*: **$4,377,851.94 (Needs offset amounts to be added)**


**INTERROGATORY NO. 7:**

What is the total amount of INCOME TAXES PAID by taxpayers, since July 22, 1998, which have PAID the taxes anytime after having a Tax Lien asserted against their assets, who were not issued:

a.   a Notice of lien that specified:

(1) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

(4) the provisions of this title and procedures relating to the release of liens on property.

or,

*ANSWER*: **$23,543,953.15 (Needs offset amounts to be added)**

b.      a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

## INTERROGATORY NO. 8:

What is the total amount of INCOME TAX PAID by taxpayers, since July 22, 1998, which have PAID the taxes anytime after having been issued:

a.  a Notice of lien that did not specify:

(1) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

(4) the provisions of [the Internal Revenue Code] and procedures relating to the

release of liens on property.

or,

*ANSWER*: **$23,543,953.15 (Needs offset amounts to be added)**

b.  a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to

contact a local office of the taxpayer advocate and the location and phone number of the

appropriate office.

## INTERROGATORY NO. 9:

What is the total amount of INCOME TAXES PAID by taxpayers, who, since July 22, 1998,

PAID the taxes after having been issued a Notice of Deficiency which did not include a notice to

the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the

location and phone number of the appropriate office.

## INTERROGATORY NO. 10:

What is the total amount of INCOME TAXES PAID by taxpayers, who, since July 22, 1998,

have PAID the taxes after collection action was taken against them, which taxpayer(s) did were

not issued a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right

to contact a local office of the taxpayer advocate and the location and phone number of the

appropriate office.

## INTERROGATORY NO. 11:

When, if ever, did Guam establish a local office of the taxpayer advocate?

*ANSWER*: **10/05/04**

**INTERROGATORY NO. 12:**

When, if ever, did Guam begin including a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate in its Notice of Deficiency?

***ANSWER*:  01/10/05**

**INTERROGATORY NO. 13:**

When, if ever, did Guam begin including in its Notice of Lien all of the below:

    (1) the amount of unpaid tax; and

    (2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

    (3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

    (4) the provisions of [the Internal Revenue Code] and procedures relating to the release of liens on property.

***ANSWER*:  08/22/05**

**INTERROGATORY NO. 14:**

When, if ever, did Guam begin including in its Final Notice/Notice of Intent to Levy, in simple and nontechnical terms each of the below:

    (A) the amount of unpaid tax; and

    (2) the right of the person to request a hearing during the 30-day period under paragraph (2): and

(3) the proposed action by the Secretary and the rights of the person with respect to such

action, including a brief statement which sets forth-

>   (1) the provision of [the Internal Revenue Code] relating to levy and sale of property;
>
>   and
>
>   (2) the procedures applicable to the levy and sale of the property under [the Internal
>
>   Revenue Code]; and
>
>   (3) the administrative appeals available to the taxpayer with respect to such levy and
>
>   sale and the procedures relating to such appeals; and
>
>   (4) the alternatives available to taxpayers which could prevent levy on property
>
>   (including installment agreements under [Internal Revenue Code] Section 6159);
>
>   and
>
>   (5) the provision of [the Internal Revenue Code] and procedures relating to
>
>   redemption of property and release of liens on property.

*ANSWER*: **09/22/99**


**INTERROGATORY NO. 15:**

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES anytime after

having been issued a Final Notice/Notice of Intent to Levy, which did not include in simple and

nontechnical terms:

>   (A) the amount of unpaid tax; and
>
>   (2) the right of the person to request a hearing during the 30-day period under
>
>   paragraph (2): and

(3) the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth-

    (1) the provision of [the Internal Revenue Code] relating to levy and sale of property; and

    (2) the procedures applicable to the levy and sale of the property under [the Internal Revenue Code]; and

    (3) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and

    (4) the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue Code] Section 6159); and

    (5) the provision of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**


**INTERROGATORY NO. 16:**

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES anytime after having a Tax Lien asserted against their assets, which was not issued:

  a.  a Notice of lien that specified:

    (1) the amount of unpaid tax; and

    (2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and

the procedures relating to such appeals: and

(4) the provisions of this title and procedures relating to the release of liens on

property.

or,

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

b.  a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to

contact a local office of the taxpayer advocate and the location and phone number of the

appropriate office.

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

**INTERROGATORY NO. 17:**

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES anytime after

been issued:

a.  a Notice of lien that did not specify:

(1) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period beginning the

on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and

the procedures relating to such appeals: and

(4) the provisions of this title and procedures relating to the release of liens on

property.

or,

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

b.  a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER*:  **Taxpayer identity withheld as per GITC §6103**

**INTERROGATORY NO. 18:**

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES after having been issued Notice of Deficiency which did not include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER*:  **Taxpayer identity withheld as per GITC §6103**

**INTERROGATORY NO. 19:**

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES after any collection action was taken against them, which taxpayer was not issued a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER*:  **Taxpayer identity withheld as per GITC §6103**

**INTERROGATORY NO. 20:**

How many taxpayers, since July 22, 1998, were issued a Notice of Lien.

*ANSWER*:  **2,467 as of 08/22/05**

## INTERROGATORY NO. 21:

How many taxpayers, since July 22, 1998, were issued a Notice of Lien that specified:

    (1) the amount of unpaid tax; and

    (2) the right of the person to request a hearing during the 30-day period beginning the

        on day after the 5-day period described in paragraph (2); and

    (3) the administrative appeals available to the taxpayer with respect to such lien and

        the procedures relating to such appeals: and

    (4) the provisions of this title and procedures relating to the release of liens on

        property.

# EXHIBIT 3

Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
Solicitors Division
The Justice Building
287 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
www.guamattorneygeneral.com ● guamattorneygeneral@hotmail.com

# IN THE DISTRICT COURT OF GUAM
## HAGÅTÑA, GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN DACANAY, | CIVIL CASE NO. 05-00017 |
| Plaintiffs, | **SECOND SET OF ANSWERS TO PLAINTIFF'S INTERROGATORIES TO DEFENDANT, SET NO. 1** |
| vs. | |
| GOVERNMENT OF GUAM, | |
| Defendant. | |

COMES NOW the Government of Guam, by and through Deputy Attorney General Joseph Guthrie and does provide the Defendant's Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1. Attached are answers to Interrogatories 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21.

Dated this 17th day of March, 2006.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

JOSEPH A. GUTHRIE
Deputy Attorney General
Solicitors Division

Page 1
*Second Set of Answers to Plaintiff's Interrogatories*
*To Defendant, Set No. 1*
Civil Case No. CV05-00017

**INTERROGATORY NO. 1:**

How many taxpayers, since July 22, 1998, have paid INCOME TAXES anytime after having

been issued a Final Notice/Notice of Intent to Levy, which did not include in simple and

nontechnical terms:

    (A) the amount of unpaid tax; and

    (B) the right of the person to request a hearing during the 30-day period under paragraph

        (2): and

    (C) the proposed action by the Secretary and the rights of the person with respect to such

        action, including a brief statement which set forth-

        (i)    the provisions of [the Internal Revenue Code] relating to levy and sale of

              property; and

        (ii)   the procedures applicable to the levy and sale of the property under [the

              Internal Revenue Code]; and

        (iii)  the administrative appeals available to the taxpayer with respect to such levy

              and sale and the procedures relating to such appeals; and

        (iv)  the alternatives available to taxpayers which could prevent levy on property

              (including installment agreements under [Internal Revenue Code] Section

              6159; and

        (v)   the provisions of [the Internal Revenue Code] and procedures relating to

              redemption of property and release of liens on property.

*ANSWER:* **555 Taxpayers**

**INTERROGATORY NO. 2:**

How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after having a

Tax Lien asserted against their assets, who were not issued:

    a.  a Notice of Lien that specified:

          (1) the amount of unpaid tax; and

          (2) the right of the person to request a hearing during the 30-day period beginning the

              on day after the 5-day period described in paragraph (2); and

          (3) the administrative appeals available to the taxpayer with respect to such lien and

              the procedures relating to such appeals; and

          (4) the provisions of this title and procedures relating to the release of liens on

              property.

        or,

*ANSWER*: **2,054 Taxpayers**

    b.  a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to

       contact a local office of the taxpayer advocate and the location and phone number of the

       appropriate office.

*ANSWER:* **0 Taxpayers**

**INTERROGATORY NO. 3:**

How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after having a

Tax Lien asserted against their assets, who were not issued:

    a.  a Notice of Lien that did not specify:

          (1) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period beginning the

on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and

the procedures relating to such appeals; and

(4) the provisions of this title and procedures relating to the release of liens on

property.

or,

***ANSWER***: **2,054 Taxpayers**

b.   a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to

contact a local office of the taxpayer advocate and the location and phone number of the

appropriate office.

***ANSWER***: **1 Taxpayer**


**INTERROGATORY NO. 4:**

How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after having

been issued a Notice of Deficiency which did not include a notice to the taxpayer of the

taxpayer's right to contact a local office of the taxpayer advocate and the location and phone

number of the appropriate office.

***ANSWER:*** **115 Taxpayers**

**INTERROGATORY NO. 5:**

How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after any collection action was taken against them, which taxpayer(s) did were not issued a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER:* **59 Taxpayers**


**INTERROGATORY NO. 6:**

What was the total amount of INCOME TAXES PAID by taxpayers, since July 22, 1998 which have PAID the taxes anytime after having been issued a Final Notice/Notice of Intent to Levy, which did not include in simple and nontechnical terms:

(A) the amount of unpaid tax; and

2. the right of the person to request a hearing during the 30-day period under paragraph (2): and

3. the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth-

1. the provisions of [the Internal Revenue Code] relating to levy and sale of property; and

2. the procedures applicable to the levy and sale of the property under [the Internal Revenue Code]; and

3. the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and

4. the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue Code] Section 6159; and

5. the provisions of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.

*ANSWER:* **$4,421,607.97**

**INTERROGATORY NO. 7:**

What is the total amount of INCOME TAXES PAID by taxpayers, since July 22, 1998, which have PAID the taxes anytime after having a Tax Lien asserted against their assets, who were not issued:

a. a Notice of lien that specified:

(1) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

(4) the provisions of this title and procedures relating to the release of liens on property.

or,

*ANSWER:* **$25,497,701.27**

    b.     a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER:* **$1,426.00**

**INTERROGATORY NO. 8:**

What is the total amount of INCOME TAX PAID by taxpayers, since July 22, 1998, which have PAID the taxes anytime after having been issued:

    a.  a Notice of lien that did not specify:

        (1) the amount of unpaid tax; and

        (2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

        (3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

        (4) the provisions of [the Internal Revenue Code] and procedures relating to the release of liens on property.

        or,

*ANSWER:* **$25,497,701.27**

    b.  a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER:* **$1,426.00**

**INTERROGATORY NO. 9:**

What is the total amount of INCOME TAXES PAID by taxpayers, who, since July 22, 1998,
PAID the taxes after having been issued a Notice of Deficiency which did not include a notice to
the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the
location and phone number of the appropriate office.

*ANSWER:*  **$4,271,742.58**

**INTERROGATORY NO. 10:**

What is the total amount of INCOME TAXES PAID by taxpayers, who, since July 22, 1998,
have PAID the taxes after collection action was taken against them, which taxpayer(s) did were
not issued a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right
to contact a local office of the taxpayer advocate and the location and phone number of the
appropriate office.

*ANSWER:*  **$1,835,586.33**

**INTERROGATORY NO. 11:**

When, if ever, did Guam establish a local office of the taxpayer advocate?

*ANSWER:*  **10/05/04**

**INTERROGATORY NO. 12:**

When, if ever, did Guam begin including a notice to the taxpayer of the taxpayer's right to
contact a local office of the taxpayer advocate in its Notice of Deficiency?

*ANSWER:*  **01/10/05**

**INTERROGATORY NO. 13:**

When, if ever, did Guam begin including in its Notice of Lien all of the below:

    (1) the amount of unpaid tax; and

    (2) the right of the person to request a hearing during the 30-day period beginning the on day

        after the 5-day period described in paragraph (2); and

    (3) the administrative appeals available to the taxpayer with respect to such lien and the

        procedures relating to such appeals: and

    (4) the provisions of [the Internal Revenue Code] and procedures relating to the release of

        liens on property.

*ANSWER:* **08/22/05**


**INTERROGATORY NO. 14:**

When, if ever, did Guam begin including in its Final Notice/Notice of Intent to Levy, in simple

and nontechnical terms each of the below:

    (A) the amount of unpaid tax; and

    (2) the right of the person to request a hearing during the 30-day period under paragraph (2):

        and

    (3) the proposed action by the Secretary and the rights of the person with respect to such

        action, including a brief statement which sets forth-

        (1) the provision of [the Internal Revenue Code] relating to levy and sale of property;

           and

        (2) the procedures applicable to the levy and sale of the property under [the Internal

           Revenue Code]; and

    (3) the administrative appeals available to the taxpayer with respect to such levy and

       sale and the procedures relating to such appeals; and

    (4) the alternatives available to taxpayers which could prevent levy on property

       (including installment agreements under [Internal Revenue Code] Section 6159);

       and

    (5) the provision of [the Internal Revenue Code] and procedures relating to

       redemption of property and release of liens on property.

*ANSWER:* **09/22/99**


**INTERROGATORY NO. 15:**

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES anytime after

having been issued a Final Notice/Notice of Intent to Levy, which did not include in simple and

nontechnical terms:

    (A) the amount of unpaid tax; and

    (2) the right of the person to request a hearing during the 30-day period under

       paragraph (2): and

    (3) the proposed action by the Secretary and the rights of the person with respect to

       such action, including a brief statement which sets forth-

       (1) the provision of [the Internal Revenue Code] relating to levy and sale of

         property; and

       (2) the procedures applicable to the levy and sale of the property under [the

         Internal Revenue Code]; and

(3) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and

(4) the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue Code] Section 6159); and

(5) the provision of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

## INTERROGATORY NO. 16:

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES anytime after having a Tax Lien asserted against their assets, which was not issued:

a. a Notice of lien that specified:

(1) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

(4) the provisions of this title and procedures relating to the release of liens on property.

or,

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

b.  a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

**ANSWER: Taxpayer identity withheld as per GITC §6103**

**INTERROGATORY NO. 17:**

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES anytime after been issued:

a.  a Notice of lien that did not specify:

(1) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

(4) the provisions of this title and procedures relating to the release of liens on property.

or,

**ANSWER: Taxpayer identity withheld as per GITC §6103**

b.  a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

**ANSWER: Taxpayer identity withheld as per GITC §6103**

**INTERROGATORY NO. 18:**

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES after having been issued Notice of Deficiency which did not include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

**INTERROGATORY NO. 19:**

Please identify each taxpayer, who, since July 22, 1998, PAID INCOME TAXES after any collection action was taken against them, which taxpayer was not issued a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

*ANSWER*: **Taxpayer identity withheld as per GITC §6103**

**INTERROGATORY NO. 20:**

How many taxpayers, since July 22, 1998, were issued a Notice of Lien.

*ANSWER*: **2,518 as of 01/27/06**

**INTERROGATORY NO. 21:**

How many taxpayers, since July 22, 1998, were issued a Notice of Lien that specified:

(1) the amount of unpaid tax; and

(2) the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3) the administrative appeals available to the taxpayer with respect to such lien and the

procedures relating to such appeals: and

(4) the provisions of this title and procedures relating to the release of liens on property.

*ANSWER:*  **65 Taxpayers**

# EXHIBIT 4

1   **SHANNON J. TAITANO, ESQ.**
2   **OFFICE OF THE GOVERNOR OF GUAM**
    Ricardo J. Bordallo Governor's Complex
3   Adelup, Guam 96910
    Telephone:    (671) 472-8931
4   Facsimile:    (671) 477-6666

5   **EDUARDO A. CALVO, ESQ.**
    **DANIEL M. BENJAMIN, ESQ.**
6   **MATTHEW BORDEN, ESQ.**
7   **CALVO & CLARK, LLP**
    Attorneys at Law
8   655 South Marine Corps Drive, Suite 202
    Tamuning, Guam 96913
9   Telephone:    (671) 646-9355
    Facsimile:    (671) 646-9403
10
11  Attorneys for *Felix P. Camacho, Governor of Guam*

12              IN THE UNITED STATES DISTRICT COURT
13                      DISTRICT OF GUAM

14  HENRY S. DACANAY and LAURA LYNN          Civil Case No. CIV05-00017
15  DACANAY,

16                          Plaintiffs,

17              vs.                          **GOVERNMENT OF GUAM'S**
                                             **RESPONSES AND OBJECTIONS TO**
18  GOVERNMENT OF GUAM,                      **PLAINTIFF'S INTERROGATORIES**
                                             **TO DEFENDANT, SET NO. 2**
19                          Defendant.
20
21
22
23
24
25
26
27
28

# ORIGINAL

# **INTRODUCTION**

Defendant GOVERNMENT OF GUAM ("Defendant") submits these Responses and Objections to Plaintiff's Interrogatories to Defendant, Set No. 2. The numbers of the responses below correspond to the numbers of the Plaintiff's interrogatories and in each case, Defendant reserves the right to supplement its response to any particular interrogatory at a later time.

## **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

These responses are made solely for the purpose of this action, without waiver of, and with preservation of:

A.     The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial);

1.     The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding in this action (including trial);

2.     The right to object on any ground at any time to a future request for admission, interrogatory or a demand or request for production or document request or other discovery proceeding; and

3.     The right at any time to revise, correct, and to supplement or clarify any of the responses contained herein.

B.     The following responses (and any further responses to these interrogatories or to their subject matter) are made expressly without acknowledgment of materiality or relevance of information or documents described in the interrogatories, or that said interrogatories are in any way reasonably calculated to lead to the discovery of admissible evidence.

C. The responses given below are based upon information that has been gathered to date. Defendant has not yet completed its investigation of the facts relating to this action, has not yet completed discovery in this action, and has not yet completed its preparation for trial. Consequently, Defendant may not be in a position to provide complete responses to each request and the following responses are given without prejudice to Defendant's right to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be material. To the best knowledge of Defendant, the information given herein is true and correct at this time, but Defendant reserves the right to correct inadvertent errors or omissions, if any such errors or omissions exist or are hereafter discovered.

D. Defendant objects to each and every interrogatory, definition, and instruction, to the extent they purport to require production of information or documents incorporating or containing information that is protected by the attorney-client privilege or other privileges or exemptions, which is work product, or that is material prepared in anticipation of litigation within the meaning of the Federal Rules of Civil Procedure, upon the grounds that these matters are exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the Federal Rules of Civil Procedure, which prerequisites have not been satisfied. If one or more responses or documents are produced that violate the attorney-client privilege or any other privilege, such response or production is inadvertent and is not intended as a waiver of such privilege.

E. Defendant objects to each and every one of the subject interrogatories insofar as said interrogatories seek to elicit the legal reasoning and theories underlying the various contentions and defenses of Defendant, and further objects insofar as such interrogatories seek to compel disclosure of privileged information which constitute the work product and/or attorney-client communication of Defendant and its attorneys of record.

F.     Defendant further objects to each and every one of the interrogatories on the ground that said interrogatories are vague, confusing, compound, overbroad, and burdensome.

G.     Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these responses. The fact that any response is given to an interrogatory should not be taken as an admission, or as a concession, of the existence of any facts assumed by the interrogatory, or that Defendant's response constitutes evidence of any fact thus set forth or assumed.

H.     By making these responses, Defendant does not concede that the interrogatories propounded nor the answers given thereto, are relevant to the subject matter of this proceeding, or are reasonably calculated to lead to the discovery of admissible evidence. Defendant expressly reserves the right to object to further discovery into the subject matter of these interrogatories, and reserves the right to object to the introduction into evidence of information, documents or items produced in response to these interrogatories.

I.     Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that Defendant has responded or objected to any interrogatory or any part thereof should not be taken as an admission that Defendant accepts or admits the existence of any facts set forth or assumed by such interrogatory or that such response or objection constitutes admissible evidence. The fact that Defendant has responded to part or all of any interrogatory is not intended and shall not be construed to be a waiver by Defendant of all or any part of any objection to any interrogatory made by Defendant.

J.     Each and every one of Defendant's individual responses to the interrogatories incorporates, and is to be read in light of, this Preliminary Statement and General Objection.

# INTERROGATORIES

**Interrogatory No. 22.** How many taxpayers, since July 22, 1998, have PAID INCOME TAXES after having a levy asserted against them who were issued a Notice of Deficiency which did not include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

  **Objections:**   The interrogatory is vague and confusing.

  **Response:**   Subject to all objections, Defendant has identified 59 Guam Territorial Income Tax taxpayers from July 22, 1998 to January 10, 2005 who were issued "a Notice of Deficiency which did not include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office."

**Interrogatory No. 23.** How many taxpayers, since July 22, 1998, have PAID INCOME TAXES after having a levy asserted against them, which taxpayer(s) were not issued a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

  **Objections:**   The interrogatory is vague, confusing, and redundant with Interrogatory No. 22.

  **Response:**   Subject to all general and specific objections, Defendant has identified 59 Guam Territorial Income Tax taxpayers from July 22, 1998 to January 10, 2005 who were issued "a Notice of Deficiency which did not include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office."

**Interrogatory No. 24.** How many taxpayers, since July 22, 1998, have PAID INCOME TAXES after having a levy asserted against them anytime after having been issued:

    1.    a Notice of Lien that did not specify:

        (1)  the amount of unpaid tax; and

        (2)  the right of the person ro [sic] request a hearing during the 30-day period beginning the on [sic] day after the 5-day period described in paragraph (2); and

        (3)  the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

        (4)  the provisions of this title and procedures relating to the release of liens on property

        or,

    2.    a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

    **Objections:**    The interrogatory is vague, confusing, and compound.

    **Response:**    Subject to all general and specific objections:  As to subpart (1), Defendant has identified 1,138 taxpayers from between January 19, 1999 and August 22, 2005 who were issued notices of liens missing one or more of the four above-described characteristics.  As to subpart (2), Defendant has identified 1 taxpayer who falls within the above-described category.

**Interrogatory No. 25.**  What is the total amount of INCOME TAXES PAID by taxpayers after having a levy asserted against them who, who, since July 22, 1998, PAID the taxes after having been issued a Notice of Deficiency  which  did  not  include  a  notice  to  the  taxpayer  of  the

taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

        **Objections:**    The interrogatory is vague and confusing.

        **Response:**    Subject to all general and specific objections, the amount of taxes collected from the 59 taxpayers identified in response to interrogatory 22 was $7,766,863.22.

**Interrogatory No. 26.**  What is the total amount of INCOME TAXES PAID by taxpayers who, since July 22, 1998, have PAID the taxes after having a levy asserted against them, which taxpayer(s) were not issued a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the of the appropriate office.

        **Objections:**    The interrogatory is vague and confusing, and redundant with interrogatory 25.

        **Response:**    Subject to all general and specific objections, the amount of taxes collected from the 59 taxpayers identified in response to interrogatory 22 and 23 was $7,766,863.22.

**Interrogatory No. 27.**  What is the total amount of INCOME TAXES PAID by taxpayers after having a levy asserted against them, since July 22, 1998, which have PAID the taxes anytime after having been issued.

      2.     a Notice of Lien that did not specify:

          (1) the amount of unpaid tax; and

          (2)  the right of the person ro [sic] request a hearing during the 30-day period beginning the on [sic] day after the 5-day period described in paragraph (2); and

1         (5) the administrative appeals available to the taxpayer with respect to such lien

2 and the procedures relating to such appeals; and

3         (6) the provisions of [the Internal Revenue Code] and procedures relating to the

4 release of liens on property.

5         or,

6

7     3.    a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's

8 right to contact a local office of the taxpayer advocate and the location and phone number of the

9 appropriate office.

10    **Objections:**   The interrogatory is vague, confusing, and compound. Defendant notes

11 this interrogatory is particularly confusing because the numbering within this interrogatory skips

12 certain numbers, and Defendant is left to guess as to whether this was deliberate.

13

14    **Response:**   Subject to all general and specific objections, the amount of taxes collected

15 from the 1,138 taxpayers identified in response to interrogatory 24 was $13,052,313.96.

16

17 **Interrogatory No. 28.** Since September of 1999 has the Final Notice/Notice of Intent to Levy, or

18 its attachments been amended? If so, when? Provide a copy of such amendments.

19    **Objections:**   The interrogatory is vague, confusing, and compound. Further, the request

20 to provide a copy of any documents is improper, and should have been made as a document

21 request, not as an interrogatory.

22

23    **Response:**   Subject to all general and specific objections, since September of 1999, the

24 Final Notice/Notice of Intent to Levy, or its attachments have been amended on September 22,

25 1999 and July 5, 2005. Copies are attached hereto.

26

27

28

**Interrogatory No. 29.**   Since September, 1999 how many taxpayers have PAID TAXES following the issuance of a Final Notice/Notice of Intent to Levy?

   **Objections:**   The interrogatory is vague and confusing.   Defendant further objects because the interrogatory embraces cases of voluntary payments, offsets, and other situations where the issue of "notice(s)" issued is irrelevant as a matter of law.

   **Response:**   Subject to all general and specific objections, Defendant has identified 10,630 such taxpayers, including cases of voluntary payments, offsets, and other situations where the issue of "notice(s)" issued is irrelevant as a matter of law.

**Interrogatory No. 30.**   Since September, 1999 what is the amount of TAXES PAID after the issuance of a Final Notice/Notice of Intent to Levy?

   **Objections:**   The interrogatory is vague and confusing.   Defendant further objects because the interrogatory embraces cases of voluntary payments, offsets, and other situations where the issue of "notice(s)" issued is irrelevant as a matter of law.

   **Response:**   Subject to all general and specific objections, Defendant has identified $66,716,005.97 in payments, including cases of voluntary payments, offsets, and other situations where the issue of "notice(s)" issued is irrelevant as a matter of law.

   Dated this 5TH day of June, 2006.

                                OFFICE OF THE GOVERNOR OF GUAM
                                CALVO & CLARK, LLP
                                Attorneys at Law
                                Attorneys for *Felix P. Camacho, Governor of Guam*

                                By: _____
                                        **DANIEL M. BENJAMIN**

## VERIFICATION

I, PAUL J. PABLO, do state that I am employed as the Tax Enforcement Administrator at the Department of Revenue & Taxation and a duly authorized representative of Defendant Government of Guam in the above-entitled action. I have read the foregoing **GOVERNMENT OF GUAM'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES TO DEFENDANT, SET NO. 2** and the same are true to the best of my knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of Guam (6 G.C.A. § 4308) that the foregoing is true and correct.

Dated on this __5__ day of June, 2006

By: _____
**PAUL J. PABLO**
Tax Enforcement Administrator
Department of Revenue & Taxation
Government of Guam