Michael L. Kelly, Esq. - State Bar No. 82063
Robert M. Churella, Esq. - State Bar No. 73319
KIRTLAND & PACKARD LLP
2361 Rosecrans Ave.
4th Floor
El Segundo, CA 90245

Steven Zamsky, Esq.
ZAMSKY LAW FIRM
PMB 231
275-G Farenholt Avenue
Tamuning, Guam 96913
Telephone: (671) 686-3054
Facsimile: (671) 649-5829

Attorney for Plaintiffs Henry S. Dacanay
and Laura Lynn Dacanay
and all others similarly situated

FILED
DISTRICT COURT OF GUAM
JUN 19 2006
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

TERRITORY OF GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN DACANAY,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant. | Case No. CV 05-00017<br><br>**PLAINTIFFS' OPPOSITION TO THE GOVERNOR OF GUAM'S *EX PARTE* APPLICATION TO REQUEST THAT THE COURT PERMIT THE GOVERNMENT TO FILE A DISPOSITIVE MOTION UNDER FRCP 12(c) AND/OR FRCP 56.** |

On June 16, 2006, counsel for defendant Governor of Guam gave notice to Plaintiffs' counsel that they intended to move on Monday, June 19, 2006, *ex parte* and on shortened time to request that this Court permit the Government to file a dispositive motion under FRCP 12(c) and/or FRCP 56. Based on the fact that the deadline for dispositive motions has closed, the Court should deny defendant's *ex parte* application.

**FACTUAL BACKGROUND**

This case has been pending for over a year. On June 8, 2005, Plaintiffs filed a Complaint for Individual and Class-Action Damages and Injunctive Relief against the Government of Guam. The Government of Guam filed motions under FRCP 12(b)(1) &

02078-00001 108056.1

(6) to dismiss the Complaint on June 30, 2005. Plaintiffs then filed an Amended Complaint on October 7, 2005 which the Government of Guam answered on October 31, 2005.

On November 15, 2005, the Court set a Scheduling Order establishing the deadline for dispositive motions for April 14, 2006, and setting a trial date for June 6, 2006. Although the Scheduling Order was subsequently amended several times as a result of defendant's inability to provide discovery, the deadline for dispositive motions remained April 14, 2006.

On March 23, 2006, the Attorney General of Guam filed a Request to Withdraw as Counsel for the defendant Government of Guam. The Court denied the Attorney General's motion because the moving papers did not provide a basis for the request to be relieved as counsel. The Governor was repeatedly given the opportunity to substitute counsel by the court, but waited until April 17, 2006, to finally request that the Attorney General be removed from this case and replaced with the Governor's new counsel. On April 25, 2006, the Court issued an Order granting substitution of counsel and granting yet another request for a 30-day continuance.

Defendant's actions in regard to discovery and the substitution of counsel in this case have caused delays in the case moving forward on behalf of the Guam taxpayers. Throughout this case, the deadline for dispositive motions has been April 14, 2006, which has now passed.

**THE GOVERNMENT OF GUAM SHOULD NOT BE ALLOWED TO FILE THESE MOTIONS BECAUSE OF THE PREJUDICE TO THE RIGHTS OF GUAM TAXPAYERS**

The Government of Guam should not be allowed to now file motions under FRCP 12(c) and FRCP 56. It has had full opportunity to make these motions, but made tactical decisions not to make these motions within the times allowed for by the Scheduling Order, but to reserve them for trial. These motions could have been filed as a response to the First Amended Complaint or filed within the almost five and a half month period between the Answer and the deadline for dispositive motions, but neither was.

Defendant has delayed this case since its inception, during both discovery and in the process of substituting counsel, and its delay tactics should not be allowed to harm the rights of the Guam taxpayers.

The granting of this motion would be unfair and cause substantial prejudice to the Plaintiffs. The delays in this case that have resulted from the Defendant's litigation tactics have denied Guam taxpayers of their due process rights. The Governor of Guam was given the opportunity to choose new counsel but waited months to do so. The Government of Guam now wants to go back to the beginning with their new counsel and re-litigate this entire case. There is nothing to support allowing such action, and the Government of Guam should be held to present these alleged affirmative defenses at trial, as they chose to do early on in this litigation.

Finally, opposing counsel notes in its letter that Mr. Zamsky has recently been removed from the Guam bar. Although this is true, Mr. Zamsky's removal was due to his failure to pay bar dues, and he plans to be reinstated this week. Counsel insinuates that this affects the *pro hac vice* admissions of Mr. Kelly and Mr. Churella. Both Mr. Kelly and Mr. Churella are admitted *pro hac vice* in this matter, and remain in good standing with the State Bar of California. Furthermore, in the Ninth Circuit, *pro hac vice* counsel cannot be disqualified under procedures different or more stringent than those imposed on regular members of the district court bar, and *pro hac vice* counsel are entitled to notice and an opportunity to be heard before they can be disqualified. See *Cole v. United States Dist. Court for the Dist. of Idaho*, 366 F.3d 813, 821-822 (9th Cir. 2004).

For the foregoing reasons, the court should deny plaintiff's *ex parte* application.

Dated: June 17, 2006

KIRTLAND & PACKARD LLP

By: _____
MICHAEL L. KELLY
ROBERT M CHURELLA
Attorney for Plaintiffs, Henry S. Dacanay
and Laura Lynn Dacanay
and all others similarly situated

Zamsky Law Firm

-3-