SHANNON J. TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-6666

EDUARDO A. CALVO, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for *the Government of Guam*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN DACANAY,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant. | Civil Case No. CIV05-00017<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE DISPOSITIVE MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

FILED
DISTRICT COURT OF GUAM
JUN 20 2006
MARY L.M. MORAN
CLERK OF COURT

## NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that Defendant Government of Guam will and hereby does respectfully move this Honorable Court for leave to file a dispositive motion under Fed. R. Civ. Proc. 12(c) and Fed. R. Civ. Proc. 56 no later than seven court days after such leave is granted. This motion is supported by this motion and notice of motion, the accompanying memorandum of points and authorities, and all pleadings on file in this matter. Counsel is filing concurrently herewith an application to have this motion heard on shortened time. No oral argument is requested on this motion.

Respectfully submitted this 20th day of June, 2006.

OFFICE OF THE GOVERNOR OF GUAM
CALVO & CLARK, LLP
Attorneys at Law
Attorneys for *the Government of Guam*

By: _____
DANIEL M. BENJAMIN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

Plaintiffs Henry and Laura Lynn Dacanay ("Plaintiffs") filed this suit against the Government of Guam, seeking potentially millions of dollars on behalf of a putative class of taxpayers who paid the Guam Territorial Income Tax ("GTIT"). Their case does not allege that the taxes collected were not owed, but rather alleges that the notices sent regarding any deficiencies, liens, and levies was inadequate. Notably, the Government's recently filed June 16, 2006 opposition to class certification and accompanying declaration of Paul J. Pablo introduced facts demonstrating that Plaintiffs were not entitled to notices of deficiency for the relevant years, and that the notices of liens and levies had no effect on Plaintiffs. (*See* Docket Nos. 79, 81).

When this action was filed, the Government was represented by the Attorney General of Guam. Through that office, the Government initially prevailed on a motion to dismiss. However, Plaintiffs filed an amended complaint. The Attorney General chose (for reasons that are unclear) to file an answer at that stage. Following this, nothing further was done by the Attorney General to defend the action except to respond to Plaintiffs' discovery requests.

On March 10, 2006, in a separate, but GTIT-related case, *Santos v. Camacho* (Dist. Ct. Guam. Case No. 04-cv-00006), the Court disqualified the Attorney General from the suit and held that the Governor controlled the representation of the Government in cases involving tax refunds under the GTIT. The Court reasoned that "[t]he Attorney General should have faithfully represented the Governor in this matter and if that was impossible he should have stepped aside." *See Santos v. Camacho*, Dist. Ct. Guam. Case No. 04-cv-00006 ("March 10, 2006 "Order re: Objections to Magistrate Order of September 19, 2005") at 11.

On March 23, the Attorney General sought to withdraw as counsel for the Government in the present action. (Docket No. 47). He did so unilaterally, without the consent of his client, the Governor. Moreover, the Attorney General had not previously consulted with the Governor about the defense of case, despite the serious issues and potential impact of the suit. This is cause for further concern in light of the Attorney General's similar failure to represent the Governor's interests in *Santos* and a second EIC case, *Simpao*, Dist. Ct. Guam. Case No. 04-cv-00049.

Given this record, on April 17, the Governor requested that the Attorney General be

removed from the case and that the Governor's conflicts counsel be designated as counsel for the Government. (*See* Docket no. 71). In light of his concerns about whether the Attorney General had adequately defended the Government, the Governor also requested that the case be continued for thirty days. (*Id.*) The Governor explained the continuance was necessary to give current counsel "the opportunity to present such issues to the Court, once they have receive[d] the complete file in this action from the Attorney General and have an opportunity to examine the defense thus far offered." (Docket No. 74 at 2).

In the midst of the Attorney General's effort to withdraw, on April 14, the deadline for dispositive motions in this case passed without any motions from defendant Government of Guam—which was effectively caught without representation. (*See* Docket No. 30 (November 15, 2005, Scheduling Order) at #11). The Attorney General was focusing his energies on withdrawing from the matter, and current counsel were attempting to be admitted into the case.

On April 25, 2006, this Court relieved the Attorney General of his representation, and allowed the Governor's counsel to substitute into the action. (*See* Docket No. 75 (April 25, 2006 Order)). In addition, the Court granted the 30-day continuance, finding that "[t]he Governor's concerns about the course of this litigation appear legitimate . . ." (*Id.* at 2).

Since the Order granting the substitution, the Government's attorneys have sought to remedy the failure of the Attorney General to adequately defend this action. Counsel's investigation eventually led to the Declaration of Paul J. Pablo submitted with the opposition the opposition to class certification, which lays out in detail what occurred with regard to the Dacanays' case and why they do qualify as class members or have a claim whatsoever. (Docket No. 81). Having now had time to investigate this case, the Government believes that a dispositive motion should have been brought, and asks leave of the Court to bring such a motion.[1]

---

[1] The Government notes that this Motion for Leave and the accompanying Application to Shorten Time were originally scheduled to be filed on June 19. Due to a procedural error by counsel, the filing could not be completed with the Clerk of Court on that date. Plaintiffs, however, have already filed an opposition to the Motion for Leave dated June 19, 2006. Thus, this will permit immediate decision on the application and motion should the Court so decide, the matter having already been briefed and Plaintiffs having objected solely to the question of whether leave should be granted, and not to the matter being heard on shortened time.

## II. ARGUMENT

As the Court previously held in its April 25, 2006 Order, the Court "has the discretion to control the scheduling of motions and trials." (April 25, 2006 Order at 2). *See also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir, 1992); *FMC Corporation v. Vendo Co.*, 196 F. Supp.2d 1023 (E.D. Cal. 2002) ("The decision to modify a scheduling order is within the broad discretion of the district court."). "[S]aid discretion is always guided by fairness and reason." (April 25, 2006 Order at 2). Specifically, the Court may modify the scheduling of motions "upon a showing of good cause." Fed. R. Civ. Proc. 16(b). In determining whether "good cause" exists, courts will "consider[] the diligence of the party seeking relief. The court may also modify the pretrial schedule if it could not be met 'despite the diligence of the party seeking the extension.'" *FMC Corporation*, 196 F. Supp.2d at 1030.

### A. The Government's Diligence in Pursuing These Defenses Support a Finding of Good Cause

Here, the Government was unable to meet the April 14 deadline for dispositive motions despite its diligence because its former counsel chose to attempt to unilaterally move to withdraw after failing to protect its interests in the first place. In the weeks leading up to April 14, the Government was, for all practical purposes, unrepresented. Its former counsel, the Attorney General, was preoccupied with trying to withdraw from the matter, and failed to mount an adequate defense on behalf of the Government. (*See* Docket Nos. 47, 60, 61; *see also* Docket No. 75 (April 25, 2006 Order) at 2 (finding that "[t]he Governor's concerns about the course of this litigation appear legitimate")). Its current counsel of record were waiting to be substituted in, and did not have the authority to file any dispositive motions in this case prior to their being substituted in on April 25. And, it should be noted that it was only on March 10, 2006 that the ruling *Santos* made it clear beyond any doubt that the Governor set the policy of the Government in cases such as this one—until then the matter was subject to a lengthy litigation process in the *Santos* and *Simpao* case with which the Court is all too familiar. Thus, this motion is being brought as soon as was reasonably possible once counsel and the Government were assured that there was indeed good cause for seeking such relief from the Court.

### B. The Government's Right to an Adequate Defense Outweighs Any Potential Prejudice to Plaintiffs

Without the requested relief, the Government would be punished unfairly for the inactions of its former counsel, and suffer the irreparable harm of being stripped of the opportunity to adequately defend itself with new counsel. No one, not the parties, not the Court, would benefit from the needless expenditure of judicial, public, and private resources in taking a meritless case to trial. Nor is it in the Court or any parties' interests to have issues heard at trial that are capable of resolution through motion practice. Indeed, in their objections to the Governor's request for a continuance, Plaintiffs did not claim that the delay would be prejudicial. (*See* Docket No. 73).

Although, although Plaintiffs claimed prejudice in a recent email from counsel,[2] they have yet to explain why such prejudice would occur. Many of the issues that will be raised in the dispositive motion overlap with those raised in opposition to certification, and judicial economy thus is best served by having the motions heard together. Certainly, these are issues best heard prior to any trial, as they turn on questions of law, not fact. Indeed, some of the issues (exhaustion and statute of limitations) are jurisdictional, and therefore can be considered at any time by the Court.

Further, notwithstanding that prejudice to plaintiffs cannot form the basis for denying the Government relief, any such prejudice should be minimal. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir, 1992) ("the focus of inquiry is upon the moving party's reason for seeking modification"; "the existence or degree of prejudice" to the opposing party may supply additional reasons to deny a motion). The trial date in this case has been vacated, and the motion for class certification is still pending. And, to minimize whatever perception of possible delay there might be, the Government is prepared to file its motion seven court days after the Court issues an order granting permission to file a dispositive motion so that the motion can be heard on August 1, 2006 with the class certification motion. This would avoid any delay of this case at all.

Finally, the Government notes that it advised Plaintiffs well in advance that the Governor

---

[2] *See* Certificate of Daniel M. Benjamin in Support of the Government of Guam's Ex Parte Application, filed concurrently herewith, at Ex. 2

*CIVIL CASE NO. 05-00017*  4
{G0012990.DOC;1}

might seek such relief if warranted by the facts. In his April 24 response to plaintiff's objections to the request for a continuance, the Governor expressly raised his concern "that the Attorney General, after filing an initial motion to dismiss, did not contest the amended complaint in this action (instead filing an answer) or raise certain defenses and other issues in a summary judgment motion." (Docket No. 74 at 3). The Governor further stated that, after the continuance, the Government would seek to file any motions it "believe[s] should be filed to protect the interests of the Government." (*Id.*) The Court, finding that the Governor's concerns appeared legitimate, granted the continuance. (Docket No. 75). Granting the requested relief in this motion is thus consistent with the position the Government disclosed in advance to Plaintiffs, and consistent with the interests of justice and judicial economy. For these reasons, Defendant Government of Guam respectfully asks that it be given leave to file a dispositive motion seven court days after receiving such permission from the Court (or by such other date as the Court may select).

Respectfully submitted this 20th day of June, 2006.

OFFICE OF THE GOVERNOR OF GUAM
CALVO & CLARK, LLP
Attorneys at Law
Attorneys for *the Government of Guam*

By: _____
DANIEL M. BENJAMIN