SHANNON J. TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-6666

EDUARDO A. CALVO, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for *the Government of Guam*

FILED
DISTRICT COURT OF GUAM
JUN 20 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN DACANAY,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>　　　　　Defendant. | Civil Case No. CIV05-00017<br><br>**EX PARTE APPLICATION UNDER L.R. 7.1(j)&(k) TO SHORTEN TIME ON MOTION FOR LEAVE TO FILE DISPOSITIVE MOTION** |

## EX PARTE APPLICATION

Defendant Government of Guam hereby applies *ex parte* for an order shortening time on its concurrently filed Motion for Leave to file a Dispositive Motion (the "Motion for Leave"). In compliance with Local Rule 7.1(j)&(k), the memorandum set forth below contains the name of counsel for the opposing party, the reasons for the seeking of an ex parte order, points and authorities in support thereof, and a Certificate by Daniel M. Benjamin. As set out below, prior to bringing this application, Government counsel attempted unsuccessfully to reach a stipulation with Plaintiffs' counsel, and these papers and the Motion for Leave are being served on opposing counsel immediately after filing.

Respectfully submitted this 20th day of June, 2006.

OFFICE OF THE GOVERNOR OF GUAM
CALVO & CLARK, LLP
Attorneys at Law
Attorneys for the Government of Guam

By: _____
DANIEL M. BENJAMIN

## MEMORANDUM OF POINTS AND AUTHORITIES

The Government seeks a hearing on shortened time its Motion for Leave in the interest of judicial economy and to protect the parties from duplicative hearings regarding similar issues. As stated in the Motion for Leave, the dispositive motion that the Government seeks to file will raise numerous issues that overlap with those raised in the Government's recently filed June 16, 2006 opposition to class certification. (*See* Docket No. 79). The motion for class certification is set to be heard on August 1, 2006. (Docket No. 75). Assuming leave is granted, it would be best that it be granted soon so as to permit the dispositive motion to be heard with the class certification motion, thereby avoiding duplicative arguments. Indeed, granting (or denying) the dispositive motion is likely to have an impact on the Court's ruling on class certification and may render such motion moot. For these reasons, the Government is prepared to file its dispositive motion seven court days after being granted leave, which would permit time to complete briefing on the dispositive motion prior to the August 1, 2006 hearing (assuming the Motion for Leave is heard on shortened time). This also would ensure that the briefing of the dispositive motion will not delay this case, thereby forestalling any objection by Plaintiffs to the hearing of the dispositive motion. (*See* Certificate of Daniel M. Benjamin in Support of the Government of Guam's Ex Parte Application Under L.R. 7.1(j)&(k) to Shorten Time on Motion for Leave to file Dispositive Motion, filed herewith ("Benjamin Certificate") at ¶¶ 2-3).

In compliance with Local Rules 7.1(j)&(k), the Government notes that Plaintiffs in this action have been represented by Steven A. Zamsky, a local attorney who had been admitted to the Guam Bar, and Michael L. Kelly and Robert M. Churella, who were admitted *pro hac vice*. Their addresses are as follows:

>Steven A. Zamsky, Esq.
>Zamsky Law Firm
>PMBN 231
>255-G Farenholt Avenue
>Tamuning, Guam 96913
>
>Michael L. Kelly, Esq.
>Robert M. Churella, Esq.
>Kirtland & Packard, LLP
>2361 Rosecrans Avenue, Fourth Floor
>El Segundo, California 90245

On June 16, 2006, Government counsel informed Plaintiffs' counsel of their intent to bring this application and the Motion for Leave unless a stipulation could be reached. (Benjamin Certificate Ex. 1).[1] Mr. Kelly responded that Plaintiffs objected to the filing of a motion by the Government requesting leave to file a dispositive motion. (Benjamin Certificate Ex. 2). This ex parte application to shorten time is being served on Plaintiffs' counsel with the accompanying papers and Motion for Leave. (Benjamin Certificate ¶ 6).

Finally, the Government notes that the Motion for Leave and this application to shorten time were originally scheduled to be filed on June 19. Due to a procedural error by counsel, the filing could not be completed with the Clerk of Court on that date. Plaintiffs, however, have already filed an opposition to the Motion for Leave dated June 19, 2006. Thus, this will permit immediate decision on the application and motion should the Court so decide, the matter having already been briefed and Plaintiffs having objected solely to the question of whether leave should be granted, and not to the matter being heard on shortened time.

Dated this 20th day of June, 2006

OFFICE OF THE GOVERNOR OF GUAM
CALVO & CLARK, LLP
Attorneys at Law
Attorneys for *the Government of Guam*

By: _____
DANIEL M. BENJAMIN

---

[1] On June 10, 2006, Mr. Zamsky was removed from the Guam Bar for non-payment of dues by Order of the Guam Supreme Court. (Docket No. 80 at Ex. 1). It appears from the Order that Mr. Zamsky may still apply for reinstatement (*see id.*), and counsel understands that he intends to do so. Because he is designated local counsel, the status of Mr. Zamsky's Guam Bar membership also may affect the *pro hac* admissions of mainland co-counsel for Plaintiffs. *See* Guam Dist. Ct. Gen. R. 17.1(e). However, Plaintiffs' counsel has asserted that their *pro hac vice* appearance is not changed by Mr. Zamsky's status, and responded that they continue to represent the Dacanays. (Benjamin Certificate Ex. 2).