SHANNON J. TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-6666

EDUARDO A. CALVO, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for *the Government of Guam*

**FILED**
DISTRICT COURT OF GUAM
JUN 20 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN DACANAY,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>　　　　　　　　　Defendant. | Civil Case No. CIV05-00017<br><br>**CERTIFICATE OF DANIEL M. BENJAMIN IN SUPPORT OF THE GOVERNMENT OF GUAM'S EX PARTE APPLICATION UNDER L.R. 7.1(j)&(k) TO SHORTEN TIME ON MOTION FOR LEAVE TO FILE DISPOSITIVE MOTION** |

I, Daniel M. Benjamin, declare and certify pursuant to L.R. 17.1(k):

1. I am an attorney at Calvo & Clark, LLP, counsel of record for defendant the Government of Guam in this matter. I make this declaration on personal knowledge, and if called as a witness, I could and would testify thereto.

2. Defendant Government of Guam makes its application *ex parte* for an order shortening time on its concurrently filed Motion for Leave to file a Dispositive Motion ("Motion for Leave") in the interest of judicial economy and to protect the parties from duplicative hearings regarding similar issues.

3. The dispositive motion that the Government seeks to file will raise numerous issues that overlap with those raised with those raised in the Government's recently filed June 16, 2006 opposition to class certification. (*See* Docket No. 79). The motion for class certification is set to be heard on August 1, 2006. (Docket No. 75). Assuming leave is granted, it would be best that it be granted soon so as to permit the dispositive motion to be heard with the class certification motion, thereby avoiding duplicative arguments. Indeed, granting (or denying) the dispositive motion is likely to have an impact on the Court's ruling on class certification and may render such motion moot. This also would ensure that the briefing of the dispositive motion will not delay this case.

4. Plaintiffs in this action have been represented by Steven A. Zamsky, a local attorney who had been admitted to the Guam Bar, and Michael L. Kelly and Robert M. Churella, who were admitted *pro hac vice*. Their addresses are as follows:

>  Steven A. Zamsky, Esq.
>  Zamsky Law Firm
>  PMBN 231
>  255-G Farenholt Avenue
>  Tamuning, Guam 96913
>
>  Michael L. Kelly, Esq.
>  Robert M. Churella, Esq.
>  Kirtland & Packard, LLP
>  2361 Rosecrans Avenue, Fourth Floor
>  El Segundo, California 90245

*CIVIL CASE NO. 05-00017*

1

{G0012995.DOC;1}

5. On June 16, 2006, I informed Plaintiffs' counsel in a letter of the Government's intent to bring the application and the Motion for Leave unless a stipulation could be reached. Attached hereto as Exhibit 1 is a true and correct copy of my letter of June 16, 2006. Mr. Kelly responded that Plaintiffs objected to the filing of a motion by the Government requesting leave to file a dispositive motion. Attached hereto as Exhibit 2 is a true and correct copy of Mr. Kelly's June 19, 2006 email.

6. Immediately after its filing, I will cause this ex parte application to shorten time to be served on Plaintiffs' counsel with the accompanying papers and Motion for Leave. I note that because Plaintiffs' counsel has so requested, service will by mail; however, courtesy copies will be sent by email and facsimile to Mr. Zamsky and Mr. Kelly. The reason for this arrangement is that Mr. Zamsky does not maintain an office with regular business hours, and therefore service by hand delivery is difficult, and sometimes impossible, to effectuate.

I declare under penalty of perjury pursuant to the laws of the United States and of the Territory of Guam that the foregoing declaration is true and correct.

Executed this 20th day of June, 2006 in Tamuning, Guam.

_____
DANIEL M. BENJAMIN

# EXHIBIT 1

# CALVO & CLARK LLP

655 SOUTH MARINE CORPS DRIVE, SUITE 202
TAMUNING, GUAM 96913
P: 671.646.9355 F: 671.646.9403
WWW.CALVOCLARK.COM

writer's direct e-mail:
dbenjamin@calvoclark.com

June 16, 2006

**VIA E-MAIL: szamsky@kuentos.guam.net**
**and U.S. MAIL**

Steven A. Zamsky, Esq.
**ZAMSKY LAW FIRM**
PMBN 231
255-G Farenholt Avenue
Tamuning, Guam 96913

**VIA FACSIMILE NO. (310) 536-1001**
**and E-MAIL: MichaelLKelly@earthlink.net**

Michael L. Kelly, Esq.
**KIRTLAND & PACKARD LLP**
2361 Rosecrans Avenue, Fourth Floor
El Segundo, California 90245

RE: **HENRY S. DACANAY, ET AL. V. GOVERNMENT OF GUAM**
**DISTRICT COURT OF GUAM, CIVIL CASE NO. CIV05-00017**

Dear Counsel:

Based upon the facts uncovered in preparing the opposition to your class certification motion and other research conducted, we have determined that a dispositive motion should have been brought in this case. As you know, the only reason that one was not is that the Attorney General chose to move to withdraw just weeks before the deadline for such motions. By the time our substitution was granted, the deadline had passed.

Accordingly, if necessary, we intend to move on Monday, June 19, 2006 *ex parte* and on shortened time to request that the Court permit the Government to file a dispositive motion under FRCP 12(c) and/or FRCP 56. However, given the contents of our class certification opposition, it is our hope that you will instead agree that it is in all parties' interest to definitively resolve such issues, and that you will instead stipulate to such a filing so as to avoid burdening the Court with the procedural disagreements by the parties. We note that the hearing for such a motion can be set concurrently with the pending class certification motion, thus avoiding any delay of this case.

Finally, we must respectfully raise the question of Mr. Zamsky's bar admission. Until corrected, it obviously implicates both his ability to practice in this case and the ability of the attorneys who have been admitted *pro hac vice* based upon his admission. We certainly bear Mr. Zamsky no ill will as members of my firm have known him for a number of years. But we also cannot enter a stipulation with counsel who are not presently admitted to act in this litigation. Accordingly, if the matter of Mr. Zamsky's admission is not addressed, we ask that this letter be

# CALVO & CLARK LLP

Steven A. Zamsky, Esq.
Michael L. Kelly, Esq.
June 16, 2006
Page 2

---

forwarded to your clients so that they might provide a response *pro se*. Because we intend to file our request on Monday, we ask for your response no later than 10 a.m. Monday, June 19, 2006.

                Very truly yours,

                CALVO & CLARK, LLP

                Daniel M. Benjamin

DMB:ast

# EXHIBIT 2

**From:** Michael L. Kelly [mailto:MichaelIKelly@earthlink.net]
**Sent:** Sun 6/18/2006 2:07 PM
**To:** D Benjamin
**Cc:** Steve Zamsky; Robert Churella; Joshua Fields
**Subject:** Dacanay

Dan,

I am in receipt of your letter of June 16, 2006.

This case has been pending since June 8, 2005. The Government of Guam filed motions under FRCP 12(b)(1) & (6) to dismiss the Complaint on June 30, 2005. Plaintiffs then filed an Amended Complaint on October 7, 2005 which the Government of Guam answered on October 31, 2005.

On November 15, 2005, the Court set a Scheduling Order establishing the deadline for dispositive motions for April 14, 2006, and setting a trial date for June 6, 2006. Although the Scheduling Order was subsequently amended several times as a result of defendant's inability to provide discovery, the deadline for dispositive motions remained April 14, 2006.

The Government of Guam, because of a discretionary change in counsel, now seeks to have plaintiffs agree it can re-litigate the case, under a different strategy, and file motions under FRCP 12(c) and FRCP 56. It has had full opportunity to make these motions, but made tactical decisions not to make these motions within the times allowed for by the Scheduling Order, but to reserve them for trial. These motions could have been filed as a response to the First Amended Complaint or filed within the almost five and a half month period between the Answer and the deadline for dispositive motions, but neither was. This request would cause substantial prejudice to the plaintiffs and the class. We cannot agree to this, and will oppose any requests to the Court to allow it.

Finally, we were not aware that Mr. Zamsky had been removed from the roll of attorneys. He has assured us that he will remedy the technical problem on Monday. Mr. Zamsky's removal was due to his failure to timely pay bar dues, and he plans to be reinstated as soon as possible, hopefully today. Your insinuation that this affects the proper *pro hac vice* admissions of myself and Mr. Churella, and somehow leaves the Dacanays *pro se*, is improper. The Ninth Circuit has held, consistently, that *pro hac vice* counsel cannot be disqualified under procedures different or more stringent than those imposed on regular members of the district court bar, and *pro hac vice* counsel are entitled to notice and an opportunity to be heard before they can be disqualified. See *Cole v. United States Dist. Court for the Dist. of Idaho*, 366 F.3d 813, 821-822 (9th Cir. 2004).

Michael L. Kelly

6/19/2006