Michael L. Kelly, Esq. - State Bar No. 82063
Robert M. Churella, Esq. - State Bar No. 73319
KIRTLAND & PACKARD LLP
2361 Rosecrans Ave.
4th Floor
El Segundo, CA 90245

Steven Zamsky, Esq.
ZAMSKY LAW FIRM
PMB 231
275-G Farenholt Avenue
Tamuning, Guam 96913
Telephone: (671) 686-3054
Facsimile: (671) 649-5829

Attorney for Plaintiffs Henry S. Dacanay
and Laura Lynn Dacanay
and all others similarly situated



FILED
DISTRICT COURT OF GUAM
JUN 21 2006
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

## TERRITORY OF GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN DACANAY,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant. | Case No. CV 05-00017<br><br>PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO THE GOVERNOR OF GUAM'S *EX PARTE* APPLICATION TO REQUEST THAT THE COURT PERMIT THE GOVERNMENT TO FILE A DISPOSITIVE MOTION UNDER FRCP 12(c) AND/OR FRCP 56. |

On June 16, 2006, counsel for defendant Governor of Guam gave notice to plaintiffs' counsel that they intended to move on Monday, June 19, 2006, *ex parte* and on shortened time to request that this Court permit the Government to file a dispositive motion under FRCP 12(c) and/or FRCP 56. According to defense counsel, their own procedural error led to an inability by the Clerk of Court to complete the filing on time, and the motion for leave and *ex parte* application was not filed until June 20, 2006. Plaintiffs submit this supplemental opposition, because, having now seen the *ex parte* application, defense counsel has shown no cause, let alone any good cause, for receiving an order shortening time on this matter, or leave to file a dispositive motion.

02078-00001 108136.1

Defendant has not stated <u>any</u> facts to show that the normal 21 day notice under Local Rule 7.1 would be inadequate, and has not even indicated to either the Court or plaintiffs' counsel the shortened schedule it seeks. Due to the fact that the dispositive motion deadline has closed, and defense counsel's complete failure to establish cause for an order shortening time, in addition to the prejudice that would result to plaintiffs if defendant's requests are granted, the Court should deny defendant's *ex parte* application.

## FACTUAL BACKGROUND

Plaintiffs have already submitted an opposition to defendants' *ex parte* application detailing the procedural history of this case, and the delay that has resulted from defense counsel's deliberate litigation tactics throughout this matter.

## **THE GOVERNMENT OF GUAM SHOULD NOT BE ENTITLED TO AN ORDER SHORTENING TIME TO FILE THESE MOTIONS OR TO LEAVE TO FILE THE MOTIONS BECAUSE OF THE PREJUDICE TO THE RIGHTS OF GUAM TAXPAYERS**

The Government of Guam should not be entitled to an order shortening time on a motion for leave to file motions under FRCP 12(c) and FRCP 56. Defense counsel has not provided good cause--or any cause at all--to be entitled to an order shortening time on this motion. Such an order would <u>deny plaintiffs the statutory notice time necessary to respond to these motions</u>, and would be prejudicial to the plaintiffs' efforts to remedy the wrong that the Government of Guam has inflicted upon them and the class they seek to represent. Furthermore, defense counsel's efforts to focus on the Attorney General's withdrawal from the case seeks to divert attention from their deliberate delay tactics.

First, the Governor of Guam was given the opportunity to choose new counsel in this matter but waited months to do so.

The Attorney General could have decided to present these motions <u>before answering the Amended Complaint on October 31, 2005, or at any time during the five and a half month period between the answer and the deadline for dispositive motions on April 14, 2006.</u> He tactically chose not to do so. Defense counsel attempts to suggest

-2-

02078-00001 108136.1

that the Attorney General failed to adequately defend its client in this case. The efforts of the Attorney General, however, were part of a conscious litigation strategy to preserve their defenses for trial, and counsel's insinuations of negligence are disingenuous and baseless.

The granting of this motion would be unfair and cause substantial prejudice to the plaintiffs. Plaintiffs and the class members have been wrongfully deprived of tens of millions of dollars <u>without due process</u> due to defendant Government of Guam's failure to comply with required important tax code protections. Defendant now wishes to compound the problem by further delaying the ability of the aggrieved taxpayers to present their case for relief in this matter through belated and untimely dispositive motions. The repeated delays in this case that have resulted from the Defendant's litigation tactics have already compounded Guam's prior abuse of its taxpayers, that is, stripping them of their basic due process rights. The Government of Guam, having now seen plaintiffs' meritorious motion for class certification, seeks to derail this motion, cause further delay and overwhelm plaintiffs' counsel with its new "do it over" litigation strategy. The Government of Guam seeks to go back to the beginning with their "new counsel" and re-litigate <u>this entire case on a shortened notice basis</u> gaining a technical advantage created by its own neglect of the case. There is nothing to support allowing such action, and the Government of Guam should be held to present these alleged affirmative defenses at trial, as they chose to do early on in this litigation.

For the foregoing reasons, the Court should deny defendant's *ex parte* application.

Dated: June 20, 2006

KIRTLAND & PACKARD LLP

By: _____
MICHAEL L. KELLY
Attorney for Plaintiffs, Henry S. Dacanay
and Laura Lynn Dacanay
and all others similarly situated

Dated: June 20, 2006 ZAMSKY LAW FIRM

By: _____
STEVEN ZAMSKY
Attorney for Plaintiffs, Henry S. Dacanay
and Laura Lynn Dacanay
and all others similarly situated

KIRTLAND & PACKARD LLP
LAW OFFICES

02078-00001 108136.1

-4-