SHANNON J. TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-6666

EDUARDO A. CALVO, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for *the Government of Guam*

**FILED**
DISTRICT COURT OF GUAM
JUN 21 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

HENRY S. DACANAY and LAURA LYNN DACANAY,

Plaintiffs,

vs.

GOVERNMENT OF GUAM,

Defendant.

Civil Case No. CIV05-00017

**OBJECTION TO FILING BY COUNSEL NOT IN GOOD STANDING**

On June 19, 2006, Plaintiffs made a filing executed by Michael Kelly and counter-signed by Stephen A. Zamsky. (*See* Docket No. 83). In that filing, Plaintiffs acknowledge that Mr. Zamsky was recently removed from the Guam Bar, but claim he is seeking reinstatement. (*Id.* at 3:12-14). The filing explicitly acknowledges that Mr. Zamsky is not presently admitted to the Guam Bar. (*Id.*)

Guam Dist. Ct. Gen. R. 17.1 states that "continuing membership . . . [is] limited to . . . active members in good standing of the Territorial Bar of Guam." Therefore, it appears that at the

1

time of the June 19, 2006 filing, Mr. Zamsky could not execute the pleading or appear on the caption page.

Further, Mr. Kelly's admission is *pro hac vice*, with Mr. Zamsky as his sole designated local counsel. Guam Dist. Ct. Gen. R. 17.1(e) provides that "[a]n attorney applying to practice before this Court under subsection (d) of this Rule, shall designate an attorney who is an active member *in good standing* of the Bar of this Court, who resides in and has an office in this District, as co-counsel." (Emphasis added). Presently, it does not appear that this standard is met.

Plaintiffs' counsel has cited the case *Cole v. U.S. Dist. Ct.*, 366 F.3d 813 (9th Cir. 2004), for the proposition that a notice and hearing is required prior to the disqualification of an attorney appearing *pro hac vice*. However, that case is inapposite as it addresses the issue of disqualification and revocation of *pro hac vice* status. *Id.* at 821-22. What it does not address, however, is whether an attorney may continue to appear *pro hac vice* in knowing violation of the requirement that they have designated local counsel in good standing. Were a contrary rule applied, counsel admitted *pro hac vice* could disassociate from local counsel at any time, but appear indefinitely in the proceeding without ever correcting this matter.

The Government does not wish to have this issue interfere with the present proceedings. But it is concerned with regard to this issue, and does respectfully object to any violation of the Court's General Rules and the Guam Rules of Professional Conduct.

Respectfully submitted this 21st day of June, 2006.

OFFICE OF THE GOVERNOR OF GUAM
CALVO & CLARK, LLP
Attorneys at Law
Attorneys for *the Government of Guam*

By: _____
DANIEL M. BENJAMIN