

FILED
DISTRICT COURT OF GUAM
JUN 23 2006
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN DACANAY,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant. | Civil Case No. 05-00017<br><br>**ORDER**<br>Granting *Ex Parte* Application to Shorten Time<br>and<br>Granting Leave to File Dispositive Motion |

On June 20, 2006, the Defendant filed a Motion for Leave to File Dispositive Motion (Docket No. 84). Therein, the Defendant requested permission to file a dispositive motion beyond the April 14th deadline established in the Scheduling Order. (Docket No. 30 at ¶11.) The Defendant also filed an *Ex Parte* Application to Shorten Time (Docket No. 85), seeking to expedite the briefing schedule and hearing on its Motion for Leave to File Dispositive Motion.

The Plaintiffs filed an Opposition (Docket No. 83) and Supplemental Opposition (Docket No. 87) to the Defendant's motion and application.

The Court finds that oral argument on this matter is not necessary, and accordingly issues the following Order granting the Defendant's application and motion.

**DISCUSSION**

When this action was initiated, the Office of the Attorney General of Guam (the "Attorney General") represented the Defendant. However, following an adverse ruling against him in an unrelated, separately filed action, on March 23, 2006, the Attorney General sought to

withdraw as counsel for the Defendant in this action. The Court denied the Attorney General's motion to withdraw and further denied a subsequent motion for reconsideration. See Docket Nos. 60 & 67.

Thereafter, on April 17, 2006, the Governor of Guam filed a "Response" (Docket No. 71) to the Attorney General' motion for reconsideration, requesting that the Attorney General be removed from this case and replaced with the Governor's conflicts counsel. Additionally, the Governor requested that all pending matters be stayed for a period of 30 days to enable his new counsel to fully review the record herein.

Over the Plaintiffs' objections, on April 25, 2006, the Court granted the Attorney General's Motion to Reconsider the denial of the motion to withdraw as counsel for the Government of Guam and granted the Governor's request to substitute Shannon J. J. Taitano, Esq. and Calvo & Clark, LPP as the new counsel of record for the Defendant. (Docket No. 75.) Furthermore, finding that the Governor's concerns about the course of litigation taken by the Attorney General appear to be legitimate, and based on the fact that a short continuance would not materially prejudice the Plaintiffs, the Court granted the Governor's request for a 30-day continuance.[1] (Id.)

Following the Order granting the substitution, the Defendant's new counsel discovered that the Attorney General failed to "adequately defend this action." (Docket No. 84 at 2.) The Defendant asserted that "[h]aving now had time to investigate this case, the [Defendant] believes that a dispositive motion should have been brought [by the Attorney General]." (Id.)

The Plaintiffs oppose the Defendant's motion and contend that the Attorney General "tactically chose" not to file a dispositive motion. (Docket No. 87 at 2.) The Plaintiffs assert that "[t]he efforts of the Attorney General . . . were part of a conscious litigation strategy to preserve their defenses for trial." (Id. at 3.)

In this case, the Court issued a Scheduling Order on November 15, 2005, which

---

[1] The Court's Order thus amended the briefing schedule and hearing date on the Plaintiffs' Motion for Class Certification and Appointment of Class Counsel. The hearing on said motion was moved from June 28, 2006, to August 1, 2006.

established a deadline of April 14, 2006, for the filing of dispositive motions.[2] (Docket No. 30.) The scheduling order "controls the subsequent course of the action unless modified by subsequent order." Fed. R. Civ. P. 16(e). Additionally, Rule 16(b) provides that the "scheduling order shall not be modified except upon a showing of good cause" and by leave of Court. Fed. R. Civ. P. 16(b). This "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, it was unable to meet the timetable set forth in the order. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); Johnson, 975 F.2d at 609. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id. (citation omitted); *see also* Johnson, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification").

The Court has been unable to locate a Ninth Circuit published decision applying the "good cause" standard discussed to situations similar to that presented here where a party seeks to file a dispositive motion after the deadline established in a scheduling order. Nevertheless, other circuits have applied this standard in such an instance. *See, e.g.,* Mason v. Louisville Police Dep't, 8 Fed. Appx. 326, 328 (6th Cir. 2001) (permitting amendment to scheduling order for filing of summary judgment motion because "defendants alleged good cause for the late filing, no trial date had been set, and the delay did not cause any prejudice"); Hernandez-Loring v. Universidad Metropolitana, 233 F.3d 49, 51 (1st Cir. 2000) (finding good cause to amend scheduling order to permit filing of dispositive motions based on opponent's own discovery delays); and Jones v. Coleman co., Inc., 39 F.3d 749, 753-54 (7th Cir. 1994) (amendment to scheduling order allowed to permit filing of summary judgment motion because of "change in

---

[2] The Scheduling Order was subsequently amended in part by a Court Order issued on February 28, 2006, but the dispositive motion filing deadline remained unchanged. (Docket No. 33.)

circumstances" triggered by settlement with one of the parties). Thus, the Court will hold the Defendant to the same standard; the Defendant must establish "good cause" by showing that it was diligent or the inquiry will end.

Here, the Defendant asserts that it was unable to meet the April 14th deadline despite its diligence. The Defendant claims "[i]n the weeks leading up to April 14, [it] was, for all practical purposes, unrepresented," because the Attorney General "was preoccupied with trying to withdraw from the matter, and failed to mount an adequate defense" on its behalf. (Docket No. 84 at 3.) The Defendant further notes that its current counsel could not have filed any dispositive motions in this case prior to the Court's approval of the substitution of counsel on April 25, 2006. The Defendant contends that "this motion [was] brought as soon as was reasonably possible once counsel and the [Defendant] were assured that there was indeed good cause for seeking such relief from the Court." (Id.)

The Plaintiffs, on the other hand, refute the Defendant's claim of diligence and assert that the Attorney General tactically chose not to file any dispositive motions in order to preserve said defenses for trial. The Plaintiffs argue that permitting the Defendant to file a dispositive motion at this stage would substantially prejudice them by further delaying the proceedings.

The Court finds merit to the Defendant's claims that it acted diligently. The record herein appears to reflect that the Attorney General was more concerned about being relieved as counsel than protecting the interests of the Defendant. Contrary to the Plaintiffs' assertions, the Court finds no tactical advantage in waiting until trial to present one's affirmative defenses when the filing of a pretrial motion could potentially dispose of the need for trial. The Court thus finds that the Defendant has established good cause for modifying the Scheduling Order and permitting it to file a dispositive motion beyond the deadline established therein.

In addition, the Plaintiffs will not be substantially prejudiced by permitting the Defendant to file a dispositive motion at this stage of the proceedings. The trial herein has been vacated, so the filing of such a motion would not unduly delay the proceedings. Moreover, the Plaintiffs will have the full period of time permitted under the Local Rules of Practice to file a response to any motion filed.

Finally, while the Court's analysis above refers to a deadline of April 14 for the filing of dispositive motions, the Court questions whether April 14th is indeed the actual deadline. The Court notes that on April 12, 2006, the parties stipulated to extending the times set forth in the amended scheduling order by at least 30 days. (Docket No. 66.) Based on this stipulation, it would appear that the parties agreed to extend the deadline for filing dispositive motions from April 14 to at least May 14. In response, on April 13, 2006, the Court vacated the June 6, 2006 trial date and "all associated pretrial dates." (Order, Docket No. 68.) The Court further directed the parties to "prepare and submit a proposed amended scheduling order" following the district judge's ruling on the pending motion for class certification. (Id.) Thus, the yet-to-be-submitted proposed amended scheduling order potentially could contain a new deadline for the filing of dispositive motions. Thus, the parties' stipulation and the Court's subsequent Order calls into question the existence of a deadline for the filing of any dispositive motions.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS both the Motion for Leave to File Dispositive Motion and the *Ex Parte* Application to Shorten Time. The Defendant shall file any and all dispositive motions no later than June 30, 2006, at noon. The Plaintiffs shall file their response to any such motion no later than July 14, 2006. The Defendant may thereafter file a reply brief no later than July 20, 2006. If the Defendant files a motion, said motion shall be set for hearing on Tuesday, August 1, 2006, at 1:30 p.m. before the Honorable James Ware, United States District Judge for the Northern District of California.

Furthermore, because the Defendant has asserted that many of the issues that will be raised in the dispositive motion overlap those raised in its opposition to the motion for class certification, the Court advises the parties that it will not grant any requests to exceed the page limitations established in the Local Rules of Practice for the District Court of Guam. See Local Rule LR 7.1(g).

SO ORDERED this 23rd day of June 2006.

JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge