Michael L. Kelly, Esq. - State Bar No. 82063
Robert M. Churella, Esq. - State Bar No. 73319
KIRTLAND & PACKARD LLP
2361 Rosecrans Ave.
4th Floor
El Segundo, CA 90245

Steven Zamsky, Esq.
ZAMSKY LAW FIRM
PMB 231
275-G Farenholt Avenue
Tamuning, Guam 96913
Telephone: (671) 686-3054
Facsimile: (671) 649-5829

Attorneys for Plaintiffs Henry S. Dacanay
and Laura Lynn Dacanay
and all others similarly situated

FILED
DISTRICT COURT OF GUAM
JUL - 6 2006
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

# TERRITORY OF GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN DACANAY, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT OF GUAM, <br><br> Defendant. | Case No. CV 05-00017 <br><br> **DECLARATION OF MICHAEL L. KELLY IN SUPPORT OF PLAINTIFF'S REPLY TO GOVERNMENT OF GUAM'S OPPOSITION TO MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL** |

I, MICHAEL L. KELLY, do hereby declare as follows:

1. I am a partner in the law firm of Kirtland & Packard, LLP, counsel of record for Plaintiffs Henry S. Dacanay and Laura Lynn Dacanay in this action. The following is set forth of my own knowledge.

2. In October 2005, my firm caused to be served on counsel for Defendant, the Government of Guam, "Plaintiffs' Request for Production to Defendant's, Set No. 2." "Request for Production, No. 21" requested Defendant to produce, "Each and Every DOCUMENT that refers to or relates to Henry S. Dacanay and Laura Lynn Dacanay, created after January 1, 1997."

02078-00001 108402.1   ORIGINAL

3. In February, 2006, Defendant served its "Second Respose to Request for Production of Documents." One, Anthony G. Guerrero, with the title of "Revenue Officer" signed an index of the document production contained in its " Second Response to Request for Production of Documents," stating that, on March 20, 2003, a Final Notice [Notice of Intent to Levy] was sent [to the Dacanays] attached as Exhibit 3 to the Response. A true and correct copy of this statement is attached hereto as Exhibit "A."

4. The Final Notice/Notice of Intent to Levy, dated March 20, 2003, as attached to Defendant's "Second Response for Production of Documents" was a single page document, and did not comply with the statutory provisions of 26 U.S.C. § 6330. A true and correct copy of this statement is attached hereto as Exhibit "B."

5. The Final Notice/Notice of Intent to Levy produced did not contain any IRS Publications. This is contrary to the assertions of Defendant in its "Opposition to Motion for Class Certification and Appointment of Class Counsel," and the attached Declaration of Paul J. Pablo, where Defendant asserts on page 3, line 19, that "On or about March 20, 2003, DRT sent to the Dacanays by certified mail a "Notice of Intent to Levy" for tax year 1998...(Pablo Dec. ¶ & Ex. V) Again, standard DRT procedure was that it was accompanied by IRS Publication 594 and DRT Publication 1660, publications containing numerous facts regarding the rights of taxpayers in collection proceedings.) (*Id*. Exs. K, L)."

6. In September 2005, my firm caused to be served on counsel for Defendant, the Government of Guam, "Plaintiff's Interrogatories to Defendant, Set No. 1".

7. In February 2006, Defendant served its "Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1. A true and correct compilation of the interrogatory responses organized by Notice of Deficiency, Notice of Lien, Final Notice/Notice of Intent to Levy has been prepared by me, for the convenience of the Court, and has been attached hereto as Exhibit "C".

I declare under the laws of the United States that the foregoing is true, and that

///

this Declaration was executed this 28th day of June 2006 at El Segundo, California.

Dated: June 28, 2006

KIRTLAND & PACKARD LLP

By: _____
MICHAEL L. KELLY
Attorney for Plaintiffs, Henry S. Dacanay
and Laura Lynn Dacanay
and all others similarly situated

**EXHIBIT A**

DACANAY, Henry S. and Laura Lynn V.
PO Box ███
Barrigada, GU 96921
SSN: ███

| | |
|---|---|
| 11/16/2000 | Reviewed case and found that an amended return was filed that may result in an overpayment instead of an underpayment. Made note to HOLD collection enforcement until return is classified and processed. |
| 7/9/2002 | Taxpayers signed and agreed to the result of the Examination done by Revenue Agent, Renato Hallera. (Exhibit 1) |
| 8/8/2002 | 4549 for 12/31/98 was assessed. (Exhibit 2) |
| 2/6/2003 | Notice was sent to Taxpayers (TY53) |
| 2/21/2003 | TDA was assigned to CB12. |
| 3/20/2003 | Sent Final Notice. (Exhibit 3) |
| 3/25/2003 | Lien filed and recorded. (Exhibit 4) |
| 3/31/2003 | Received Return Certified Receipt signed by the Taxpayer on 3/28/2003. (Exhibit 5) |
| 4/4/2003 | Taxpayer (Laura Lynn) informed me that there are amended BRQ returns that were going to result in an overpayment and that the overpayment would offset to the 4549 liability. Contacted Supervisor, Janice Benavente, who informed me that the amended returns would close the outstanding liability for 4549 12/31/98 and to hold off any collection enforcement. Directed Taxpayer to see Ms. Benavente on the processing of these amended returns. |
| 4/4/2003 | Release Lien based on the information received by Ms. Benavente. (Exhibit 6) |
| 6/10/2005 | Received Summons from the U.S. District Court. (Exhibit 7)<br>Attachment to Summons: **Complaint for Individual and Class-Action Damages and Injunctive Relief (Civil Case No. CIV05-00017)** |
| 6/15/2005 | Obtained copies of 1040 – 12/31/98 filed on 4/15/99 (Exhibit 8)<br>    1040X – 12/31/98 filed on 8/4/2000<br>    4549 – 12/31/98 signed 6/3/2002 |

Researched the Department of Land Management to obtain copy of Lien that was mentioned filed by our department on 6/28/2000. The only lien filed against the taxpayers was filed on 3/25/2003 and released on 4/4/2003.

*[signature]*
ANTHONY C. GUERRERO (CB12)
REVENUE OFFICER

DACANAY, Henry S. and Laura Lynn V.
PO Box ▉
Barrigada, GU 96921
SSN: ▉

CIVIL CASE NO. 05-00017

**PARAGRAPH 1**
12/31/1999 1040 assessed 6/28/00
Notice mailed out 10/2/00 - Return Receipt signed by taxpayer.

12/31/1998 4549 assessed 8/8/2002.
Notice mailed out 2/6/2003 – Return Receipt signed by taxpayer on 3/28/03.

Final Notice – Government of Guam may File a Lien or Levy their Account. Notice was sent to taxpayer and the received by taxpayer.

**PARAGRAPH 2**
Taxpayer claims they did not receive the Notice, IRC 6212(A).
Certified Mail received 10/26/2000 and 3/28/03.

**PARAGRAPH 3**
Notice was mailed out 10/2/2000 and 3/20/2003.

**PARAGRAPH 4**
Final Notice was mailed out 10/2/2000 and 3/20/2003.

**PARAGRAPH 5**
Final Notice was mailed out 10/2/2000 and 3/20/2003.

**PARAGRAPH 6**
S Corporation defined.

**PARAGRAPH 7**
Plaintiffs Henry S. Dacanay and Laura Lynn Dacanay.

**PARAGRAPH 8**
Defendant Government of Guam.

**PARAGRAPH 9**
Final Notice was mailed out.
Return Receipt signed.

**PARAGRAPH 10**
Return Receipt signed.

**PARAGRAPH 11**
Final Notice was mailed out on 10/2/2000 and 3/20/2003.

**PARAGRAPH 12**
Plaintiffs signed Return Receipt for Final Notice.

**PARAGRAPH 13**
Final Notice mailed out on 10/2/2000 and 3/20/2003.

**PARAGRAPH 14**
Taxpayers Advocate established on January 2005.

**PARAGRAPH 15**
Taxpayer Advocate established on January 2005.

**PARAGRAPH 16**
Court Case Marangi vs. Government of Guam.

**PARAGRAPH 17**
Final Notice was mailed on 10/2/2000 and 03/20/2003.

**PARAGRAPH 18**
Final Notice was mailed out on 10/2/2000 and 03/20/2003.

**PARAGRAPH 19**
Final Notice does have the word we may file a Tax Lien.

**PARAGRAPH 20**
Notice mailed out on 10/2/2000 and 3/20/2003.

**PARAGRAPH 21**
Taxpayer letting us know that Section 6320(a)(3) is in force on Guam.

**PARAGRAPH 22**
No Lien was filed on the year 2000.

**PARAGRAPH 23**
No Lien on filed on the taxpayer.

**PARAGRAPH 24**
Notice 6330 was sent out.

**PARAGRAPH 25**
Notice 6330(a) was sent out.

**PARAGRAPH 26**
Notice was sent out.

**PARAGRAPH 27**
Notice was sent out.

**PARAGRAPH 28**
No copy of Notice 6330(a)(3) was mailed out.

**PARAGRAPH 29**
12/31/98 4549 was assessed 8/08/2002.
Notice was sent out on 2/6/2003
12/31/99 1040 assessed on 6/28/2000.
Notice was sent out on 7/21/2000.

**PARAGRAPH 30, 31, 32, 33, 34, 35, 36, 37, 46, 47, 48, 49**
Court Laws.

**EXHIBIT B**


EXHIBIT C

**GOVERNMENT OF GUAM**
Department of Revenue and Taxation
P.O. Box 23607
Barrigada, Guam 96921

NAY HENRY S & LAURA-LYNN
BOX ▮
IGADA GU 96921-▮

| | |
|---|---|
| Date of This Notice : | 03/20/03 |
| Taxpayer Id No (TIN): | ▮ |
| Form Type : | 4549 |
| Tax Period : | 12/31/98 |
| Balance (Prior Ntc) : | 1,914.35 |
| Additional Penalty : | .00 |
| Additional Interest : | 7.09 |
| Ending Balance : | 1,921.44 |
| Contact Phone Number: | 475-1851 |

**FINAL NOTICE**
**NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING**
**PLEASE RESPOND IMMEDIATELY**

records still show an outstanding liability. We previously asked you to pay this, but till have not received your payment. This letter is your notice of our intent to levy r Guam Territorial Income Tax Law (IRC) Section 6331 and your right to receive Appeals ideration under IRC Section 6330.

ay file a Notice of Guam Territorial Income Tax Lien at any time to protect the rnment's interest. A lien is a public notice to your creditors that the government has right to your current assets, including any assets you acquire after we file the lien.

ı do not pay the amount you owe, make alternative arrangements to pay or request Appeals _deration within 30 days from the date of this letter. We may take your property, or its to property, such as real estate, automobiles, business assets, bank accounts, ıs, commissions, and other income. We have enclosed Publication 594 and Publication ı explaining your right to appeal.

prevent collection action, please send your full payment today. Make your check or money r payable to the Treasurer of Guam. Write your social security number or employer ıtification number on your payment. Send your payment to P.O. Box 23607, GMF, GU 96921 l: COLLECTIONS BRANCH.

you have recently paid this tax or you cannot pay it, call us immediately at the telephone er shown at the top of this letter and let us know.

unpaid amount from prior notices may include tax, penalties, and interest you still owe. ılso includes any credits and payments we have received since we sent our last notice to

ODE : CB12

Sincerely,

ARTEMIO B. ILAGAN
Acting Director

BY :

_____
REVENUE OFFICER

**EXHIBIT C**

## NOTICE OF DEFICIENCY

| | |
|---|---|
| When, if ever, did Guam establish a local office of the taxpayer advocate? (Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #11) | **October 5, 2004**<br>(Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #11) |
| When, if ever, did Guam begin including a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate in its Notice of Deficiency? (Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #12) | **January 10, 2005**<br>(Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #12) |
| How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after having been issued a Notice of Deficiency which did not include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and number of the appropriate office? (Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #4) | **115 Taxpayers**<br>(Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #4) |
| What is the total amount of INCOME TAXES PAID by taxpayers, who, since July 22, 1998, PAID the taxes after having been issued a Notice of Deficiency which did not include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office? (Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #9) | **$4,271,742.58**<br>(Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #9) |

## NOTICE OF LIEN

| | |
|---|---|
| How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after having been issued:<br>a. a Notice of Lien that did not specify:<br>    (1) the amount of unpaid tax; and<br>    (2) the right of the person ro request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and<br>    (3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and<br>    (4) the provisions of this title and procedures relating to the release of liens on property.<br><br>(Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #3) | 2,054 Taxpayers<br>(Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #3) |

02078-00001 108334.1

| What is the total amount of INCOME TAXES PAID by taxpayers, since July 22, 1998, which have PAID the taxes anytime after having been issued:<br><br>  a.  a Notice of Lien that did not specify:<br>      (1)  the amount of unpaid tax; and<br>      (2)  the right of the person ro no request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and<br>      (3)  the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and<br>      (4)  the provisions of [the Internal Revenue Code] and procedures relating to the release of liens on property.<br><br>(Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #8) | $25,497,701.27<br><br>(Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #8) |
|---|---|

FINAL NOTICE/NOTICE OF INTENT TO LEVY

02078-00001 108334.1

| | 555 Taxpayers |
|---|---|
| How many taxpayers, since July 22, 1998, have paid INCOME TAXES anytime after having been issued a Final Notice/Notice of Intent to Levy, which did not include in simple and nontechnical terms:<br><br>(A) the amount of unpaid tax; and<br>(B) the right of the person to request a hearing during the 30-day period under paragraph (2); and<br>(C) the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth—<br>   (i) the provisions of [the Internal Revenue Code] relating to levy and sale of properly; and<br>   (ii) the procedures applicable to the levy and sale of the property under [the Internal Revenue Code]; and<br>   (iii) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and<br>   (iv) the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue code] section 6159); and<br>   (v) the provisions of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.<br><br>(Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #1) | (Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #1) |

02078-00001 108334.1

| What was the total amount of INCOME TAXES PAID by taxpayers, since July 22, 1998, which have PAID the taxes anytime after having been issued a Final Notice/Notice of Intent to Levy, which did not include in simple and nontechnical terms:<br><br>(A)<br>2. the amount of unpaid tax; and<br>2. the right of the person to request a hearing during the 30-day period under paragraph (2); and<br>3. the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth—<br>   1. the provisions of [the Internal Revenue Code] relating to levy and sale of property; and<br>   2. the procedures applicable to the levy and sale of the property under [the Internal Revenue Code]; and<br>   3. the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and<br>   4. the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue code] section 6159); and<br>   5. the provisions of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.<br><br>(Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #6) | $4,421,607.97<br><br>(Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #6) |
|---|---|

02078-00001 108334.1