
FILED
DISTRICT COURT OF GUAM
JUL -6 2006
MARY L.M. MORAN
CLERK OF COURT

Michael L. Kelly, Esq. - State Bar No. 82063
Robert M. Churella, Esq. - State Bar No. 73319
KIRTLAND & PACKARD LLP
2361 Rosecrans Ave.
4th Floor
El Segundo, CA 90245

Steven Zamsky, Esq.
ZAMSKY LAW FIRM
PMB 231
275-G Farenholt Avenue
Tamuning, Guam 96913
Telephone: (671) 686-3054
Facsimile: (671) 649-5829

Attorneys for Plaintiffs Henry S. Dacanay
and Laura Lynn Dacanay
and all others similarly situated

# UNITED STATES DISTRICT COURT

## TERRITORY OF GUAM

| | |
|---|---|
| HENRY S. DACANAY and LAURA LYNN DACANAY, | Case No. CV 05-00017 |
| Plaintiffs, | **NOTICE OF ERRATA** |
| v. | |
| GOVERNMENT OF GUAM, | |
| Defendant. | |

On June 30, 2006, Plaintiffs submitted a Declaration of Michael L. Kelly In Support of Plaintiff's Reply to Government of Guam's Opposition to Motion for Class Certification and Appointment of Class Counsel. A chart was attached as Exhibit "C" to that document. However, due to a formatting problem, the proper version of the chart was not attached to Mr. Kelly's declaration. Plaintiffs now submit Exhibit "C" to the Kelly Declaration in proper format.

| | |
|---|---|
| Dated: June 30, 2006 | KIRTLAND & PACKARD LLP<br><br>By: _____<br>MICHAEL L. KELLY<br>Attorney for Plaintiffs, Henry S. Dacanay<br>and Laura Lynn Dacanay<br>and all others similarly situated |

**EXHIBIT C**

## NOTICE OF DEFICIENCY

| | |
|---|---|
| When, if ever, did Guam establish a local office of the taxpayer advocate? (Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #11) | **October 5, 2004** (Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #11) |
| When, if ever, did Guam begin including a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate in its Notice of Deficiency? (Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #12) | **January 10, 2005** (Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #12) |
| How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after having been issued a Notice of Deficiency which did not include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and number of the appropriate office? (Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #4) | **115 Taxpayers** (Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #4) |
| What is the total amount of INCOME TAXES PAID by taxpayers, who, since July 22, 1998, PAID the taxes after having been issued a Notice of Deficiency which did not include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office? (Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #9) | **$4,271,742.58** (Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #9) |

Case 1:05-cv-00017   Document 105   Filed 07/06/2006   Page 4 of 7

| NOTICE OF LIEN | |
|---|---|
| How many taxpayers, since July 22, 1998, have PAID INCOME TAXES anytime after having been issued:<br>a. a **Notice of Lien that did not specify**:<br>  (1) the amount of unpaid tax; and<br>  (2) the right of the person ro request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and<br>  (3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and<br>  (4) the provisions of this title and procedures relating to the release of liens on property.<br>(Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #3) | **2,054 Taxpayers**<br>(Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #3) |
| What is the total amount of INCOME TAXES PAID by taxpayers, since July 22, 1998, which have PAID the taxes anytime after having been issued:<br>a. a **Notice of Lien that did not specify**:<br>  (1) the amount of unpaid tax; and<br>  (2) the right of the person ro request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and<br>  (3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals; and<br>  (4) the provisions of [the Internal Revenue Code] and procedures relating to the release of liens on property.<br>(Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #8) | **$25,497,701.27**<br>(Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #8) |

02078-00001 108334.1

| FINAL NOTICE/NOTICE OF INTENT TO LEVY | |
|---|---|
| How many taxpayers, since July 22, 1998, have paid INCOME TAXES anytime after having been issued a Final Notice/Notice of Intent to Levy, <u>which did not include in simple and nontechnical terms</u>:<br>(A) the amount of unpaid tax; and<br>(B) the right of the person to request a hearing during the 30-day period under paragraph (2): and<br>(C) the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth–<br>  (i) the provisions of [the Internal Revenue Code] relating to levy and sale of properly; and<br>  (ii) the procedures applicable to the levy and sale of the property under [the Internal Revenue Code]; and<br>  (iii) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and<br>  (iv) the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue code] section 6159); and<br>  (v) the provisions of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.<br>(Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #1) | **555 Taxpayers**<br>(Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #1) |

| What was the total amount of INCOME TAXES PAID by taxpayers, since July 22, 1998, which have PAID the taxes anytime after having been issued a Final Notice/Notice of Intent to Levy, which did not include in simple and nontechnical terms: <br><br> (A) <br> 2. the amount of unpaid tax; and <br> 3. the right of the person to request a hearing during the 30-day period under paragraph (2); and <br> 3. the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth– <br>    1. the provisions of [the Internal Revenue Code] relating to levy and sale of properly; and <br>    2. the procedures applicable to the levy and sale of the property under [the Internal Revenue Code]; and <br>    3. the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and <br>    4. the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue code] section 6159); and <br>    5. the provisions of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property. <br><br> (Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #6) | $4,421,607.97 <br><br> (Second Set of Answers to Plaintiff's Interrogatories to Defendant, Set No. 1 at Interrogatory #6) |
|---|---|

02078-00001 108334.1