Michael L. Kelly, Esq. - State Bar No. 82063
Robert M. Churella, Esq. - State Bar No. 73319
KIRTLAND & PACKARD LLP
2361 Rosecrans Ave.
4th Floor
El Segundo, CA 90245

Steven Zamsky, Esq.
ZAMSKY LAW FIRM
PMB 231
275-G Farenholt Avenue
Tamuning, Guam 96913
Telephone: (671) 686-3054
Facsimile: (671) 649-5829

Attorney for Plaintiffs Henry S. Dacanay
and Laura Lynn Dacanay
and all others similarly situated

FILED
DISTRICT COURT OF GUAM
JUL 14 2006
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

## TERRITORY OF GUAM

HENRY S. DACANAY and LAURA LYNN DACANAY,

    Plaintiffs,

    v.

GOVERNMENT OF GUAM,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 05-00017

**PLAINTIFFS' OPPOSITION TO THE GOVERNMENT OF GUAM'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT**

02078-00001 108761.1

LAW OFFICES
KIRTLAND & PACKARD LLP

ORIGINAL

# TABLE OF CONTENTS

Page #

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
   1. PLAINTIFFS ARE EXCUSED FROM EXHAUSTING ADMINISTRATIVE REMEDIES BECAUSE FILING ADMINISTRATIVE CLAIMS WOULD HAVE BEEN FUTILE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
   2. IN THE ALTERNATIVE, DEFENDANT IS EQUITABLY ESTOPPED FROM RAISING THE AFFIRMATIVE DEFENSE REQUIRING EXHAUSTION OF REMEDIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
   3. THE STATUTE OF LIMITATIONS DOES NOT BAR PLAINTIFFS' CLAIMS 14
      (i) Section 7422(a) Does Not Act as a Bar Where Excuse or Futility are Alleged. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
      (ii) Defendant's Concealment of the Right to the Collection Due Process Hearing Tolls The Statute of Limitations In Tax Refund Suits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
      (iii) Defendant's Alternative Claims For Relief Are Not Governed By The Statute of Limitations . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
      (iv) Plaintiffs' Claims Herein Were Filed Within the Statute of Limitations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
      (v) The Statute of Limitations is Extended Beyond Defendant's Reading of 26 U.S.C. Section 6511 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
      (vi) If This Court Finds the Statute of Limitations Bars Plaintiffs' Claims, Plaintiffs Seek Leave To Amend To Identify Appropriate Class Representatives . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
   4. PLAINTIFFS HAVE PLED VALID AND MERITORIOUS CLAIMS . . . . . . 17
      (i) Plaintiffs' Alleged Agreement to the *Amount* of Taxes Assessed Does Not Waive Their Right to Other Due Process Protections . . . 17
      (ii) All Taxpayers Are Entitled to the Due Process Protections, No Matter How They May Eventually Pay Taxes Owing . . . . . . . . . . . . . . . 18
      (iii) Defendant's Assertions That There Is No Remedy For a Defective and Void Notice of Intent to Levy, is Defective . . . . . . . . . . . . . . 18
      (iv) Plaintiffs Are Entitled to Receive Proper, Legal and Conforming Notices of Intent to Levy, Whether an Actual Levy Takes Place or Not 18
      (v) Plaintiffs Paid Taxes After Being Issued a Defective and Void Notice of Lien . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
      (vi) Plaintiffs Did Not Receive Compliant Notices of Lien, or Intent to Levy 19
      (vii) Plaintiffs Did Not Receive Compliant Notices of Lien, and Had Property Wrongfully Encumbered by Lien . . . . . . . . . . . . . . . . . . 19

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

LAW OFFICES
KIRTLAND & PACKARD LLP

# TABLE OF AUTHORITIES

Page #

## CASES

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*B.F. Goodrich v. Betkoski*,
    99 F.3d 505 (2d. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Best Buy Stores, L.P. v. Superior Court* (2006),
    137 Cal.App.4th 772 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Bowen v. City of New York*,
    476 U.S. 467 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-11

*Carrasco v. Fiore Enterprises*,
    985 F.Supp. 931 (D. Ariz. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Enron Oil Trading & Transportation Co. v. Walbrook Ins. Co., Ltd.*,
    132 F.3d 526 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Estate of Emerson v. Commissioner of Internal Revenue*,
    67 T.C. 612 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist*
    *Congregational Church*, 887 F.2d 228 (9th Cir. 1989) . . . . . . . . . . . . . . . . 8

*Hal Roach Studios, Inc. v. Richard Feiner and Company*,
    826 F.2d 1542 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Heckler v. Community Health Services of Crawford County*,
    467 U.S. 51, 53 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Kennedy v. Silas Mason Co.*,
    334 U.S. 249 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Marangi v. Government of Guam*,
    319 F.Supp.2d 1179, 1182 (D. Guam 2004) . . . . . . . . . . . . . . . . . . . 5, 14

*Mrs. W. v. Tirozzi*,
    832 F.2d 748 (2d. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Praino v. Board of Education of Wappingers Central School Dist.*,
    112 F.3d 505 (2nd Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Simpao v. Government of Guam*,
    2005 U.S. Dist. LEXIS 42607 . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 9, 11

*United States v. Wharton*,
    514 F.2d 406, 412 (9th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

LAW OFFICES
KIRTLAND & PACKARD LLP

*Watkins v. United States Army,*
  875 F.2d 699 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12, 13

*Yanez v. United States,*
  63 F.3d 870 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## STATUTES

26 U.S.C. Section 7422(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 14-16

26 U.S.C. § 6212(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

26 U.S.C. § 6213(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

26 U.S.C. § 6320(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

26 U.S.C. § 6320(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

26 U.S.C. § 6330(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

26 U.S.C. § 6511 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-16

26 U.S.C. § 6532 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-16

26 U.S.C. § 7422(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

26 U.S.C. § 7422(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

26 U.S.C. §§ 6330 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

FED. R. CIV. PROC. 12(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

FED. R. CIV. PROC. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

FED. RULE CIV. PROC. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

FED. RULE CIV. PROC. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 1368 (1990) . . . . . . . . . . . . . . . . . 7

Organic Act §1421i(k) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

U.S.C. § 1421i(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## MISCELLANEOUS

IRS Publication, Collection Appeal Rights,
  http://www.irs.gov/pub/irs-pdf/p1660.pdf . . . . . . . . . . . . . . . . . . . . . . . 17

LAW OFFICES
KIRTLAND & PACKARD LLP

## I. **INTRODUCTION**

Plaintiffs in this action seek redress for themselves and thousands of Guam taxpayer class members who were for many years[1] intentionally and systematically deprived of due process in the assessment and collection of millions of dollars of taxes.

Defendant, The Government of Guam (hereinafter "Guam" or "Defendant") brings this Motion to attempt to convince this Court that the Plaintiffs' and possibly other taxpayer class members' claims are barred for failure to "exhaust" administrative remedies with refund claims that would have been systematically denied, or to take "timely" appeals, *the very rights of appeal that the Government intentionally and systematically hid from them*.[2] Defendant has *admitted* that it failed to implement each and every one of the required statutory due process protection procedures complained of by Plaintiffs herein. By admitting liability, <u>but refusing redress</u>, Guam is <u>still following</u> a policy of systematically denying its taxpayers *notification of* and *the benefit of* their *rights as required by statute*, including the *right to file for a Collection Due Process hearing* as well as *the right to obtain critical advice and assistance from their <u>local</u> Office of the Taxpayer Advocate.* Similarly, Defendant cannot on the one hand refuse to notify taxpayer class members of their concealed due process rights, and refuse them the protections and redress afforded them thereunder, and then at the same time claim that these same taxpayers should have "exhausted" the "administrative remedies" that were concealed from them.

This Court, in its Order granting conditional dismissal of Plaintiffs' initial Complaint, specifically outlined the facts Plaintiffs would need to plead and prove to defeat Defendant's proffered defense of failure to exhaust administrative remedies. Defendant

---

[1] Defendant proudly asserts on page 25 of its June 16, 2006, Opposition to Plaintiffs' Motion for Class Certification that "the Government of Guam has been complying with all of the notice requirements for well over a year now." This is remarkable because the "notice requirements" were legislatively mandated in 1998.

[2] Defendant sums up the preposterous nature of this situation itself on page 20 of its Motion at lines 11-12, wherein it states: "Indeed, the purpose of the notice of lien is simply to advise the taxpayer of his right to a hearing and administrative appeals."

02078-00001 108761.1

1

LAW OFFICES
KIRTLAND & PACKARD LLP

KIRTLAND & PACKARD LLP
LAW OFFICES

1  at page 1, lines 14-17 of its Motion, misrepresents not only the September 9, 2005, Order

2  of this Court issued by The Honorable S. James Otero, but also misrepresents the

3  holding of *Simpao v. Government of Guam*, 2005 U.S. Dist. LEXIS 42607. Both Judge

4  Otero's Order, and *Simpao* clearly hold that a failure to exhaust administrative remedies

5  defense can be defeated by showing excuse or futility. Plaintiffs herein have

6  meticulously pled those facts and circumstances, and have obtained evidence, from

7  Defendant itself, necessary to entitle them to present their claims to a jury and this Court.

8      Defendant also attempts to misrepresent this Court's Order regarding an alleged

9  statute of limitations defense, and to convince this Court that there are no disputed

10 evidentiary issues to be resolved. Defendant's assertion of the law is erroneous, and

11 Defendant's position that it can systematically fail to implement mandatory due process

12 protections, conceal rights of appeal and rights to a Collection Due Process Hearing, then

13 assert the general statute of limitations against them as a bar, would embarrass even the

14 most seasoned and callous bureaucrat. As a final insult on this issue, Defendant

15 misrepresents the evidence as to *when* Plaintiffs actually paid their taxes.

16     Finally, Defendant shamelessly constructs a laundry list of fanciful excuses for why

17 it was legally acceptable for it to trample the due process rights[3] of taxpayers, again

18 lacking any actual factual or legal authority.

19     Defendant has clearly not met the difficult burden necessary for the Court to grant

20 any or all of its Motion and in fact, the small amount of evidence presented by Defendant

21 only assists in establishing the undeniable fact that liability is clear in this case and that

22 Plaintiffs and the taxpayer class have clearly established a right to proceed to trial.

23

24 II.   **PROCEDURAL HISTORY**

25     On June 8, 2005, Plaintiffs filed this putative class action seeking enforcement of

26 mandatory due process protections, refund of taxes paid by Plaintiffs and taxpayer class

27 _____

28     [3] Many of the same baseless arguments are presented by Defendant it its Opposition to
Plaintiffs' Motion for Class Certification, and addressed by Plaintiffs in their Reply.
02078-00001  108761.1                              2

members after being issued <u>deficient and void</u> Notices of Deficiency, Notices of Lien

and/or Final Notices/Notices of Intent to Levy, or in the alternative declarations or a

declaratory judgment, as outlined in Plaintiffs' Amended Complaint. (Docket No. 1 at 15)

On June 30, 2005, Defendant filed a Motion under FED. RULE CIV. PROC. 12(b)(1) &

(6) to Dismiss Complaint. (Docket No. 3). On September 9, 2005, The Honorable S.

James Otero conditionally granted Defendant's Motion to Dismiss. (Docket No. 19).

Judge Ortero's Order stated that:

> the Complaint is dismissed without prejudice to filing the same after the
> appropriate administrative remedies have been exhausted. In the
> alternative, the Complaint is dismissed with leave to amend to allege
> compliance with the claims requirements, <u>exception thereto</u>, or <u>that the filing</u>
> <u>of the claim would be futile</u>. The Court also grants Plaintiffs leave to amend
> Complaint <u>to allege sufficient facts showing that the action is not barred by</u>
> <u>the statutes of limitations</u>.

Order Re Motion To Dismiss at 3. (Emphasis added). With regard to Plaintiffs' argument

that Guam is equitably estopped from bringing a 26 U.S.C. § 7422 exhaustion of

remedies defense, Judge Otero's Order stated at page 10 that:

> The elements for equitable estoppel are:
>
> (1)    The party to be estopped must know the facts; (2) he must intend that his
> conduct shall be acted on or must so act that the party asserting the
> estoppel has a right to believe it is so intended; (3) the latter must be
> ignorant of the true facts; and (4) he must rely on the former's conduct to his
> injury.
>
> *Watkins v. United States Army*, 875 F.2d 699, 709 (9th Cir. 1989).
>
> Before the government will be estopped, however, *two* additional elements must
> be satisfied beyond those required for traditional estoppel. First. "[a] party seeking
> to raise estoppel against the government must establish 'affirmative misconduct
> going beyond mere negligence'; even then 'estoppel will only apply where the
> government's wrongful act will cause a serious injustice, and the public's interest
> will not suffer undue damage by imposition of the liability.'" *Id.* at 707.

Order Re Motion To Dismiss at 10.

> The Order goes on to state at page 12:
>
> "Therefore, the Court lacks subject matter jurisdiction over Claim 1, because
> Plaintiffs have not alleged that they have <u>exhausted</u> their remedies by first seeking
> a seeking [sic] refund of taxes paid nor have they alleged an <u>excuse</u> for not filing a
> refund claim.

(Emphasis added).

02078-00001  108761.1

3

LAW OFFICES
KIRTLAND & PACKARD LLP

On October 7, 2005, Plaintiffs filed an Amended Complaint. (Docket No. 24) On October 31, 2005, Defendant answered the Amended Complaint. On March 30, 2006, Plaintiffs filed their Motion for Class Certification. (Docket No. 54). On June 16, 2006, Defendant filed its Opposition, and on June 30, 2006, Plaintiffs filed their reply. (Docket Nos. 79, 101). On April 24, 2005, Defendant *changed counsel and on that basis* was granted *ex parte* leave to file a Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment, which it did on June 30, 2006. (Docket Nos. 75, 97).

## III.   **STATEMENT OF FACTS**

In 1998 Congress amended the Internal Revenue Code (I.R.C.) to provide certain additional rights to taxpayers[4], including establishment of and notice of access to a local Office of the Taxpayer Advocate and notice of their right to a Collection Due Process hearing.[5] *See* 26 U.S.C. §§ 6212(a), 6213(a), 6320(a)(1), 6320(a)(3), and 6330(a). There is no dispute that the I.R.C. applies to Guam through the Organic Act. *See* 48 U.S.C. § 1421i(d)(1). Despite Defendant's knowledge of these critical protective amendments, and their application to Guam, Guam intentionally chose not to implement any of the statutorily required procedures.

Guam has a long history of denying its citizens protections mandated under the I.R.C. Though Guam has fully exercised its power to tax, it has decided to *intentionally* ignore, *at its convenience*, the protections afforded its taxpayer citizens.

On November 20, 2003, Plaintiffs Ronald and Erma Marangi filed a complaint in the U.S. District Court of Guam alleging that a tax assessment was void due to receipt of defective Notices of Deficiency because the Notice did not contain information regarding

---

[4] The exact provisions are set forth in Plaintiffs' Amended Complaint at 3-4.

[5] The purpose of the Collection Due Process hearing is to allow the taxpayer to raise any relevant issue related to the unpaid tax or proposed levy, including: spousal defenses, appropriateness of collection actions, other collection actions, and collection alternatives, such as payment by installment agreement, offers in compromise, hosting a bond, or substitution of other assets for payment. *See* IRS Publication, Collection Appeal Rights, http://www.irs.gov/pub/irs-pdf/p1660.pdf.

LAW OFFICES
KIRTLAND & PACKARD LLP

4

02078-00001  108761.1

Case 1:05-cv-00017    Document 107    Filed 07/14/2006    Page 8 of 8

a local Office of the Taxpayer Advocate as required by the 1998 statute. *See Marangi v. Government of Guam*, Case 1:03/cv/00039, Docket No. 1. This lawsuit served as notice to Guam that it was *alleged not to be in compliance with the 1998 Act. Guam did nothing until a year ago to investigate or correct the situation. See* Declaration of Steve Zamsky, ("Zamsky Dec."), ¶ 4, Ex. A[6]

On April 22, 2004, the *Marangi* Plaintiffs brought a Motion for Summary Judgment seeking, among other relief, a declaratory judgment that the March 26, 2002, assessment of their taxes was void due to the lack of information regarding the local Office of the Taxpayer Advocate. *Marangi v. Government of Guam*, 319 F.Supp.2d 1179, 1182 (D. Guam 2004). *On May 26, 2004, the Marangi Court held that Notices of Deficiency not containing notice of the local office of the Taxpayer Advocate were void*[7]. This ruling served as *notice that Guam was subject to the statutory provisions of the I.R.C.* and *further notice to Guam that it was not in compliance with the 1998 Act, and that noncompliant assessment and collection actions taken, or to be taken in the future, by Guam would be void.* In simple terms, it would be illegally collecting taxes. *Again, Guam did nothing until a year ago to investigate or correct the situation.* Zamsky Dec., ¶ 4, Ex. A.

On December 3, 2004, Plaintiffs Mary Grace Simpao and Christina Naputi filed a class action in the U.S. District Court of Guam due to Guam's refusal to implement the Earned Income Tax Credits (EIC) for Guam taxpayers. *See Simpao v. Government of Guam*, Case 1:04/cv/00006, Docket No. 1. Once again, Defendant Guam was *put on notice that it was not in compliance with the I.R.C.. Again, Guam did nothing until a year ago to investigate or correct the situation.* Zamsky Dec., ¶ 4, Ex. A.

---

[6] The Court may also take judicial notice of proceedings in this Court that have a direct relation to the matter at issue. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (C.A. 9, 1992).

[7]"The Court is unaware of any reason why taxpayers [in] Guam should be precluded from enjoying the same protections and rights afforded taxpayers in the 50 states by the taxpayer advocate office." *Id.* at 1184.

02078-00001 108761.1

KIRTLAND & PACKARD LLP
LAW OFFICES

KIRTLAND & PACKARD LLP
LAW OFFICES

Plaintiffs in *Simpao* then brought a partial summary judgment motion on April 14, 2005, seeking a declaration under the Guam Territorial Income Tax ("GTIT"), that the EIC applies to Guam and required refunds of properly claimed EIC claims. *See Simpao*, *supra*, Docket No. 60. On June 15, 2005, the Court ruled on summary judgment that the EIC applies to Guam taxpayers through the Organic Act, which established a mirror system of taxation between the I.R.C. and Guam's tax code. *Simpao v. Government of Guam*, 2005 U.S. Dist. LEXIS 42607 at 13, Organic Act §1421i(k). This ruling *served as additional notice that Guam was still not in compliance with the 1998 Act*, and *again removed any possible doubt that Guam was subject to the statutory provisions of the IRC. Again, Guam did nothing until a year ago to investigate or correct the situation.* Zamsky Dec., ¶ 4, Ex. A.

Guam, in its discovery responses in <u>this</u> action, has admitted that:

1.    It has deprived 2,724 taxpayer class members of the due process protections mandated by the 1998 I.R.C. Amendments. *See* Benjamin Dec., Docket No. 80, ¶ 4, Ex. 3 at answer to interrogatories Nos. 1, 2, 4.

2.    It did not establish an Office of the Taxpayer Advocate until October 5, 2004. *See* Benjamin Dec., Docket No. 80, ¶ 4, Ex. 3 at answer to interrogatory No. 11.

3.    It did not begin including a notice to the taxpayer of the taxpayer's right to contact a local Office of the Taxpayer Advocate in its Notices of Deficiency until January 10, 2005. *See* Benjamin Dec., Docket No. 80, ¶ 4, Ex. 3 at answer to interrogatory No. 12.

In *Marangi*, Plaintiffs obtained testimony under oath that the Guam Department of Revenue and Taxation (DRT) *knew of the 1998 Act, and its requirements, but did not even discuss, let alone implement, the changes as required by the 1998 Act. Id.* at 1185, Zamsky Dec., ¶ 4, Ex. A. Specifically, Mr. Joseph Rios, the employee responsible for advising the DRT about changes in the tax laws testified:

•    He was employed by the Department of Revenue and Taxation as the Administrator Technical Research employee and the Deputy Tax Commissioner (p.4, lines 3-13).
•    Part of the function of his position at the time was to advise the Department of changes in the tax laws (p. 5, lines 2-12).
•    The Department of Revenue and Taxation had information regarding the 1998 Act. (p. 11, lines 1-17).

- Guam failed to do anything to implement the 1998 Act. (p. 11, lines 18-24).

- Guam did nothing to establish an Office of the Taxpayer Advocate (p. 13, lines 15-18).

- Guam did nothing to establish a Collection Due Process Hearing procedure (p. 13, lines 19 through p. 14, line 3).

*See* Rios Depo. excerpts, attached as "Exhibit A" to Zamsky Dec.

In response to interrogatories in this case, Guam has *admitted liability* for their failure to implement the notice requirements of the 1998 Act. Specifically, Guam, in its discovery responses, has identified the number of taxpayer class members who paid taxes, and the amount paid, after receiving notices <u>admitted to have not been in compliance with the requirements of the 1998 Act</u>:

- 115 taxpayers paid $4,271,742.58 in taxpayer money following the issuance to them of defective Notices of Deficiency. (*See* Benjamin Dec., Docket No. 80, ¶ 4, Ex. 3 at answer to interrogatories nos. 4, 9).

- 2,054 taxpayers paid $25,497,701.27 in taxpayer money following the issuance to them of defective Notices of Lien. (*See* Benjamin Dec., Docket No. 80, ¶ 4, Ex. 3 at answer to interrogatories nos. 3, 8).

- 555 taxpayers paid $4,421,607.97 in taxpayer money following the issuance to them of defective Final Notices/Notices of Intent to Levy. (*See* Benjamin Dec., Docket No. 80, ¶ 4, Ex. 3 at answer to interrogatories nos. 1, 6).

## IV.   **ARGUMENT**

Judgment on the pleadings may be granted under FED. R. CIV. PROC. 12(c) when "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Yanez v. United States*, 63 F.3d 870, 872 (9th Cir. 1995). However,

> Federal courts generally hesitate to grant judgment on the pleadings, because 'hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his claim or defense.' Charles A. Wright & Arthur B. Miller, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 1368 (1990). *Carrasco v. Fiore Enterprises*, 985 F.Supp. 931 (D. Ariz. 1997).

In addition, when a ruling court is considering a motion for a judgment on the pleadings, the "allegations of the non-moving party must be accepted as true, while the allegations of

LAW OFFICES
KIRTLAND & PACKARD LLP

KIRTLAND & PACKARD LLP

LAW OFFICES

1   the moving party which have been denied are assumed to be false."  *Hal Roach Studios,*

2   *Inc. v. Richard Feiner and Company*, 826 F.2d 1542, 1550 (9th Cir. 1990).  In fact, "[a]ll

3   allegations of fact by the party opposing the motion are accepted as true, <u>and are</u>

4   <u>construed in the light most favorable to that party</u>."  *General Conference Corp. of*

5   *Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228,

6   230 (9th Cir. 1989).  (Emphasis added).  In addition, judgment on the pleadings <u>may only</u>

7   <u>be granted when the pleadings demonstrate that it is "'beyond doubt that the plaintiff can</u>

8   <u>prove no set of facts in support of his claim which would entitle him to relief.'"</u>  *Enron Oil*

9   *Trading & Transportation Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir.

10  1997), quoting *B.F. Goodrich v. Betkoski*, 99 F.3d 505, 529 (2d. Cir. 1996).  (Emphasis

11  added).

12          Similar to a judgment on the pleadings, summary judgment may be granted when

13  "there is no genuine issue as to any material fact and that the moving party is entitled to

14  judgment as a matter of law."  FED. R. CIV. PROC. 56(c).  Importantly, on a motion for

15  summary judgment, "the evidence of the nonmovant is to be believed, and <u>all justifiable</u>

16  <u>inferences are to be drawn in the nonmovant's favor</u>."  *Anderson v. Liberty Lobby, Inc.*,

17  477 U.S. 242, 255 (1986), citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

18  (Emphasis added).  In addition, when ruling on a motion for summary judgment,

19  "<u>[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate</u>

20  <u>inferences from the facts are jury functions, not those of a judge</u>."  *Id*. at 255.  (Emphasis

21  added).  Furthermore, the Supreme Court has stated that:

22                  Neither do we suggest that the trial courts should act other
                    than with caution in granting summary judgment or that the
23                  trial court may not deny summary judgment in a case where
                    <u>there is reason to believe that the better course would be to</u>
24                  <u>proceed to a full trial</u>.

25  *Id*. at 255, citing *Kennedy v. Silas Mason Co.*, 334 U.S. 249 (1948).  (Emphasis added).

26      **1.      PLAINTIFFS ARE EXCUSED FROM EXHAUSTING ADMINISTRATIVE**
                **REMEDIES BECAUSE FILING ADMINISTRATIVE CLAIMS WOULD**
27              **HAVE BEEN FUTILE**

28          Generally, under 26 U.S.C. Section 7422(a), claimants bringing an individual tax

02078-00001  108761.1                          8

1    refund suit are required to exhaust administrative remedies by filing a refund claim.

2    Plaintiffs in this case have pled that they, and the taxpayer class members, should be

3    excused from filing an administrative refund claim because it <u>would have been futile to do</u>

4    <u>so in the face of Guam's hidden, system-wide policy of refusing to implement a procedure</u>

5    <u>or process to recognize these system wide protections.</u>

6            In *Simpao, supra*, this court held that Guam taxpayers were excused from

7    exhausting their administrative remedies under section 7422(a) of the I.R.C. because it

8    would have been futile to bring an administrative claim in that case.  The *Simpao* case

9    was a class action lawsuit which claimed that Guam was wrongfully refusing to implement

10   a system to allow the EIC for Guam taxpayers.  The *Simpao* court stated that it was:

11           concerned that the government took actions that <u>discouraged</u>
             <u>if not actually affirmatively prohibited</u> the filing of a return with
12           the request for the EIC.

13   *Id.*  In this action, Judge Otero's Order of September 9, 2005 recognized that the *Simpao*

14   court had:

15           reject[ed] Guam's argument that plaintiffs' claims are subject
             to dismissal for failure to exhaust administrative remedies
16           where Guam affirmatively prevented Plaintiffs from filing EIC
             claims by blocking out the relevant sections of tax returns with
17           the words "inapplicable to Guam," <u>thereby making [a]ny</u>
             <u>attempt to claim an EIC credit futile.</u>
18

19   Order Re Motion to Dismiss, Sept. 9, 2005, Docket No. 19 at 23.  In addition, Judge Otero

20   granted Plaintiffs leave to amend to demonstrate that "<u>they are excused from compliance</u>

21   <u>due to the futility of pursuing administrative remedies.</u>"  *Id.* at 24.  Thus, <u>this Court has</u>

22   <u>recognized in both *Simpao* and this case</u> that Plaintiffs may be excused from the

23   exhaustion of remedies requirement of section 7422(a) when filing for a refund of taxes,

24   <u>where a system-wide policy would have made filing an administrative claim futile.</u>

25           Case law from several other courts also holds that such system-wide violations

26   excuse the exhaustion of administrative remedies requirement because of futility.  The

27   Supreme Court in *Bowen v. City of New York*, 476 U.S. 467 (1986), recognized a

28   situation where otherwise mandatory exhaustion of administrative remedies would be

9

02078-00001  108761.1

excused. In *Bowen*, the Court excused the exhaustion of administrative remedies requirement for disability claimants whose time to pursue an administrative appeal had lapsed because the Government was denying benefits pursuant to <u>an illegal policy in a systematic fashion</u>. The Court recognized that they would be injured if the exhaustion requirement was enforced against them, stating:

> we should be especially sensitive to this kind of harm where the Government seeks to <u>require claimants to exhaust administrative remedies merely to enable them to receive the procedure they should have been afforded in the first place."</u>

*Id.* at 484. (Emphasis added).

The *Bowen* Court explained that the reason for the exhaustion requirement is to prevent premature interference with the agency process, to allow the agency to function efficiently and correct its own errors and use its experience, and to compile a record adequate for judicial review. *Id.* The *Bowen* Court noted that exhaustion *will be excused* where there is a "systemwide, unrevealed policy that was inconsistent in critically important ways with established regulations." *Id.* at 485. In excusing the exhaustion requirement, the *Bowen* court explained:

> this case is materially distinguishable from one which a claimant sues.. alleging mere deviation from applicable regulations... In the normal course, such individual errors are fully correctable upon subsequent administrative review since the claimant on appeal will alert the agency to the alleged deviation.

*Id.* at 484.

In *Mrs. W. v. Tirozzi*, 832 F.2d 748 (2d. Cir. 1987), parents of handicapped children brought a civil rights action to challenge the adequacy of due process hearings under the Education of the Handicapped Act (EHA). The EHA also requires exhaustion of administrative remedies before an aggrieved party can file a civil action. *Id.* at 756. Despite the mandatory exhaustion requirements under the statute, the Court in *Tirozzi* observed that "*exhaustion is not an inflexible rule.*" *Id.* (Emphasis added). In that case, the Court recognized three general cases in which failure to exhaust administrative

/ / /

LAW OFFICES
KIRTLAND & PACKARD LLP

procedures would be excused:

> (1) when such procedures would be futile;
> (2) when "an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law;" and
> (3) when the administrative remedies would be inadequate to provide the relief sought.

*Id., see also, Praino v. Board of Education of Wappingers Central School Dist.*, 112 F.3d 505 (2nd Cir. 1997). The exhaustion requirement was excused because the situation involved system-wide abuse, and therefore it would have been futile to seek system-wide relief through individual administrative procedures. *Id.*

As in *Bowen*, *Tirozzi*, and *Simpao*, this case does not involve a situation where there was an individual mistake or deviation by the agency that could be corrected by review according to the agency's expertise. Rather, here the Guam taxpayers have repeatedly been denied the rights afforded to taxpayers under the I.R.C., and the policy of denying such rights was <u>never revealed</u> to the taxpayer. As stated in *Bowen*:

> Since the claimants could not attack a policy of which they were unaware, it would be unfair to penalize them for not exhausting under such circumstances.

*Id.* at 468.

In its Motion, Defendant cites to a number of cases for the proposition that futility does not excuse the exhaustion of administrative remedies requirement in a tax refund suit. *See* Motion for Judgment on the Pleadings at 9. <u>However, each of these cases involved claims by individual taxpayers where there was an individual mistake by the agency, correctable by review according to the agency's expertise.</u> The instant claim involves a hidden and systematic illegal policy that individual claimants could not be expected to know or remedy by themselves. Again, Defendant cannot on the one hand *refuse to notify taxpayer class members of their concealed due process rights*, and *refuse them the protections and redress afforded them thereunder*, and then *at the same time claim that these same taxpayers should have "exhausted" the "administrative remedies" that were concealed from them*.

/ / /

02078-00001  108761.1

11

LAW OFFICES
KIRTLAND & PACKARD LLP

LAW OFFICES
KIRTLAND & PACKARD LLP

**2.** **IN THE ALTERNATIVE, DEFENDANT IS EQUITABLY ESTOPPED FROM RAISING THE AFFIRMATIVE DEFENSE REQUIRING EXHAUSTION OF REMEDIES**

In this Court's Order of September 9, 2005, Judge Otero discussed the elements of equitable estoppel. The four traditional elements to be satisfied in asserting an equitable estoppel claim are: (1) The government party to be estopped had to have true knowledge of the true facts, (2) must have intended that this conduct was acted upon, or acted in a way that the party asserting estoppel had a right to believe this conduct should be relied upon, (3) the party asserting estoppel did not know of the true facts, and (4) the government's conduct was relied on to the party's detriment or injury. *Watkins, supra; United States v. Wharton*, 514 F.2d 406, 412 (9th Cir. 1975).

The first element, that the government had knowledge of the facts, is clearly met. As Plaintiffs have demonstrated in this Opposition, Guam had knowledge of the 1998 Act but refused to act on implementing its procedures. *See* Zamsky Decl., Exhibit A.

The second, third and fourth elements of equitable estoppel have also easily been met. Each time Guam sent out a notice it knew to be defective, and void, it engaged in affirmative misrepresentations regarding the rights which were afforded to Guam taxpayers under the 1998 Act. Because the Guam officials were put in charge of administering the GTIT and provisions under the 1998 Act, it was reasonable for Plaintiffs and other taxpayers to believe that they were being given proper notification by the DRT as required by Congress and to rely on those (mis)representations. The United States Tax Court, in applying elements of equitable estoppel to the IRS, has equated government agents' "wrongful misleading silence" with the element of "misrepresentation." *Estate of Emerson v. Commissioner of Internal Revenue*, 67 T.C. 612, 617-618 (1977). The Government of Guam affirmatively chose to deprive Guam taxpayers of their rights under the I.R.C. by giving them a 'wrongful misleading silence' regarding the very existence of such rights.

Plaintiffs could not (and therefore did not) know of the rights which were systematically concealed from them. Defendant has stated in its interrogatory responses

LAW OFFICES
KIRTLAND & PACKARD LLP

that over 2,000 taxpayer class members paid taxes after receiving the defective, nonconforming and *void* notices, without inquiry, question or challenge. *See* Benjamin Dec., Docket No. 80, ¶ 4, Ex. 3 at answer to interrogatories Nos. 1, 3, 4.

Defendant's allegations of "partial compliance" and "inquiry notice" also must be disregarded. What defense is it to allege that Plaintiffs and the taxpayer class were advised of a (*not local*) Taxpayer Advocate in 2002 and 2003, when the *statutory requirement* was that the Taxpayer Advocate they were to be advised of was a <u>local</u> one, and <u>none was established until October 5, 2004?</u>[8] *See* Benjamin Dec., Docket No. 80, ¶ 4, Ex. 3 at answer to interrogatory No. 11. What defense is it to allege that Plaintiffs "might have figured out" their rights under the 1998 Act, to a Collection Due Process Hearing, when Guam <u>did not even establish</u> the specifically required procedure for Collection Due Process hearings until <u>years</u> later. Clearly, Guam intended that the Plaintiffs and taxpayer class members rely on its silence, and had <u>no</u> reason to believe that Plaintiffs and the taxpayer class members could avail themselves of assistance offices or hearings that **did not exist**, and knew that they had <u>no choice</u> but to rely on the Government's conduct to their ongoing detriment and injury. Clearly all the requirements of estoppel are satisfied here. When Congress passed the 1998 Act, it did so to provide sufficient notice to taxpayers of their due process rights when tax collection actions were taken by the Government. "When a private party is deprived of something to which it was entitled of right, it surely suffered a detrimental change in its position." *Heckler v. Community Health Services of Crawford County*, 467 U.S. 51, 53 (1984).

Finally, Plaintiffs seeking estoppel against the government must establish two additional elements: (1) "affirmative conduct going beyond mere negligence" and (2) that the government's wrongful act will cause a serious injustice without estoppel and "the public interest will not suffer undue damage by imposition of the liability." *Watkins, supra*

---

[8] Defendant, in its Answer, admits that the Local Office of the Taxpayer Advocate was not established until on or about January 2005. *See* Answer to Amended Complaint, Docket No. 26, ¶ 21. In any event, Guam did not begin sending out compliant notices until **January 10, 2005**. *See* Benjamin Dec., Docket No. 80, ¶ 4, Ex. 3 at answer to interrogatory No. 12.

02078-00001 108761.1

13

KIRTLAND & PACKARD LLP

LAW OFFICES

1    at 707. As set forth in the Opposition, Guam is alleged to have, and evidence set forth in
2    this Opposition has proven, that it has engaged in intentional, systematic and affirmative
3    misrepresentations and deprivations of due process. Clearly, the acts of the Government
4    here, if uncorrected, will cause a serious injustice and undue damage to the plaintiffs and
5    taxpayer class, by using void and wrongful acts to deprive them of property, and at the
6    same time, conceal and thwart their avenues of potential redress. Guam has been
7    ordered on multiple occasions to comply with the 1998 Act's requirements (see *Marangi,*
8    *supra*) and has had it adjudged that its collection efforts are void and illegal (see *Marangi,*
9    *supra*) yet has taken, and has made it clear it will not take, any steps to rectify or redress
10   its wrongful ongoing conduct.

11       **3.    THE STATUTE OF LIMITATIONS DOES NOT BAR PLAINTIFFS' CLAIMS**

12       The general governing statute for a tax refund action is Section 7422(a) of the
13   I.R.C.. Defendant asserts that Plaintiffs, and maybe some taxpayer class member claims
14   are barred by this Section. Defendant is wrong for a multiplicity of reasons.

15           **(i)    Section 7422(a) Does Not Act as a Bar Where Excuse or Futility**
16                   **are Alleged.**

17       The limitations in Section 7422(a) are keyed to and run based on administrative
18   claim filing and/or denial dates. Where, as here, Plaintiffs allege that they were excused
19   from the requirement of filing an administrative claim by reason of excuse or futility, 7422
20   will not begin to run at the times provided and prescribed in Sections 6511 and Sections
21   6532, which set forth the time in which an administrative claim and lawsuit must be filed.

22           **(ii)   Defendant's Concealment of the Right to the Collection Due**
                     **Process Hearing Tolls The Statute of Limitations In Tax Refund**
23                   **Suits.**

24       I.R.S. regulations clearly provide that requesting a Collection Due Process Hearing
25   will toll the statute of limitations for tax refund suits. *See* I.R.S. Regs. V-5277.
26   Remarkably, Defendant attempts to assert a statute of limitations defense against
27   Plaintiffs, when Defendant's own actions precluded Plaintiffs from requesting a Collection
28   Due Process Hearing which would have tolled the statute of limitations in this case.

02078-00001 108761.1                                    14

(iii)   **Defendant's Alternative Claims For Relief Are Not Governed By**
**The Statute of Limitations**

In the alternative, Plaintiffs have sought declaratory relief that the Notices of Deficiency, Notices of Lien, and Final Notices/Notices of Intent to Levy are void. In a claim for declaratory relief, sections 7422(a), 6511, and 6532 of the I.R.C. governing the statute of limitations will not act as a bar. Also in the alternative, Plaintiffs have sought injunctive relief requiring the return of the improperly collected monies. In a claim for injunctive relief, sections 7422, 6511, and 6532 of the I.R.C. governing the statute of limitations also will not apply. Sections 7422, 6511, and 6532 of the I.R.C. apply to traditional tax refund suits but do not apply to claims for declaratory or injunctive relief.

(iv)   **Plaintiffs' Claims Herein Were Filed Within the Statute of**
**Limitations**

Even if the Court was to find that 26 U.S.C. Section 6511 applies to Plaintiffs' claims, Defendant has misapplied and miscalculated the applicability of the statute here. Under section 6511, a tax refund claim must be brought within three years of filing a return or within two years of the payment of taxes, whichever is later. Defendant asserts that Plaintiffs have not brought their claim within the two years of payment and therefore are barred by the statute. (See Defendant's Motion, p. 11-12). Defendant's own evidence shows the actual payment date by Plaintiffs to be much later, and well within the statute of limitations, should it even apply.

As stated in the Pablo Declaration, on **December 21, 2005**, the Dacanay's payment through offset was "used to satisfy all remaining obligations by the Dacanays for assessed GTIT taxes for tax year 1998 and 1999, and a 'Notice of Adjustment' was sent to the Dacanays." Pablo Dec., ¶ 41, Ex. Z; see also Szamsky Dec., Ex. B. Furthermore, Defendant admits in its Motion that this offset was processed on **December 21, 2005**, closing the Dacanay's collection accounts for tax years 1997 and 1998. (See Defendant's Motion, p. 6).

According to the clear language of 26 U.S.C. § 7422(d):

The credit of an overpayment of any tax in the satisfaction of any tax liability

15

1  shall, for the purpose of any suit for refund of such tax liability so satisfied,
2  be *deemed to be a payment* in respect of such tax liability *at the time such credit is allowed.*  (Emphasis added).

3  As payment for tax liability for the years 1998 and 1999 was not made until December 21,

4  2005, and Plaintiffs' suit filed on June 8, 2005, Plaintiffs have clearly filed within the statue

5  if it is held to apply. (*See* Pablo Dec., ¶ 41).

6      **(v)   The Statute of Limitations is Extended Beyond Defendant's
7              Reading of 26 U.S.C. Section 6511**

8      Defendant has incorrectly asserted the statute of limitations to act as a bar <u>to suit</u> 2

9  years after payment of their taxes pursuant to section 6511.  Rather, the 2 year period in

10  section 6511 applies *only to the time for bringing an administrative claim for tax refund*

11  *pursuant to section 7422(a)*, not the time for bringing a suit.  Defendant has incorrectly

12  asserted that the time requirement for bringing an administrative claim is the same as the

13  time requirement for bringing a suit.  It is not.

14      26 U.S.C. section 6532 provides that <u>suit may be brought</u> a minimum of six

15  months from the date *the claim was filed, or the last date the claim could have been filed*,

16  or *two years after the taxpayer has had his or her claim denied by the administrator.*

17  Clearly, the statute of limitations, if applicable, is extended <u>beyond</u> the time calculated by

18  Defendant, and well past the time that Plaintiffs actually filed their action.

19      **(vi)  If This Court Finds the Statute of Limitations Bars Plaintiffs'
20              Claims, Plaintiffs Seek Leave To Amend To Identify Appropriate
              Class Representatives**

21      In the alternative, if this Court finds that the statute of limitations bars Plaintiffs'

22  claims in this case, Plaintiffs seek leave to amend for the purposes of identifying and

23  adding appropriate class representatives, and to refile their Motion for Class Certification.

24  The rights of the putative taxpayer class members are of paramount importance in this

25  case and counsel and the Court must protect them.  Other courts have granted leave for

26  this purpose in similar class action situations.  *See Best Buy Stores, L.P. v. Superior*

27  *Court* (2006), 137 Cal.App.4th 772, 779.

28  / / /

KIRTLAND & PACKARD LLP
LAW OFFICES

**4.** **PLAINTIFFS HAVE PLED VALID AND MERITORIOUS CLAIMS**

    **(i)** **Plaintiffs' Alleged Agreement to the *Amount* of Taxes Assessed Does Not Waive Their Right to Other Due Process Protections.**

Defendant argues that Plaintiffs have no claim regarding the defective Notice of Lien issued to them because "they had already agreed to the amount of unpaid taxes assessed" and waived their rights to "exercise [their] appeal rights... or to contest the findings in this report" (Opposition to Class Certification at p. 9, *citing* Pablo Dec. ¶ 16). Defendant attempts to intentionally misconstrue the effect of an agreed assessment, and wrongfully interpret it as a blanket waiver of any and all further due process protections on behalf of any member of the proposed taxpayer class. The Form 4549 waiver of right to contest the "findings in <u>this report</u>" only refers to the <u>amount</u> of taxes assessed. (See Pablo Dec., Ex. Q, stating that the balance due was $5,715.00.) Form 4549 does not mention, and has absolutely nothing to do with, the notice requirement for Notices of Lien or Final Notices/Notices of Intent to Levy, and Defendant has put forth no support for such a proposition[9]. An agreement to one's tax assessment does not waive *future rights* to due process afforded regarding a Notice of Lien, Final Notice/Notice of Intent to Levy, right to a Collection Due Process Hearing or any other process or procedure. The purpose of the Notice of Lien and Notice of Levy is to inform taxpayers of the availability of a Collection Due Process hearing which provides a forum not only for a taxpayer to contest the amount of assessed taxes, but to raise numerous <u>other</u> issues, including spousal defenses, appropriateness of collection actions, other collection actions, and collection alternatives, such as payment by installment agreement, offers in compromise, posting a bond, or substitution of other assets for payment. *See* IRS Publication, Collection Appeal Rights, http://www.irs.gov/pub/irs-pdf/p1660.pdf.

/ / /

---

[9] *See* Opposition to Class Certification at p. 9, where defendants propose that "Plaintiffs *arguably* were not entitled to a Notice of Lien . . ." but provide no support for this assertion.

**(ii)** <u>**All Taxpayers Are Entitled to the Due Process Protections, No**</u>
<u>**Matter How They May Eventually Pay Taxes Owing**</u>

Defendant attempts to mislead the Court by asserting, without legal authority, that because Plaintiffs eventually "paid" taxes from other funds owing them from other tax divisions after receiving a defective and void Notice of Lien, and having an actual Lien asserted against their property, that they never really "paid" any taxes after imposition of a lien, and a void, defective notice thereof.  Plaintiffs are entitled to due process <u>during</u> <u>the collection procedures</u>, whether in the end they end up paying taxes from offsets, assets or their check book.

**(iii)** <u>**Defendant's Assertions That There Is No Remedy For a**</u>
<u>**Defective and Void Notice of Intent to Levy, is Defective**</u>

Defendant next asserts, again without legal authority, that there is no  remedy available to a taxpayer who is issued a defective and void Notice of Intent to Levy, except to wait for the government to actually <u>take</u> their property, and then *request* their property back, within a fleeting nine month window.  Unsaid by Defendant is that if the government says "no", then even that "remedy" disappears.  Again, this excuse is wishful thinking, and unsupported by any legal authority.

**(iv)** <u>**Plaintiffs Are Entitled to Receive Proper, Legal and Conforming**</u>
<u>**Notices of Intent to Levy, Whether an Actual Levy Takes Place**</u>
<u>**or Not**</u>

Defendant continues its litany of nonsensical excuses with the pointless assertion that it is acceptable to send taxpayers a defective Notice of Intent to Levy, so long as they never actually levy.  Or if they do levy, that the taxpayer only "voluntarily" pay the taxes due, not pay them because of the defective and void notice and subsequent levy.  Again, Guam asserts that it is, in this fantasy, free to <u>never</u> implement the required due process protections and just continue business as usual.

/ / /

/ / /

/ / /

LAW OFFICES
KIRTLAND & PACKARD LLP

(v)     **Plaintiffs Paid Taxes After Being Issued a Defective and Void Notice of Lien**

Defendant admits that it issued Plaintiffs a defective and void Notice of Lien, and asserted a lien, but then contends that they released it 10 days later, so there was no "damage" or "injury" to plaintiffs. This assertion is ludicrous. Defendant sets forth in Pablo's declaration, that Mrs. Dacanay went to the DRT and *requested* them to take other tax money owing them, *to attempt and in order to have the lien released*. Improper notice was given; the lien was asserted, the Dacanays paid taxes, then the lien was released; all by defendant's own admission. (*See* Pablo Dec., ¶¶ 35, 39). The intended "hammer" worked.

(vi)    **Plaintiffs Did Not Receive Compliant Notices of Lien, or Intent to Levy**

Defendant ignores its prior verified discovery responses and now attempts to assert that the Dacanays received a Final Notice/Notice of Intent to Levy that complied with 26 U.S.C. section 6330. Defendant's own document production demonstrates that the Dacanays received a *void* Final Notice/Notice of Intent to Levy that *failed to include almost all specific statutorily required protections*. Zamsky Dec., ¶ 8, Ex. C. This document was sent to the Dacanays on March 20, 2003. The Dacanays suffered an injury when they received this defective notice which hid from them – and therefore affirmatively deprived them of – their specific due process rights. Defendant's assertions that plaintiffs *probably* were sent IRS publications that "contained numerous facts regarding the rights of taxpayers in collections proceedings" is not only at odds with the evidence, but also with what is required by law. Opposition to Class Certification at 3.

(vii)   **Plaintiffs Did Not Receive Compliant Notices of Lien, and Had Property Wrongfully Encumbered by Lien**

Defendant at page 19-20 of their Motion concede, as they must, that plaintiffs did not receive complaint Notices of Lien. Defendant then posits the absurd arguments, again without legal authority, that (1) the lien "arises automatically," so defendant is free

LAW OFFICES
KIRTLAND & PACKARD LLP

1  to ignore the statutory protections mandated by the 1998 Act, and (2) since the Secretary

2  can withdraw the lien at anytime, taxpayers are not entitled to any protections from liens

3  asserted pursuant to defective and void notices. Defendant can couch this absurd

4  arguments for noncompliance in as many different formats or scenarios as it wishes, but

5  in the end, Congress intended that the citizens of Guam be afforded the same due

6  process protections as any other citizen of the United States; no more *and no less.*

7

8  **IV.  CONCLUSION**

9      Defendant has made it clear, in binding legal admissions, that notwithstanding its

10  admission of liability, no redress or restoration of the systematically deprived due process

11  rights of plaintiffs or the class will be forthcoming. Plaintiffs have been wrongly deprived

12  of their constitutionally protected property rights long enough. Plaintiffs respectfully

13  request that this Court deny Guam's Motion For Judgment On the Pleadings Or, In The

14  Alternative, Summary Judgment, certify this class, and allow this matter to proceed to

15  expeditious trial.

16

17  Dated: July 13, 2006          KIRTLAND & PACKARD LLP

18

19                                By: _____
                                      MICHAEL L. KELLY
20                                    Attorney for Plaintiffs, Henry S. Dacanay and
                                      Laura Lynn Dacanay and all others similarly
21                                    situated

22  Dated: July 14, 2006          ZAMSKY LAW FIRM

23

24                                By: _____
                                      STEVEN ZAMSKY
25                                    Attorney for Plaintiffs, Henry S. Dacanay and
                                      Laura Lynn Dacanay and all others similarly
26                                    situated

27

28

02078-00001 108761.1                       20