1  **SHANNON J. TAITANO, ESQ.**
   **OFFICE OF THE GOVERNOR OF GUAM**
2  Ricardo J. Bordallo Governor's Complex
3  Adelup, Guam 96910
   Telephone:    (671) 472-8931
4  Facsimile:    (671) 477-6666

5  **EDUARDO A. CALVO, ESQ.**
   **JANALYNN C. DAMIAN, ESQ.**
6  **DANIEL M. BENJAMIN, ESQ.**
7  **CALVO & CLARK, LLP**
   Attorneys at Law
8  655 South Marine Corps Drive, Suite 202
   Tamuning, Guam 96913
9  Telephone:    (671) 646-9355
   Facsimile:    (671) 646-9403
10

11 Attorneys for *the Government of Guam*

12
                IN THE UNITED STATES DISTRICT COURT
13                      DISTRICT OF GUAM

14 HENRY S. DACANAY and LAURA LYNN          | Civil Case No. CIV05-00017
15 DACANAY,

16                              Plaintiffs,   **DECLARATION OF JANALYNN C.**
                                              **DAMIAN IN SUPPORT OF THE**
17              vs.                           **GOVERNMENT OF GUAM'S**
                                              **MOTION FOR JUDGMENT ON THE**
18 GOVERNMENT OF GUAM,                        **PLEADINGS OR, IN THE**
                                              **ALTERNATIVE, SUMMARY**
19                              Defendant.    **JUDGMENT**
20

21

22

23

24

25

26

27

28

*CIVIL CASE NO. 05-00017*
{G0013793.DOC;1}

# ORIGINAL

I, Janalynn C. Damian, declare:

1.     I am an attorney at Calvo & Clark, LLP, counsel of record for defendant the Government of Guam in this matter. I make this declaration on personal knowledge, and if called as a witness, I could and would testify thereto.

2.     Attached as Exhibit A is a true and correct copy of Plaintiff's Request for Production to Defendant's [sic] Set No. 1, dated September 30, 2005 (the "Request for Production").

3.     Calvo & Clark, LLP was not counsel for the Government when the Government responded to the Request for Production. But, it has received from the Attorney General's Office the documents that the Attorney General's Office identified as having been provided in response to the Request for Production.

4.     Attached as Exhibit B is a true and correct copy of documents identified in the Attorney General's files as having been produced in response to Request for Production No. 14.

5.     Attached as Exhibit C is a true and correct copy of documents identified in the Attorney General's files as having been produced in response to Request for Production No. 20.

I declare under penalty of perjury pursuant to the laws of the United States and of the Territory of Guam that the foregoing declaration is true and correct.

Executed this 20th day of July, 2006 in Tamuning, Guam.

_____
JANALYNN C. DAMIAN

*CIVIL CASE NO. 05-00017*

1

{G0013793.DOC;1}

# EXHIBIT A

1   Steven Zamsky, Esq.
    Zamsky Law Firm
2   Suite 805, GCIC Building
    414 West Soledad Avenue
3   Hagåtña, Guam 96910
    Telephone: (671) 477-3637
4   Facsimile: (671) 472-1584

5   Michael L. Kelly, Esq.
    Robert M. Churella, Esq,
6   KIRTLAND & PACKARD LLP
    2361 Rosecrans Ave.
7   4th Floor
    El Segundo, CA 90245

8   Attorney for Plaintiffs Henry S. Dacanay
9   and Laura Lynn Dacanay
    and all others similarly situated

10

11              **UNITED STATES DISTRICT COURT**

12                   **TERRITORY OF GUAM**

13
    HENRY S. DACANAY and LAURA LYNN        ) Case No.  CV 05-00017
14  DACANAY,                                )
                                            )
15              Plaintiffs,                 ) **PLAINTIFF'S REQUEST FOR**
                                            ) **PRODUCTION TO DEFENDANT'S**
16          v.                              ) **SET NO. 1**
                                            )
17  GOVERNMENT OF GUAM,                     )
                                            )
18              Defendant.                  )
                                            )
19

20  PROPOUNDING PARTY: PLAINTIFF:  Henry S. Dacanay and Laura Lynn Dacanay

21  RESPONDING PARTY:    DEFENDANT:  Government of Guam

22  SET NO.:             ONE

23          Pursuant to the provisions of Federal Rule of Civil Procedure 34, plaintiffs request

24  that Defendant respond in writing within 30 days to the following Requests for

25  Production. Production should be made on October 31, 2005 at Zamsky Law Firm, Suite

26  805, GCIC Building, 414 West Soledad Avenue, Hagåtña, Guam 96910

27

28                              **DEFINITIONS**

02078-00001  100252.1

ORIGINAL

1. The term "DOCUMENT(S)" is used as defined in FRCP 34(A).

2. The term "INCOME TAXES" includes withholding taxes.

3. The term "PAID" includes both voluntary payments and involuntary payments, such as by way of seizure, forfeiture, levy or garnishment.

## DOCUMENTS AND THINGS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 1:

Any DOCUMENTS that refer or relate to the number of taxpayers, who, since July 22, 1998, have PAID INCOME TAXES after having been issued a Final Notice/Notice of Intent to Levy, which did not include in simple and nontechnical terms:

(A)   the amount of unpaid tax; and

(B)   the right of the person to request a hearing during the 30-day period under paragraph (2): and

(C)   the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth--

and

    (i)   the provisions of [the Internal Revenue Code] relating to levy and sale of properly; and

    (ii)   the procedures applicable to the levy and sale of the property under [the Internal Revenue Code]; and

    (iii)   the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and

    (iv)   the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue code] section 6159); and

    (v)   the provisions of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.

### REQUEST FOR PRODUCTION NO. 2:

LAW OFFICES
KIRTLAND & PACKARD LLP

Any DOCUMENTS that refer or relate to the number of taxpayers, who, since July 22, 1998, have PAID INCOME TAXES after having a Tax Lien asserted against their assets, who were not issued:

    a.    a Notice of Lien that specified:

        (1)    the amount of unpaid tax; and

        (2)    the right of the person ro request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

        (3)    the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

        (4)    the provisions of this title and procedures relating to the release of liens on property.

    or,

    b.    a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

## REQUEST FOR PRODUCTION NO. 3:

3.    Any DOCUMENTS that refer or relate to the number of taxpayers, who, since July 22, 1998, have PAID INCOME TAXES after having been issued:

    a.    a Notice of Lien that did not specify:

        (1)    the amount of unpaid tax; and

        (2)    the right of the person ro request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

        (3)    the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

        (4)    the provisions of this title and procedures relating to the release of liens on property.

or,

b.   a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

## REQUEST FOR PRODUCTION NO. 4:

Any DOCUMENTS that refer or relate to the number of taxpayers, who, since July 22, 1998, have PAID INCOME TAXES after having been issued a Notice of Deficiency which did not included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

## REQUEST FOR PRODUCTION NO. 5:

Any DOCUMENTS that refer or relate to the number of taxpayers, who, since July 22, 1998, have PAID INCOME TAXES after any collection action was taken against them, which taxpayer(s) did were not issued a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

## REQUEST FOR PRODUCTION NO. 6:

Any DOCUMENTS that refer or relate to amounts of INCOME TAXES PAID by taxpayers, who, since July 22, 1998, have PAID the taxes after having been issued a Final Notice/Notice of Intent to Levy, which did not include in simple and nontechnical terms:

(A)   the amount of unPAID tax; and

2.   the right of the person to request a hearing during the 30-day period under paragraph (2): and

3.   the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth–

1.   the provisions of [the Internal Revenue Code] relating to levy and sale of properly; and

2.   the procedures applicable to the levy and sale of the property under

[the Internal Revenue Code]; and

3.   the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and

4.   the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue code] section 6159); and

5.   the provisions of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.

## REQUEST FOR PRODUCTION NO. 7:

Any DOCUMENTS that refer or relate to amounts of INCOME TAXES PAID by taxpayers, who, since July 22, 1998, have PAID the taxes after having a Tax Lien asserted against their assets, who were not issued:

a.   a Notice of Lien that specified:

(1)   the amount of unpaid tax; and

(2)   the right of the person ro request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

(3)   the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

(4)   the provisions of this title and procedures relating to the release of liens on property.

or,

b.   a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

## REQUEST FOR PRODUCTION NO. 8:

Any DOCUMENTS that refer or relate to amounts of INCOME TAXES PAID by taxpayers, who, since July 22, 1998, have PAID the taxes after having been issued:

LAW OFFICES
KIRTLAND & P⬤ ARD LLP

a. a Notice of Lien that did not specify:

    (1) the amount of unpaid tax; and

    (2) the right of the person ro request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

    (3) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

    (4) the provisions of [the Internal Revenue Code] and procedures relating to the release of liens on property.

or,

b. a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

## REQUEST FOR PRODUCTION NO. 9:

Any DOCUMENTS that refer or relate to amounts of INCOME TAXES PAID by taxpayers, who, since July 22, 1998, PAID the taxes after having been issued a Notice of Deficiency which did not included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

## REQUEST FOR PRODUCTION NO. 10:

Any DOCUMENTS that refer or relate to the amounts of INCOME TAXES PAID by taxpayers, who, since July 22, 1998, have PAID the taxes after any collection action was taken against them, which taxpayer(s) did were not issued a Notice of Deficiency which included a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

## REQUEST FOR PRODUCTION NO. 11:

Any DOCUMENTS that refer or relate to Guam establishing a local office of the taxpayer advocate.

LAW OFFICES
KIRTLAND & PACKARD LLP

**REQUEST FOR PRODUCTION NO. 12:**

Any DOCUMENTS that refer or relate to Guam including a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate in it's Notice of Deficiency.

**REQUEST FOR PRODUCTION NO. 13:**

Any DOCUMENTS that refer or relate to Guam including in its Notice of Lien all of the below:

    (1)    the amount of unpaid tax; and

    (2)    the right of the person to request a hearing during the 30-day period beginning the on day after the 5-day period described in paragraph (2); and

    (3)    the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals: and

    (4)    the provisions of [the Internal Revenue Code] and procedures relating to the release of liens on property.

**REQUEST FOR PRODUCTION NO. 14:**

Any DOCUMENTS that refer or relate to Guam including in its Final Notice/Notice of Intent to Levy, in simple and nontechnical terms each of the below:

    (A)    the amount of unpaid tax; and

    (B)    the right of the person to request a hearing during the 30-day period under paragraph (2): and

    (C)    the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth—

        1.    the provisions of [the Internal Revenue Code] relating to levy and sale of properly; and

        2.    the procedures applicable to the levy and sale of the property under [the Internal Revenue Code]; and

        3.    the administrative appeals available to the taxpayer with respect to

LAW OFFICES

KIRTLAND & PACKARD LLP

02078-00001  100252.1

-7-

such levy and sale and the procedures relating to such appeals; and

4.   the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue code] section 6159); and

5.   the provisions of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.

## REQUEST FOR PRODUCTION NO. 15:

Any DOCUMENTS that refer or relate to any INCOME TAXES PAID by a taxpayer, who, since July 22, 1998, PAID taxes after having been issued a Final Notice/Notice of Intent to Levy, which did not include in simple and nontechnical terms:

(A)   the amount of unpaid tax; and

(B)   the right of the person to request a hearing during the 30-day period under paragraph (2): and

(C)   the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth–

1.   the provisions of [the Internal Revenue Code] relating to levy and sale of properly; and

2.   the procedures applicable to the levy and sale of the property under [the Internal Revenue Code]; and

3.   the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals; and

4.   the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [Internal Revenue code] section 6159); and

5.   the provisions of [the Internal Revenue Code] and procedures relating to redemption of property and release of liens on property.

## REQUEST FOR PRODUCTION NO. 16:

Any DOCUMENTS that refer or relate to any taxes PAID by a taxpayer, who, since July

LAW OFFICES
KIRTLAND & PA____ARD LLP

02078-00001 100252.1

-8-

1  22, 1998, has PAID taxes after having a Tax Lien asserted against their assets, which
2  was not issued with:

3      a.    a Notice of Lien that specified:

4          (1)    the amount of unpaid tax; and

5          (2)    the right of the person ro request a hearing during the 30-day period

6                  beginning the on day after the 5-day period described in paragraph

7                  (2); and

8          (3)    the administrative appeals available to the taxpayer with respect to

9                  such lien and the procedures relating to such appeals: and

10         (4)    the provisions of this title and procedures relating to the release of

11                 liens on property.

12     or,

13     b.    a Notice of Deficiency which included a notice to the taxpayer of the

14         taxpayer's right to contact a local office of the taxpayer advocate and the

15         location and phone number of the appropriate office.

16 **REQUEST FOR PRODUCTION NO. 17:**

17 Any DOCUMENTS that refer or relate to any taxes PAID by a taxpayer, who, since July

18 22, 1998, has PAID taxes after having been issued:

19     a.    a Notice of Lien that did not specify:

20         (1)    the amount of unpaid tax; and

21         (2)    the right of the person ro request a hearing during the 30-day period

22                 beginning the on day after the 5-day period described in paragraph

23                 (2); and

24         (3)    the administrative appeals available to the taxpayer with respect to

25                 such lien and the procedures relating to such appeals: and

26         (4)    the provisions of this title and procedures relating to the release of

27                 liens on property.

28     or,

b.   a Notice of Deficiency which included a notice to the taxpayer of the
taxpayer's right to contact a local office of the taxpayer advocate and the
location and phone number of the appropriate office.

## REQUEST FOR PRODUCTION NO. 18:

Any DOCUMENTS that refer or relate to taxes collected after issuance of a Notice of
Deficiency which did not included a notice to the taxpayer of the taxpayer's right to
contact a local office of the taxpayer advocate and the location and phone number of the
appropriate office.

## REQUEST FOR PRODUCTION NO. 19:

Any DOCUMENTS that refer or relate to the establishment of a local office of the
taxpayer advocate in Guam.

## REQUEST FOR PRODUCTION NO. 20

The cover page, with identifying date, along with any summaries, explanations, or
forwarding materials from any third party, of each copy of The IRS Restructuring and
Reform Act, received after January 1, 1997.

DATED: September 30, 2005

ZAMSKY LAW FIRM

By:  _____
STEVEN ZAMSKY
Attorney for Plaintiffs, Henry S. Dacanay
and Laura Lynn Dacanay
and all others similarly situated

# EXHIBIT B

P O BOX ·_
AGANA GU 96932

| | | |
|---|---|---|
| Date of This Notice : | | 09/22/99 |
| Taxpayer Id No (TIN): | | |
| Form  Type | : | 1040 |
| Tax Period | : | 12/31/98 |
| Balance (Prior Ntc) : | | 189.04 |
| Additional Penalty  : | | 2.70 |
| Additional Interest : | | 2.18 |
| Ending Balance | : | 193.92 |
| Contact Phone Number: | | 475-1862 |

FINAL NOTICE
NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING
PLEASE RESPOND IMMEDIATELY

Our records still show an outstanding liability. We previously asked  you to pay this, but
we still have not received your payment. This letter is your notice of our intent to levy
under Guam Territorial Income Tax  Law (IRC) Section 6331 and your right to receive Appeals
consideration under IRC Section 6330.

We may file a Notice of Guam Territorial Income Tax Lien at any time to protect the
government 's interest. A lien is a public notice to your creditors that the government has
the right to your current assets, including any assets you acquire after we file the lien.

If you do not pay the amount you owe, make alternative arrangements to pay or request Appeals
consideration within 30 days from the date of this letter. We may take your property, or
rights to property, such as real estate, automobiles, business assets, bank accounts,
wages commissions, and other income. We have enclosed Publication 594 and Publication
1660 explaining your right to appeal.

To prevent collection action, please send your full payment today. Make your check or money
order payable to the Treasurer of Guam. Write your social security number or employer
identification number on your payment. Send your payment to P.O. Box 23607, GMF, GU 96921
ATTN: COLLECTIONS BRANCH.

If you have recently paid this tax or you cannot pay it, call us immediately at the telephone
number shown at the top of this letter and let us know.

The unpaid amount from prior notices may include tax, penalties, and interest you still owe.
It also includes any credits and payments we have received since we sent our last notice to
you.

RO CODE : CB04

Sincerely,
JOSEPH T. DUENAS
Director of Revenue and Taxation

BY :

_____

REVENUE OFFICER

**IRS Mission:**
Provide America's taxpayers top quality service by helping them understand and meet their tax responsibilities and by applying the tax law with integrity and fairness to all.

*What You Should Know About*

# The IRS Collection Process

*Keep this publication for future reference*          **Publication 594**

*We usually send this publication to taxpayers along with a final bill for taxes they owe. If you owe the tax shown on the bill we sent you, please arrange to pay it immediately. If you believe the bill is incorrect, call us now so that we may correct the mistake. We urge you to settle your tax account now so that we don't have to take any further action to collect the taxes you owe.*

This publication tells you the steps the Internal Revenue Service (IRS) may take to collect overdue taxes. It also includes a summary of your rights and responsibilities concerning paying your federal taxes.

Inside you will find a number of titles of IRS forms and publications that apply to the various situations discussed. For a complete list of these documents, see page 12. For copies of these documents, please call us, write to us, visit your local library or IRS office, or contact us at our web site. See the next page for the phone numbers and addresses that you'll need. Please contact us right away; we will work with you to solve your tax problem.

Please note that the information in this document applies to all taxpayers— for example, individuals who owe income tax and employers who owe employment tax. Special rules that apply only to employers are in separate sections at the end.

This document is for information only. Although it discusses the legal authority that allows the IRS to collect taxes, it is not a precise and technical analysis of the law.



Department of the Treasury
Internal Revenue Service

Publication 594 (Rev.1-1999)
Catalog Number 46596B

**en español**
Existe una versión de esta publicación en español, la Publicación 594S, que puede obtener en la oficina local del Servicio de Impuestos Internos.

# What's Inside...

**Important Information You Should Know . . . . . . . 4**

If you disagree with our decisions . . . . . . . . . . . 4
If you want someone to represent you . . . . . . . . 4
Other items to note . . . . . . . . . . . . . . . . . . . . . . . 4

**What to Do When You Owe Taxes . . . . . . . . . . . . . 5**

Pay your taxes — or tell us why you can't . . . . . . 5
If you cannot pay all that you owe now,
there's still something you can do . . . . . . . . . . . 5
Set up an installment agreement . . . . . . . . . . . . 5
Apply for an Offer in Compromise . . . . . . . . . . . 6
Temporarily delay the collection process . . . . . . 6

**About IRS Collection Actions . . . . . . . . . . . . . . . . 7**

**Liens** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Releasing a lien . . . . . . . . . . . . . . . . . . . . . . . . . 7
Applying for a discharge of a lien . . . . . . . . . . 8
Making the IRS lien secondary . . . . . . . . . . . 8
Withdrawing liens . . . . . . . . . . . . . . . . . . . . . . . 8
Appealing the filing of a lien . . . . . . . . . . . . . 8

**Levies** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Levying your wages or your bank account . . . 9
Filing a claim for reimbursement . . . . . . . . . . 9
Releasing a levy . . . . . . . . . . . . . . . . . . . . . . . . 9
Releasing your property . . . . . . . . . . . . . . . . . 9
Returning levied property . . . . . . . . . . . . . . . 10
Selling your property . . . . . . . . . . . . . . . . . . . 10
Redeeming your real estate . . . . . . . . . . . . . 10

**Employment Taxes for Employers** . . . . . . . . . . 11
Assessing the trust fund recovery penalty . . 11
Figuring the penalty amount . . . . . . . . . . . . 12
Appealing the decision . . . . . . . . . . . . . . . . . 12

☐ **Boxed highlights**
We have a special program to help you with tax
problems that cannot be resolved . . . . . . . . . . . 4
What if you believe your bill is wrong? . . . . . . . 5
If you have a significant hardship . . . . . . . . . . . 6
Some property cannot be levied or seized . . . . . 10
Especially for employers . . . . . . . . . . . . . . . . . . 11
We offer you a number of free publications
and forms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**? Do you have questions or need help right away? Call us. We're here to help you.**

**☎ For tax information and help:**
Call the number on the bill you received or call us toll free at:

**1-800-829-1040**
**1-800-829-4059 / TDD**

**☎ For tax forms and publications:**
**1-800-829-3676**
**1-800-829-4059 / TDD**

**💻 Internet:** http://www.irs.ustreas.gov

FTP-ftp.irs.ustreas.gov
Telnet-iris.irs.ustreas.gov

You'll find answers to frequently asked tax questions, tax forms online, searchable publications, hot tax issues and news, and help through e-mail.

**✉ If you prefer to write to us...**
Enclose a copy of your tax bill. Print your name, Social Security number or taxpayer identification number, and the tax form and period shown on your bill. Write to us at the address shown on your tax bill.

**📙 You can also visit your nearest IRS office.**
You'll find the exact address in your local phone book under *U.S. Government.*

# What to Do When You Receive a Bill from the IRS



**Avoid Having Overdue Taxes Next Year**

▼ If you owe taxes because not enough money was withheld from your wages, claim a lower number of withholding allowances on your W-4 form. See Publication 919, *Is My Withholding Correct?*

▼ If you are self-employed and owe tax, increase your estimated tax payments. See Publication 505, *Tax Withholding and Estimated Tax.*

▼ If you are an employer, see Publication 15, *Circular E, Employer's Tax Guide.*

— 3 —

*132*

# Important Information You Should Know

By law, you have the right to be treated professionally, fairly, promptly, and courteously by IRS employees. Among other things, you have the right to:

- disagree with your tax bill,
- meet with an IRS manager if you disagree with the IRS employee who handles your tax case,
- appeal most IRS collection actions,
- transfer your case to a different IRS office,
- be represented by someone when dealing with IRS matters, and
- receive a receipt for any payment you make.

For details about your rights, see Publication 1, *Your Rights as a Taxpayer*. You received a copy of it with your first bill.

## If you disagree with our decisions...

If you disagree with the decision of an IRS employee at any time during the collection process, you can ask that employee's manager to review your case.

When you ask for a review, the employee will refer you to a manager. The manager will either speak with you then or will return your call by the next work day.

If you disagree with the manager's decision, you have the right to file an appeal under the Collection Appeals Program. This program enables you to appeal most collection actions we may take, including filing a lien, placing a levy on your wages or bank account, or seizing your property. See Publication 1660, *Collection Appeal Rights* for more information.

## If you want someone to represent you...

When dealing with the IRS, you may choose to represent yourself, or you may have an attorney, a certified public accountant, an enrolled agent, or any person enrolled to practice before the IRS represent you. For example, you may want your tax preparer to respond to a tax bill that you believe is incorrect.

If your representative appears without you, he or she must file a Form 2848, *Power of Attorney and Declaration of Representative*, or Form 8821, *Tax Information Authorization*, before being allowed to receive or inspect confidential material.



We have a special program to help you with tax problems that cannot be resolved through normal IRS channels...

The **Problem Resolution Program** ensures that taxpayers' problems are handled promptly and properly. If you've made repeated attempts to work out your tax problems with the IRS but have been unsuccessful, first ask any IRS employee or manager to help you.

If the problem continues, ask for the **Taxpayer Advocate** in your local IRS office or call 1-800-829-1040. The Taxpayer Advocate determines whether you qualify for the Problem Resolution Program.

### Other items to note...

▼ **The IRS can share your tax information** — By law, the IRS can share your tax information with city and state tax agencies and, in some cases, with the Department of Justice, other federal agencies, and people you authorize. We can also share it with certain foreign governments under tax treaty provisions.

▼ **We may contact a third party** — The law allows us to contact someone else, such as neighbors, banks, employers, or employees, to investigate your case.

▼ **If you are involved in bankruptcy proceedings** — Contact your local IRS office. While the proceeding may not eliminate your tax debt, it may temporarily stop IRS enforcement action from collecting a debt related to the bankruptcy.

▼ **Spousal defenses** — In some cases, you may not be liable for taxes, interest, and penalties on a joint income tax return. Contact your local IRS office for more information.

▼ **If you owe child support** — If you are entitled to a federal or state tax refund while you still owe unpaid taxes or child support, we may automatically apply the refund toward your debt. We will send you the remaining balance, if there is any.

— 4 —

# What to Do When You Owe Taxes

## Pay Your Taxes — or Tell Us Why You Can't

When you file your tax return, we check to see if the math is accurate and if you have paid the correct amount. If you have not paid all you owe, we send a bill called a *Notice of Tax Due and Demand for Payment*. (You may have already received it if you did not pay your taxes or if your payment was incorrect.) The bill includes the taxes, plus penalties and interest. We encourage you to pay your bill by check or money order as quickly as possible.

If you have received a bill for unpaid taxes, you should pay the entire amount — or tell us right away why you cannot. Call the office that sent you the bill. There are several different ways that you can pay.

If you do not pay the taxes you owe and if you make no effort to pay them, we can ask you to take action to pay your taxes, such as selling or mortgaging any assets you have or getting a loan. If you still make no effort to pay your bill or to work out a payment plan, we may also take more serious action, such as seizing your bank account, levying your wages, or taking your other income or assets. (See pages 7-10 for more information about liens and levies.)

### What if you believe your bill is wrong?

If you believe your bill is wrong, let us know as soon as possible. Call the number on your bill, write to the IRS office that sent you the bill, call 1-800-829-1040, or visit your local IRS office, if you prefer.

To help us correct the problem, gather a copy of the bill along with copies of any records, tax returns, and canceled checks, etc., that will help us understand why you believe your bill is wrong.

If you write to us, tell us why you believe your bill is wrong. With your letter, include copies of all the documents you gathered to explain your case. Please do not send original documents. If we find you are correct, we will adjust your account and, if necessary, send you a corrected bill.

## If you cannot pay all that you owe now, there's still something you can do...

If you cannot pay all your taxes now, pay as much as you can. By paying now, you reduce the amount of interest and penalty you will owe. Then, immediately call, write, or visit the nearest IRS office to explain your situation.

After you explain your problem, we may ask you to fill out a *Collection Information Statement* to help us compare your monthly income with your expenses and to figure out the amount you can pay. We can then help you work out a payment plan that fits your problem. Based on your situation, we will work with you to consider several different ways to pay what you owe:

- You may be able to make monthly payments through an installment agreement,

- You may be able to apply for an Offer in Compromise, or

- You may qualify for a temporary delay or your case may be considered a significant hardship.

## Set Up an Installment Agreement

Installment agreements allow the full payment of your debt in smaller, more manageable amounts. Installment agreements generally require equal monthly payments. The amount of your installment payment will be based on the amount you owe and your ability to pay that amount within the time available to the IRS to collect the tax debt from you. An installment agreement is a reasonable payment option for some taxpayers.

You should be aware, however, that an installment agreement is more costly to you than paying all the taxes you owe now and may be more costly than borrowing funds to pay the amount you owe. Why? Because the IRS charges interest and penalties on the tax you owe, and charges interest on the unpaid penalties and interest that have been charged to your tax account. So, while you are making payments on your tax debt through an installment agreement, IRS continues to

Case 1:05-cv-00017    Document 111-2    Filed 07/20/2006    Page 5 of 17

*134*

charge interest and penalties on the unpaid portion of that debt. The interest rate on a bank loan or cash advance on your credit card may be lower than the combination of penalties and interest that IRS charges.

You should know about another cost associated with an installment agreement: To set up your installment agreement, we will charge you a $43 user fee.

If you would like to pay off your tax debt through an installment agreement and...

> **You owe less than $10,000 or less in tax,** just call the number on your bill to set up your plan now. We'll tell you what you have to do to begin today.

> **You owe more than $10,000 in tax,** we may still be able to set up an installment agreement for you, but you may have to fill out Form 433-F, *Collection Information Statement.*

Even though you agree to an installment agreement, we may still file a *Notice of Federal Tax Lien* to secure the government's interest until you make a final payment. (See *Liens* on page 7.) However, we cannot levy against your property while your request for an installment agreement is being considered, while your agreement is in effect, for 30 days after your request for an agreement has been rejected, or for any period while an appeal of the rejection is being evaluated by the IRS.

If you do arrange for an installment agreement, you can pay with personal or business checks, money orders, or certified funds; payroll deductions that your employer takes from your salary and regularly sends to the IRS; or electronic transfers from your bank account or other similar means.

Your agreement is based on your financial situation. If a change in your financial situation makes it necessary to change your agreement, we will send you a letter 30 days before we change your plan. *If you have an installment agreement, you must pay on time. If you cannot, tell us immediately.*



**Caution**

We may end the agreement if you don't give us updated financial information when we ask for it, or if you don't meet the terms of the agreement. Your agreement could end if you pay late, miss a payment, or don't file or pay all required tax returns. In that case, we may take enforced collection action. See page 7 for more information.

## Apply for an Offer in Compromise

In some cases, we may accept an Offer in Compromise to settle an unpaid tax account, including any interest and penalties. With this type of arrangement, we accept less than the amount you owe when it is doubtful we will be able to collect all the debt in the near future.

To file for an Offer in Compromise, see Form 656, *Offer in Compromise.*

## Temporarily Delay the Collection Process

If we determine that you cannot pay *any* of your tax debt, we may temporarily delay collection until your financial condition improves. You should know that if we do delay collecting from you, your debt will increase because penalties and interest are charged until you pay the full amount. During a temporary delay, we will again review your ability to pay. We may also file a *Notice of Federal Tax Lien* (see page 7) to protect the government's interest in your assets.

---

**If you have a significant hardship...**

Your case may be considered a significant hardship if paying your taxes would mean that you cannot afford to maintain the necessities to live day to day, such as food, clothing, shelter, transportation, and medical treatment.

In addition, other cases may be considered as significant hardship by law: an immediate threat of adverse action, a delay of more than 30 days in resolving taxpayer account problems, the incurring of significant costs (including fees for professional representation) if relief is not granted, and irreparable injury to, or long-term adverse impact on, the taxpayer if relief is not granted.

To apply for emergency relief if you are facing a significant hardship, call 1-800-829-1040 or visit your district's **Taxpayer Advocate.** If you qualify, they can help you fill out Form 911, *Application for Taxpayer Assistance Order.*

125

# **A**bout IRS Collection Actions

Before we take any action explained in this section, we will contact you to give you a chance to voluntarily pay what you owe. But if you do not pay your taxes in full and do not contact us to let us know why you cannot pay or why you disagree with our decision to take enforcement action, the law requires us to take action. We may:

- **File a lien** against your property (Make a legal claim to your property as security or payment for your tax debt) [See the information below].

- **Serve a levy** on your property or salary (Legally seize your property to satisfy a tax debt) (See page 8).

- **Assess a trust fund recovery penalty**, for employment taxes (See page 11).

These enforced collection actions are the means by which we can enforce the Notice and Demand for Tax Payment. On the following pages, we explain these collection actions and the rules that govern them.

## Liens

Liens give us a legal claim to your property as security or payment for your tax debt. A *Notice of Federal Tax Lien* may be filed only after:

- We assess the liability;

- We send you a *Notice and Demand for Payment* — a bill that tells you how much you owe in taxes; and

- You neglect or refuse to fully pay the debt within 10 days after we notify you about it.

Once these requirements are met, a lien is created for the amount of your tax debt. By filing this notice, your creditors are publicly notified that we have a claim against all your property, including property you acquire after the lien was filed.

The lien attaches to all your property (such as your house or car) and to all your rights to property (such as your accounts receivable, if you are an employer).



**Caution**   Once a lien is filed, your credit rating may be harmed. You may not be able to get a loan to buy a house or a car, get a new credit card, or sign a lease.

## Releasing a lien

We will issue a *Release of the Notice of Federal Tax Lien*:

- Within 30 days after you satisfy the tax due (including interest and other additions) by paying the debt or by having it adjusted, or

- Within 30 days after we accept a bond that you submit, guaranteeing payment of the debt.

In addition, you must pay all fees that a state or other jurisdiction charges you to file and release the lien. These fees will be added to the amount you owe. See Publication 1450, *Request for Release of Federal Tax Lien.*

Usually 10 years after a tax is assessed, a lien releases automatically if we have not filed it again. If we knowingly or negligently do not release a *Notice of Federal Tax Lien* when it should be released, you may sue the federal government, but not IRS employees, for damages.

Case 1:05-cv-00017    Document 111-2    Filed 07/20/2006    Page 7 of 17

*136*

### Applying for a discharge of a federal tax lien

If you are giving up ownership of property, such as when you sell your home, you may apply for a *Certificate of Discharge*. Each application for a discharge of a tax lien releases the effects of the lien against one piece of property. Note that when certain conditions exist, a third party may also request a *Certificate of Discharge*. See Publication 783, *Instructions on How to Apply for a Certificate of Discharge of Property from the Federal Tax Lien*.

### Making the IRS lien secondary to another lien

In some cases, a federal tax lien can be made secondary to another lien. That process is called *subordination*. See Publication 784, *How to Prepare Application for Certificate of Subordination of Federal Tax Lien*.

### Withdrawing liens

By law, a filed notice of tax lien can be withdrawn if:
- the notice was filed too soon or not according to IRS procedures,
- you entered into an installment agreement to pay the debt on the notice of lien (unless the agreement provides otherwise),
- withdrawal will speed collecting the tax, or
- withdrawal would be in your best interest (as determined by the Taxpayer Advocate) and the best interest of the government.

We will give you a copy of the withdrawal and, if you write to us, we will send a copy to other institutions you name.

### Appealing the filing of a lien

The law requires us to notify you in writing within 5 business days after the filing of the lien. We may give you this notice in person, leave it at your home or your usual place of business, or send it by certified or registered mail to your last known address. You may ask an IRS manager to review your case or you may file an appeal with the IRS Office of Appeals. You must file your appeal within 30 days of the date of the notice. Some of the issues you may discuss include:
- You paid all you owed before we filed the lien,

- We assessed the tax and filed the lien when you were in bankruptcy and subject to the automatic stay during bankruptcy,
- We made a procedural error in an assessment,
- The time to collect the tax (called the *statute of limitations*) expired before we filed the lien,
- You did not have an opportunity to dispute the assessed liability,
- You wish to discuss the collection options, or
- You wish to make spousal defenses.

At the conclusion of your appeal, the IRS Office of Appeals will issue a determination. That determination may support the continued existence of the filed federal tax lien or it may determine that the lien should be released or withdrawn. You will have a 30-day period, starting with the date of the determination, to bring a suit to contest the determination. See Publication 1660, *Collection Appeal Rights*, for more information.

## Levies

A levy is a legal seizure of your property to satisfy a tax debt. Levies are different from liens. A lien is a *claim used as security* for the tax debt, while a levy actually *takes the property* to satisfy the tax debt.

If you do not pay your taxes (or make arrangements to settle your debt), the IRS may seize and sell any type of real or personal property that you own or have an interest in. For instance,
- We could seize and sell property that you hold (such as your car, boat, or house), or
- We could levy property that is yours but is held by someone else (such as your wages, retirement accounts, dividends, bank accounts, licenses, rental income, accounts receivables, the cash value of your life insurance, or commissions).

We usually levy only after these three requirements are met:
- We assessed the tax and sent you a *Notice and Demand for Payment*,
- You neglected or refused to pay the tax, and

We sent you a *Final Notice of Intent to Levy* and a *Notice of Right to Hearing* (levy notice) at least 30 days before the levy. We may give you this notice in person, leave it at your home or your usual place of business, or send it to your last known address by certified mail, return receipt requested.

If your property is levied or seized, contact the IRS employee who took the action. You may also ask an IRS manager to review your case, or you may file an appeal with the IRS Office of Appeals. You must file your appeal within 30 days of the date of the *Final Notice of Intent to Levy and a Notice of Right to Hearing*. Some of the issues you may discuss include:

- You paid all you owed before we sent the levy notice,
- We assessed the tax and sent the levy notice when you were in bankruptcy and subject to the automatic stay during bankruptcy,
- We made a procedural error in an assessment,
- The time to collect the tax (called *the statute of limitations*) expired before we sent the levy notice,
- You did not have an opportunity to dispute the assessed liability,
- You wish to discuss the collection options, or
- You wish to make spousal defenses.

At the conclusion of your appeal, the IRS Office of Appeals will issue a determination. That determination may support the levy action or it may determine that the levy should be released. You will have a 30-day period, starting with the date of determination to bring a suit to contest the determination. See Publication 1660, *Collection Appeal Rights*, for more information.

### Levying your wages or your bank account

If we levy your salary or wages, the levy will end when:

- The levy is released,
- You pay your tax debt, or
- The time expires for legally collecting the tax.

If we levy your bank account, for 21 days your bank must hold funds you have on deposit — up to the amount you owe. This period allows you time to solve any problems from the levy or to make other arrangements to pay. After 21 days, the bank must send the money, plus interest if it applies, to the IRS.

To discuss your case, call the IRS employee whose name is shown on the *Notice of Levy*.

### Filing a claim for reimbursement when we made a mistake in levying your account

If you paid bank charges because of a mistake we made when we levied your account, you may be entitled to a reimbursement. To be reimbursed, you must file a claim with us within 1 year after your bank charged you the fee. Use Form 8546, *Claim for Reimbursement of Bank Charges Incurred Due to Erroneous Service Levy or Misplaced Payment Check*.

### Releasing a levy

We must release your levy if any of the following occur:

- You pay the tax, penalty, and interest you owe.
- We discover that the time for collection ended (the *statute of limitations*) before the levy was served.
- You provide documentation proving that releasing the levy will help us collect the tax.
- You have, or are about to enter into, an approved, current installment agreement, unless the agreement says the levy does not have to be released.
- We determine that the levy is creating a significant economic hardship for you.
- The expense of selling the property would be more than the tax debt.

### Releasing your property

Before the sale date, we may release the property if:

- You pay the amount of the government's interest in the property,
- You enter into an escrow arrangement,
- You furnish an acceptable bond,
- You make an acceptable agreement for paying the tax, or
- The expense of selling your property would be more than the tax debt.

Case 1:05-cv-00017    Document 111-2    Filed 07/20/2006    Page 9 of 17

138

### Returning levied property

We can consider returning levied property if:

- We levy before we send you the 2 required notices or before your time for responding to them has passed (10 days for the *Notice and Demand*; 30 days for the *Notice of Intent to Levy* and the *Notice of Right to Hearing*).
- It was determined that we did not follow our own procedures.
- We agree to let you pay in installments, but we still levy, and the agreement does not say that we can do so.
- Returning the property will help you pay your taxes.
- Returning the property is in your best interest and the government's.

### Selling your property

After your property is seized, we must usually wait 60 days before we sell it. We will post a public notice of a pending sale, usually in local newspapers or flyers. We will deliver the original notice of sale to you or send it to you by certified mail.

After placing the notice, we must wait at least 10 days before conducting the sale, unless the property is perishable and must be sold immediately.

Before the sale, we will compute a *minimum bid price*. This bid is usually 80% or more of the forced sale value of the property, after subtracting any liens.

If you disagree with this price, you can appeal it. Ask that the price be computed again by either an IRS or private appraiser.

You may also ask that we sell the seized property within 60 days. For information about how to do so, call the IRS employee who made the seizure. We will grant your request, unless it is in the government's best interest to keep the property. We will send you a letter telling you of our decision about your request. After the sale, we first use the proceeds to pay the expenses of the levy and sale. Then we use any remaining amount to pay the tax bill.

- **If the proceeds of the sale are less than the total of the tax bill and the expenses of levy and sale**, you will still have to pay the unpaid tax.

- **If the proceeds of the sale are more than the total of the tax bill and the expenses of the levy and sale**, we will notify you about the surplus money and will tell you how to ask for a refund. However, if someone, such as a mortgagee or other lienholder, makes a claim that is superior to yours, we will pay that claim before we refund any money to you.

### Redeeming your real estate

You (or anyone with an interest in the property) may redeem your real estate within 180 days after the sale. You must pay the purchaser the amount paid for the property, plus interest at 20% annually.

---

### Some property cannot be levied or seized

By law, some property cannot be levied or seized. We may not seize any of your property when the expense of selling the property would be more than the tax debt. In addition, we may not seize or levy your property on the day you attend a collection interview because of a summons.

Other items we may not levy or seize include:

- School books and certain clothing;
- Fuel, provisions, furniture, and personal effects for a head of household, totaling $6,250;
- Books and tools you use in your trade, business, or profession, totaling $3,125;
- Unemployment benefits;
- Undelivered mail;
- Certain annuity and pension benefits;
- Certain service-connected disability payments;
- Workmen's compensation;
- Salary, wages, or income included in a judgment for court-ordered child support payments;
- Certain public assistance payments;
- A minimum weekly exemption for wages, salary, and other income.

Use Publication 1494, *Table of Figuring Amount Exempt from Levy on Wages, Salary and Other Income* (Forms 668-W(c)(DO)and 668-W(c)), to determine the amount of earned income exempt from levy.

---

139

# Employment Taxes for Employers

To encourage prompt payment of withheld income and employment taxes, including Social Security taxes, railroad retirement taxes, or collected excise taxes, Congress passed a law that provides for the trust fund recovery penalty. (These taxes are called *trust fund taxes* because you actually hold the employee's money in trust until you make a federal tax deposit in that amount.)

If we plan to assess you for the trust fund recovery penalty, we will send you a letter stating that you are the *responsible* person. You have 60 days after you receive our letter to appeal our proposal. If you do not respond to our letter, we will assess the penalty against you and send you a *Notice and Demand for Payment*. Also, we can apply this penalty whether or not you are out of business.

A responsible person is a person or group of people who has the duty to perform and the power to direct the collecting, accounting, and paying of trust fund taxes. This person may be:

- an officer or an employee of a corporation,
- a member or employee of a partnership,
- a corporate director or shareholder,
- a member of a board of trustees of a nonprofit organization, or
- another person with authority and control over funds to direct their disbursement.

## Assessing the trust fund recovery penalty

We may assess the penalty against anyone:

- who is responsible for collecting or paying withheld income and employment taxes, or for paying collected excise taxes, and
- who willfully fails to collect or pay them.

For willfulness to exist, the responsible person must:

- Have known about the unpaid taxes, and
- Have used the funds to keep the business going or allowed available funds to be paid to other creditors.

## Especially for Employers...

Employment taxes are:

- The amount you should withhold from your employees for both income and Social Security tax, plus
- The amount of Social Security tax you pay on behalf of each employee.

 **Caution**

*If you ignore the federal tax deposit and filing requirements, the amount you owe can increase dramatically.*

If you do not pay your employment taxes on time, or if you were required to and did not include your payment with your return, we will charge you interest and penalties on any unpaid balance. We may charge you penalties of up to 15% of the amount not deposited, depending on how many days late you are.

If you do not pay withheld trust fund taxes, we may take additional collection action. We may require you to:

- File and pay your taxes monthly rather than quarterly, or
- Open a special bank account for the withheld amounts, under penalty of prosecution. See Form 8109, *Federal Tax Deposit Coupon*; Circular E, *Employer's Tax Guide*; and Notice 109, *Information About Depositing Employment and Excise Taxes.*

Case 1:05-cv-00017    Document 111-2    Filed 07/20/2006    Page 11 of 17

*140*

### Figuring the penalty amount

The amount of the penalty is equal to the unpaid balance of the trust fund tax. The penalty is computed based on:

- The unpaid income taxes withheld, plus
- The employee's portion of the withheld FICA taxes.

For collected taxes, the penalty is based on the unpaid amount of collected excise taxes.



**Caution**

Once we assert the penalty, we can take collection action against your personal assets. For instance, we can file a federal tax lien if you are the responsible person.

### Appealing the decision

You have the right to appeal our decision to recommend that you pay the trust fund recovery penalty amount.

See Publication 5, *Your Appeal Rights and How to Prepare a Protest if You Don't Agree*, for a clear outline of the appeals process.

---



## We offer you a number of free publications and forms...

These IRS forms and publications mentioned in this document give you more information about the various situations discussed. For copies of these documents, call us, write to us, visit your local library or IRS office, or contact us at our website at www.irs.ustreas.gov.

**Forms**

- Form 433-F, *Collection Information Statement*
- Form 911, *Application for Taxpayer Assistance Order*
- Form 656, *Offer in Compromise*
- Form 2848, *Power of Attorney and Declaration of Representative*
- Form 8109, *Federal Tax Deposit Coupon*
- Form 8821, *Tax Information Authorization*
- Form 8546, *Claim for Reimbursement of Bank Charges Incurred Due to Erroneous Service Levy or Misplaced Payment Check*

**Publications**

- Publication 1, *Your Rights as a Taxpayer*
- Publication 5, *Your Appeal Rights and How to Prepare a Protest if You Don't Agree*

- Publication 783, *Instructions on How to Apply for a Certificate of Discharge of Property from the Federal Tax Lien*
- Publication 784, *How to Prepare Application for Certificate of Subordination of Federal Tax Lien*
- Publication 919, *Is My Withholding Correct?*
- Publication 1450, *Request for Release of Federal Tax Lien*
- Publication 1494, *Table of Figuring Amount Exempt from Levy on Wages, Salary and Other Income*
- Publication 1660, *Collection Appeal Rights*
- Circular E, *Employer's Tax Guide*
- Notice 109, *Information About Depositing Employment and Excise Taxes*

---

# EXHIBIT C

GOVERNMENT OF GUAM
Department of Revenue and Taxation
P.O. Box 23607
Barrigada, Guam 96921

P O BOX
AGANA GU 96932

Date of This Notice :    09/22/99
Taxpayer Id No (TIN):
Form  Type       :    1040
Tax Period       :    12/31/98
Balance (Prior Ntc) :      189.04
Additional Penalty  :        2.70
Additional Interest :        2.18
Ending Balance      :      193.92
Contact Phone Number:   475-1862

FINAL NOTICE
NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING
PLEASE RESPOND IMMEDIATELY

Our records still show an outstanding liability. We previously asked  you to pay this, but
we still have not received your payment. This letter is your notice of our intent to levy
under Guam Territorial Income Tax  Law (IRC) Section 6331 and your right to receive Appeals
consideration under IRC Section 6330.

We may file a Notice of Guam Territorial Income Tax Lien at any time to protect the
government's interest. A lien is a public notice to your creditors that the government has
the right to your current assets, including any assets you acquire after we file the lien.

If you do not pay the amount you owe, make alternative arrangements to pay or request Appeals
consideration within 30 days from the date of this letter. We may take your property, or
rights to property, such as real estate, automobiles, business assets, bank accounts,
wages commissions, and other income. We have enclosed Publication 594 and Publication
1660 explaining your right to appeal.

To prevent collection action, please send your full payment today. Make your check or money
order payable to the Treasurer of Guam. Write your social security number or employer
identification number on your payment. Send your payment to P.O. Box 23607, GMF, GU 96921
ATTN: COLLECTIONS BRANCH.

If you have recently paid this tax or you cannot pay it, call us immediately at the telephone
number shown at the top of this letter and let us know.

The unpaid amount from prior notices may include tax, penalties, and interest you still owe.
It also includes any credits and payments we have received since we sent our last notice to
you.

RO CODE : CB04                    Sincerely,
                                  JOSEPH T. DUENAS
                                  Director of Revenue and Taxation

                                  BY :

                                  _____

                                  REVENUE OFFICER

Dipåttamenton Ko● busion yan Adu'åna

CARL T.C. GUTIERREZ, Governor Maga'låhi
MADELEI● ●ORDALLO, Lt. Governor / Tiñente Gubetnadora

**DEPARTMENT OF**

JOSEPH T. DUENAS, Director / Direktot
CARL E. TORRES, Deputy Director
Sigundo Direktot

# REVENUE AND TAXATION

GOVERNMENT OF GUAM    Gubetnamenton Guåhan

September 1, 1999

## MEMORANDUM

To:         Collections Branch Personnel

Via:        Supervisor and Managers

From:       Administrator Tax Enforcement

Subject:    Notice of Intent to Levy Appeal Opportunity

Attached please find a copy of an updated "Notice of Intent to Levy" providing for Notice and Opportunity for Hearing Before Levy as required under the Restructuring and Reform Act of 98 for collections actions beginning on or after January 19, 1999. These notice requirements are contained in Section 6330 and 6331 of the Guam Territorial Income Tax Law.

Also attached, is a copy of the procedures relative to the notice and hearing requirements. For additional guidance please refer to the IRM (Manual), Tax Management Portfolios entitled Federal Tax Collection Procedure or your Supervisor / Managers.

Arrangements are currently being made to include this update onto our online collections systems.

Raymond V. Blas

GOVERNMENT OF GUAM
DEPARTMENT OF REVENUE AND TAXATION
P.O. BOX 23607
BARRIGADA, GUAM 96921

Date of this notice        :
Taxpayer I.D. No. (TIN):
Tax Period                 :
Balance (Prior Ntc,)       :
Additional Interest        :
Additional Penalty         :
Ending Balance             :
Contact Phone Number :

## FINAL NOTICE (NOTICE OF INTENT TO LEVY)

We have no record of receiving payment of your Guam Territorial Income Tax. This is your notice that, 30 days from the date of this letter, **WE WILL BEGIN ENFORCED COLLECTION ACTION.**

**TO PREVENT ENFORCEMENT ACTION, YOU MUST:**

1. Pay the total amount due, also additional interest and penalty charges will be assessed from the above date of this notice to the date of payment. Send your check or money order , made payable to the 'Treasurer of Guam' to the above address listed above. Write your taxpayer identification number (TIN) on your payment and attach a copy of this letter.

2. Call the undersigned at the appropriate number shown above if your recent payment has not been credited to your account.
   OR:
   You cannot pay the balance due in full and must make alternative arrangements to satisfy your outstanding tax liability.

3. If you disagree with us about the amount of your tax liability or certain collection actions, you have the right to ask the Appeals Office to review your case. You also may ask a court to review your case.

**IF YOU DO NEITHER OF THE ABOVE, ENFORCEMENT ACTION WILL BEGIN, WITHOUT FURTHER NOTICE.** A notice of federal tax lien, which is a public of your debts, may be filed. As provided by section 6331 of the Guam Territorial Income Tax Laws (Internal Revenue Code), any income sources, bank accounts or receivables, such as real estate, and automobiles, may be seized and sold to satisfy your liability.

THE ENDING BALANCE HAS BEEN COMPUTED THROUGH 30 DAYS FROM THE DATE OF THIS NOTICE. **YOUR COOPERATION ON THIS MATTER IS IMPERATIVE.**

RO CODE:

Sincerely,
JOSEPH T. DUENAS, Director

_____
Revenue Officer

158

obligated to mail the initial notice its intention to levy, but may fax a copy of the levy immediately (in contrast to mailing a copy of the levy several days after mailing the initial notice). The IRS can use this procedure only if the taxpayer is willing to accept the levy in this manner.[728]

In levying against the taxpayer's property, the IRS must issue a notice of intent to levy that is separate from the notice and demand. Both notices, however, can be issued simultaneously.[729]

As with the 10-day period following notice and demand, the 30-day requirement of §6331(d) is waived if the IRS determines that jeopardy to collection exists. Unlike the notice and demand, however, the notice of intention to levy is waived altogether in jeopardy cases.[730] In the typical collection case, the fourth notice issued by the IRS service center serves as the notice of intention to levy required under §6331(d).[731]

The IRS must include a statement with the notice of intention to levy which sets forth in understandable terms: (1) the statutory provisions and procedures for levy; (2) the administrative appeals available to the taxpayer; (3) the alternatives available to avoid levy; and (4) the provisions and procedures regarding redemption of levied property.[732]

Regulations §301.6331-2(a) provides that the IRS only needs to send the notice of intent to levy to the taxpayer.[733] The IRS does not serve a notice of intention to levy on third parties holding the taxpayer's property.

### 3. Notice and Opportunity for Hearing Before Levy

Effective for collections actions beginning on or after January 19, 1999, in addition to fullfilling the notice requirements under §6331, the IRS may not levy unless it has provided notice and an opportunity for a hearing.[733]

#### a. Notice Requirements

The notice under §6330 must be given in person, left at the taxpayer's dwelling or usual place of business, or sent by certified or registered mail to the taxpayer's last known address not less than 30 days before the day of the first levy.[733.1] The notice must indicate the amount of unpaid tax; inform the taxpayer of his right to request a hearing before the 30-day period expires; and explain alternatives which could prevent a levy (e.g., installment agreements).[733.2]

#### b. Hearing

Upon request, the taxpayer is entitled to one hearing before the IRS Office of Appeals with repsect to the

taxable period to which the unpaid tax applies. The hearing is conducted by an IRS officer or employee who has had no prior involvement with the taxpayer's case.[733.3] The taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives (e.g., the posting of a bond, substitution of other assets, installment agreements, or offers-in-compromise).[733.4]

If a hearing is requested, levy actions are suspended, and the running of the statutes of limitations under §6502, §6531, and §6532 are suspended for the period during which such hearing and appeals are pending. Levy activity is not suspended, however, while an appeal is pending if the underlying tax liability is not at issue and the court determines that the IRS has shown good cause not to suspend the levy.[733.5]

#### c. Judicial Review

Within 30 days of an adverse determination, the taxpayer may appeal the determination to the Tax Court or to a federal district court (if the Tax Court does not have jurisdiction).[733.6]

### 4. Seizure

#### a. In General

Under the IRS' levy authority, the IRS can seize property held by the taxpayer or a third party.[736] Seizure reduces the property to the IRS' possession and dominion. The IRS physically takes possession of property which is portable (tangible personal property). When property cannot be removed, the IRS tags it and padlocks the premises as evidence of the IRS' constructive possession. Form 668-B (Notice of Levy) and Form 2433 (Notice of Seizure) are used by the IRS to seize property.[737] The IRS is not obligated to seize assets themselves, however, but may choose to collect the income generated by the assets by means of a levy.[738]

The IRS also typically files a Notice of Federal Tax Lien (NFTL) before seizure, to preclude the taxpayer from transferring or encumbering the property.[741]

If the taxpayer is not present when the revenue officer arrives to seize property, the revenue officer may seize the property and subsequently provide the taxpayer with a written notice of seizure.[743]

---

[727] [Fn. 77 reserved.]
[728] IRM 5.11.2.1.3 (5-5-98).
[729] See, e.g., Simpson v. U.S., 91-2 USTC ¶50,504 (N.D. Fla. 1991).
[730] §6331(d)(3).
[731] §6331(d)(4). See the Working Papers for an example of the computer-generated notice of intent to levy.
[732] §6331(d)(4).
[733] [Fn. 733 reserved.]
[733] See also Medaris v. U.S., 884 F.2d 832 (5th Cir. 1989); Hollingshead v. U.S., 85-2 USTC ¶977 (N.D. Tex. 1985).
[733] See §6330, as added by §3401 of the 1998 IRS Reform Act (P.L. 105-206). Taxpayers subject to jeopardy collection proceedings or levies to collect a federal tax liability from a state tax refund are not eligible for the §6330 pre-levy hearing procedures, but are entitled to a post-levy hearing. See §6330(f).
[733.1] §6330(a)(2).
[733.2] §6330(a)(3).

[733.3] See §6330(b)(1)-(3).
[733.4] See §6330(c). The taxpayer may also raise challenges to the underlying validity or amount of the liability if no deficiency notice was received or if no opportunity to otherwise dispute the liability was provided.
[733.5] See §6330(e)(1) and (2).
[733.6] See §6330(d)(1).
[736] §6331(b).
[737] See generally IRM 5.11.6 (5-5-98).
[738] See Cross Elec. Co. v. U.S., 664 F.2d 1218 (4th Cir. 1981); U.S. v. Rochelle, 363 F.2d 255 (5th Cir. 1966); U.S. v. Sullivan, 333 F.2d 100, 120 (3d Cir. 1964).
[739] [Fn. 739 reserved.]
[740] [Fn. 740 reserved.]
[741] IRS Policy Statement P-5-47 (3-17-92).
[742] [Fn. 742 reserved.]
[743] Regs. §301.6335-1(a).